**PlnDue, JNTADMN, LEAD, MEDIATION, JMDC, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Philadelphia)
## Bankruptcy Petition #: 23–10763–amc

|  |  |
|---|---|
| *Date filed:* | 03/15/2023 |
| *341 meeting:* | 05/05/2023 |
| *Deadline for filing claims:* | 05/24/2023 |
| *Deadline for filing claims (govt.):* | 09/11/2023 |

*Assigned to:* Chief Judge Ashely M. Chan
Chapter 11
Voluntary
Asset

**Debtor**
**Stream TV Networks, Inc.**
2009 Chestnut Street
3rd Floor
Philadelphia, PA 19103
PHILADELPHIA–PA
Tax ID / EIN: 27–1224092

represented by **VINCENT F. ALEXANDER**
Shutts & Bowen LLP
201 East Las Olas Blvd.
Suite 2200
Fort Lauderdale, FL 33301
954–524–5505
Fax : 954–524–5506
Email: valexander@shutts.com
*TERMINATED: 11/01/2023*

**SEAN M. BRENNECKE**
Lewis Brisbois Bisgaard & Smith, LLP
500 Delaware Avenue, Suite 700
Wilmington, DE 19801
(302) 985–6009
Fax : (302) 985–6001
Email: Sean.Brennecke@lewisbrisbois.com

**SCOTT D. COUSINS**
1201 Orange Street
P.O. Box 491
Wilmington, DE 19899–0391
(302) 571–6600

**BENNETT G. FISHER**
Lewis Brisbois Bisgaard & Smith LLP
24 Greenway Plaza, Suite 1400
Houston, TX 77046
(346) 241–0495
Fax : (713) 759–6830
Email: Bennett.Fisher@lewisbrisbois.com

**MICHAEL D. VAGNONI**
Obermayer Rebmann Maxwell & Hippel
LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 665–3066
Fax : (215) 665–3165
Email: michael.vagnoni@obermayer.com

**RAFAEL X. ZAHRALDDIN**
Lewis Brisbois
500 Delaware Avenue

1

Ste 700
Wilmington, DE 19801
302−985−6004
Email: Rafael.Zahralddin@lewisbrisbois.com

*Debtor*
**Technovative Media, Inc.**
2009 Chestnut Street
3rd Floor
Philadephia, PA 19103
PHILADELPHIA−PA
Tax ID / EIN: 45−4345015

represented by **SCOTT D. COUSINS**
(See above for address)

**MICHAEL D. VAGNONI**
(See above for address)

**RAFAEL X. ZAHRALDDIN**
(See above for address)

*Trustee*
**WILLIAM A. HOMONY**
MILLER COFFEY TATE LLP
1628 JOHN F. KENNEDY BLVD STE 950
PHILADELPHIA, PA 19103
610−986−5375

represented by **ANDREW J. BELLI**
Coren & Ress, PC
2001 Market Street
Suite 3900
Philadelphia, PA 19103
215−735−8700
Fax : 215−735−5170
Email: abelli@kcr−law.com

**STEVEN M. COREN**
Coren & Ress, P.C.
2001 Market Street
Two Commerce Square
Suite 3900
Philadelphia, PA 19103
215−735−8700
Fax : 215−735−5170
Email: scoren@kcr−law.com

**MICHAEL D. VAGNONI**
(See above for address)

*U.S. Trustee*
**United States Trustee**
Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street
Suite 320
Philadelphia, PA 19107
(215)597−4411

represented by **KEVIN P. CALLAHAN**
DOJ−Ust
Robert N.C. Nix Federal Building
900 Market Street
Ste. 320
Philadelphia, PA 19107
215−597−4411
Email: kevin.p.callahan@usdoj.gov

**JOHN HENRY SCHANNE**
DOJ−Ust
Office of The United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
202−934−4154
Email: John.Schanne@usdoj.gov

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 03/15/2023 | | 1 | Chapter 11 Voluntary Petition for Non−individual. Fee Amount $1738 Filed by Stream TV Networks, Inc.. Chapter 11 Plan due by 07/13/2023. Government Proof of Claim Deadline: 09/11/2023. Matrix List of Creditors due 03/22/2023. SSN − Form B121 /Tax ID due 03/22/2023. |

| | | | |
|---|---|---|---|
| | | | (ZAHRALDDIN, RAFAEL) (Entered: 03/15/2023) |
| 03/15/2023 | | | Receipt of Voluntary Petition (Chapter 11)( 23–10763) [misc,volp11a] (1738.00) Filing Fee. Receipt number A24783690. Fee Amount $1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 03/15/2023) |
| 03/15/2023 | | 2 | Declaration re: *Statement of Qualification as Complex Chapter 11 Case* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)1). (ZAHRALDDIN, RAFAEL) (Entered: 03/15/2023) |
| 03/15/2023 | | 3 | Corporate Resolution Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. . (R., Donna) (Entered: 03/16/2023) |
| 03/15/2023 | | 4 | Chapter 11 or Chapter 9 Cases Non–Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders. Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. . (R., Donna) (Entered: 03/16/2023) |
| 03/15/2023 | | 5 | Statement of Corporate Ownership filed. Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. . (R., Donna) (Entered: 03/16/2023) |
| 03/15/2023 | | 6 | Declaration Under Penalty of Perjury for Non–individual Debtors Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. . (R., Donna) (Entered: 03/16/2023) |
| 03/16/2023 | | 7 | Order Entered the debtor having failed to file or submit with the petition all of the documents required by Fed. R. Bankr.P.1007, It is hereby ORDERED that this case **MAY BE DISMISSED WITHOUT FURTHER NOTICE** if the documents listed are not filed by deadlines listed: Atty Disclosure Statement due 3/29/2023. Matrix List of Creditors due 3/22/2023. Schedule A due 3/29/2023. Schedule B due 3/29/2023. Schedule D due 3/29/2023. Schedule E/F due 3/29/2023. Schedule G due 3/29/2023. Schedule H due 3/29/2023. Statement of Financial Affairs due 3/29/2023. Statistical Summary of Certain Liabilities Form B206 due 3/29/2023. List of Equity Security Holders due 3/29/2023. Any request for an extension of time must be filed prior to the expiration of the deadlines listed. (R., Donna) (Entered: 03/16/2023) |
| 03/16/2023 | | 8 | ENTRY OF APPEARANCE AND REQUEST FOR NOTICES, pursuant to Federal Bankruptcy Rules 2002 and 9010, JOHN HENRY SCHANNE hereby appears in this matter on behalf of the United States trustee for Region 3, and demands that all notices, motions, etc., given or required to be given in this case, and that all papers, etc., served in this case, be given to and served upon me at the address listed on this case party list. Filed by JOHN HENRY SCHANNE on behalf of United States Trustee. (SCHANNE, JOHN) (Entered: 03/16/2023) |
| 03/16/2023 | | 9 | ENTRY OF APPEARANCE AND REQUEST FOR NOTICES, pursuant to Federal Bankruptcy Rules 2002 and 9010, KEVIN P. CALLAHAN hereby appears in this matter on behalf of the United States trustee for Region 3, and demands that all notices, motions, etc., given or required to be given in this case, and that all papers, etc., served in this case, be given to and served upon me at the address listed on this case party list. Filed by KEVIN P. CALLAHAN on behalf of United States Trustee. (CALLAHAN, KEVIN) (Entered: 03/16/2023) |
| 03/17/2023 | | 10 | |

| | | | |
|---|---|---|---|
| | | | Motion to Appear pro hac vice on behalf of VINCENT F. ALEXANDER Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit CERTIFICATION OF VINCENT F. ALEXANDER # 2 Exhibit ORDER GRANTING MOTION FOR ADMISSION PRO HAC VICE OF VINCENT F. ALEXANDER) (ZAHRALDDIN, RAFAEL) (Entered: 03/17/2023) |
| 03/18/2023 | | 11 | Notice of Appearance and Request for Notice by Steven Caponi Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 03/18/2023) |
| 03/18/2023 | | 12 | Motion to Appear pro hac vice on behalf of Margaret R. Westbrook, Esquire Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement of Margaret R. Westbrook, Esquire) (Caponi, Steven) (Entered: 03/18/2023) |
| 03/18/2023 | | 13 | Motion to Appear pro hac vice on behalf of Aaron S. Rothman, Esquire Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement of Aaron S. Rothman, Esquire) (Caponi, Steven) (Entered: 03/18/2023) |
| 03/18/2023 | | 14 | Motion to Appear pro hac vice on behalf of Jonathan N. Edel, Esquire Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement of Jonathan N. Edel, Esquire) (Caponi, Steven) (Entered: 03/18/2023) |
| 03/18/2023 | | 15 | BNC Certificate of Mailing – Voluntary Petition. Number of Notices Mailed: (related document(s) (Related Doc # 7)). No. of Notices: 1. Notice Date 03/18/2023. (Admin.) (Entered: 03/19/2023) |
| 03/20/2023 | | | Receipt Number APAEDC–16569903, Fee Amount $40.00 (related document(s)12). (R., Donna) (Entered: 03/20/2023) |
| 03/20/2023 | | | Receipt Number APAEDC–16569905, Fee Amount $40.00 (related document(s)13). (R., Donna) (Entered: 03/20/2023) |
| 03/20/2023 | | | Receipt Number APAEDC–16569907, Fee Amount $40.00 (related document(s)14). (R., Donna) (Entered: 03/20/2023) |
| 03/20/2023 | | 16 | Emergency Motion for Relief from Stay . Fee Amount $188.00, Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order Order Granting Motion of Hawk Investment Holdings Ltd. for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code # 2 Proposed Order Order Granting Expedited Hearing # 3 Declaration of Steven L. Caponi # 4 Exhibit A # 5 Exhibit B # 6 Exhibit C # 7 Exhibit D # 8 Exhibit E # 9 Exhibit F # 10 Exhibit G # 11 Exhibit H # 12 Exhibit I # 13 Exhibit J # 14 Exhibit K # 15 Exhibit L # 16 Exhibit M # 17 Exhibit N # 18 Exhibit O # 19 Exhibit P # 20 Exhibit Q # 21 Certificate of Service) (Caponi, Steven) (R., Donna). (Entered: 03/20/2023) |
| 03/20/2023 | | | Receipt of Motion for Relief From Stay( 23–10763–mdc) [motion,mrlfsty] ( 188.00) Filing Fee. Receipt number A24792212. Fee Amount $ 188.00. (re: Doc# 16) (U.S. Treasury) (Entered: 03/20/2023) |
| 03/20/2023 | | 17 | Order Granting Motion To Appear pro hac vice of Margaret Westbrook (Related Doc # 12) (R., Donna) (Entered: 03/20/2023) |

| | | | |
|---|---|---|---|
| 03/20/2023 | | 18 | Order Granting Motion To Appear pro hac vice of Aaron Rothman (Related Doc # 13) (R., Donna) (Entered: 03/20/2023) |
| 03/20/2023 | | 19 | Order Granting Motion To Appear pro hac vice Jonathan N. Edel (Related Doc # 14) (R., Donna) (Entered: 03/20/2023) |
| 03/20/2023 | | 20 | Motion to Expedite Hearing (related documents Motion for Relief From Stay) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel) (related document(s)16) . (Attachments: # 1 Proposed Order) (J., Randi) (Entered: 03/21/2023) |
| 03/21/2023 | | 21 | Order Granting Motion Expedite Hearing (Related Doc # 20) In Re: (16 Motion for Relief From Stay) Hearing scheduled 3/22/2023 at 01:30 PM at Philadelphia Telephone Hearing. The number to call into the court is 877−336−1828 access code 7855846. (J., Randi) (Entered: 03/21/2023) |
| 03/21/2023 | | 22 | Certificate of Service Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)21). (Caponi, Steven) (Entered: 03/21/2023) |
| 03/21/2023 | | 23 | Motion to Appear pro hac vice on behalf of Megan E. OConnor Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement of Megan E. OConnor) (Caponi, Steven) (Entered: 03/21/2023) |
| 03/21/2023 | | 24 | Order Vacating Order dated March 21, 2023(related document(s)21). (D., Virginia) (Entered: 03/21/2023) |
| 03/21/2023 | | | Receipt Number APAEDC−16574278, Fee Amount $40.00 (related document(s)23) Motion to appear Pro Hace Vice on behalf of MEGAN E.OCONNOR. (D., Virginia) (Entered: 03/21/2023) |
| 03/21/2023 | | | Receipt Number APAEDC−16573789, Fee Amount $40.00 (related document(s)10) Motion to Appear pro hac vice on behalf of VINCENT F. ALEXANDER. (J., Randi) (Entered: 03/21/2023) |
| 03/21/2023 | | 25 | Amended Order Scheduling EXPEDITED Hearing re:16 Emergency Motion for Relief from Stay . Fee Amount $188.00, Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel).1. A status conference scheduled 3/22/2023 at 01:30 PM at Philadelphia Telephone Hearing.The number to call into the court is 877−336−1828 Access Code 7855846 . 2. Service of this Order and Motion must be made by 3:00 PM today March 21, 2023, by telephonic and/or electronic means, and a certificate of service is to be filed. (D., Virginia) (Entered: 03/21/2023) |
| 03/21/2023 | | 26 | Certificate of Service Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)25). (Caponi, Steven) (Entered: 03/21/2023) |
| 03/21/2023 | | 27 | Motion for Joint Administration Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 03/21/2023) |
| 03/22/2023 | | 28 | Response to Motion for Relief From Stay filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc. (related document(s)16). (ZAHRALDDIN, RAFAEL) (Entered: 03/22/2023) |

| | | | |
|---|---|---|---|
| 03/22/2023 | | 29 | Status Conference Held on (16) Emergency Motion for Relief from Stay . Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel) – Counsel to schedule the Motion for relief for 4/19/23 @ 11:30 a.m./ 4/5 for response and 4/14 for a reply (G., Eileen) (Entered: 03/22/2023) |
| 03/22/2023 | | 30 | Declaration Under Penalty of Perjury for Non–individual Debtors *Creditor Matrix* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/22/2023) |
| 03/22/2023 | | 44 | Matrix List of Creditors Filed. Number of pages filed: 14, Filed by VINCENT F. ALEXANDER on behalf of Stream TV Networks, Inc. . (R., Donna) (Entered: 03/27/2023) |
| 03/23/2023 | | 31 | Notice of (related document(s): 16 Emergency Motion for Relief from Stay . Fee Amount $188.00,) Filed by Hawk Investment Holdings Ltd.. Hearing scheduled 4/19/2023 at 11:00 AM at Courtroom #2. (Caponi, Steven) (Entered: 03/23/2023) |
| 03/23/2023 | | 32 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 17)). No. of Notices: 2. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/23/2023 | | 33 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 18)). No. of Notices: 2. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/23/2023 | | 34 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 19)). No. of Notices: 2. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/23/2023 | | 35 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 21)). No. of Notices: 1. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/23/2023 | | 36 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 24)). No. of Notices: 1. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/23/2023 | | 37 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 25)). No. of Notices: 1. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/24/2023 | | 38 | Notice of Appearance and Request for Notice by DAVIS LEE WRIGHT Filed by DAVIS LEE WRIGHT on behalf of SLS Holdings VI, LLC. (WRIGHT, DAVIS) (Entered: 03/24/2023) |
| 03/24/2023 | | 39 | Motion to Appear pro hac vice on behalf of Catherine Guastello Allen Filed by SLS Holdings VI, LLC Represented by DAVIS LEE WRIGHT (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement) (WRIGHT, DAVIS) (Entered: 03/24/2023) |
| 03/24/2023 | | 40 | Motion to Appear pro hac vice on behalf of Brittany S. Ogden Filed by SLS Holdings VI, LLC Represented by DAVIS LEE WRIGHT (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement) (WRIGHT, DAVIS) (R., Donna). (Entered: 03/24/2023) |
| 03/24/2023 | | 41 | |

| | | | |
|---|---|---|---|
| | | | Motion to Appear pro hac vice on behalf of Sargina Desargones Filed by SLS Holdings VI, LLC Represented by DAVIS LEE WRIGHT (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement) (WRIGHT, DAVIS) (Entered: 03/24/2023) |
| 03/26/2023 | | 43 | Order Granting Motion To Appear pro hac vice of Vincent F. Alexander (Related Doc # 10) (Entered: 03/27/2023) |
| 03/27/2023 | | 42 | Meeting of Creditors. 341(a) meeting to be held on 5/5/2023 at 10:00 AM at ALTERNATE TELEPHONIC CONFERENCE (For Trustee Use Only). Proofs of Claims due by 5/24/2023. Government Proof of Claim Deadline: 09/11/2023. (MILLER, NANCY) (Entered: 03/27/2023) |
| 03/27/2023 | | | Receipt Number APAEDC−16585304, Fee Amount $40.00 (related document(s)41). (R., Donna) Modified on 3/27/2023 (R., Donna). (Entered: 03/27/2023) |
| 03/27/2023 | | | Receipt Number APAEDC−16585279, Fee Amount $40.00 (related document(s)40). (R., Donna) (Entered: 03/27/2023) |
| 03/27/2023 | | | Receipt Number APAEDC−16585223, Fee Amount $40.00 (related document(s)39). (R., Donna) (Entered: 03/27/2023) |
| 03/28/2023 | | 45 | Order Granting Motion to Appear pro hac vice on behalf of Catherine Guastello Allen Filed by SLS Holdings VI, LLC (Related Doc # 39) (G., Jeanette) (Entered: 03/28/2023) |
| 03/28/2023 | | 46 | Order Granting Motion to Appear pro hac vice on behalf of Brittany S. Ogden Filed by SLS Holdings VI, LLC (Related Doc # 40) (G., Jeanette) (Entered: 03/28/2023) |
| 03/28/2023 | | 47 | Order Granting Motion to Appear pro hac vice on behalf of Sargina Desargones Filed by SLS Holdings VI, LLC (Related Doc # 41) (G., Jeanette) (Entered: 03/28/2023) |
| 03/28/2023 | | 48 | Declaration re: *Declaration Of Mathu Rajan In Support Of Stream Tv Networks, Inc. And Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, And First Day Motions* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit A – Debtor's Patent Portfolio # 2 Exhibit B – Debtors MPL Optical Bonding Equipment # 3 Exhibit C – Joint Marketing Agreement between Debtor and BOE # 4 Exhibit D – Automotive Display Co–Development Agreement # 5 Exhibit E – Corporate Organizational Chart # 6 Exhibit F – Hawk Conversion Agreement # 7 Exhibit G – SLS Conversion Agreement # 8 Exhibit H – Securities and Exchange Comm In the Matter of Shadron L. Stastney # 9 Exhibit I – Overview of Shadron L. Stastney Lawsuits # 10 Exhibit j – Financial Conduct Authority Statement # 11 Exhibit K – Chancery Court October Opinion # 12 Exhibit L – Employment offers from Stastney to Stream Employees # 13 Exhibit M – Strategic Cooperation Agreement with ToJoy # 14 Exhibit N – WhatsApp Communications # 15 Exhibit O – Omnibus Agreement # 16 Exhibit P – Letter Agreement # 17 Exhibit Q – SeeCubic, Inc. Private Placement Memo # 18 Exhibit R – Stream TV Networks, Inc. Third Amended and Restated Cert of Inc. # 19 Exhibit S – Delegation of Authority Letter # 20 Exhibit T – Communication from Kabacinski # 21 Exhibit U – Chancery Court Preliminary Injunction Order # 22 Exhibit V – Chancery Court Opinion December 2020 # 23 Exhibit W – Email Communication between Stastney and Google # 24 Exhibit X – Chancery Court Partial Final Judgment # 25 Exhibit Y – Delaware Supreme Court En Banc Opinion # |

| | | | |
|---|---|---|---|
| | | | <u>26</u> Exhibit Z – Delaware Supreme Court Mandate # <u>27</u> Exhibit AA – Chancery Court Order Granting Temporary Restraining Order # <u>28</u> Exhibit BB – Chancery Court Order Granting Partial Final Judgment # <u>29</u> Exhibit CC – Chancery Court Hawk Opening Brief and Motion for Injunctive Relief # <u>30</u> Exhibit DD – Chancery Court Status Quo Order # <u>31</u> Exhibit EE – Promissory Note Between SeeCubic, Inc. and B.V.) (ZAHRALDDIN, RAFAEL) (Entered: 03/28/2023) |
| 03/28/2023 | | <u>49</u> | Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # <u>1</u> Exhibit A – Purchase Agreement # <u>2</u> Exhibit B – Bonding Equipment Photos # <u>3</u> Proposed Order Proposed Order Scheduling Hearing on Debtors' Emergency Motion to Enforce Automatic Stay) (ZAHRALDDIN, RAFAEL) (Entered: 03/28/2023) |
| 03/29/2023 | | <u>50</u> | Order Granting Motion To Appear pro hac vice of Megan E .O'Connor as counsel for the Creditor Hawk Investment Holdings Ltd (Related Doc # <u>23</u>) (R., Donna) (Entered: 03/29/2023) |
| 03/29/2023 | | <u>51</u> | Statistical Summary of Certain Liabilities Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | <u>52</u> | Schedule A/B Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | <u>53</u> | Schedule D – Creditors Who Hold Claims Secured by Property Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | <u>54</u> | Schedule E/F: Creditors Who Have Unsecured Claims Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | <u>55</u> | Schedule G – Executory Contracts and Unexpired Leases Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | <u>56</u> | Schedule H – Your Codebtors Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | <u>57</u> | Statement of Financial Affairs for Non–Individual Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | <u>58</u> | Equity Security Holders Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | <u>59</u> | Disclosure of Compensation of Attorney for Debtor in the amount of 50,000.00 Debtor Stream TV Networks, Inc. Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | <u>60</u> | BNC Certificate of Mailing – Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # <u>42</u>)). No. of Notices: 168. |

| | | | |
|---|---|---|---|
| | | | Notice Date 03/29/2023. (Admin.) (Entered: 03/30/2023) |
| 03/29/2023 | | 61 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 43)). No. of Notices: 2. Notice Date 03/29/2023. (Admin.) (Entered: 03/30/2023) |
| 03/30/2023 | | 62 | Declaration Under Penalty of Perjury for Non–individual Debtors Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/30/2023) |
| 03/31/2023 | | 63 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 45)). No. of Notices: 7. Notice Date 03/31/2023. (Admin.) (Entered: 04/01/2023) |
| 03/31/2023 | | 64 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 46)). No. of Notices: 8. Notice Date 03/31/2023. (Admin.) (Entered: 04/01/2023) |
| 03/31/2023 | | 65 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 47)). No. of Notices: 9. Notice Date 03/31/2023. (Admin.) (Entered: 04/01/2023) |
| 03/31/2023 | | 66 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 50)). No. of Notices: 3. Notice Date 03/31/2023. (Admin.) (Entered: 04/01/2023) |
| 04/03/2023 | | 67 | Notice of Appearance and Request for Notice by JENNIFER R. HOOVER Filed by JENNIFER R. HOOVER on behalf of Trans World International, LLC, IMG Media Limited. (HOOVER, JENNIFER) (Entered: 04/03/2023) |
| 04/03/2023 | | 68 | Notice of Appearance and Request for Notice by ANDREW PETER DEMARCO Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd.. (DEMARCO, ANDREW) (Entered: 04/03/2023) |
| 04/03/2023 | | 69 | Declaration re: *of Christopher A. Michaels in Opposition of Hawk Emergency Motion for Relief from the Automatic Stay (Dkt. No. 16)* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)16). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (DEMARCO, ANDREW) (Entered: 04/03/2023) |
| 04/03/2023 | | 70 | Motion to Approve Authorizing and Approving the Employment and Retention of Lewis Brisbois Bisgaard & Smith LLP Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit Declaration of Rafael X. Zahraldin–Aravena # 2 Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 04/03/2023) |
| 04/03/2023 | | 71 | Notice of (related document(s): 70 Motion to Approve Authorizing and Approving the Employment and Retention of Lewis Brisbois Bisgaard & Smith LLP) Filed by Stream TV Networks, Inc.. Hearing scheduled 5/3/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 04/03/2023) |
| 04/03/2023 | | 72 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)71, 70). (ZAHRALDDIN, RAFAEL) (Entered: 04/03/2023) |

| | | | |
|---|---|---|---|
| 04/05/2023 | | <u>73</u> | Order Scheduling Hearing re:<u>49</u> Emergency Motion Entry of an Order Enforcing the Automatic Stay and for Sanctions for Willful Stay Violation filed by Debtor Stream TV Networks, Inc.. Hearing scheduled 4/12/2023 at 11:30 AM at Philadelphia Telephone Hearing. (R., Donna) (Entered: 04/05/2023) |
| 04/05/2023 | | <u>74</u> | Notice of (related document(s): <u>49</u> Emergency Motion For Sanctions for Violation of the Automatic Stay ) Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 04/05/2023) |
| 04/05/2023 | | <u>75</u> | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc (related document(s)<u>74</u>, <u>49</u>, <u>73</u>). (ZAHRALDDIN, RAFAEL) (Entered: 04/05/2023) |
| 04/05/2023 | | <u>76</u> | Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # <u>1</u> Exhibit A – Purchase Agreement # <u>2</u> Exhibit B – Photos # <u>3</u> Exhibit C – List of Property in Possession of SeeCubic # <u>4</u> Exhibit D – De Brauw Letter # <u>5</u> Exhibit Ex E – Letter on behalf Theune # <u>6</u> Exhibit Ex F – Acknowledgement & PO) (ZAHRALDDIN, RAFAEL) (Entered: 04/05/2023) |
| 04/05/2023 | | <u>77</u> | Motion to Expedite Hearing (related documents Motion for Sanctions for Violation of the Automatic Stay) Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)<u>76</u>). (Attachments: # <u>1</u> Exhibit Ex A – De Brauw letter # <u>2</u> Exhibit Ex B – Stream Organizational Chart # <u>3</u> Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 04/05/2023) |
| 04/05/2023 | | <u>78</u> | Objection to Motion for Relief From Stay filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc. (related document(s)<u>16</u>). (Attachments: # <u>1</u> Exhibit A – Purchase Order) (ZAHRALDDIN, RAFAEL) (Entered: 04/05/2023) |
| 04/06/2023 | | <u>79</u> | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)<u>27</u>). (ZAHRALDDIN, RAFAEL) (Entered: 04/06/2023) |
| 04/06/2023 | | <u>80</u> | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)<u>48</u>). (ZAHRALDDIN, RAFAEL) (Entered: 04/06/2023) |
| 04/06/2023 | | <u>81</u> | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)<u>71</u>, <u>70</u>). (ZAHRALDDIN, RAFAEL) (Entered: 04/06/2023) |
| 04/06/2023 | | <u>82</u> | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)<u>74</u>, <u>49</u>, <u>73</u>). (ZAHRALDDIN, RAFAEL) (Entered: 04/06/2023) |
| 04/06/2023 | | <u>83</u> | Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # <u>1</u> Declaration of Steven L. Caponi # <u>2</u> Exhibit 1 # <u>3</u> Exhibit 2 # <u>4</u> Exhibit 3 # <u>5</u> Exhibit 4 # <u>6</u> Exhibit |

| | | | |
|---|---|---|---|
| | | | 5 # 7 Exhibit 6 # 8 Exhibit 7 # 9 Exhibit 8 # 10 Exhibit 9 # 11 Exhibit 10 # 12 Exhibit 11 # 13 Exhibit 12 # 14 Exhibit 13 # 15 Exhibit 14 # 16 Exhibit 15 # 17 Exhibit 16 # 18 Exhibit 17 # 19 Exhibit 18 # 20 Exhibit 19 # 21 Exhibit 20 # 22 Proposed Order # 23 Order Granting Expedited Hearing # 24 Certificate of Service) (Caponi, Steven) R., Donna). (Entered: 04/06/2023) |
| 04/06/2023 | | 84 | Application to Employ BMC Group, Inc. as Claims and Noticing Agent Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Order # 2 Exhibit B – Service Agreement # 3 Exhibit C – Claims Agent Declaration) (ZAHRALDDIN, RAFAEL) (Entered: 04/06/2023) |
| 04/07/2023 | | 85 | Objection to Motion to Expedite Hearing filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.s Objection to Debtors Motion for Expedited Hearing on Emergency Motion Directing the Turnover of Property of Debtors Estate* Filed by Hawk Investment Holdings Ltd. (related document(s)77). (Attachments: # 1 Exhibit A) (Caponi, Steven) (Entered: 04/07/2023) |
| 04/07/2023 | | 86 | Amended Order Scheduling Hearing re:76 Emergency Motion for entry of an order enforcing the Automatic Stay and for Sanctions for Willful Stay Violation and Amended Emergency Motion for entry of an order enforcing the automatic stay directing the turnover of property of debtors estate and imposing sanctions for willful stay violations filed by Debtor Stream TV Networks, Inc.. Hearing scheduled 4/14/2023 at 10:30 AM at Courtroom #2. (R., Donna) (Entered: 04/07/2023) |
| 04/07/2023 | | 87 | Order Scheduling Hearing re:83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070-1(g) filed by Creditor Hawk Investment Holdings Ltd.. Hearing scheduled 4/14/2023 at 10:30 AM at Courtroom #2. (R., Donna) (Entered: 04/07/2023) |
| 04/07/2023 | | 88 | Notice of (related document(s): 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the) Filed by Hawk Investment Holdings Ltd.. Hearing scheduled 4/14/2023 at 10:30 AM at Courtroom #2. (Caponi, Steven) (Entered: 04/07/2023) |
| 04/07/2023 | | 89 | Certificate of Service *Order Granting Expedited Hearing* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)87, 88). (Caponi, Steven) (Entered: 04/07/2023) |
| 04/07/2023 | | 90 | Supplement to Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) , Motion for Turnover of Property , Motion For Sanctions Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)86, 76). (Attachments: # 1 Exhibit A – Writ of Summons translated) (ZAHRALDDIN, RAFAEL) (Entered: 04/07/2023) |
| 04/07/2023 | | 91 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)84, 76, 77). |

| | | | |
|---|---|---|---|
| | | | (ZAHRALDDIN, RAFAEL) (Entered: 04/07/2023) |
| 04/07/2023 | | 92 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)86). (ZAHRALDDIN, RAFAEL) (Entered: 04/07/2023) |
| 04/07/2023 | | 93 | Notice of (related document(s): 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the, 90 Supplemental Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) ) Filed by Stream TV Networks, Inc.. Hearing scheduled 4/14/2023 at 10:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 04/07/2023) |
| 04/10/2023 | | 94 | Objection to Motion to Dismiss Case for Other filed by Creditor Hawk Investment Holdings Ltd. *Objection to Request for Expedited Hearing filed by Hawk Investment Holdings Ltd. and Request for Status Conference* Filed by Stream TV Networks, Inc. (related document(s)83). (ZAHRALDDIN, RAFAEL) (Entered: 04/10/2023) |
| 04/10/2023 | | 95 | Order Granting Motion For Joint Administration on Case 2:2023−bk−10763−mdc An order has been entered in accordance with Rule 1015(b) of the Federal Rules ofBankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases commenced concurrently by Stream TV Networks, Inc., Bky. No. 23−10763, and Technovative Media, Inc., Bky. No. 23−10764. The docket in the chapter 11 case of Stream TV Networks, Inc., Bky. No. 23−10763, should be consulted for all matters affecting this case(Related Doc# 27) (R., Donna) (Entered: 04/11/2023) |
| 04/11/2023 | | 96 | Proposed Order Re: *Scheduling Order for Status Conference for Expedited Motion* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)94, 83). (ZAHRALDDIN, RAFAEL) (Entered: 04/11/2023) |
| 04/11/2023 | | 97 | Proposed Order Re: *Scheduling Order for Expedited Motion* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)94, 83). (ZAHRALDDIN, RAFAEL) (Entered: 04/11/2023) |
| 04/11/2023 | | 98 | Supplement to Motion For Sanctions for Violation of the Automatic Stay *M. Rajan Declaration in Support of Stay Enforcement and Turnover* Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit) (ZAHRALDDIN, RAFAEL) (Entered: 04/11/2023) |
| 04/12/2023 | | 99 | Hearing re−scheduled on 49 Emergency Motion for Sanctions for Violation of the Automatic Stay filed by Stream TV Networks, Inc. represented by RAFAEL X. ZAHRALDDIN (Counsel). Telephonic Status Hearing is scheduled for 4/14/2023 at 10:30 AM. (B., John) (Entered: 04/12/2023) |
| 04/12/2023 | | 100 | Statement that Unsecured Creditors Committee has not been appointed Filed by JOHN HENRY SCHANNE on behalf of United States Trustee. (SCHANNE, JOHN) (Entered: 04/12/2023) |
| 04/12/2023 | | 101 | |

| | | | |
|---|---|---|---|
| | | | Joinder to *Objection to Motion for Relief from Stay (Dkt. No. 78)* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)16). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (DEMARCO, ANDREW) (Entered: 04/12/2023) |
| 04/12/2023 | | 102 | Joinder to *Opposition to Motion for Relief from Stay* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)16). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (DEMARCO, ANDREW) (Entered: 04/12/2023) |
| 04/12/2023 | | 103 | Objection to Motion to Dismiss Case for Other filed by Creditor Hawk Investment Holdings Ltd. *Objection to Request for Expedited Consideration of Hawk's Motion* Filed by Rembrandt 3D Holding Ltd. (related document(s)83). (Attachments: # 1 Exhibit 1) (DEMARCO, ANDREW) (Entered: 04/12/2023) |
| 04/12/2023 | | 104 | Notice of Appearance and Request for Notice by Joseph Oliver Larkin Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc.. (Larkin, Joseph) (Entered: 04/12/2023) |
| 04/12/2023 | | 105 | Objection to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion to Dismiss Case for Other filed by Creditor Hawk Investment Holdings Ltd., Motion to Stay filed by Debtor Stream TV Networks, Inc., Motion for Turnover of Property, Motion for Sanctions *Seecubic, Inc.s (I) Objection to (A) Debtors Emergency Motion for Entry of an Order Enforcing the Automatic Stay and for Sanctions for Willful Stay Violation; (B) Amended Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations; and (C) Debtors Supplement to Amended Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations and (II) Joinder to the Hawk Motion* Filed by SeeCubic, Inc. (related document(s)90, 76, 49, 83). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P # 17 Certificate of Service) (Larkin, Joseph) (Entered: 04/12/2023) |
| 04/12/2023 | | 106 | Joinder to *Hawk Investment Holdings Ltd.'s (A) Joinder to SeeCubic Inc.'s Objection to Amended Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of the Debtor's Estate; and (3) Imposing Sanctions for Willful Stay Violations, (B) Supplemental Objection, and (C) Reservation of Rights* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)105). (Attachments: # 1 Exhibit A) (Caponi, Steven) (Entered: 04/12/2023) |
| 04/13/2023 | | 107 | Motion to Appear pro hac vice on behalf of Bennett G. Fisher Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B) (ZAHRALDDIN, RAFAEL) (Entered: 04/13/2023) |
| 04/13/2023 | | | Receipt Number BPAEDC–16625095, Fee Amount $40.00 (related document(s)107). (R., Donna) Modified on 4/13/2023 (R., Donna). (Entered: 04/13/2023) |

| | | | |
|---|---|---|---|
| 04/13/2023 | | <u>108</u> | Motion to Appear pro hac vice on behalf of Eben P. Colby Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Verification) (Larkin, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>109</u> | Motion to Appear pro hac vice on behalf of Justin M. Winerman Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Verification) (Larkin, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>110</u> | Motion to Appear pro hac vice on behalf of Marley Ann Brumme Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Verification) (Larkin, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>111</u> | Motion to Appear pro hac vice on behalf of Rebecca Ritchie Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Verification) (Larkin, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>112</u> | Motion to Appear pro hac vice on behalf of James J. Mazza, Jr. Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Verification) (Larkin, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>113</u> | Notice of (related document(s): <u>49</u> Emergency Motion For Sanctions for Violation of the Automatic Stay , <u>76</u> Motion For Sanctions for Violation of the Automatic Stay , <u>90</u> Supplemental Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) ) *Proposed Orders re: Docket Nos. 49,76, and 90* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (Attachments: # <u>1</u> Exhibit Proposed Order – NL # <u>2</u> Exhibit Proposed Order Non–NL) (ZAHRALDDIN, RAFAEL) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>114</u> | Notice of *FILING THIRD DECLARATION OF MATHU RAJAN (Related docket #s 49, 76, 90)* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (Attachments: # <u>1</u> Exhibit 1 – DECLARATION OF MATHU RAJAN IN SUPPORT OF STREAM TV NETWORKS, INC. AND TECHNOVATIVE MEDIA, INC. MOTIONS FOR ENTRY OF AN ORDER: (1) ENFORCING THE AUTOMATIC STAY; (2) DIRECTING THE TURNOVER OF PROPERTY OF DEBTORS ESTATE; AND (3) IMPOSING SANCTIONS FOR WI # <u>2</u> Exhibit A # <u>3</u> Exhibit B # <u>4</u> Exhibit C # <u>5</u> Exhibit D) (ZAHRALDDIN, RAFAEL) (Entered: 04/13/2023) |
| 04/13/2023 | | | Receipt Number APAEDC–16626648, Fee Amount $40.00 (related document(s)<u>111</u>). (R., Donna) (Entered: 04/13/2023) |
| 04/13/2023 | | 115 | Hearing Rescheduled as to start time only on <u>49</u> Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel), <u>76</u> Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel), and <u>83</u> Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration |

| | | | |
|---|---|---|---|
| | | | Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing rescheduled 4/14/2023 at **12:30 PM** at Philadelphia Telephone Hearing. (R., Joan) (Entered: 04/13/2023) |
| 04/13/2023 | | 116 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 95)). No. of Notices: 181. Notice Date 04/13/2023. (Admin.) (Entered: 04/14/2023) |
| 04/13/2023 | | | Receipt Number APAEDC–16626631 Fee Amount $40.00 (related document(s)110). (R., Donna) (Entered: 04/14/2023) |
| 04/13/2023 | | | Receipt Number APAEDC–16626535, Fee Amount $40.00 (related document(s)112). (R., Donna) (Entered: 04/14/2023) |
| 04/13/2023 | | | Receipt Number APAEDC–16626599, Fee Amount $40.00 (related document(s)109). (R., Donna) (Entered: 04/14/2023) |
| 04/13/2023 | | | Receipt Number APAEDC–16626581, Fee Amount $40.00 (related document(s)108). (R., Donna) (Entered: 04/14/2023) |
| 04/14/2023 | | 117 | Transcript regarding hearing held on 3/16/2023 in Jointly Administered case 23–10764 Technovative Media, Inc. Transcribed by TheRecordXchange. 50 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 4/21/2023. Redaction Request Due By 5/5/2023. Redacted Transcript Submission Due By 5/15/2023. Transcript access will be restricted through 7/13/2023. (B., John) (Entered: 04/14/2023) |
| 04/14/2023 | | 118 | Transcript regarding hearing held on 3/22/2023 in Jointly Administered case 23–10764 Technovative Media, Inc. Transcribed by TheRecordXchange. 19 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 4/21/2023. Redaction Request Due By 5/5/2023. Redacted Transcript Submission Due By 5/15/2023. Transcript access will be restricted through 7/13/2023. (B., John) (Entered: 04/14/2023) |
| 04/14/2023 | | 119 | Supplemental Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)48, 27). (ZAHRALDDIN, RAFAEL) (Entered: 04/14/2023) |
| 04/14/2023 | | 120 | Reply to Motion for Relief From Stay filed by Creditor Hawk Investment Holdings Ltd. *Hawk Investment Holdings Ltd.'s Reply in Further Support of Emergency Motion for Relief from the Automatic Stay Pursuant To Section 362(d) of the Bankruptcy Code* Filed by Hawk Investment Holdings Ltd. (related document(s)16). (Caponi, Steven) (Entered: 04/14/2023) |
| 04/14/2023 | | 121 | Hearing Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration |

| | | | |
|---|---|---|---|
| | | | Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). All Day Hearing scheduled 5/22/2023 at 10:30 AM at Courtroom #2;To Continued on 5/23/23 and 5/24/23 at 12:30 p.m.if needed; Briefs to be filed by 5/8/23 at 5:00. (R., Joan) (Entered: 04/14/2023) |
| 04/14/2023 | | 122 | Hearing Held 49 Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Motion held in abeyance. (related document(s),49,16). (R., Joan) (Entered: 04/14/2023) |
| 04/14/2023 | | 145 | Hearing Held on (#16) Emergency Motion for Relief from Stay . Fee Amount $188.00, Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order Order Granting Motion of Hawk Investment Holdings Ltd. for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code # 2 Proposed Order Order Granting Expedited Hearing # 3 Declaration of Steven L. Caponi # 4 Exhibit A # 5 Exhibit B # 6 Exhibit C # 7 Exhibit D # 8 Exhibit E # 9 Exhibit F # 10 Exhibit G # 11 Exhibit H # 12 Exhibit I # 13 Exhibit J # 14 Exhibit K # 15 Exhibit L # 16 Exhibit M # 17 Exhibit N # 18 Exhibit O # 19 Exhibit P # 20 Exhibit Q # 21 Certificate of Service). Held in Abeyance (G., Eileen) (Entered: 04/21/2023) |
| 04/14/2023 | | 146 | Hearing Held on (#14).Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Purchase Agreement # 2 Exhibit B – Photos # 3 Exhibit C – List of Property in Possession of SeeCubic # 4 Exhibit D – De Brauw Letter # 5 Exhibit Ex E – Letter on behalf Theune # 6 Exhibit Ex F – Acknowledgement & PO) (ZAHRALDDIN, RAFAEL) Held under abeyance (G., Eileen) (Entered: 04/21/2023) |
| 04/17/2023 | | 123 | Transcript regarding hearing held on 4/14/2023. Transcribed by TheRecordXchange. 188 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 4/24/2023. Redaction Request Due By 5/8/2023. Redacted Transcript Submission Due By 5/18/2023. Transcript access will be restricted through 7/17/2023. (B., John) (Entered: 04/17/2023) |
| 04/17/2023 | | 124 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)114, 107, 98, 113). (ZAHRALDDIN, RAFAEL) (Entered: 04/17/2023) |
| 04/18/2023 | | 125 | Motion For Sanctions for Violation of the Automatic Stay *Motion For Withdrawal of Writ of Summons and For Evidentiary Hearing for Monetary Damages* Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit Proposed order # 2 Exhibit Article 9 notice # 3 Exhibit De District Court Complaint) (ZAHRALDDIN, RAFAEL) (Entered: 04/18/2023) |
| 04/18/2023 | | 126 | Amended Disclosure Of Compensation of Attorney for Debtor Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)59). (ZAHRALDDIN, RAFAEL) Modified on 4/19/2023 (R., Donna). (Entered: 04/18/2023) |
| 04/18/2023 | | 127 | |

| | | | |
|---|---|---|---|
| | | | Response to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.'s Response to Debtors' Motion for Withdrawal of Writ of Summons and Evidentiary Hearing for Monetary Damages* Filed by Hawk Investment Holdings Ltd. (related document(s)125). (Caponi, Steven) (Entered: 04/18/2023) |
| 04/19/2023 | | 128 | Amended Response to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.'s Amended Response to Debtors' Motion for Withdrawal of Writ of Summons and Evidentiary Hearing for Monetary Damages* Filed by Hawk Investment Holdings Ltd. (related document(s)125). (Attachments: # 1 Exhibit A) (Caponi, Steven) (Entered: 04/19/2023) |
| 04/19/2023 | | 129 | Response to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc. *SeeCubic, Inc.'s Response to Debtors Motion for Withdrawal of Writ of Summons and Evidentiary Hearing for Monetary Damages* Filed by SeeCubic, Inc. (related document(s)125). (Attachments: # 1 Certificate of Service) (Larkin, Joseph) (Entered: 04/19/2023) |
| 04/20/2023 | | 130 | AMENDED Disclosure of Compensation of Attorney for Debtor in the amount of $50,000 Debtors Stream TV Networks, Inc. , Technovative Media, Inc. Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. , Technovative Media, Inc. . (R., Donna) (Entered: 04/20/2023) |
| 04/20/2023 | | 131 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)125, 126). (ZAHRALDDIN, RAFAEL) (Entered: 04/20/2023) |
| 04/20/2023 | | 132 | Monthly Operating Report for Filing Period 3/15/23 – 3/31/23 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 04/20/2023) |
| 04/20/2023 | | 133 | Monthly Operating Report for Filing Period 3/15 – 3/31/23 Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 04/20/2023) |
| 04/20/2023 | | 143 | Order Granting Motion To Appear pro hac vice JUSTIN M. WINERMAN, ESQ. (Related Doc # 109) (W., Yvette) (Entered: 04/21/2023) |
| 04/21/2023 | | 134 | Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order Ex A Proposed Interim Order # 2 Proposed Order Ex B Proposed Final Order) (ZAHRALDDIN, RAFAEL) (Entered: 04/21/2023) |
| 04/21/2023 | | 135 | Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Interim Order # 2 Exhibit B – Proposed Final Order # 3 Exhibit C – Exclusive Distribution Agreement) (ZAHRALDDIN, RAFAEL) (Entered: 04/21/2023) |

| | | | |
|---|---|---|---|
| 04/21/2023 | | [136](#) | Motion to Expedite Hearing (related documents Motion to Approve, Motion to Approve) Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)[135](#), [134](#)). (ZAHRALDDIN, RAFAEL) (Entered: 04/21/2023) |
| 04/21/2023 | | [137](#) | Proposed Order Re: *Scheduling Expedited Hearing On (1) Debtors Motion For Entry Of Interim And Final Orders Authorizing Debtors To Pay and (2) Debtors Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)[136](#), [135](#), [134](#)). (ZAHRALDDIN, RAFAEL) (Entered: 04/21/2023) |
| 04/21/2023 | | [138](#) | Order granting [136](#) Motion for an Expedited Hearing on (related document(s)[134](#)) Motion for Entry of Interim and Final Orders Authorizing Debtors to Pay (I) Prepetition Employee Obligations, (II) Prepetition Withholding Obligations, and (III) Post–Petition Employee Obligations in the Ordinary Course; *and* (related document(s)[135](#)) Motion for Interim and Final Orders Authorizing Debtors to Take Certain Actions in the Ordinary Course of Business filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks Inc., Technovative Media Inc. It is hereby Ordered that a telephonic hearing is scheduled for 4/24/2023 at 10:30 AM. The Debtors shall serve this Order and the Motions by 5:00 PM on April 21, 2023. (related document(s)[137](#)). (B., John) (Entered: 04/21/2023) |
| 04/21/2023 | | [139](#) | Order Granting Motion To Appear pro hac vice BENNETT G. FISHER, ESQ. (Related Doc # [107](#)) (W., Yvette) (Entered: 04/21/2023) |
| 04/21/2023 | | [140](#) | Order Granting Motion To Appear pro hac vice Rebecca Ritchie (Related Doc # [111](#)) (W., Yvette) (Entered: 04/21/2023) |
| 04/21/2023 | | [141](#) | Order Granting Motion To Appear pro hac vice MARLEY ANN BRUMME, ESQ. (Related Doc # [110](#)) (W., Yvette) (Entered: 04/21/2023) |
| 04/21/2023 | | [142](#) | Order Granting Motion To Appear pro hac vice JAMES J. MAZZA, JR., ESQ. (Related Doc # [112](#)) (W., Yvette) (Entered: 04/21/2023) |
| 04/21/2023 | | [144](#) | Order Granting Motion To Appear pro hac vice EBEN P. COLBY, ESQ. (Related Doc # [108](#)) (W., Yvette) (Entered: 04/21/2023) |
| 04/23/2023 | | [147](#) | Declaration re: *Declaration of Mathu Rajan in Support of Debtors' Motions* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)[135](#), [134](#)). (ZAHRALDDIN, RAFAEL) (Entered: 04/23/2023) |
| 04/24/2023 | | [148](#) | Declaration re: *Supplement (Exhibits) to Declaration of Mathu Rajan,* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)[147](#)). (ZAHRALDDIN, RAFAEL) (Entered: 04/24/2023) |
| 04/24/2023 | | [149](#) | Objection to Motion to Approve filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc., Motion to Approve filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc. *Hawk Investment Holdings Ltd.'s (a) Omnibus Objection to Funding and Employment Motions and (b) Joinder to the SeeCubic Objection and Funding Proposal* Filed by Hawk Investment Holdings Ltd. (related document(s)[135](#), [134](#)). (Attachments: # [1](#) Exhibit A) (Caponi, Steven) |

| | | | |
|---|---|---|---|
| | | | (Entered: 04/24/2023) |
| 04/24/2023 | | 150 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)136, 138, 132, 133, 135, 134, 139). (ZAHRALDDIN, RAFAEL) (Entered: 04/24/2023) |
| 04/24/2023 | | 151 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)148, 147). (ZAHRALDDIN, RAFAEL) (Entered: 04/24/2023) |
| 04/24/2023 | | 152 | Objection to Motion to Approve filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc., Motion to Approve filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc. *SeeCubic, Inc.'s I. Objection to A. Employee Motion and B. Ordinary Course Motion and II. Emergency Funding Proposal* Filed by SeeCubic, Inc. (related document(s)135, 134). (Attachments: # 1 Exhibit A) (Larkin, Joseph) (Entered: 04/24/2023) |
| 04/24/2023 | | 153 | Notice of *EMERGENCY MOTION(S) FOR FINANCING OF THE DEBTORS FOREIGN SUBSIDIARIES* Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 04/24/2023) |
| 04/24/2023 | | 154 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)153). (ZAHRALDDIN, RAFAEL) (Entered: 04/24/2023) |
| 04/24/2023 | | 171 | EVIDENTIARY Hearing Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order Ex A Proposed Interim Order # 2 Proposed Order Ex B Proposed Final Order) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled 4/25/2023 at 03:00 PM at Courtroom #2. (G., Eileen) (Entered: 04/26/2023) |
| 04/24/2023 | | 172 | Evidentiary Hearing Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Interim Order # 2 Exhibit B – Proposed Final Order # 3 Exhibit C – Exclusive Distribution Agreement) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled 4/25/2023 at 03:00 PM at Courtroom #2. (G., Eileen) (Entered: 04/26/2023) |
| 04/25/2023 | | 155 | Motion to Approve SeeCubic, Inc.'s (I) Motion in the Alternative for (A) Entry of an Order Approving SeeCubics Emergency Funding to Non–Debtor SeeCubic B.V. and Directing Putative SCBV Directors to Execute Promissory Draw Request or (B) Approval of Competing DIP Financing and (II) Preliminary Response to Debtors Anticipated DIP Financing Proposal Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Larkin, Joseph) (Entered: 04/25/2023) |
| 04/25/2023 | | 156 | Motion to Approve MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 364 FOR ENTRY OF INTERIM AND FINAL ORDERS: (1) AUTHORIZING THE DEBTORS TO OBTAIN POST–PETITION UNSECURED FINANCING TO FUND DEBTORS FOREIEGN SUBSIDIARIES; (2) MODIFYING THE AUTOMATIC STAY; AND (3) |

| | | | |
|---|---|---|---|
| | | | SETTING FINAL HEARING Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 157 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)156). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 158 | Declaration re: *of Shadron L. Stastney in Support of SeeCubic, Inc.'s (I) Motion In The Alternative For (A) Entry Of An Order Approving SeeCubics Emergency Funding To Non−Debtor SeeCubic B.V. And Directing Putative SCBV Directors To Execute Promissory Draw Request Or (B) Approval Of Competing DIP Financing And (II) Preliminary Response To Debtors Anticipated DIP Financing Proposal* Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc. (related document(s)155). (Larkin, Joseph) (Entered: 04/25/2023) |
| 04/25/2023 | | 159 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)130). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 160 | Order Governing Procedures at Evidentiary Hearing Conducted Remotely by Video Conference Hearing scheduled 4/25/2023 at 03:00 PM at Philadelphia Video Hearing. (R., Donna). Related document(s) 156 . Modified on 4/25/2023 (R., Donna). (Entered: 04/25/2023) |
| 04/25/2023 | | 161 | Proposed Order Re: *[Proposed] Interim Order* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)156). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 162 | Exhibit *SeeCubic, Inc.'s Witness And Exhibit Lists For April 25, 2023 Hearing* Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc. (related document(s)155, 158). (Attachments: # 1 Certificate of Service) (Larkin, Joseph) (Entered: 04/25/2023) |
| 04/25/2023 | | 163 | Exhibit *DEBTORS WITNESS AND EXHIBIT LIST* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)161, 156). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 164 | Exhibit *Hawk Investment Holdings Ltd.'s Witness and Exhibit List for April 25, 2023 Hearing* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Attachments: # 1 Exhibit 1) (Caponi, Steven) (Entered: 04/25/2023) |
| 04/25/2023 | | 165 | Objection to Motion to Approve filed by Interested Party SeeCubic, Inc. *DEBTORS OBJECTION TO SEECUBICS MOTION TO APPROVE* Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)155). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 166 | Objection to Motion to Approve filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.'s Response to Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 364 for Entry of Interim and Final Orders: (1) Authorizing the Debtors to Obtain Post−Petition Unsecured Financing to Fund Debtors' Foreign Subsidiaries; (2) Modifying the Automatic Stay; and (3) Setting Final Hearing* Filed by Hawk Investment Holdings Ltd. (related document(s)156). (Caponi, Steven) (Entered: 04/25/2023) |

| | | | |
|---|---|---|---|
| 04/25/2023 | | 167 | Amended Notice of *EMERGENCY MOTION(S) FOR FINANCING OF THE DEBTORS FOREIGN SUBSIDIARIES* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 168 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)165, 161, 167, 160, 163). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 169 | EVIDENTIARY Hearing Held on [#156].Motion to Approve MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 364 FOR ENTRY OF INTERIM AND FINAL ORDERS: (1) AUTHORIZING THE DEBTORS TO OBTAIN POST–PETITION UNSECURED FINANCING TO FUND DEBTORS FOREIEGN SUBSIDIARIES; (2) MODIFYING THE AUTOMATIC STAY; AND (3) SETTING FINAL HEARING Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). MOTION DENIED – ORDER to be entered (G., Eileen) (Entered: 04/26/2023) |
| 04/25/2023 | | 173 | Evidentiary Hearing Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order Ex A Proposed Interim Order # 2 Proposed Order Ex B Proposed Final Order) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled 5/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 04/26/2023) |
| 04/25/2023 | | 174 | EVIDENTIARY Hearing Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Interim Order # 2 Exhibit B – Proposed Final Order # 3 Exhibit C – Exclusive Distribution Agreement) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled 5/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 04/26/2023) |
| 04/26/2023 | | 170 | EVIDENTIARY Hearing Held on 4/25/23 [#155] Motion to Approve SeeCubic, Inc.'s (I) Motion in the Alternative for (A) Entry of an Order Approving SeeCubics Emergency Funding to Non–Debtor SeeCubic B.V. and Directing Putative SCBV Directors to Execute Promissory Draw Request or (B) Approval of Competing DIP Financing and (II) Preliminary Response to Debtors Anticipated DIP Financing Proposal Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Larkin, Joseph) – Motion Denied – ORDER to be entered (G., Eileen) Modified on 4/26/2023 (G., Eileen). (Entered: 04/26/2023) |
| 04/26/2023 | | 175 | Notice of (related document(s): 84 Application to Employ BMC Group, Inc. as Claims and Noticing Agent ) Filed by Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 5/24/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 04/26/2023) |
| 04/27/2023 | | 176 | The upcoming 341(a) meeting is scheduled to be held remotely..For participation by telephone, please call 1–877–685–3103 and use (access code/meeting id/passcode) 6249335# to join the meeting.. More information can be found in the attached pdf document.. (CALLAHAN, KEVIN) (Entered: 04/27/2023) |

| | | | |
|---|---|---|---|
| 04/27/2023 | | 177 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 160)). No. of Notices: 3. Notice Date 04/27/2023. (Admin.) (Entered: 04/28/2023) |
| 04/28/2023 | | 178 | Transcript regarding hearing held on 4/24/2023. Transcribed by TheRecordXchange. 96 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 5/5/2023. Redaction Request Due By 5/19/2023. Redacted Transcript Submission Due By 5/30/2023. Transcript access will be restricted through 7/27/2023. (B., John) (Entered: 04/28/2023) |
| 04/28/2023 | | 179 | Transcript regarding hearing held on 4/25/2023. Transcribed by TheRecordXchange. 261 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 5/5/2023. Redaction Request Due By 5/19/2023. Redacted Transcript Submission Due By 5/30/2023. Transcript access will be restricted through 7/27/2023. (B., John) (Entered: 04/28/2023) |
| 04/28/2023 | | 180 | Declaration re: *Supplemental Declaration of Rafael X. Zahralddin in Support of the Application to Employ Lewis Brisbois Bisgaard & Smith LLP as General Bankruptcy Counsel to the Debtors* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)70). (ZAHRALDDIN, RAFAEL) (Entered: 04/28/2023) |
| 05/01/2023 | | 181 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)175). (ZAHRALDDIN, RAFAEL) (Entered: 05/01/2023) |
| 05/02/2023 | | 182 | Certificate of No Response to *Certificate of No Objection* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)70). (ZAHRALDDIN, RAFAEL) (Entered: 05/02/2023) |
| 05/02/2023 | | 183 | Amended Certificate of No Response to *Amended Certification of No Objection* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)182, 70). (ZAHRALDDIN, RAFAEL) (Entered: 05/02/2023) |
| 05/03/2023 | | 184 | Hearing Held on 70 Motion to Approve Authorizing and Approving the Employment and Retention of Lewis Brisbois Bisgaard & Smith LLP Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. (related document(s),70). Agreed Order to be entered (G., Eileen) (Entered: 05/03/2023) |
| 05/03/2023 | | 185 | Order Granting Motion to Approve Application to Employ and Retain Lewis Brisbois a& Smith LLP as Counsel to the debtors and Debtors–in–Possession (Related Doc # 70) (R., Donna) (Entered: 05/03/2023) |
| 05/04/2023 | | 186 | Proper Form of Petition *Amended Petition* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/04/2023) |
| 05/04/2023 | | 187 | |

| | | | |
|---|---|---|---|
| | | | Amended Schedule G – Executory Contracts and Unexpired Leases Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/04/2023) |
| 05/05/2023 | | 188 | Amended Chapter 11 Monthly Operating Report for the Month Ending: 03/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/05/2023) |
| 05/05/2023 | | 189 | Amended Chapter 11 Monthly Operating Report for the Month Ending: 03/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/05/2023) |
| 05/05/2023 | | | Meeting of Creditors Held and Concluded on: 5/5/2023. (CALLAHAN, KEVIN) (Entered: 05/05/2023) |
| 05/05/2023 | | 190 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)183). (ZAHRALDDIN, RAFAEL) (Entered: 05/05/2023) |
| 05/05/2023 | | 191 | Amended Chapter 11 Monthly Operating Report for the Month Ending: 03/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/05/2023) |
| 05/05/2023 | | 192 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 185)). No. of Notices: 3. Notice Date 05/05/2023. (Admin.) (Entered: 05/06/2023) |
| 05/08/2023 | | 193 | Memorandum in Opposition to *Hawk Investment Holdings Ltd's Motion to Dismiss Debtors' Chapter 11 Cases or to Convert the Cases to Cases Under Chapter 7 or in the Alternative to Appoint a Chapter 11 Trustee* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)83). (Attachments: # 1 Exhibit 1) (DEMARCO, ANDREW) (Entered: 05/08/2023) |
| 05/08/2023 | | 194 | Supplemental Brief *SeeCubic, Inc.'s Supplemental Brief in Support of (I) Hawk's Motion to Dismiss the Chapter 11 Cases, Convert Such Cases to Chapter 7, or Appoint a Chapter 11 Trustee, (II) Hawk's Motion for Relief from the Automatic Stay, and (III) SeeCubic's Objection to the Stream Stay Pleadings* Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc. (related document(s)16, 105, 83). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Certificate of Service) (Larkin, Joseph) (Entered: 05/08/2023) |
| 05/08/2023 | | 195 | Response to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion to Dismiss Case for Other filed by Creditor Hawk Investment Holdings Ltd., Motion to Stay filed by Debtor Stream TV Networks, Inc., Motion for Turnover of Property, Motion for Sanctions *Hawk Investment Holdings Ltd.'s Reply in Further Support of Emergency Motion for Relief from the Automatic Stay Pursuant To Section 362(d) of the Bankruptcy Code* Filed by Hawk Investment Holdings Ltd. (related document(s)90, 49, 76, 83). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) (Caponi, Steven) (Entered: 05/08/2023) |
| 05/08/2023 | | 196 | |

| | | | |
|---|---|---|---|
| | | | Brief *in Opposition* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)83). (ZAHRALDDIN, RAFAEL) (Entered: 05/08/2023) |
| 05/11/2023 | | 197 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)187, 186, 189, 188, 191). (ZAHRALDDIN, RAFAEL) (Entered: 05/11/2023) |
| 05/11/2023 | | 198 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)196). (ZAHRALDDIN, RAFAEL) (Entered: 05/11/2023) |
| 05/17/2023 | | 199 | Motion to Appear pro hac vice on behalf of Erin R. Fay Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel). (HAKUN, NICHOLAS) (Entered: 05/17/2023) |
| 05/17/2023 | | 200 | Motion to Appear pro hac vice on behalf of Catherine C. Lyons Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel). (HAKUN, NICHOLAS) (Entered: 05/17/2023) |
| 05/17/2023 | | 201 | Motion to Approve (A) the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel). (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B) (HAKUN, NICHOLAS) (Entered: 05/17/2023) |
| 05/17/2023 | | 202 | Motion to Seal (RE: related document(s)201 Motion to Approve). *//Receiver's Motion to Seal Certain Exhibits to the Final Report of Ian R. Liston, Receiver Pendente Lite, Attached as Exhibit A to Receiver's Motion, Pursuant to 11 U.S.C. Sections 105(a) and 543(b) and Bankruptcy Rule 6002, for Entry of an Order (A) Approving the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel) (related document(s)201). (Attachments: # 1 Notice # 2 Exhibit A) (HAKUN, NICHOLAS) (Entered: 05/17/2023) |
| 05/17/2023 | | | Receipt Number APAEDC–16695650 for Pro Hac Vice Payment, Fee Amount $75.00 (related document(s)200). (K., Marie)*Modified on 5/18/2023 to add prefix letters*.(K., Marie). (Entered: 05/17/2023) |
| 05/17/2023 | | | Receipt Number APAEDC–16695592, Fee Amount $75.00 for Pro Hac Vice Payment (related document(s)199). (K., Marie)* Modified on 5/18/2023 to add prefix letters*(K., Marie). (Entered: 05/17/2023) |
| 05/17/2023 | | 203 | |

| | | | |
|---|---|---|---|
| | | | Declaration re: *Supplemental Declaration in Support of Initial Application to Employ BMC Group, Inc. as Claims and Noticing Agent* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)84). (ZAHRALDDIN, RAFAEL) (Entered: 05/17/2023) |
| 05/17/2023 | | 204 | Notice of (related document(s): 201 Motion to Approve (A) the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Pr, 202 Motion to Seal (RE: related document(s)201 Motion to Approve). *//Receiver's Motion to Seal Certain Exhibits to the Final Report of Ian R. Liston, Receiver Pendente Lite, Attached as Exhibit A to Receiver's Motion, Pursuant to 11 U.S.C.) Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc.. Hearing scheduled 6/21/2023 at 11:30 AM at Philadelphia Video Hearing. (HAKUN, NICHOLAS)* (Entered: 05/17/2023) |
| 05/17/2023 | | 205 | Certificate of No Response to *APPLICATION FOR AUTHORITY TO EMPLOY BMC GROUP, INC. AS CLAIMS AND NOTICING AGENT* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)84, 175, 181). (Attachments: # 1 Exhibit A – Proposed Order Authorizing Employment and Retention of BMC Group, Inc. as Claims and Noticing Agent) (ZAHRALDDIN, RAFAEL) (Entered: 05/17/2023) |
| 05/19/2023 | | 206 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)203, 205). (ZAHRALDDIN, RAFAEL) (Entered: 05/19/2023) |
| 05/22/2023 | | 207 | EVIDENTIARY Hearing RESCHEDULED RE: 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 6/26/2023 at 10:30 AM at Courtroom #2. AND 6/27 @ 12:30 and 6/28 @ 12:30 (G., Eileen) (Entered: 05/22/2023) |
| 05/22/2023 | | 208 | EVIDENTIARY Hearing RESCHEDULED RE: 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Interim Order # 2 Exhibit B – Proposed Final Order # 3 Exhibit C – Exclusive Distribution Agreement) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled 6/26/2023 at 10:30 AM at Courtroom #2. AND 6/27 @ 12:30 and 6/28 @ 12:30 (G., Eileen) (Entered: 05/22/2023) |
| 05/22/2023 | | 209 | EVIDENTIARY Hearing RESCHEDULED RE: 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order Ex A Proposed Interim Order # 2 Proposed Order Ex B Proposed Final Order) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled |

| | | | |
|---|---|---|---|
| | | | 6/26/2023 at 10:30 AM at Courtroom #2 AND 6/27 @ 12:30 and 6/28 @ 12:30 (G., Eileen) (Entered: 05/22/2023) |
| 05/22/2023 | | 210 | Order Granting Motion to Appear pro hac vice on behalf of Erin R. Fay for Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (Related Doc # 199) (W., Christine) (Entered: 05/22/2023) |
| 05/22/2023 | | 211 | Order Granting Motion to Appear pro hac vice on behalf of Catherine C. Lyons for Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations Technovative Media, Inc. (Related Doc # 200) (W., Christine) (Entered: 05/22/2023) |
| 05/23/2023 | | 212 | Monthly Operating Report for Filing Period 03/31/2023 *AMENDED* Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/23/2023) |
| 05/23/2023 | | 213 | Monthly Operating Report for Filing Period 04/30/2023 *AMENDED* Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/23/2023) |
| 05/23/2023 | | 214 | Request for Telephonic Hearing *Hawk Investment Holdings Ltd.'s Request for Status Conference* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)209, 208, 207). (Caponi, Steven) (Entered: 05/23/2023) |
| 05/24/2023 | | 215 | Hearing Held on 84 Application to Employ BMC Group, Inc. as Claims and Noticing Agent Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (related document(s),84). ORDER to be entered (G., Eileen) (Entered: 05/24/2023) |
| 05/24/2023 | | 216 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 207)). No. of Notices: 15. Notice Date 05/24/2023. (Admin.) (Entered: 05/25/2023) |
| 05/24/2023 | | 217 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 208)). No. of Notices: 15. Notice Date 05/24/2023. (Admin.) (Entered: 05/25/2023) |
| 05/24/2023 | | 218 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 209)). No. of Notices: 15. Notice Date 05/24/2023. (Admin.) (Entered: 05/25/2023) |
| 05/24/2023 | | 219 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 210)). No. of Notices: 2. Notice Date 05/24/2023. (Admin.) (Entered: 05/25/2023) |
| 05/24/2023 | | 220 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 211)). No. of Notices: 3. Notice Date 05/24/2023. (Admin.) (Entered: 05/25/2023) |
| 05/25/2023 | | 221 | Status Hearing scheduled 5/31/2023 at 01:00 PM at Courtroom #2. relating to the trial scheduled for 6/26/23 (G., Eileen) (Entered: 05/25/2023) |
| 05/25/2023 | | 222 | Order Denying Motion to Approve SeeCubic, Inc.'s Emergency Funding to Non–Debtor Subsidiary Seecubic B.V. and Directing Putative Seecubic B.V. Directors to execute promissory draw request (Larkin, |

| | | | |
|---|---|---|---|
| | | | Joseph)(Related Doc # 155) (R., Donna) (Entered: 05/26/2023) |
| 05/26/2023 | | 223 | Monthly Operating Report for Filing Period 03/31/2023 *AMENDED* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit March Profit & Loss # 2 Exhibit March Bank Statement) (ZAHRALDDIN, RAFAEL) (Entered: 05/26/2023) |
| 05/26/2023 | | 224 | Monthly Operating Report for Filing Period 04/30/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit April Profit & Loss # 2 Exhibit April Bank Statement) (ZAHRALDDIN, RAFAEL) (Entered: 05/26/2023) |
| 05/28/2023 | | 225 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 222)). No. of Notices: 5. Notice Date 05/28/2023. (Admin.) (Entered: 05/29/2023) |
| 05/30/2023 | | 226 | Declaration re: *DECLARATION OF MATHU RAJAN IN SUPPORT OF DEBTORS OPPOSITION TO MOTION OF HAWK INVESTMENT HOLDINGS LTD. PURSUANT TO SECTION 1112(B) OF THE BANKRUPTCY CODE EITHER (A)(1) TO DISMISS THE DEBTORS CHAPTER 11 CASES OR (2) TO CONVERT SUCH CASES TO CASES UNDER CHAPTER 7 OR, (B) IN THE ALTERNATIVE, PURSUANT TO SECTION 1104(A) OF THE BANKRUPTCY CODE TO APPOINT A CHAPTER 11 TRUSTEE (DOCKET NO. 196) AND IN SUPPORT OF DEBTORS MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO TAKE CERTAIN ACTIONS IN THE ORDINARY COURSE OF BUSINESS (DOCKET NO. 135)* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/30/2023) |
| 05/31/2023 | | 227 | Proposed Order Re: *Receiver's Motion, Pursuant to 11 U.S.C. Sections 105(a) and 543(b) and Bankruptcy Rule 6002, for Entry of an Order (A) Approving the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* Filed by NICHOLAS E HAKUN on behalf of Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (related document(s)201). (HAKUN, NICHOLAS) (Entered: 05/31/2023) |
| 05/31/2023 | | 228 | Proposed Order Re: *Receiver's Motion to Seal Certain Exhibits to the Final Report of Ian R. Liston, Receiver Pendente Lite, Attached as Exhibit A to Receiver's Motion, Pursuant to 11 U.S.C. Sections 105(a) and 543(b) and Bankruptcy Rule 6002, for Entry of an Order (A) Approving the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* Filed by NICHOLAS E HAKUN on behalf of Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (related document(s)202). (HAKUN, NICHOLAS) (Entered: 05/31/2023) |
| 05/31/2023 | | 229 | Status Conference Held – Scheduling Order to be submitted . (G., Eileen) (Entered: 05/31/2023) |

| | | | |
|---|---|---|---|
| 06/02/2023 | | 230 | Objection to Motion to Seal filed by Interested Party Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Filed by United States Trustee (related document(s)202). (Attachments: # 1 Service List) (CALLAHAN, KEVIN) (Entered: 06/02/2023) |
| 06/09/2023 | | 231 | Order Denying Debtor's Motion for entry of Interim and Final Orders Authorizing the debtor's to obtain post–petition unsecured financing to fund debtor's foreign subsidiaries, modifying the Automatic Stay and Setting final hearing. The Motion is DENIED for the reasons stated in open court on the record at the Hearing. (Related Doc # 156) (R., Donna) (Entered: 06/09/2023) |
| 06/11/2023 | | 232 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 231)). No. of Notices: 2. Notice Date 06/11/2023. (Admin.) (Entered: 06/12/2023) |
| 06/13/2023 | | 233 | Proposed Order Re: *Scheduling Order* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)83). (Caponi, Steven) (Entered: 06/13/2023) |
| 06/14/2023 | | 234 | Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Order # 2 Exhibit B – Employment Agreement with Thomas Jung Ho Park # 3 Exhibit C – Resume of Thomas Jung Ho Park) (ZAHRALDDIN, RAFAEL) (Entered: 06/14/2023) |
| 06/14/2023 | | 363 | Scheduling Order (related document(s)233). (R., Donna) (Entered: 08/23/2023) |
| 06/15/2023 | | 235 | Notice of Appearance and Request for Notice *of Bennett G. Fisher* by RAFAEL X. ZAHRALDDIN Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/15/2023) |
| 06/16/2023 | | 236 | Expedited Motion to Continue Hearing On Motion for Relief From Stay, Motion to Dismiss Case for Other, Motion to Approve Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)135, 16, 83). (Attachments: # 1 Proposed Order Proposed Order Granting Expedited Motion of the Debtors to Continue Trial and Hearings Scheduled for June 26 – 29 # 2 Exhibit B – Dr. Jordan Bruno Letter # 3 Proposed Order Proposed Order Granting Request for Expedited Hearing on Expedited Motion of the Debtors for Entry of an Order Continuing Trial and Hearings Scheduled for June 26 – 29, 2023) (ZAHRALDDIN, RAFAEL) (Entered: 06/16/2023) |
| 06/16/2023 | | 237 | Notice to Take Deposition of: designated representative of Zhongsheng Group Holdings Ltd. Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 06/16/2023) |
| 06/16/2023 | | 238 | Notice to Take Deposition of: Thomas Park Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 06/16/2023) |
| 06/16/2023 | | 239 | Amended Notice to Take Deposition of: Zhongsheng Group Holdings Ltd. Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: |

| | | | |
|---|---|---|---|
| | | | 06/16/2023) |
| 06/19/2023 | | 240 | Objection to Motion to Continue/Reschedule Hearing filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc. *Hawk Investment Holdings Ltd.'s Objection to Expedited Motion of the Debtors for Entry of an Order Continuing Trial and Hearings Scheduled for June 26 – 29, 2023* Filed by Hawk Investment Holdings Ltd. (related document(s)236). (Caponi, Steven) (Entered: 06/19/2023) |
| 06/20/2023 | | 241 | Order granting Request for an Expedited Hearing on 236 Motion to Continue *Trial and Hearings Scheduled for June 26–29, 2023* filed by Stream TV Networks, Inc., Technovative Media, Inc. represented by RAFAEL X. ZAHRALDDIN (Counsel). Expedited Hearing is scheduled for 6/21/2023 at 11:30 AM. Service must be made by 3:00 PM today 6/20/2023. (B., John) (Entered: 06/20/2023) |
| 06/20/2023 | | 242 | Notice to Take Deposition of: Thomas Park *Re–Notice of Deposition of Thomas Park by Hawk Investment Holdings, Ltd.* Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 06/20/2023) |
| 06/20/2023 | | 243 | Certificate of Service *Expedited Motion and Order Granting Request for Expedited Hearing on Expedited Motion of the Debtors for Entry of an Order Continuing Trial and Hearings Scheduled for June 26–29, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)241, 236). (ZAHRALDDIN, RAFAEL) (Entered: 06/20/2023) |
| 06/20/2023 | | 244 | Notice to Take Deposition of: Shadron L. Stastney Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/20/2023) |
| 06/20/2023 | | 245 | Objection to Motion to Approve filed by Interested Party Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. *Hawk Investment Holdings Ltd.'s Limited Objection to Receiver's Motion, Pursuant to 11 U.S.C. §§ 105(a) and 543(b) and Bankruptcy Rule 6002, for Entry of an Order (A) Approving the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding that the Receiver Complied with 11 U.S.C. § 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* Filed by Hawk Investment Holdings Ltd. (related document(s)201). (Caponi, Steven) (Entered: 06/20/2023) |
| 06/20/2023 | | 246 | Amended Notice of (related document(s): 201 Motion to Approve (A) the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Pr, 202 Motion to Seal (RE: related document(s)201 Motion to Approve). *//Receiver's Motion to Seal Certain Exhibits to the Final Report of Ian R. Liston, Receiver Pendente Lite, Attached as Exhibit A to Receiver's Motion, Pursuant to 11 U.S.C.)* Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc.. *Hearing scheduled 7/12/2023 at 11:30 AM at Philadelphia Telephone Hearing. (HAKUN, NICHOLAS) (Entered: 06/20/2023)* |
| 06/21/2023 | | 247 | Motion to Appear pro hac vice on behalf of Sean M. Brennecke Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Certification of Sean M. |

| | | | |
|---|---|---|---|
| | | | Brennecke # 2 Exhibit B – Proposed Order) (ZAHRALDDIN, RAFAEL) (R., Donna). (Entered: 06/21/2023) |
| 06/21/2023 | | 248 | Exhibit //Notice of Filing of Exhibits Filed by NICHOLAS E HAKUN on behalf of Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (related document(s)201). (Attachments: # 1 Exhibit A) (HAKUN, NICHOLAS) (Entered: 06/21/2023) |
| 06/21/2023 | | 249 | Motion to Dismiss/Withdraw Document (related document(s): Motion to Seal) //Notice of Withdrawal Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel) (related document(s)202). (HAKUN, NICHOLAS) (Entered: 06/21/2023) |
| 06/21/2023 | | | Receipt Number APAEDC–16764151, Fee Amount $75.00 (related document(s)247). (R., Donna) (Entered: 06/21/2023) |
| 06/21/2023 | | 250 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)235, 234). (ZAHRALDDIN, RAFAEL) (Entered: 06/21/2023) |
| 06/21/2023 | | 251 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)236). (ZAHRALDDIN, RAFAEL) (Entered: 06/21/2023) |
| 06/21/2023 | | 252 | Hearing Held on 236 Expedited Motion to Continue Hearing On Motion for Relief From Stay, Motion to Dismiss Case for Other, Motion to Approve Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)135, 16, 83). (related document(s),236). Motion DENIED – Trial remains scheduled for 6/26/23 – 6/27/23 – 6/28/23 & 6/29/23 (G., Eileen) (Entered: 06/21/2023) |
| 06/21/2023 | | 253 | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/21/2023) |
| 06/21/2023 | | 254 | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/21/2023) |
| 06/22/2023 | | 255 | Amended Notice to Take Deposition of: Shadron L. Stastney Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/22/2023) |
| 06/22/2023 | | 256 | Order Granting Application to Employ BMC Group Inc. (Related Doc # 84) (W., Yvette) (Entered: 06/22/2023) |
| 06/22/2023 | | 257 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 241)). No. of Notices: 1. Notice Date 06/22/2023. (Admin.) (Entered: 06/23/2023) |
| 06/23/2023 | | 258 | AMENDMENT TO DEBTORS EXPEDITED MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO TAKE CERTAIN ACTIONS IN THE ORDINARY COURSE OF BUSINESS Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., |

| | | | |
|---|---|---|---|
| | | | Technovative Media, Inc. (related document(s)135). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (ZAHRALDDIN, RAFAEL) (Entered: 06/23/2023) |
| 06/23/2023 | | 259 | Motion to Appear pro hac vice on behalf of Thomas A. Warns Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement of Thomas A. Warns, Esquire) (Caponi, Steven) (Entered: 06/23/2023) |
| 06/23/2023 | | | Receipt Number APAEDC–16771645, Fee Amount $75.00 (related document(s)259). (R., Donna) (Entered: 06/23/2023) |
| 06/23/2023 | | 260 | Order Granting Motion To Appear pro hac vice of Sean M. Brennecke (Related Doc # 247) (R., Donna) (Entered: 06/23/2023) |
| 06/23/2023 | | 261 | **Duplicate of doc.#260**Order Granting Motion To Appear pro hac vice of Sean M. Brennecke Esquire (Related Doc 247) (R., Donna) Modified on 6/26/2023 (K., Marie). (Entered: 06/23/2023) |
| 06/23/2023 | | 262 | Order Granting Motion To Appear pro hac vice Thomas A. Warns, Esquire. (Related Doc # 259) (R., Donna) (Entered: 06/23/2023) |
| 06/23/2023 | | 263 | Exhibit *Hawk Investment Holdings Ltd. and SeeCubic, Inc.'s Joint Exhibit List for June 26–29, 2023 Trial* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 06/23/2023) |
| 06/23/2023 | | 264 | Exhibit *Stream TV Networks, Inc. Exhibit List for June 26–29, 2023 Trial* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/23/2023) |
| 06/24/2023 | | 265 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 256)). No. of Notices: 1. Notice Date 06/24/2023. (Admin.) (Entered: 06/25/2023) |
| 06/25/2023 | | 266 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 261)). No. of Notices: 1. Notice Date 06/25/2023. (Admin.) (Entered: 06/26/2023) |
| 06/25/2023 | | 267 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 262)). No. of Notices: 1. Notice Date 06/25/2023. (Admin.) (Entered: 06/26/2023) |
| 06/26/2023 | | 268 | Hearing Continued on 16 Emergency Motion for Relief from Stay . Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 6/27/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/27/2023) |
| 06/26/2023 | | 269 | Hearing Continued on 83 Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 6/27/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/27/2023) |

| | | | |
|---|---|---|---|
| 06/26/2023 | | 270 | Hearing Continued on <u>135</u> Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 6/27/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/27/2023) |
| 06/26/2023 | | 271 | Hearing Continued on <u>134</u> Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 6/27/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/27/2023) |
| 06/27/2023 | | 272 | Hearing Continued on <u>16</u> Emergency Motion for Relief from Stay . , Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 6/28/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/28/2023) |
| 06/27/2023 | | 273 | Hearing Continued on <u>83</u> Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 6/28/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/28/2023) |
| 06/27/2023 | | 274 | Hearing Continued on <u>135</u> Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 6/28/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/28/2023) |
| 06/27/2023 | | 275 | Hearing Continued on <u>134</u> Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). .. Hearing scheduled 6/28/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/28/2023) |
| 06/28/2023 | | <u>276</u> | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # <u>260</u>)). No. of Notices: 1. Notice Date 06/28/2023. (Admin.) (Entered: 06/29/2023) |
| 06/28/2023 | | 277 | Hearing Continued on <u>16</u> Emergency Motion for Relief from Stay . F Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 6/29/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/29/2023) |
| 06/28/2023 | | 278 | Hearing Continued on <u>83</u> Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled |

| | | | |
|---|---|---|---|
| | | | 6/29/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/29/2023) |
| 06/28/2023 | | 279 | Hearing Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). .. Hearing scheduled 6/29/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/29/2023) |
| 06/28/2023 | | 280 | Hearing Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 6/29/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/29/2023) |
| 06/29/2023 | | 281 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)258). (ZAHRALDDIN, RAFAEL) (Entered: 06/29/2023) |
| 06/29/2023 | | 282 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)253, 254, 255). (ZAHRALDDIN, RAFAEL) (Entered: 06/29/2023) |
| 07/01/2023 | | 283 | Notice of *Filings in Dutch Proceedings Requested by the United States Bankruptcy Court for the Eastern District of Pennsylvania* Filed by Stream TV Networks, Inc.. (Attachments: # 1 Exhibit A – Emails and Letter # 2 Exhibit B – Amsterdam District Court Ruling # 3 Exhibit C – Doc 76 Ex A Purchase Agreement) (ZAHRALDDIN, RAFAEL) (Entered: 07/01/2023) |
| 07/06/2023 | | 284 | Exhibit *Hawk Investment Holdings Ltd. and SeeCubic, Inc.'s Supplemental Joint Exhibit List for June 26–29, 2023 Trial* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)263). (Caponi, Steven) (Entered: 07/06/2023) |
| 07/07/2023 | | 285 | Objection to Generic Motion filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.s Objection and Reservation of Rights to Motion of the Debtors to Enter into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Hawk Investment Holdings Ltd. (related document(s)234). (Caponi, Steven) (Entered: 07/07/2023) |
| 07/07/2023 | | 286 | Document in re: *Notice Regarding Proceedings in the Netherlands* Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16) (Larkin, Joseph) (Entered: 07/07/2023) |
| 07/12/2023 | | 287 | Hearing Held on 201 Motion to Approve (A) the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel). (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B) filed by |

| | | | |
|---|---|---|---|
| | | | Interested Party Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (related document(s),201,201). ORDER to be submitted (G., Eileen) (Entered: 07/12/2023) |
| 07/12/2023 | | 288 | TRIAL Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 8/15/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 07/12/2023) |
| 07/12/2023 | | 289 | Trial Continued on 16 Emergency Motion for Relief from Stay . Fee Amount $188.00, Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order Order Granting Motion of Hawk Investment Holdings Ltd. for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code # 2 Proposed Order Order Granting Expedited Hearing # 3 Declaration of Steven L. Caponi # 4 Exhibit A # 5 Exhibit B # 6 Exhibit C # 7 Exhibit D # 8 Exhibit E # 9 Exhibit F # 10 Exhibit G # 11 Exhibit H # 12 Exhibit I # 13 Exhibit J # 14 Exhibit K # 15 Exhibit L # 16 Exhibit M # 17 Exhibit N # 18 Exhibit O # 19 Exhibit P # 20 Exhibit Q # 21 Certificate of Service) filed by Creditor Hawk Investment Holdings Ltd.. Hearing scheduled 8/15/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 07/12/2023) |
| 07/12/2023 | | 290 | Trial Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 8/15/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 07/12/2023) |
| 07/12/2023 | | 291 | Trial Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 8/15/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 07/12/2023) |
| 07/13/2023 | | 292 | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 07/13/2023) |
| 07/13/2023 | | 293 | Disclosure Statement Filed by Stream TV Networks, Inc.. (Attachments: # 1 Exhibit A – Plan # 2 Exhibit B – Restructuring Agreements)(ZAHRALDDIN, RAFAEL) (Entered: 07/13/2023) |
| 07/13/2023 | | 294 | Order appointing mediator Honorable JUDGE PATRICIA M. MAYER and assignment to mediation. The matter concerns Bonding Equipment Dispute. (R., Donna) (Entered: 07/14/2023) |
| 07/14/2023 | | 295 | Motion to Compel *Hawk Investment Holdings Limited's Motion to Compel Discovery and Impose Sanctions for Failure to Comply* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Declaration of Steven L. Caponi with |

| | | | |
|---|---|---|---|
| | | | Exhibits 1–4 # 2 Proposed Order # 3 Notice of Motion, Response Deadline and Hearing Date) (Caponi, Steven) (Entered: 07/14/2023) |
| 07/14/2023 | | 297 | Notice of (related document(s): 295 Motion to Compel *Hawk Investment Holdings Limited's Motion to Compel Discovery and Impose Sanctions for Failure to Comply*) Filed by Hawk Investment Holdings Ltd. . Hearing scheduled 8/2/2023 at 11:30 AM at Courtroom #2. (R., Yvette) (Entered: 07/17/2023) |
| 07/16/2023 | | 296 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 294)). No. of Notices: 6. Notice Date 07/16/2023. (Admin.) (Entered: 07/17/2023) |
| 07/18/2023 | | 298 | Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Order # 2 Exhibit B – Employment Agreement # 3 Exhibit C – Declaration of Thomas Park # 4 Exhibit D – Resume of Thomas Park) (ZAHRALDDIN, RAFAEL) (Entered: 07/18/2023) |
| 07/18/2023 | | 299 | Notice of (related document(s): 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer ) Filed by Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 8/16/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 07/18/2023) |
| 07/20/2023 | | 300 | Monthly Operating Report for Filing Period 6/1/23–6/30/23 *STREAM TV NETWORKS, INC.* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit # 2 Exhibit) (ZAHRALDDIN, RAFAEL) (Entered: 07/20/2023) |
| 07/20/2023 | | 301 | Monthly Operating Report for Filing Period 6/1/23–6/30/23 *TECHNOVATIVE MEDIA, INC.* Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 07/20/2023) |
| 07/24/2023 | | 302 | Transcript regarding hearing held on 6/26/2023. Transcribed by TheRecordXchange. 288 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 7/31/2023. Redaction Request Due By 8/14/2023. Redacted Transcript Submission Due By 8/24/2023. Transcript access will be restricted through 10/23/2023. (B., John) (Entered: 07/24/2023) |
| 07/24/2023 | | 303 | Transcript regarding hearing held on 6/27/2023. Transcribed by TheRecordXchange. 180 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 7/31/2023. Redaction Request Due By 8/14/2023. Redacted Transcript Submission Due By 8/24/2023. Transcript access will be restricted through 10/23/2023. (B., John) (Entered: 07/24/2023) |
| 07/24/2023 | | 304 | SEE REVISED TRANSCRIPT AT ENTRY #378. Transcript regarding hearing held on 6/28/2023. Transcribed by TheRecordXchange. 215 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 7/31/2023. Redaction Request Due |

| | | | |
|---|---|---|---|
| | | | By 8/14/2023. Redacted Transcript Submission Due By 8/24/2023. Transcript access will be restricted through 10/23/2023. (B., John) Modified on 8/28/2023 (B., John). (Entered: 07/24/2023) |
| 07/24/2023 | | 305 | Transcript regarding hearing held on 6/29/2023. Transcribed by TheRecordXchange. 186 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 7/31/2023. Redaction Request Due By 8/14/2023. Redacted Transcript Submission Due By 8/24/2023. Transcript access will be restricted through 10/23/2023. (B., John) (Entered: 07/24/2023) |
| 07/25/2023 | | 306 | Objection to Application to Employ filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc. *Hawk Investment Holdings Ltd.'s Objection to the Application of the Debtors for Entry of an Order Authorizing the Debtors to Retain Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Hawk Investment Holdings Ltd. (related document(s)298). (Caponi, Steven) (Entered: 07/25/2023) |
| 07/26/2023 | | 307 | Supplemental Statement *Hawk Investment Holdings Limited's Supplement to Motion to Compel Discovery and Impose Sanctions for Failure to Comply* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)295). (Attachments: # 1 Exhibit A) (Caponi, Steven) (Entered: 07/26/2023) |
| 07/27/2023 | | 308 | Objection to Motion to Extend/Limit Exclusivity Period filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.'s Objection to Debtors' Motion for an Order Extending the Exclusive Periods During which Debtors May File a Plan and Disclosure Statement and Solicit Acceptances Thereof Pursuant to 11 U.S.C. § 1121(d)* Filed by Hawk Investment Holdings Ltd. (related document(s)292). (Caponi, Steven) (Entered: 07/27/2023) |
| 07/27/2023 | | 309 | Hearing SCHEDULED on 285 Objection Filed by Hawk Investment Holdings Ltd. to 234 Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Hearing scheduled 8/16/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 07/27/2023) |
| 07/27/2023 | | 310 | Hearing SCHEDULED on 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). 308 Objection to Motion to Extend/Limit Exclusivity Period filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.'s Objection to Debtors' Motion for an Order Extending the Exclusive Periods During which Debtors May File a Plan and Disclosure Statement and Solicit Acceptances Thereof Pursuant to 11 U.S.C. § 1121(d)* Filed by Hawk Investment Holdings Ltd. (related document(s)292). Hearing scheduled 8/16/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 07/27/2023) |
| 07/28/2023 | | 311 | Response to Motion to Compel filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)295). (Attachments: # 1 Exhibit A) (ZAHRALDDIN, RAFAEL) (Entered: 07/28/2023) |
| 07/29/2023 | | 312 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 309)). No. of Notices: 20. Notice Date 07/29/2023. (Admin.) (Entered: 07/30/2023) |
| 07/29/2023 | | 313 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 310)). No. of Notices: 20. Notice Date 07/29/2023. (Admin.) (Entered: 07/30/2023) |
| 08/01/2023 | | 314 | Amended Order Authorizing Employment and Retention of BMC Group, Inc. as claims and Noticing Agent.(related document(s)256). (R., Donna) (Entered: 08/01/2023) |
| 08/02/2023 | | 315 | Hearing Held on 295 Motion to Compel *Hawk Investment Holdings Limited's Motion to Compel Discovery and Impose Sanctions for Failure to Comply* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . (related document(s),295). Motion Granted/ Discovery Extended – ORDER to be submitted (G., Eileen) (Entered: 08/02/2023) |
| 08/03/2023 | | 316 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 314)). No. of Notices: 4. Notice Date 08/03/2023. (Admin.) (Entered: 08/04/2023) |
| 08/04/2023 | | 317 | Certificate of Service Filed by BMC Group Inc. (related document(s)292). (Ordaz, Steven) (Entered: 08/04/2023) |
| 08/04/2023 | | 318 | Certificate of Service Filed by BMC Group Inc. (related document(s)293). (Ordaz, Steven) (Entered: 08/04/2023) |
| 08/04/2023 | | 319 | Certificate of Service Filed by BMC Group Inc. (related document(s)299, 301, 298, 300). (Ordaz, Steven) (Entered: 08/04/2023) |
| 08/04/2023 | | 320 | Certificate of Service Filed by BMC Group Inc. (related document(s)310). (Ordaz, Steven) (Entered: 08/04/2023) |
| 08/04/2023 | | 321 | Certificate of Service Filed by BMC Group Inc. (related document(s)311, 314). (Ordaz, Steven) (Entered: 08/04/2023) |
| 08/04/2023 | | 322 | Order Denying Hawk Investment Holdings limited motion to compel discover and impose sanctions for failure to comply, extending discovery and order disclosure of information. (Related Doc # 295) (R., Donna) (Entered: 08/04/2023) |
| 08/04/2023 | | 323 | Proposed Order Re: *Motion to Approve (A) the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* Filed by NICHOLAS E HAKUN on behalf of Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (related document(s)201). (HAKUN, NICHOLAS) (Entered: 08/04/2023) |
| 08/06/2023 | | 324 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 322)). No. of Notices: 3. Notice Date 08/06/2023. (Admin.) (Entered: 08/07/2023) |
| 08/07/2023 | | 325 | |

| | | | |
|---|---|---|---|
| | | | Exhibit *REMBRANDT 3D HOLDING LTD'S WITNESS AND EXHIBIT LIST* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd.. (DEMARCO, ANDREW) (Entered: 08/07/2023) |
| 08/08/2023 | | 326 | Declaration Under Penalty of Perjury for Non–individual Debtors *Declaration of Mathu Rajan in Support of Debtors Opposition to Hawk Investment Holdings Limiteds Supplement to Motion to Compel Discovery and Impose Sanctions for Failure to Comply (Docket No. 307)* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Exhibit A–ToJoy Cooperation Agreement # 2 Exhibit Exhibit B–Kabacinski Texts # 3 Exhibit Exhibit C–Business Cards # 4 Exhibit Exhibit D–Wang Photo # 5 Exhibit Exhibit E–News Article # 6 Exhibit Exhibit F–Aug 2023 WeChat Messages) (ZAHRALDDIN, RAFAEL) (Entered: 08/08/2023) |
| 08/10/2023 | | 327 | Emergency Motion *Hawk Investment Holdings Limited's Emergency Motion in Limine to Preclude Testimony and Introduction of Evidence* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Exhibit A–B # 2 Order Granting Hawk Investment Holdings Ltd.'s Motion in Limine to Preclude Testimony and Introduction of Evidence # 3 Order Granting Expedited Hearing) (Caponi, Steven) (Entered: 08/10/2023) |
| 08/10/2023 | | 328 | Emergency Motion For Contempt *Hawk Investment Holdings Limited's Emergency Motion to Hold the Debtors in Contempt and Impose Sanctions* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Exhibit A–B # 2 Proposed Order # 3 Order Granting Expedited Hearing) (Caponi, Steven) (Entered: 08/10/2023) |
| 08/11/2023 | | 329 | Order Scheduling Hearing re:327 Emergency Motion *Hawk Investment Holdings Limited's Emergency Motion in Limine to Preclude Testimony and Introduction of Evidence* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 8/14/2023 at 10:00 AM at Philadelphia Telephone Hearing. Any responses the Motion may be filed on or before the 14th day of August 8 a.m.,2023. (D., Stacey) (Entered: 08/11/2023) |
| 08/11/2023 | | 330 | Certificate of Service Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)329). (Caponi, Steven) (Entered: 08/11/2023) |
| 08/11/2023 | | 331 | Notice to Take Deposition of: Mathu Rajan Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 08/11/2023) |
| 08/11/2023 | | 332 | Certificate of Service Filed by BMC Group Inc. (related document(s)326). (Ordaz, Steven) (Entered: 08/11/2023) |
| 08/11/2023 | | 333 | Certificate of Service Filed by BMC Group Inc. (related document(s)329). (Ordaz, Steven) (Entered: 08/11/2023) |
| 08/11/2023 | | 334 | Exhibit *Debtors' Amended Exhibit and Witness List* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)163). (ZAHRALDDIN, RAFAEL) (Entered: 08/11/2023) |
| 08/12/2023 | | 335 | Adversary case 23–00057. Complaint by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. against SHADRON L STASTNEY, SLS Holdings VI, LLC, HAWK |

| | | | |
|---|---|---|---|
| | | | INVESTMENT HOLDINGS LIMITED, ARTHUR LEONARD ROBERT "BOB" MORTON, SeeCubic, Inc., ALASTAIR CRAWFORD, KRZYSZTOF KABACINSKI, KEVIN GOLLOP, ASAF GOLA, JOHN DOE(S), JANE DOE(S), PATRIC THEUNE, SEECUBIC B.V., DELAWARE and OTHER LAW FIRMS representing and acting in concert with John Doe(s) and/or Jane Doe(s), INVESTMENT BANKS employed by John Doe(s) and/or Jane Doe(s). Fee Amount $350 . (11 (Recovery of money/property – 542 turnover of property)),(13 (Recovery of money/property – 548 fraudulent transfer)),(14 (Recovery of money/property – other)),(21 (Validity, priority or extent of lien or other interest in property)),(71 (Injunctive relief – reinstatement of stay)) (ZAHRALDDIN, RAFAEL) (Entered: 08/12/2023) |
| 08/13/2023 | | 336 | Response to Generic Motion filed by Creditor Hawk Investment Holdings Ltd. Filed by Rembrandt 3D Holding Ltd. (related document(s)327). (DEMARCO, ANDREW) (Entered: 08/13/2023) |
| 08/13/2023 | | 337 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 329)). No. of Notices: 21. Notice Date 08/13/2023. (Admin.) (Entered: 08/14/2023) |
| 08/14/2023 | | 338 | Response to Generic Motion filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)327). (ZAHRALDDIN, RAFAEL) (Entered: 08/14/2023) |
| 08/14/2023 | | 339 | Order Scheduling Hearing re:328 Emergency Motion For Contempt *Hawk Investment Holdings Limited's Emergency Motion to Hold the Debtors in Contempt and Impose Sanctions* . Hearing scheduled 8/15/2023 at 12:00 PM at Courtroom #2. (J., Randi) (Entered: 08/14/2023) |
| 08/14/2023 | | 340 | Hearing Held on 327 Emergency Motion *Hawk Investment Holdings Limited's Emergency Motion in Limine to Preclude Testimony and Introduction of Evidence* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (related document(s),327). To be ruled after counsel advises Judge (G., Eileen) (Entered: 08/14/2023) |
| 08/14/2023 | | 341 | Scheduling Order Re:Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the filed by Creditor Hawk Investment Holdings Ltd. (related document(s)83). (J., Randi) (Entered: 08/14/2023) |
| 08/14/2023 | | 342 | Certificate of Service Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)339). (Caponi, Steven) (Entered: 08/14/2023) |
| 08/14/2023 | | 343 | Order re: 327 Emergency Motion in Limine to Preclude Testimony and Introduction of Evidence filed by Hawk Investment Holdings Ltd. It is hereby Ordered that the Motion is GRANTED IN PART, AND DENIED IN PART as set forth: Christopher Michaels shall be permitted to testify as a rebuttal witness with respect to all issues related to the Debtor's intellectual property and licensing issues; but neither Bud Robertson nor Tom Sego shall be permitted to testify. (B., John) (Entered: 08/14/2023) |
| 08/14/2023 | | 344 | Supplemental Statement *Hawk Investment Holdings Limited's Supplement to Emergency Motion to Hold Debtors in Contempt and Impose Sanctions* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. |

| | | | |
|---|---|---|---|
| | | | (related document(s)328). (Attachments: # 1 Exhibit A # 2 Exhibit B−1 − B−4 # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (Caponi, Steven) (Entered: 08/14/2023) |
| 08/15/2023 | | 345 | Exhibit *Hawk Investment Holdings Ltd. and SeeCubic, Inc.'s Amended Joint Exhibit List for Continued Trial* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 08/15/2023) |
| 08/15/2023 | | 346 | Response to Supplemental Statement filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc. (related document(s)344). (Attachments: # 1 Exhibit A # 2 Exhibit B) (ZAHRALDDIN, RAFAEL) (Entered: 08/15/2023) |
| 08/15/2023 | | 350 | EVIDENTIARY Hearing held and Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070−1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 8/17/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/15/2023 | | 351 | EVIDENTIARY Hearing held and Continued on 16 Emergency Motion for Relief from Stay . Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). .. Hearing scheduled 8/17/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/15/2023 | | 352 | EVIDENTIARY Hearing held and Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 8/17/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/15/2023 | | 353 | EVIDENTIARY Hearing held and Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. Hearing scheduled 8/17/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/15/2023 | | 354 | EVIDENTIARY Hearing Held on 328 Emergency Motion For Contempt *Hawk Investment Holdings Limited's Emergency Motion to Hold the Debtors in Contempt and Impose Sanctions* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (related document(s),328). Matter Held Under Advisement (G., Eileen) (Entered: 08/16/2023) |
| 08/16/2023 | | 347 | Hearing rescheduled on 234 Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 8/30/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/16/2023 | | 348 | Hearing rescheduled on 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). |

| | | | |
|---|---|---|---|
| | | | Hearing scheduled 8/30/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/16/2023 | | 349 | Hearing rescheduled on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 8/30/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/16/2023 | | 355 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 339)). No. of Notices: 6. Notice Date 08/16/2023. (Admin.) (Entered: 08/17/2023) |
| 08/16/2023 | | 356 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 341)). No. of Notices: 4. Notice Date 08/16/2023. (Admin.) (Entered: 08/17/2023) |
| 08/16/2023 | | 357 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 343)). No. of Notices: 10. Notice Date 08/16/2023. (Admin.) (Entered: 08/17/2023) |
| 08/17/2023 | | 358 | EVIDENTIARY Hearing held and Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel).. Hearing scheduled 8/28/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/18/2023) |
| 08/17/2023 | | 359 | Hearing Continued on 16 Emergency Motion for Relief from Stay . , Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 8/28/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/18/2023) |
| 08/17/2023 | | 360 | EVIDENTIARY Hearing held and Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 8/28/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/18/2023) |
| 08/17/2023 | | 361 | EVIDENTIARY Hearing held and Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. Hearing scheduled 8/28/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/18/2023) |
| 08/23/2023 | | 362 | Emergency Motion *Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order Order Granting Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely # 2 Proposed Order Order Granting Expedited Hearing) (Caponi, Steven) (Entered: 08/23/2023) |
| 08/23/2023 | | 364 | |

| | | | |
|---|---|---|---|
| | | | Order Granting Motion to Approve Receivers Final Report, Granting Post–Petition discharge of the Receiver and the Receiver Professionals from any further obligations under the bankruptcy code finding that the receiver complied with 11 U.S.C. 543, Approving and directing payment of Prepetition fees and expenses of the receiver and the receiver professionals and granting related relief. (Related Doc # 201) (R., Donna) (Entered: 08/23/2023) |
| 08/24/2023 | | 365 | Certificate of Service *to Order Granting Expedited Hearing on Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)362). (Caponi, Steven) (Entered: 08/24/2023) |
| 08/24/2023 | | 366 | Order Scheduling Hearing re:362 Emergency Motion *Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 8/24/2023 at 11:30 AM at Philadelphia Telephone Hearing. (K., Marie) (Entered: 08/24/2023) |
| 08/24/2023 | | 367 | Transcript regarding hearing held on 8/15/2023. Transcribed by TheRecordXchange. 224 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 8/31/2023. Redaction Request Due By 9/14/2023. Redacted Transcript Submission Due By 9/25/2023. Transcript access will be restricted through 11/22/2023. (B., John) (Entered: 08/24/2023) |
| 08/24/2023 | | 368 | Objection to Generic Motion filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)362). (ZAHRALDDIN, RAFAEL) (Entered: 08/24/2023) |
| 08/24/2023 | | 369 | Supplemental Objection to Generic Motion filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)362). (ZAHRALDDIN, RAFAEL) (Entered: 08/24/2023) |
| 08/24/2023 | | 370 | Transcript regarding hearing held on 8/17/2023. Transcribed by TheRecordXchange. 266 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 8/31/2023. Redaction Request Due By 9/14/2023. Redacted Transcript Submission Due By 9/25/2023. Transcript access will be restricted through 11/22/2023. (B., John) (Entered: 08/24/2023) |
| 08/24/2023 | | 371 | Hearing Held on 362 Emergency Motion *Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (related document(s),362). Motion denied – ORDER to be entered (G., Eileen) (Entered: 08/24/2023) |
| 08/24/2023 | | 372 | Certificate of Service Filed by BMC Group Inc. (related document(s)338, 341, 343, 335, 334). (Ordaz, Steven) (Entered: 08/24/2023) |
| 08/24/2023 | | 373 | |

| | | | |
|---|---|---|---|
| | | | Certificate of Service Filed by BMC Group Inc. (related document(s)346). (Ordaz, Steven) (Entered: 08/24/2023) |
| 08/24/2023 | | 374 | Notice to Take Deposition of: Johnson Yang Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 08/24/2023) |
| 08/25/2023 | | 375 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 363)). No. of Notices: 2. Notice Date 08/25/2023. (Admin.) (Entered: 08/26/2023) |
| 08/25/2023 | | 376 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 364)). No. of Notices: 3. Notice Date 08/25/2023. (Admin.) (Entered: 08/26/2023) |
| 08/26/2023 | | 377 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 366)). No. of Notices: 1. Notice Date 08/26/2023. (Admin.) (Entered: 08/27/2023) |
| 08/28/2023 | | 378 | Transcript regarding hearing held on 6/28/2023. THIS IS A REVISED TRANSCRIPT (related document(s)304). Transcribed by TheRecordXchange. 221 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 9/5/2023. Redaction Request Due By 9/18/2023. Redacted Transcript Submission Due By 9/28/2023. Transcript access will be restricted through 11/27/2023. (B., John) (Entered: 08/28/2023) |
| 08/28/2023 | | 379 | Hearing RESCHEDULED on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). .. Hearing rescheduled 8/29/2023 at 11:00 AM at Courtroom #2. (G., Eileen) (Entered: 08/28/2023) |
| 08/28/2023 | | 380 | Hearing RESCHEDULED on 16 Emergency Motion for Relief from Stay . Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing rescheduled 8/29/2023 at 11:00 AM at Courtroom #2. (G., Eileen) (Entered: 08/28/2023) |
| 08/28/2023 | | 381 | Hearing RESCHEDULED on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing rescheduled 8/29/2023 at 11:00 AM at Courtroom #2. (G., Eileen) (Entered: 08/28/2023) |
| 08/28/2023 | | 382 | Hearing RESCHEDULED on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). .. Hearing rescheduled 8/29/2023 at 11:00 AM at Courtroom #2. (G., Eileen) (Entered: 08/28/2023) |
| 08/28/2023 | | 383 | Order Denying Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely. ORDERED |

| | | | |
|---|---|---|---|
| | | | that the Motion is DENIED for the reasons stated on the record at the hearing held on the Motion on August 24, 2023. (Related Doc # 362) (W., Christine) (Entered: 08/28/2023) |
| 08/28/2023 | | 384 | Certificate of Service Filed by BMC Group Inc. (related document(s)368, 369). (Ordaz, Steven) (Entered: 08/28/2023) |
| 08/29/2023 | | 385 | Evidentiary Hearing RESCHEDULED on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). .. Hearing scheduled 9/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/29/2023) |
| 08/29/2023 | | 386 | Evidentiary Hearing RESCHEDULED 16 Emergency Motion for Relief from Stay ., Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 9/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/29/2023) |
| 08/29/2023 | | 387 | Evidentiary Hearing RESCHEDULED 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 9/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/29/2023) |
| 08/29/2023 | | 388 | Evidentiary Hearing RESCHEDULED 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel)... Hearing scheduled 9/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/29/2023) |
| 08/30/2023 | | 389 | Hearing rescheduled on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by TECHNOVATIVE MEDIA, INC., STREAM TV NETWORKS, INC. REPRESENTED BY RAFAEL X. ZAHRALDDIN .. Hearing scheduled 9/6/2023 at 11:30 AM at Courtroom #2. (G., Eileen) Modified on 8/30/2023 (G., Eileen).**CORRECTION scheduled 9/6 at 12:00 p.m.** (Entered: 08/30/2023) |
| 08/30/2023 | | 390 | Hearing rescheduled on 234 Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 9/6/2023 at 12:00 PM at Courtroom #2. (G., Eileen) (Entered: 08/30/2023) |
| 08/30/2023 | | 391 | Hearing rescheduled on 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 9/6/2023 at 12:00 PM at Courtroom #2. (G., Eileen) (Entered: 08/30/2023) |
| 08/30/2023 | | 392 | Document in re: *Letter to Chief Judge Magdeline D. Coleman from Steven L. Caponi regarding scheduling of continued matters* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related |

| | | | |
|---|---|---|---|
| | | | document(s)388, 390 , 385, 389 , 386, 387, 391 ). (Caponi, Steven) (Entered: 08/30/2023) |
| 08/30/2023 | | 393 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 383)). No. of Notices: 2. Notice Date 08/30/2023. (Admin.) (Entered: 08/31/2023) |
| 08/31/2023 | | 394 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 385)). No. of Notices: 20. Notice Date 08/31/2023. (Admin.) (Entered: 09/01/2023) |
| 08/31/2023 | | 395 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 386)). No. of Notices: 20. Notice Date 08/31/2023. (Admin.) (Entered: 09/01/2023) |
| 08/31/2023 | | 396 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 387)). No. of Notices: 20. Notice Date 08/31/2023. (Admin.) (Entered: 09/01/2023) |
| 08/31/2023 | | 397 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 388)). No. of Notices: 20. Notice Date 08/31/2023. (Admin.) (Entered: 09/01/2023) |
| 09/01/2023 | | 398 | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 09/01/2023) |
| 09/01/2023 | | 399 | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Balance Sheet # 2 Exhibit July Bank Statement # 3 Exhibit Schedule 1) (ZAHRALDDIN, RAFAEL) (Entered: 09/01/2023) |
| 09/05/2023 | | 400 | Request for Telephonic Hearing *Hawk Investment Holdings Ltd.'s Request for Status Conference* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 09/05/2023) |
| 09/06/2023 | | 401 | Hearing Continued on 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. Hearing scheduled 11/1/2023 at 12:00 PM at Courtroom #2. (G., Eileen) (Entered: 09/06/2023) |
| 09/06/2023 | | 402 | Hearing Continued on 234 Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). .. Hearing scheduled 11/1/2023 at 12:00 PM at Courtroom #2. (G., Eileen) (Entered: 09/06/2023) |
| 09/06/2023 | | 403 | Hearing Continued on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 11/1/2023 at 12:00 PM at Courtroom #2. (G., Eileen) (Entered: 09/06/2023) |
| 09/07/2023 | | 404 | Status Hearing scheduled 9/11/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 09/07/2023) |

| | | | |
|---|---|---|---|
| 09/08/2023 | | 405 | Notice of Appearance and Request for Notice by PAMELA ELCHERT THURMOND Filed by PAMELA ELCHERT THURMOND on behalf of CITY OF PHILADELPHIA. (THURMOND, PAMELA) (Entered: 09/08/2023) |
| 09/09/2023 | | 406 | BNC Certificate of Mailing – Status Hearing. Number of Notices Mailed: (related document(s) (Related Doc # 404)). No. of Notices: 24. Notice Date 09/09/2023. (Admin.) (Entered: 09/10/2023) |
| 09/11/2023 | | 407 | Objection to Request For Telephonic Hearing filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)400). (ZAHRALDDIN, RAFAEL) (Entered: 09/11/2023) |
| 09/11/2023 | | 408 | Status Conference Held re: Trial on (motions) scheduled for 9/22/23 @ 10:30 AND 9/25/23 @ 10:30 (G., Eileen) (Entered: 09/11/2023) |
| 09/12/2023 | | 409 | Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: $380382.00, Expenses: $3476.00. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A – Invoice) (ZAHRALDDIN, RAFAEL) (Entered: 09/12/2023) |
| 09/12/2023 | | 410 | Notice of (related document(s): 409 Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: &#03) *Objection deadline: 09/26/2023* Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 09/12/2023) |
| 09/14/2023 | | 411 | Certificate of Service Filed by BMC Group Inc. (related document(s)388, 387). (Ordaz, Steven) (Entered: 09/14/2023) |
| 09/14/2023 | | 412 | Certificate of Service Filed by BMC Group Inc. (related document(s)398, 399). (Ordaz, Steven) (Entered: 09/14/2023) |
| 09/14/2023 | | 413 | Certificate of Service Filed by BMC Group Inc. (related document(s)404). (Ordaz, Steven) (Entered: 09/14/2023) |
| 09/14/2023 | | 414 | Certificate of Service Filed by BMC Group Inc. (related document(s)407). (Ordaz, Steven) (Entered: 09/14/2023) |
| 09/14/2023 | | 415 | Certificate of Service Filed by BMC Group Inc. (related document(s)410, 409). (Ordaz, Steven) (Entered: 09/14/2023) |
| 09/20/2023 | | 416 | Declaration re: *OF THOMAS JUNG HO PARK IN SUPPORT OF APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO RETAIN THOMAS JUNG HO PARK AS CHIEF FINANCIAL OFFICER TO THE DEBTORS* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)298). (ZAHRALDDIN, RAFAEL) (Entered: 09/20/2023) |
| 09/21/2023 | | 417 | Document in re: *Letter to Chief Judge Magedeline D. Coleman from Steven L. Caponi Regarding Hearings on September 22, 2023 and September 25, 2023* Filed by Steven Caponi on behalf of Hawk |

| | | | |
|---|---|---|---|
| | | | Investment Holdings Ltd.. (Attachments: # <u>1</u> Proposed Order) (Caponi, Steven) (Entered: 09/21/2023) |
| 09/22/2023 | | 418 | TRIAL Continued on <u>83</u> Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070−1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 9/25/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 09/25/2023) |
| 09/22/2023 | | 419 | TRIAL Continued on <u>16</u> Emergency Motion for Relief from Stay , Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 9/25/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 09/25/2023) |
| 09/22/2023 | | 420 | TRIAL Continued on <u>134</u> Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 9/25/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 09/25/2023) |
| 09/22/2023 | | 421 | TRIAL Continued on <u>135</u> Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).Hearing scheduled 9/25/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 09/25/2023) |
| 09/25/2023 | | 422 | EVIDENTIARY TRIAL Held on <u>16</u> Emergency Motion for Relief from Stay . , Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . (related document(s),<u>16</u>). Brief to be filed by 10/2/23; Reply Brief by 10/6 − HELD UNDER ADVISEMENT (G., Eileen) (Entered: 09/26/2023) |
| 09/25/2023 | | 423 | EVIDENTIARY TRIAL Held on <u>83</u> Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070−1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (related document(s),<u>83</u>). Brief to be filed by 10/2/23; Reply Brief by 10/6 − HELD UNDER ADVISEMENT (G., Eileen) (Entered: 09/26/2023) |
| 09/26/2023 | | <u>424</u> | Objection to Application for Compensation filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings, Ltd.'s Objection to Local Rule 2016−5 First Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Period March 15, 2023 Through April 30, 2023* Filed by Hawk Investment Holdings Ltd. (related document(s)<u>409</u>). (Attachments: # <u>1</u> Exhibit A−C) (Caponi, Steven) (Entered: 09/26/2023) |
| 09/26/2023 | | <u>425</u> | Certificate of Service Filed by BMC Group Inc. (related document(s)<u>416</u>). (Ordaz, Steven) (Entered: 09/27/2023) |

| | | | |
|---|---|---|---|
| 09/27/2023 | | 426 | Transcript regarding hearing held on 9/22/2023. Transcribed by TheRecordXchange. 179 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 10/4/2023. Redaction Request Due By 10/18/2023. Redacted Transcript Submission Due By 10/30/2023. Transcript access will be restricted through 12/26/2023. (B., John) (Entered: 09/27/2023) |
| 09/27/2023 | | 427 | Transcript regarding hearing held on 9/25/2023. Transcribed by TheRecordXchange. 203 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 10/4/2023. Redaction Request Due By 10/18/2023. Redacted Transcript Submission Due By 10/30/2023. Transcript access will be restricted through 12/26/2023. (B., John) (Entered: 09/27/2023) |
| 09/28/2023 | | 428 | Document in re: *Proposed Consent Order Authorizing Examination of the Debtors and Requiring Production of Documents Pursuant to Fed. R. Bankr. 2004 and 2016* Filed by KEVIN P. CALLAHAN on behalf of United States Trustee. (Attachments: # 1 Exhibit Subpoena # 2 Exhibit Attachment A # 3 Exhibit Attachment B) (CALLAHAN, KEVIN) (Entered: 09/28/2023) |
| 09/29/2023 | | 429 | Transcript regarding hearing held on 9/11/2023. Transcribed by TheRecordXchange. 20 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 10/6/2023. Redaction Request Due By 10/20/2023. Redacted Transcript Submission Due By 10/30/2023. Transcript access will be restricted through 12/28/2023. (B., John) (Entered: 09/29/2023) |
| 10/02/2023 | | 430 | Brief *(Post Trial) In Support of Opposition to Motion to Dismiss* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)83). (DEMARCO, ANDREW) (Entered: 10/02/2023) |
| 10/02/2023 | | 431 | Brief *Hawk Investment Holdings Ltd.'s Post−Hearing Brief in Support of (1) Motion for Relief from Stay and (2) Motion to Dismiss, Convert, or Appoint a Chapter 11 Trustee* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)16, 83). (Caponi, Steven) (Entered: 10/02/2023) |
| 10/02/2023 | | 432 | Brief *Post−Trial Brief of Debtors in Opposition* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)16, 83). (ZAHRALDDIN, RAFAEL) (Entered: 10/03/2023) |
| 10/03/2023 | | 433 | Consent Order Authorizing the Examination of and Requiring the Production of documents by the debtor pursuant to Fed.R.Bankr.P.2004 and Local Rule 2004−1 (R., Donna) (Entered: 10/03/2023) |
| 10/05/2023 | | 434 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 433)). No. of Notices: 2. Notice Date 10/05/2023. (Admin.) (Entered: 10/06/2023) |
| 10/06/2023 | | 435 | Reply to Brief filed by Creditor Rembrandt 3D Holding Ltd. Filed by Rembrandt 3D Holding Ltd. (related document(s)430). (DEMARCO, |

| | | | |
|---|---|---|---|
| | | | ANDREW) (Entered: 10/06/2023) |
| 10/06/2023 | | 436 | Brief *Hawk Investment Holdings Ltd.'s Post–Hearing Reply Brief in Opposition to Debtors' Post–Trial Brief in (I) Opposition to Motion of Hawk Investment Holdings Ltd. Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors' Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee; and (II) in Opposition to Emergency Motion for Relief From Stay Filed by Hawk Investment Holdings, Ltd.* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)431, 432). (Caponi, Steven) (Entered: 10/06/2023) |
| 10/06/2023 | | 437 | Brief *Reply Brief* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)431). (ZAHRALDDIN, RAFAEL) (Entered: 10/07/2023) |
| 10/12/2023 | | 438 | Order Re:Court having held evidentiary trial on the Motion Filed by Hawk Investment Holdings, Ltd. for relief from the automatic stay and or an Order dismissing the debtors bankruptcy cases or converting under Chapter 7. Ordered that only the admitted portions are properly the subject of judicial notice under FRE 201. (related document(s)16, 83). (R., Donna) (Entered: 10/12/2023) |
| 10/13/2023 | | 439 | Hearing Scheduled on 424 Objection filed by Hawk Investment Holding to 409 Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: $380382.00, Expenses: $3476.00. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A – Invoice) filed by Debtor Stream TV Networks, Inc.. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 10/13/2023) |
| 10/13/2023 | | 440 | Certificate of Service Filed by BMC Group Inc. (related document(s)432). (Ordaz, Steven) (Entered: 10/13/2023) |
| 10/13/2023 | | 441 | Certificate of Service Filed by BMC Group Inc. (related document(s)437). (Ordaz, Steven) (Entered: 10/13/2023) |
| 10/14/2023 | | 442 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 438)). No. of Notices: 2. Notice Date 10/14/2023. (Admin.) (Entered: 10/15/2023) |
| 10/15/2023 | | 443 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 439)). No. of Notices: 20. Notice Date 10/15/2023. (Admin.) (Entered: 10/16/2023) |
| 10/20/2023 | | 444 | Notice of (related document(s): 134 Motion to Approve Employee Obligations) Filed by Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 10/20/2023) |
| 10/20/2023 | | 445 | Notice of (related document(s): 49 Emergency Motion For Sanctions for Violation of the Automatic Stay , 76 Motion For Sanctions for Violation of the Automatic Stay , 90 Supplemental Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) ) *Notice of Continued Hearing for Order Enforcing the Automatic Stay and for Sanctions for Willful Stay Violation* Filed by |

| | | | |
|---|---|---|---|
| | | | Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 10/20/2023) |
| 10/29/2023 | | 446 | Response to Objection filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc. (related document(s)424). (Attachments: # 1 Exhibit A. June 17, 2021 Letter to Amanda # 2 Exhibit B. Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 10/29/2023) |
| 10/29/2023 | | 447 | Motion to Compel *Compliance With and for Relief and Remedies Under Rule 2019* Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A. Stream TV Hearing Transcript 10–16–23 # 2 Exhibit B. Hawk v. Stream Telephonic Oral Argument and Ruling November 9, 2023 # 3 Exhibit C. Netherlands Court Opinion # 4 Exhibit D. Prior SeeCubic Website # 5 Exhibit E. Stastney June 23 2023, Deposition Transcript # 6 Exhibit F. SeeCubic Website as of 10.27.2023 # 7 Exhibit G. Transcript of April 14 Hearing # 8 Exhibit H. June 27 Hearing Transcript # 9 Exhibit I. Stream June 29, 2023 Hearing Transcript # 10 Exhibit J. Stream March 16, 2023 Hearing Transcript # 11 Exhibit K. Stream October 6, 2023 Hearing Transcript) (ZAHRALDDIN, RAFAEL) (Entered: 10/29/2023) |
| 10/29/2023 | | 448 | Proposed Order Re: *Granting Debtors' Motion to Compel Compliance With and for Relief and Remedies Under Rule 2019* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)447). (ZAHRALDDIN, RAFAEL) (Entered: 10/30/2023) |
| 10/30/2023 | | 449 | Notice of (related document(s): 447 Motion to Compel *Compliance With and for Relief and Remedies Under Rule 2019*) Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 10/30/2023) |
| 10/30/2023 | | 473 | Notice of (related document(s): 447 Motion to Compel *Compliance With and for Relief and Remedies Under Rule 201 Filed by Stream TV Networks, Inc. . Hearing scheduled 11/29/2023 at 11:30 AM at Courtroom #2. (R., Donna) (Entered: 11/14/2023)* |
| 11/01/2023 | | 450 | Hearing Continued on 234 Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). .. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 11/01/2023) |
| 11/01/2023 | | 451 | Notice of (related document(s): 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement ) *Notice of Continued Hearing for Debtors Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 11/01/2023) |
| 11/01/2023 | | 452 | Hearing Continued on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 11/01/2023) |
| 11/01/2023 | | 453 | Hearing Continued on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV |

| | | | |
|---|---|---|---|
| | | | Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 11/01/2023) |
| 11/01/2023 | | 454 | Notice of (related document(s): 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer ) *Notice of Continued Hearing for Entry of Order on Application to Employ Thomas Jung Ho Park as Chief Financial Officer* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 11/01/2023) |
| 11/01/2023 | | 455 | Withdrawal of Appearance of Vincent F. Alexander and entry of appearance of Filed by VINCENT F. ALEXANDER on behalf of Stream TV Networks, Inc.. (ALEXANDER, VINCENT) (Entered: 11/01/2023) |
| 11/02/2023 | | 456 | *** Wrong Event Code Used***See entry 457***Expedited Motion *Hawk Investment Holdings Ltd.'s Expedited Motion to Hold Hearings in Abeyance* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order Order Granting Expedited Motion to Hold Hearings in Abeyance # 2 Proposed Order Order Granting Expedited Hearing) (Caponi, Steven) Modified on 11/3/2023 (R., Donna). (Entered: 11/02/2023) |
| 11/02/2023 | | 457 | Motion to Expedite Hearing in Abeyance (related documents Generic Motion) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel) (related document(s)456) . (R., Donna) (Entered: 11/03/2023) |
| 11/06/2023 | | 458 | Supplemental Statement *Additional Supplement to Debtors Amended Emergency Motion for Entry of An Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)90, 76, 49). (Attachments: # 1 Proposed Order Additional Order Restating and Enforcing the Worldwide Automatic Stay # 2 Exhibit A. # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F # 8 Exhibit G # 9 Exhibit H # 10 Exhibit I # 11 Exhibit J # 12 Exhibit K # 13 Exhibit L # 14 Exhibit M # 15 Exhibit N # 16 Exhibit O # 17 Exhibit P # 18 Exhibit Q # 19 Exhibit R # 20 Exhibit S # 21 Exhibit T # 22 Exhibit U # 23 Exhibit V # 24 Exhibit W # 25 Exhibit X # 26 Exhibit Y # 27 Exhibit Z) (ZAHRALDDIN, RAFAEL) (Entered: 11/06/2023) |
| 11/07/2023 | | 459 | Monthly Operating Report for Filing Period August 1, 2023 through August 31, 2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 11/07/2023) |
| 11/07/2023 | | 460 | Monthly Operating Report for Filing Period September 1, 2023 through September 30, 2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 11/07/2023) |
| 11/09/2023 | | 461 | Application for Compensation *(Second Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 5/1/2023 to 5/31/2023, Fee: $171509.20, Expenses: $102.57. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A – Invoice) (ZAHRALDDIN, RAFAEL) (Entered: 11/09/2023) |

| | | | |
|---|---|---|---|
| 11/09/2023 | | 462 | Notice of (related document(s): 461 Application for Compensation *(Second Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 5/1/2023 to 5/31/2023, Fee: &#03) *Objection Deadline: November 24, 2023* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 11/09/2023) |
| 11/09/2023 | | 463 | Supplemental Statement *to August and September 2023 Monthly Operating Reports* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)460, 459). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) (ZAHRALDDIN, RAFAEL) (Entered: 11/09/2023) |
| 11/10/2023 | | 464 | Response to Motion to Expedite Hearing filed by Creditor Hawk Investment Holdings Ltd. *Response of Debtors Stream TV Networks, Inc. and Technovative Media, Inc. to Hawk Investment Holdings Ltd.'s Expedited Motion to Hold Hearings in Abeyance* Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)457). (ZAHRALDDIN, RAFAEL) (Entered: 11/10/2023) |
| 11/13/2023 | | 465 | Objection to Motion to Compel filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.s Objection to Debtors Motion to Compel Compliance With and for Relief and Remedies Under Rule 2019* Filed by Hawk Investment Holdings Ltd. (related document(s)447). (Caponi, Steven) (Entered: 11/13/2023) |
| 11/13/2023 | | 466 | Objection to Motion to Compel filed by Debtor Stream TV Networks, Inc. *// SLS Holdings VI, LLC's Objection to Debtor's Motion to Compel Compliance with and for Relief Under Rule 2019* Filed by SLS Holdings VI, LLC (related document(s)447). (Attachments: # 1 Certificate of Service) (WRIGHT, DAVIS) (Entered: 11/13/2023) |
| 11/13/2023 | | 467 | Objection to Motion to Compel filed by Debtor Stream TV Networks, Inc. *Shadron L. Stastneys Objection to Debtors Motion to Compel Compliance with and for Relief and Remedies under Rule 2019* Filed by Shadron L. Stastney (related document(s)447). (Attachments: # 1 Certificate of Service) (VESPER, MARGARET) (Entered: 11/13/2023) |
| 11/13/2023 | | 468 | Objection to Motion to Compel filed by Debtor Stream TV Networks, Inc. *SeeCubic, Inc.'s (I) Objection to the Debtors Motion to Compel Compliance with and for Relief and Remedies Under Rule 2019 and (II) Joinder to Hawks 2019 Objection* Filed by SeeCubic, Inc. (related document(s)447). (Attachments: # 1 Certificate of Service) (Larkin, Joseph) (Entered: 11/13/2023) |
| 11/14/2023 | | 469 | Certificate of Service Filed by BMC Group Inc. (related document(s)439, 438). (Ordaz, Steven) (Entered: 11/14/2023) |
| 11/14/2023 | | 470 | Certificate of Service Filed by BMC Group Inc. (related document(s)444, 445). (Ordaz, Steven) (Entered: 11/14/2023) |
| 11/14/2023 | | 471 | Certificate of Service Filed by BMC Group Inc. (related document(s)448, 447, 446, 449). (Ordaz, Steven) (Entered: 11/14/2023) |
| 11/14/2023 | | 472 | Certificate of Service Filed by BMC Group Inc. (related document(s)454, 451). (Ordaz, Steven) (Entered: 11/14/2023) |

| | | 474 | Notice of (related document(s): <u>134</u> Motion to Approve Employee Obligations) *Notice of Revised Order for Debtors' Motion Authorizing Debtors to Pay (I) Prepetition Employee Obligations, (II) Prepetition Witholding Obligations, and (III) Post–Petition Employee Obligations in the Ordinary Course* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (Attachments: # <u>1</u> Exhibit A – Blackline comparison of final order # <u>2</u> Exhibit B – Revised Final Order) (ZAHRALDDIN, RAFAEL) (Entered: 11/14/2023) |
|---|---|---|---|
| 11/14/2023 | | | |
| 11/14/2023 | | 475 | Notice of (related document(s): <u>292</u> Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement ) *Notice of Revised Order for Debtors' Motion for an Order Extending the Exclusive Periods During Which Debtors May File a Plan and Disclosure Statement and Solicit Acceptances Thereof Pursuant to 11 U.S.C. Sec. 1121(D)* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (Attachments: # <u>1</u> Exhibit A – Blackline Comparison of Order to Debtors' Motion # <u>2</u> Exhibit B – Revised Order Extending Exclusive Periods) (ZAHRALDDIN, RAFAEL) (Entered: 11/14/2023) |
| 11/14/2023 | | 476 | Notice of (related document(s): <u>49</u> Emergency Motion For Sanctions for Violation of the Automatic Stay , <u>76</u> Motion For Sanctions for Violation of the Automatic Stay , <u>90</u> Supplemental Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) , <u>125</u> Motion For Sanctions for Violation of the Automatic Stay ) (*<u>458</u> Additional Supplement to Debtors Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations) Notice of Debtors Corrected [Proposed] Order to Enforce the Worldwide Automatic Stay* Filed by Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit A. Previously Filed [Proposed] Order # <u>2</u> Exhibit B. Corrected [Proposed} Order # <u>3</u> Exhibit C. Corrected [Proposed] Order – BLACKLINE) (ZAHRALDDIN, RAFAEL) (Entered: 11/14/2023) |
| 11/15/2023 | | 477 | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # <u>1</u> Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 11/15/2023) |
| 11/15/2023 | | 478 | Hearing Held on <u>134</u> Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).135) Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (related document(s),<u>134</u>,<u>135</u>,<u>134</u>). Motions terminated if needed counsel will file a new motion (G., Eileen) (Entered: 11/16/2023) |
| 11/15/2023 | | 479 | INCORRECT ENTRY *PLEASE SEE DOCKET #480**Hearing Continued on <u>409</u> Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: $380382.00, Expenses: $3476.00. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). . Hearing scheduled 11/29/2023 at 11:30 AM at Courtroom #2. (G., Eileen) Modified on 11/16/2023 (G., Eileen). hrg date incorrect should be 12/11 @ 11:30 (Entered: 11/16/2023) |
| 11/15/2023 | | 480 | |

| | | | |
|---|---|---|---|
| | | | Hearing Continued on 409 Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: $380382.00, Expenses: $3476.00. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). Hearing scheduled 12/11/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 11/16/2023) |
| 11/15/2023 | | 481 | Hearing Continued on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (G., Eileen)continued to 12/11/23 @ 10:30 a.m. Modified on 11/16/2023 (G., Eileen). (Entered: 11/16/2023) |
| 11/15/2023 | | 483 | Hearing Continued on 49 Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). , 76 Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). 90 Supplement to Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) , Motion for Turnover of Property , Motion For Sanctions Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)86, 76). , 125 Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).458 Supplemental Statement *Additional Supplement to Debtors Amended Emergency Motion for Entry of An Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)90, 76, 49). Hearing scheduled 11/27/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 11/21/2023) |
| 11/20/2023 | | 482 | Transcript regarding hearing held on 11/15/2023. Transcribed by TheRecordXchange. 57 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 11/27/2023. Redaction Request Due By 12/11/2023. Redacted Transcript Submission Due By 12/21/2023. Transcript access will be restricted through 2/20/2024. (B., John) (Entered: 11/20/2023) |
| 11/21/2023 | | 484 | Objection to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion to Stay filed by Debtor Stream TV Networks, Inc., Motion for Turnover of Property, Motion for Sanctions, Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Supplemental Statement filed by Debtor Stream TV Networks, Inc., Notice of Motion filed by Debtor Stream TV Networks, Inc. *Stream TV Networks, Inc. and Technovative Media, Inc.'s Limited Objection to Remote Testimony* Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)125, 476, 458, 90, 49, 76). (Attachments: # 1 Exhibit A – Proposed Order Restating and Enforcing the Worldwide Automatic Stay) (ZAHRALDDIN, RAFAEL) (Entered: 11/21/2023) |
| 11/24/2023 | | 485 | Objection to Application for Compensation filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc. *Hawk Investment* |

| | | | |
|---|---|---|---|
| | | | *Holdings Ltd.'s Objection to Local Rule 2016−5 Second Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Period May 1, 2023 Through May 31, 2023* Filed by Hawk Investment Holdings Ltd. (related document(s)461). (Caponi, Steven) (Entered: 11/24/2023) |
| 11/27/2023 | | 486 | Certificate of Service Filed by BMC Group Inc. (related document(s)454, 451). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 487 | Certificate of Service Filed by BMC Group Inc. (related document(s)458). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 488 | Certificate of Service Filed by BMC Group Inc. (related document(s)464). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 489 | Certificate of Service Filed by BMC Group Inc. (related document(s)475, 474, 476, 473). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 490 | Certificate of Service Filed by BMC Group Inc. (related document(s)477). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 491 | Certificate of Service Filed by BMC Group Inc. (related document(s)484). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 496 | Hearing Continued on 49 Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). , 458 Supplemental Statement *Additional Supplement to Debtors Amended Emergency Motion for Entry of An Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)90, 76, 49). Hearing scheduled 12/14/2023 at 01:00 PM at Courtroom #2. (ORAL ARGUMENT ONLY) (G., Eileen) (Entered: 12/01/2023) |
| 11/28/2023 | | 492 | Document in re: *Amended Hawk Investment Holdings Ltd.'s Witness and Exhibit List for November 29, 2023 Hearing* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 11/28/2023) |
| 11/28/2023 | | 493 | Document in re: *Revised Witness and Exhibit List for November 29, 2023 Hearing* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)447). (ZAHRALDDIN, RAFAEL) (Entered: 11/28/2023) |
| 11/29/2023 | | 494 | Document in re: *Supplemental Exhibit List for Rule 2019 Hearing* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)493, 447). (ZAHRALDDIN, RAFAEL) (Entered: 11/29/2023) |
| 11/29/2023 | | 495 | TRIAL Held on 447 Motion to Compel *Compliance With and for Relief and Remedies Under Rule 2019* Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. (related document(s),447). HEARING to be continued / date to be determined (G., Eileen) (Entered: 12/01/2023) |
| 12/01/2023 | | 497 | |

| | | | |
|---|---|---|---|
| | | | Certificate of Service Filed by BMC Group Inc. (related document(s)<u>493</u>, <u>494</u>). (Ordaz, Steven) (Entered: 12/01/2023) |
| 12/05/2023 | | <u>498</u> | Order Re: Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc # <u>292</u>)(Related Doc # <u>477</u>). The Debtors Exclusive Periods are extended until such time as the Court rules on the Exclusivity Motion.. (R., Donna) (Entered: 12/06/2023) |
| 12/07/2023 | | <u>499</u> | Declaration re: *Second Supplemental Declaration of Rafael X. Zahralddin–Aravena in Support of Debtors' Application to Employ Lewis Brisbois Bisgaard & Smith LLP as Counsel for the Debtors* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 12/07/2023) |
| 12/07/2023 | | <u>500</u> | Brief – *Debtors Brief in Support of First Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for Debtors, for the Period March 15, 2023 through April 30, 2023,* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)<u>409</u>). (ZAHRALDDIN, RAFAEL) (Entered: 12/07/2023) |
| 12/08/2023 | | <u>501</u> | Document in re: *Amended Hawk Investment Holdings Ltd.'s Witness and Exhibit List for December 11, 2023 Hearings* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 12/08/2023) |
| 12/08/2023 | | <u>502</u> | Monthly Operating Report for Filing Period Period Ending March 31, 2023 *Revised Monthly Operating Report* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Stream TV Balance Sheet # <u>2</u> Exhibit Bank of America Bank Statement 3.31.23 # <u>3</u> Exhibit Stream TV – VSI March 16–March 31 2023 # <u>4</u> Exhibit VSI Letter – March 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/08/2023) |
| 12/08/2023 | | <u>503</u> | Monthly Operating Report for Filing Period Ending April 30, 2023 *Revised Monthly Operating Report* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Stream TV Balance Sheet April 2023 # <u>2</u> Exhibit Bank of America Statement 4.30.23 # <u>3</u> Exhibit VSI April 1 – April 30, 2023 # <u>4</u> Exhibit VSI Letter – April 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/08/2023) |
| 12/08/2023 | | <u>504</u> | Monthly Operating Report for Filing Period May 31, 2023 *Revised Monthly Operating Report* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Stream TV – Balance Sheet May 2023 # <u>2</u> Exhibit Bank of America Bank Statement – May 2023 # <u>3</u> Exhibit VSI Expenses Paid – May 2023 # <u>4</u> Exhibit VSI Letter May 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/08/2023) |
| 12/08/2023 | | <u>505</u> | Monthly Operating Report for Filing Period Period Ending June 30, 2023 *Revised Monthly Operating Report* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Stream TV – Balance Sheet June 2023 # <u>2</u> Exhibit Bank of America Statement June 2023 # <u>3</u> Exhibit VSI – June 2023 # <u>4</u> Exhibit VSI Letter – June 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/08/2023) |
| 12/08/2023 | | <u>506</u> | Document in re: *Witness and Exhibit List for Hearing on Debtors' First Request for Payment on Account for Compensation and Reimbursement of* |

| | | | |
|---|---|---|---|
| | | | *Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Period March 15, 2023 Through April 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 12/08/2023) |
| 12/08/2023 | | 507 | Certificate of Service Filed by BMC Group Inc. (related document(s)498). (Ordaz, Steven) (Entered: 12/08/2023) |
| 12/08/2023 | | 508 | Certificate of Service Filed by BMC Group Inc. (related document(s)499). (Ordaz, Steven) (Entered: 12/08/2023) |
| 12/09/2023 | | 509 | Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Supplemental Statement) *Motion for Entry of a Stipulated Order Restating and Enforcing the Worldwide Automatic Stay,* Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)458, 49). (Attachments: # 1 Exhibit A. Stipulated Order Restating and Enforcing the Worldwide Automatic Stay) (ZAHRALDDIN, RAFAEL) (Entered: 12/09/2023) |
| 12/10/2023 | | 510 | Motion to Approve Entry of a Stipulated Order Settling Objections to Fee Applications, Objection to Retention of CFO by the Debtors, and Continuance of Matters Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit 1. Stipulation and Order Regarding Settling Objections to Fee Applications, Objection to Retention of CFO by the Debtors, and Continuance of Matters) (ZAHRALDDIN, RAFAEL) (Entered: 12/10/2023) |
| 12/11/2023 | | 511 | Document in re: *Notice of Withdrawal of Document* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)504). (ZAHRALDDIN, RAFAEL) (Entered: 12/11/2023) |
| 12/11/2023 | | 512 | Monthly Operating Report for Filing Period May 31, 2023 *Revised Monthly Operating Report for Period Ending May 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Balance Sheet – May 2023 # 2 Bank of America Statement – May 2023 # 3 VSI – May 2023 # 4 VSI Letter – May 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/11/2023) |
| 12/11/2023 | | 513 | Status Hearing scheduled 12/14/2023 at 01:00 PM at Courtroom #2. The telephone number to call in is 877–336–1828 access code 7855845 (G., Eileen) (Entered: 12/11/2023) |
| 12/11/2023 | | 514 | Praecipe to Withdraw Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)504). (R., Donna) (Entered: 12/12/2023) |
| 12/13/2023 | | 515 | BNC Certificate of Mailing – Status Hearing. Number of Notices Mailed: (related document(s) (Related Doc # 513)). No. of Notices: 20. Notice Date 12/13/2023. (Admin.) (Entered: 12/14/2023) |
| 12/14/2023 | | 516 | Stipulation and Order regarding settling objections to fee applications, objection to retention of CFO by the Debtors, and continuance of matters (related document(s)510). (J., Randi) (Entered: 12/14/2023) |
| 12/14/2023 | | 517 | Stipulated Order restating and enforcing the Worldwide Automatic Stay . (J., Randi). Related document(s) 509 . Modified on 12/15/2023 (R., Donna). (Entered: 12/14/2023) |

| | | | |
|---|---|---|---|
| 12/14/2023 | | 518 | Monthly Operating Report for Filing Period July 31, 2023 *Revised Monthly Operating Report for Period Ending July 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Balance Sheet – July 2023 # 2 Bank of America Statement – July 2023 # 3 VSI – July 2023 # 4 VSI Letter – July 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/14/2023) |
| 12/14/2023 | | 519 | Status Conference Held on outstanding matters (G., Eileen) (Entered: 12/15/2023) |
| 12/14/2023 | | 520 | Hearing Continued on 49 Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). 76 Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel)., 90 Supplement to Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) , Motion for Turnover of Property , Motion For Sanctions Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)86, 76). 125 Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). 409 Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: $380382.00, Expenses: $3476.00. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). 458 Supplemental Statement *Additional Supplement to Debtors Amended Emergency Motion for Entry of An Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)90, 76, 49). Hearing scheduled 2/12/2024 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 12/15/2023) |
| 12/15/2023 | | 521 | Transcript regarding Status Conference held on 12/14/2023. Transcribed by TheRecordXchange. 16 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 12/22/2023. Redaction Request Due By 1/5/2024. Redacted Transcript Submission Due By 1/16/2024. Transcript access will be restricted through 3/14/2024. (B., John) (Entered: 12/15/2023) |
| 12/15/2023 | | 522 | Certificate of No Response to *Local Rule 2016−5 First Request for Payment on Account of Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith LLP, Counsel for the Debtor, for the Period March 15, 2023 Through April 30, 2023 and Second Request for Payment on Account of Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtor, for the Period May 1, 2023 Through May 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)461, 409). (Attachments: # 1 Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 12/15/2023) |
| 12/15/2023 | | 523 | Application for Compensation *Local Rule 2016−5 Third Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods June 1, 2023 through June 30, 20223 and July 1, 2023* |

| | | | |
|---|---|---|---|
| | | | *through July 31, 2023* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 6/1/2023 to 7/31/2023, Fee: $419,336.40, Expenses: $6,972.71. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # <u>1</u> Exhibit A – June 2023 Invoice # <u>2</u> Exhibit B – July 2023 Invoice) (ZAHRALDDIN, RAFAEL) (Entered: 12/15/2023) |
| 12/15/2023 | | <u>524</u> | Notice of (related document(s): <u>523</u> Application for Compensation *Local Rule 2016−5 Third Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods June 1, 2023 through June 30, 20223) Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 12/15/2023)* |
| 12/16/2023 | | <u>525</u> | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # <u>516</u>)). No. of Notices: 10. Notice Date 12/16/2023. (Admin.) (Entered: 12/17/2023) |
| 12/16/2023 | | <u>526</u> | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # <u>517</u>)). No. of Notices: 1. Notice Date 12/16/2023. (Admin.) (Entered: 12/17/2023) |
| 12/18/2023 | | <u>527</u> | Monthly Operating Report for Filing Period August 31, 2023 *Revised Monthly Operating Report for Filing Period August 1, 2023 through August 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Stream Balance Sheet – August 2023 # <u>2</u> Exhibit Bank of America Statement – August 2023 # <u>3</u> Exhibit VSI – August 2023 # <u>4</u> Exhibit VSI Letter – August 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/18/2023) |
| 12/19/2023 | | <u>528</u> | Monthly Operating Report for Filing Period September 30, 2023 *Revised Monthly Operating Report for Filing Period September 1, 2023 through September 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Balance Sheet – September 2023 # <u>2</u> Exhibit Bank of America Statement September 2023 # <u>3</u> Exhibit VSI Letter – September 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/19/2023) |
| 12/19/2023 | | <u>529</u> | Monthly Operating Report for Filing Period October 31, 2023 *Revised Monthly Operating Report for Filing Period October 1, 2023 through October 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Balance Sheet – October 2023 # <u>2</u> Exhibit Bank of America Statement – October 2023 # <u>3</u> Exhibit M&T Bank Statement – October 2023 # <u>4</u> Exhibit VSI Letter – October 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/19/2023) |
| 12/22/2023 | | <u>530</u> | Monthly Operating Report for Filing Period August 31, 2023 *Third Amended Monthly Operating Report for August 1, 2023 through August 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Balance Sheet – August 2023 # <u>2</u> Exhibit Key Bank Statement – August 2023 # <u>3</u> Exhibit Bank Statement – Bank of America August 2023 # <u>4</u> Exhibit VSI – August 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/22/2023) |
| 12/22/2023 | | <u>531</u> | Monthly Operating Report for Filing Period September 30, 2023 *Second Revised Monthly Operating Report for September 1, 2023 through September 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Balance Sheet – September 2023 # <u>2</u> Exhibit Key Bank – Bank Statement – September |

| | | | |
|---|---|---|---|
| | | | 2023 # 3 Exhibit Bank of America Statement – September 2023 # 4 Exhibit VSI – September 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/22/2023) |
| 12/22/2023 | | 532 | Monthly Operating Report for Filing Period October 31, 2023 *Second Revised Monthly Operating Report for October 1, 203 through October 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Balance Sheet – October 2023 # 2 Exhibit Key Bank Statement October 2023 # 3 Exhibit M&T Bank Statement October 2023 # 4 Exhibit Bank of America Statement October 2023 # 5 Exhibit VSI October 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/22/2023) |
| 12/22/2023 | | 533 | Monthly Operating Report for Filing Period November 30, 2023 *Monthly Operating Report for November 1, 2023 through November 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Balance Sheet – November 2023 # 2 Exhibit Key Bank Statement – November 2023 # 3 Exhibit M&T Bank Statement – November 2023 # 4 Exhibit VSI – November 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/22/2023) |
| 12/29/2023 | | 534 | Motion to Dismiss Case. Motion of the United States Trustee to Dismiss Debtors Cases for Cause Under 11 U.S.C. § 1112(b) Filed by United States Trustee Represented by JOHN HENRY SCHANNE (Counsel). (Attachments: # 1 Proposed Order) (SCHANNE, JOHN) (Entered: 12/29/2023) |
| 12/29/2023 | | 535 | Notice of (related document(s): 534 Motion to Dismiss Case. Motion of the United States Trustee to Dismiss Debtors Cases for Cause Under 11 U.S.C. § 1112(b) ) Filed by United States Trustee. Hearing scheduled 1/24/2024 at 11:30 AM at Courtroom #2. (SCHANNE, JOHN) (Entered: 12/29/2023) |
| 12/29/2023 | | 536 | Certificate of Service Filed by JOHN HENRY SCHANNE on behalf of United States Trustee (related document(s)535, 534). (SCHANNE, JOHN) (Entered: 12/29/2023) |
| 01/02/2024 | | 537 | Certificate of No Response to *Local Rule 2016−5 Third Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods June 1, 2023 through June 30, 20223 and July 1, 2023 through July 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)523). (Attachments: # 1 Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 01/02/2024) |
| 01/02/2024 | | 538 | Motion to Appear pro hac vice on behalf of Scott D. Cousins Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A # 2 Proposed Order # 3 Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 01/02/2024) |
| 01/02/2024 | | 539 | Certificate of Service Filed by BMC Group Inc. (related document(s)517, 518, 516, 514). (Ordaz, Steven) (Entered: 01/02/2024) |
| 01/02/2024 | | | Receipt Number APAEDC−17163920, Fee Amount $75.00 (related document(s)538). Scott D. Cousins. (R., Donna) (Entered: 01/03/2024) |
| 01/03/2024 | | 540 | Certificate of Service Filed by BMC Group Inc. (related document(s)523, 522, 524). (Ordaz, Steven) (Entered: 01/03/2024) |

| | | | |
|---|---|---|---|
| 01/03/2024 | | <u>541</u> | Certificate of Service Filed by BMC Group Inc. (related document(s)<u>528</u>, <u>527</u>, <u>529</u>). (Ordaz, Steven) (Entered: 01/03/2024) |
| 01/03/2024 | | <u>542</u> | Certificate of Service Filed by BMC Group Inc. (related document(s)<u>533</u>, <u>532</u>, <u>530</u>, <u>531</u>). (Ordaz, Steven) (Entered: 01/03/2024) |
| 01/03/2024 | | <u>543</u> | Certificate of Service Filed by BMC Group Inc. (related document(s)<u>513</u>, <u>506</u>, <u>511</u>, <u>510</u>, <u>509</u>, <u>505</u>, <u>502</u>, <u>504</u>, <u>512</u>, <u>500</u>, <u>503</u>). (Ordaz, Steven) (Entered: 01/03/2024) |
| 01/04/2024 | | <u>544</u> | Application for Compensation / *First Interim Application for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for Debtors, for the Period March 15, 2023 through July 31, 2023* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 7/31/2023, Fee: $242,521.90, Expenses: $10,551.28. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Exhibit A # <u>3</u> Exhibit B # <u>4</u> Exhibit C # <u>5</u> Exhibit D # <u>6</u> Exhibit Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 01/04/2024) |
| 01/04/2024 | | <u>545</u> | Notice of (related document(s): <u>544</u> Application for Compensation / *First Interim Application for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for Debtors, for the Period March 15, 2023 through July 31, 2023* for RAFAEL X. ZAHRALDDI Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 01/04/2024) |
| 01/05/2024 | | <u>546</u> | Application for Compensation *Local Rule 2016−5 Fourth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods August 1, 2023 Through August 31, 2023 and September 1, 2023 Through September 30, 2023* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 8/1/2023 to 9/30/2023, Fee: $407,218.00, Expenses: $13532.10. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (ZAHRALDDIN, RAFAEL) (Entered: 01/05/2024) |
| 01/05/2024 | | <u>547</u> | Notice of (related document(s): <u>546</u> Application for Compensation *Local Rule 2016−5 Fourth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods August 1, 2023 Through August 31,) Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 01/05/2024)* |
| 01/05/2024 | | <u>548</u> | Memorandum Re:The Motion of Section 1102/1104 and the Motion for Relief from Stay file by Hawk Investment Holdings LTD. An order consistent with this Memorandum shall be entered. (related document(s)<u>16</u>, <u>83</u>). (R., Donna) (Entered: 01/05/2024) |
| 01/05/2024 | | <u>549</u> | Ordered: The Section 1112/1104 Motion is GRANTED solely to the extent it requests that a trustee be appointed in the Debtors bankruptcy cases pursuant §1104(a) of the Bankruptcy Code. The Hawk Stay Relief Motion is GRANTED to permit the Section 225 Action to proceed solely with respect to the Technovative Director Issue and the Debt Conversion Issue. Status Hearing scheduled 1/24/2024 at 02:00 PM at Courtroom #2. (related document(s)<u>16</u>, <u>83</u>). (R., Donna) (Entered: 01/05/2024) |
| 01/07/2024 | | <u>550</u> | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # <u>548</u>)). No. of Notices: 2. Notice Date 01/07/2024. |

| | | | |
|---|---|---|---|
| | | | (Admin.) (Entered: 01/08/2024) |
| 01/07/2024 | | 551 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 549)). No. of Notices: 6. Notice Date 01/07/2024. (Admin.) (Entered: 01/08/2024) |
| 01/08/2024 | | 552 | Order Granting Motion To Appear pro hac vice for Scott D. Cousins, Esquire. (Related Doc # 538) (S., Antoinette) (Entered: 01/08/2024) |
| 01/09/2024 | | 553 | Motion to Appoint Trustee Filed by United States Trustee Represented by JOHN HENRY SCHANNE (Counsel). (Attachments: # 1 Affidavit Verified Statement # 2 Proposed Order) (SCHANNE, JOHN) (Entered: 01/09/2024) |
| 01/09/2024 | | 554 | Notice of Appointment of William A. Homony to serve as the chapter 11 trustee Filed by United States Trustee Represented by JOHN HENRY SCHANNE (Counsel). (SCHANNE, JOHN) Modified on 1/10/2024 (R., Donna). (Entered: 01/09/2024) |
| 01/10/2024 | | 555 | Order Granting Motion Application of the Debtors for Entry of an OrderAuthorizing the Debtors to Retain Thomas Jung Ho Park as Chief Financial Officer to the Debtors (Related Doc # 234) (R., Donna) (Entered: 01/10/2024) |
| 01/10/2024 | | 556 | Order Extending All Responsive Pleading Deadlines for 30 days. all current deadlines in the Bankruptcy Cases and the Adversary Proceeding are hereby EXTENDED for 30 days from the entry of this Order, subject to further extension sua sponte or upon motion and hearing. (R., Donna) Additional attachment(s) added on 1/11/2024 (R., Donna). (Entered: 01/10/2024) |
| 01/10/2024 | | 557 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 552)). No. of Notices: 1. Notice Date 01/10/2024. (Admin.) (Entered: 01/11/2024) |
| 01/12/2024 | | 558 | Order Granting Motion to Appoint Trustee (related document(s)553). WILLIAM A. HOMONY added to the case. (B., John) (Entered: 01/12/2024) |
| 01/12/2024 | | 559 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 555)). No. of Notices: 2. Notice Date 01/12/2024. (Admin.) (Entered: 01/13/2024) |
| 01/13/2024 | | 560 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 556)). No. of Notices: 3. Notice Date 01/13/2024. (Admin.) (Entered: 01/14/2024) |
| 01/14/2024 | | 561 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 558)). No. of Notices: 211. Notice Date 01/14/2024. (Admin.) (Entered: 01/15/2024) |
| 01/15/2024 | | 562 | Notice of Acceptance of Trustee Appointment Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)558. (VAGNONI, MICHAEL) Modified on 1/16/2024 (S., Antoinette). (Entered: 01/15/2024) |
| 01/17/2024 | | 563 | Application for Compensation / *Local Rule 2016−5 Fifth Request for Payment on Account for Compensation and Reimbursement of Expenses* |

| | | | |
|---|---|---|---|
| | | | *of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods October 1, 2023 through October 31, 2023 and November 1, 2023 through November 30, 2023* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 10/1/2023 to 11/30/2023, Fee: $508,005.26, Expenses: $14549.34. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B) (ZAHRALDDIN, RAFAEL) (Entered: 01/17/2024) |
| 01/17/2024 | | 564 | Application to Employ Obermayer Rebmann Maxwell & Hippel LLP as General Counsel Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Affidavit of Disinterestedness # 2 Proposed Order # 3 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 01/17/2024) |
| 01/17/2024 | | 565 | Notice of *Application to Employ Obermayer Rebmann Maxwell & Hippel LLP as General Counsel* Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 01/17/2024) |
| 01/17/2024 | | 566 | Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI. (Attachments: # 1 Declaration of M. Tomlin # 2 Proposed Order # 3 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 01/17/2024) |
| 01/17/2024 | | 567 | Notice of (related document(s): 566 Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants ) Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 01/17/2024) |
| 01/18/2024 | | 568 | Praecipe to Withdraw *Motion of the United States Trustee to Dismiss Debtors' Cases for Cause Under 11 U.S.C. § 1112(b)* Filed by JOHN HENRY SCHANNE on behalf of United States Trustee (related document(s)534). (SCHANNE, JOHN) (Entered: 01/18/2024) |
| 01/24/2024 | | 575 | Status Hearing held (related document(s)549). Order to be submitted. (B., John) (Entered: 01/29/2024) |
| 01/25/2024 | | 569 | Certificate of No Response to *Application to Employ Obermayer Rebmann Maxwell & Hippel LLP as Counsel* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)564). (Attachments: # 1 Exhibit A – Revised Proposed Order, Clean # 2 Exhibit B – Revised Proposed Order, Redline) (VAGNONI, MICHAEL) (Entered: 01/25/2024) |
| 01/25/2024 | | 570 | Certificate of No Response to *Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)566). (Attachments: # 1 Exhibit A – Revised Proposed Order, Clean # 2 Exhibit B – Revised Proposed Order, Redline) (VAGNONI, MICHAEL) (Entered: 01/25/2024) |
| 01/26/2024 | | 571 | Certificate of Service Filed by BMC Group Inc. (related document(s)544, 545). (Ordaz, Steven) (Entered: 01/26/2024) |
| 01/26/2024 | | 572 | Certificate of Service Filed by BMC Group Inc. (related document(s)547, 546). (Ordaz, Steven) (Entered: 01/26/2024) |
| 01/26/2024 | | 573 | |

| | | | |
|---|---|---|---|
| | | | Certificate of No Response to *Application pursuant to Local Rule 2016−5 Fourth Request for Payment on Account of Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith LLP, Counsel for the Debtors, for the Periods August 1, 2023 through August 31, 2023 and September 1, 2023 through September 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)546). (Attachments: # 1 Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 01/26/2024) |
| 01/26/2024 | | 574 | Certificate of Service Filed by BMC Group Inc. (related document(s)563). (Ordaz, Steven) (Entered: 01/26/2024) |
| 01/29/2024 | | 576 | Amended Notice of (related document(s): 566 Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants ) Filed by WILLIAM A. HOMONY. (Attachments: # 1 Exhibit A) (VAGNONI, MICHAEL) (Entered: 01/29/2024) |
| 01/29/2024 | | 577 | Order Granting Application of the Chapter 11 Trustee to Employ Obermayer Rebmann Mawell & Hippel LLP as general counsel to the Chapter 11 Trustee . Ordered that compensation to Obermayer is only allowed by order to this Court upon submission of an application for compensation in conformity with the United States Bankruptcy Code, applicable Bankruptcy Rules, and In re Busy Beaver Building Center, Inc. 19F.3d833 (3rd Cir. 1994). (Related Doc # 564569) (K., Marie) (Entered: 01/29/2024) |
| 01/30/2024 | | 578 | Bond *of Chapter 11 Trustee* Filed by United States Trustee. (SCHANNE, JOHN) (Entered: 01/30/2024) |
| 01/31/2024 | | 579 | Application to Employ Steven M. Coren, Esquire and Coren & Ress, P.C. as Special Counsel Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order # 4 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 01/31/2024) |
| 01/31/2024 | | 580 | Notice of (related document(s): 579 Application to Employ Steven M. Coren, Esquire and Coren & Ress, P.C. as Special Counsel ) Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 01/31/2024) |
| 01/31/2024 | | 581 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 577)). No. of Notices: 1. Notice Date 01/31/2024. (Admin.) (Entered: 02/01/2024) |
| 02/01/2024 | | 582 | Proposed Order Re: *Further Extending Deadlines* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)556). (VAGNONI, MICHAEL) (Entered: 02/01/2024) |
| 02/06/2024 | | 583 | Certificate of No Response to *Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)576, 566). (VAGNONI, MICHAEL) (Entered: 02/06/2024) |
| 02/07/2024 | | 584 | Hearing scheduled for February 12, 2024 is cancelled and continued to a future hearing date to be determined. Proposed Order Extending Deadlines and Scheduling Further Hearing has been filed for review. (related document(s)582). Related to pending matters: (49), (76), (90), (125), (409), (458). (Barbetta, John) (Entered: 02/07/2024) |

| | | | |
|---|---|---|---|
| 02/08/2024 | | <u>585</u> | Certificate of No Response to *Employ Steven M. Coren, Esquire and Coren & Ress, P.C. as his Special Counsel* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)<u>579</u>). (Attachments: # <u>1</u> Exhibit A – Proposed Order) (VAGNONI, MICHAEL) (Entered: 02/08/2024) |
| 02/15/2024 | | <u>586</u> | Order Granting Application to Employ Miller Coffey Tate (Related Doc # <u>566</u>) (R., Donna) (Entered: 02/16/2024) |
| 02/15/2024 | | <u>587</u> | Order Granting Application to Employ STEVEN M. COREN as Special Counsel (Related Doc # <u>579</u>) (R., Donna) (Entered: 02/16/2024) |
| 02/18/2024 | | <u>588</u> | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # <u>586</u>)). No. of Notices: 3. Notice Date 02/18/2024. (Admin.) (Entered: 02/19/2024) |
| 02/18/2024 | | <u>589</u> | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # <u>587</u>)). No. of Notices: 2. Notice Date 02/18/2024. (Admin.) (Entered: 02/19/2024) |
| 02/28/2024 | | <u>590</u> | Document in re: *Notice of Errata to Submission of Local Rule 2016−5 Corrected First, Second, Third, First Interim and Fifth Requests on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith LLP, Counsel for the Debtors, for the Periods March 15, 2023 − April 30, 2023, May 1, 2023 − May 31, 2023, June 1, 2023 − July 31, 2023 and October 1, 2023 − November 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit 1 to Notice of Errata # <u>2</u> Exhibit 2 to Notice of Errata # <u>3</u> Exhibit 3 to Notice of Errata # <u>4</u> Exhibit 4 to Notice of Errata # <u>5</u> Exhibit 5 to Notice of Errata # <u>6</u> Exhibit 6 to Notice of Errata # <u>7</u> Exhibit 7 to Notice of Errata # <u>8</u> Exhibit 8 to Notice of Errata # <u>9</u> Exhibit 9 to Notice of Errata) (ZAHRALDDIN, RAFAEL) (Entered: 02/28/2024) |
| 02/28/2024 | | <u>591</u> | Order Further Extending All Responsive Pleading Deadlines. It is hereby Ordered that all current deadlines in the Bankruptcy Cases and Adversary Proceeding 23−00057 are extended until further Order of this Court, and it is further Ordered that the temporary restraining order entered on January 5, 2024 in the adversary proceeding is hereby extended to until May 10, 2024, and the Final Hearing shall be held on May 10, 2024 at 10:30 AM in Nix Building Courtroom 2. It is Ordered that a further Status Hearing shall be held in these cases on March 6, 2024 at 2:00 PM by video conference. (Barbetta, John) (Entered: 02/28/2024) |
| 03/01/2024 | | <u>592</u> | Expedited Motion to Impose Automatic Stay Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Proposed Order Expediting Consideration # <u>4</u> Proposed Order Reinstating Automatic Stay) (VAGNONI, MICHAEL) (Entered: 03/01/2024) |
| 03/01/2024 | | <u>593</u> | Declaration re: *of William A. Homony in Support of Motion to Reinstate Automatic Stay* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)<u>592</u>). (VAGNONI, MICHAEL) (Entered: 03/01/2024) |
| 03/01/2024 | | <u>594</u> | Order Scheduling Expedited Hearing on <u>592</u> Expedited Motion to Impose Automatic Stay filed by Trustee WILLIAM A. HOMONY represented by MICHAEL D. VAGNONI (Counsel). Hearing is scheduled for 3/6/2024 at 2:00 PM on video conference. (Barbetta, John) (Entered: 03/01/2024) |

| | | | |
|---|---|---|---|
| 03/01/2024 | | 595 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 591)). No. of Notices: 212. Notice Date 03/01/2024. (Admin.) (Entered: 03/02/2024) |
| 03/03/2024 | | 596 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 594)). No. of Notices: 20. Notice Date 03/03/2024. (Admin.) (Entered: 03/04/2024) |
| 03/05/2024 | | 597 | Notice of Appearance and Request for Notice by ANDREW J. BELLI Filed by ANDREW J. BELLI on behalf of WILLIAM A. HOMONY. (BELLI, ANDREW) (Entered: 03/05/2024) |
| 03/05/2024 | | 598 | Notice of Appearance and Request for Notice by STEVEN M. COREN Filed by STEVEN M. COREN on behalf of WILLIAM A. HOMONY. (COREN, STEVEN) (Entered: 03/05/2024) |
| 03/05/2024 | | 599 | Objection to Motion to Impose Automatic Stay filed by Trustee WILLIAM A. HOMONY *Hawk Investment Holdings Ltd.'s Objection to Motion of William A. Homony in His Capacity as Chapter 11 Trustee for (I) Expedited Consideration, Shortened Time and Limited Notice, (II) the Entry of an Order Reinstating the Automatic Stay as to the Section 225 Action, and (III) For Related Relief* Filed by Hawk Investment Holdings Ltd. (related document(s)592). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit C–1 # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F) (Caponi, Steven) (Entered: 03/05/2024) |
| 03/06/2024 | | 600 | Status Hearing continued. Status Hearing is scheduled for 3/13/2024 at 12:00 PM by video conference. (Barbetta, John) (Entered: 03/06/2024) |
| 03/13/2024 | | 601 | Status Hearing held. Order to be submitted. (Barbetta, John) (Entered: 03/13/2024) |
| 03/13/2024 | | 602 | Certificate of Service Filed by BMC Group Inc. (related document(s)593, 594, 592). (Ordaz, Steven) (Entered: 03/13/2024) |
| 03/18/2024 | | 603 | Transcript regarding hearing held on 3/06/2024. Transcribed by TheRecordXchange. 54 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 3/25/2024. Redaction Request Due By 4/8/2024. Redacted Transcript Submission Due By 4/18/2024. Transcript access will be restricted through 6/17/2024. (Barbetta, John) (Entered: 03/18/2024) |
| 03/18/2024 | | 604 | Transcript regarding hearing held on 3/13/2024. Transcribed by TheRecordXchange. 14 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 3/25/2024. Redaction Request Due By 4/8/2024. Redacted Transcript Submission Due By 4/18/2024. Transcript access will be restricted through 6/17/2024. (Barbetta, John) (Entered: 03/18/2024) |
| 03/27/2024 | | 605 | Status Hearing scheduled. Hearing scheduled 4/4/2024 at 10:00 AM at Philadelphia Video Hearing. Counsel may email Judge Chan's courtroom deputy, Pamela Blalock at Pamela_Blalock@paeb.uscourts.gov, to obtain the zoom link. (B., Pamela) (Entered: 03/27/2024) |

| | | | |
|---|---|---|---|
| 03/28/2024 | | 606 | Proposed Consent Order RE: *Trustee's Motion for Entry of an Order Reinstating the Automatic Stay as to the Section 225 Action* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)592). (VAGNONI, MICHAEL) (Entered: 03/28/2024) |
| 03/28/2024 | | 607 | Monthly Operating Report for Filing Period December 2023 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 03/28/2024) |
| 03/28/2024 | | 608 | Chapter 11 Monthly Operating Report for the Month Ending: 01/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 03/28/2024) |
| 03/28/2024 | | 609 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 12/31/2023 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 03/28/2024) |
| 03/28/2024 | | 610 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 01/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 03/28/2024) |
| 03/28/2024 | | 611 | Notice of Appearance and Request for Notice by LESLIE BETH BASKIN Filed by LESLIE BETH BASKIN on behalf of Visual Semiconductor, Inc.. (BASKIN, LESLIE) (Entered: 03/28/2024) |
| 04/01/2024 | | 612 | Consent Order granting the Motion of William A. Homony in his Capacity as Chapter 11 Trustee for (I) The Entry of an Order Reinstating the Automatic Stay as to the Section 225 Action, and (II) For Related Relief. (related document(s)606, 592, 549). (Barbetta, John) (Entered: 04/01/2024) |
| 04/02/2024 | | 613 | Case reassigned to Judge Ashely M. Chan. Involvement of Chief Judge Magdeline D. Coleman Terminated. See Miscellaneous Case Number 24−03004−mdc . (Moy Ng, Yim) (Entered: 04/02/2024) |
| 04/02/2024 | | 614 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 10/31/2023 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 04/02/2024) |
| 04/02/2024 | | 615 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 11/30/2023 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 04/02/2024) |
| 04/02/2024 | | 616 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 02/29/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 04/02/2024) |
| 04/02/2024 | | 617 | Chapter 11 Monthly Operating Report for the Month Ending: 02/29/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 04/02/2024) |

| | | | |
|---|---|---|---|
| 04/03/2024 | | 618 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 612)). No. of Notices: 216. Notice Date 04/03/2024. (Admin.) (Entered: 04/04/2024) |
| 04/04/2024 | | 619 | Status Hearing Held and concluded. (B., Pamela) (Entered: 04/04/2024) |
| 04/11/2024 | | 620 | Withdrawal of Appearance of Brittany S. Ogden of Quarles & Brady LLP as pro hac vice Counsel and entry of appearance of Filed by DAVIS LEE WRIGHT on behalf of SLS Holdings VI, LLC. (WRIGHT, DAVIS) (Entered: 04/11/2024) |
| 04/11/2024 | | 621 | Withdrawal of Appearance of Catherine Guastello Allen of Quarles & Brady LLP as pro hac vice Counsel and entry of appearance of Filed by DAVIS LEE WRIGHT on behalf of SLS Holdings VI, LLC. (WRIGHT, DAVIS) (Entered: 04/11/2024) |
| 04/11/2024 | | 622 | Withdrawal of Appearance of Sargina M. Desargones of Quarles & Brady LLP as pro hac vice Counsel and entry of appearance of Filed by DAVIS LEE WRIGHT on behalf of SLS Holdings VI, LLC. (WRIGHT, DAVIS) (Entered: 04/11/2024) |
| 04/26/2024 | | 623 | Notice of Change of Address *for J. von der Heydt, Esq.* Filed by JENNIFER R. HOOVER on behalf of Trans World International, LLC. (HOOVER, JENNIFER) (Entered: 04/26/2024) |
| 05/02/2024 | | 624 | Application to Employ Capstone Capital Markets LLC as Investment Banker *to the Chapter 11 Trustee* Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A, Declaration of J. Lisac # 2 Exhibit B, Engagement Agreement # 3 Proposed Order # 4 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 05/02/2024) |
| 05/02/2024 | | 625 | Notice of (related document(s): 624 Application to Employ Capstone Capital Markets LLC as Investment Banker *to the Chapter 11 Trustee*) Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 05/02/2024) |
| 05/02/2024 | | 626 | Chapter 11 Monthly Operating Report for the Month Ending: 03/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 05/02/2024) |
| 05/02/2024 | | 627 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 03/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 05/02/2024) |
| 05/02/2024 | | 628 | Objection to Claim Number 6, 9 and 14 by Claimant Hawk Investment Holdings Ltd. (6), SLS Holdings VI, LLC (9), and SeeCubic, Inc. (14). Filed by Rembrandt 3D Holding Ltd.. (Attachments: # 1 Exhibit 1 – Proposed Order # 2 Exhibit 2)(DEMARCO, ANDREW) (Entered: 05/02/2024) |
| 05/02/2024 | | 629 | Notice of Objection to claim Filed by Rembrandt 3D Holding Ltd. (related document(s)628). (DEMARCO, ANDREW) (Entered: 05/02/2024) |
| 05/06/2024 | | 630 | |

| | | | |
|---|---|---|---|
| | | | Motion to Approve Compromise under Rule 9019 Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A, Sharing and Carve–Out Agreement # 2 Proposed Order # 3 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 05/06/2024) |
| 05/06/2024 | | 631 | Notice of (related document(s): 630 Motion to Approve Compromise under Rule 9019 ) Filed by WILLIAM A. HOMONY. Hearing scheduled 6/26/2024 at 12:30 PM at Courtroom #4. (VAGNONI, MICHAEL) (Entered: 05/06/2024) |
| 05/08/2024 | | 632 | Certificate of Service Filed by BMC Group Inc. (related document(s)630, 631). (Ordaz, Steven) (Entered: 05/08/2024) |
| 05/09/2024 | | 633 | Objection to Application to Employ filed by Trustee WILLIAM A. HOMONY *Capstone Capital Markets LLC as Investment Banker* Filed by Visual Semiconductor, Inc. (related document(s)624). (Attachments: # 1 Exhibit Email from Counsel to Trustee to Counsel for VSI, dated May 3, 2024) (BASKIN, LESLIE) (Entered: 05/09/2024) |
| 05/09/2024 | | 634 | Amended Notice of Objection to claim Filed by Rembrandt 3D Holding Ltd. (related document(s)628). Hearing scheduled 6/26/2024 at 11:00 AM at Courtroom #4 . (DEMARCO, ANDREW) Modified on 5/10/2024 (R., Donna). Modified on 5/10/2024 (R., Donna). (Entered: 05/09/2024) |
| 05/09/2024 | | 635 | Objection to Application to Employ filed by Trustee WILLIAM A. HOMONY Filed by Rembrandt 3D Holding Ltd. (related document(s)624). (DEMARCO, ANDREW) (Entered: 05/09/2024) |
| 05/10/2024 | | 636 | Hearing Set 633 . Objection to Application to Employ by Trustee WILLIAM A. HOMONY *Capstone Capital Markets LLC as Investment Banker Filed by Visual Semiconductor, Inc. (related document(s)624). 635 Objection to Application to Employ filed by Creditor Rembrandt 3D Holding Ltd.. Hearing scheduled 6/5/2024 at 11:00 AM at Courtroom #4. (R., Donna) (Entered: 05/10/2024)* |
| 05/12/2024 | | 637 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 636)). No. of Notices: 1. Notice Date 05/12/2024. (Admin.) (Entered: 05/13/2024) |
| 05/14/2024 | | 638 | Amended Notice of (related document(s): 630 Motion to Approve Compromise under Rule 9019 ) Filed by WILLIAM A. HOMONY. Hearing scheduled 6/5/2024 at 11:00 AM at Courtroom #4. (VAGNONI, MICHAEL) (Entered: 05/14/2024) |
| 05/16/2024 | | 639 | Response to Objection to Claim filed by Creditor Rembrandt 3D Holding Ltd. *Hawk Investment Holdings Ltd.'s Response to Rembrandt 3D Holding Ltd.'s Objection to Proofs of Claim No. 6 Filed by Hawk Investment Holdings Ltd., As Collateral Agent, No. 9 Filed by SLS Holdings VI, LLC, and No. 14 Filed by SeeCubic, Inc.* Filed by Hawk Investment Holdings Ltd. (related document(s)628). (Caponi, Steven) (Entered: 05/16/2024) |
| 05/16/2024 | | 640 | Response to Objection to Claim filed by Creditor Rembrandt 3D Holding Ltd. *// SLS Holdings VI, LLC's Response to Rembrandt 3D Holding Ltd.'s Objection to Proofs of Claim No. 6 Filed by Hawk Investment Holdings Ltd., "As Collateral Agent", No. 9 Filed by SLS Holdings VI, LLC, and No. 14 Filed by SeeCubic, Inc.* Filed by SLS Holdings VI, LLC (related document(s)628). (WRIGHT, DAVIS) (Entered: 05/16/2024) |

| | | | |
|---|---|---|---|
| 05/17/2024 | | 641 | Certificate of Service Filed by BMC Group Inc. (related document(s)638). (Ordaz, Steven) (Entered: 05/17/2024) |
| 05/20/2024 | | 642 | Objection to Motion to Approve Compromise under Rule 9019 filed by Trustee WILLIAM A. HOMONY Filed by Visual Semiconductor, Inc. (related document(s)630). (Attachments: # 1 Exhibit A – Copy of Asset List VSI Provided to Trustee # 2 Exhibit B – True and Correct Excerpts of Debtor's 8–12–2023 Complaint # 3 Exhibit C – True and correct copy of VSI Proposal dated 5–19–2024 # 4 Exhibit D – True and correct copy of Cystar Purchase Order # 5 Exhibit E – True and Correct Copy of SoTel Purchase Order # 6 Service List) (BASKIN, LESLIE) (Entered: 05/20/2024) |
| 05/20/2024 | | 643 | Objection to Motion to Approve Compromise under Rule 9019 filed by Trustee WILLIAM A. HOMONY Filed by Rembrandt 3D Holding Ltd. (related document(s)630). (Attachments: # 1 Affidavit of Christopher A. Michaels # 2 Exhibit 1 # 3 Exhibit 2 # 4 Proposed Order) (DEMARCO, ANDREW) (Entered: 05/20/2024) |
| 05/20/2024 | | 655 | Letter from Filed by MWL International limited (R., Donna) (Entered: 06/10/2024) |
| 05/29/2024 | | 644 | Chapter 11 Monthly Operating Report for the Month Ending: 04/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 05/29/2024) |
| 05/29/2024 | | 645 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 04/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 05/29/2024) |
| 05/30/2024 | | 646 | Motion for Turnover of Property *and Entry of an Order Enforcing the Automatic Stay* Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E – Proposed Order) (VAGNONI, MICHAEL) (Entered: 05/30/2024) |
| 05/30/2024 | | 647 | Notice of (related document(s): 646 Motion for Turnover of Property *and Entry of an Order Enforcing the Automatic Stay*) Filed by WILLIAM A. HOMONY. Hearing scheduled 6/26/2024 at 11:00 AM at Courtroom #4. (VAGNONI, MICHAEL) (Entered: 05/30/2024) |
| 06/03/2024 | | 648 | Declaration re: *(Supplemental) Declaration of Proposed Investment Banker* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)624). (VAGNONI, MICHAEL) (Entered: 06/03/2024) |
| 06/03/2024 | | 649 | Certificate of Service Filed by BMC Group Inc. (related document(s)646, 647). (Ordaz, Steven) (Entered: 06/03/2024) |
| 06/04/2024 | | 650 | Response to Objection to Claim filed by Creditor Rembrandt 3D Holding Ltd., Response filed by Creditor Hawk Investment Holdings Ltd., Response filed by Interested Party SLS Holdings VI, LLC Filed by WILLIAM A. HOMONY (related document(s)640, 628, 639). (VAGNONI, MICHAEL) (Entered: 06/04/2024) |
| 06/05/2024 | | 651 | |

| | | | |
|---|---|---|---|
| | | | Evidentiary Hearing Held on 630 Motion to Approve Compromise under Rule 9019 Filed by WILLIAM A. HOMONY. Order entered granting motion. (B., Pamela) (Entered: 06/06/2024) |
| 06/05/2024 | | 666 | **DOCKETED IN ERROR***Hearing Continued on 635 Objection Filed by Rembrandt 3D Holding Ltd.. Hearing scheduled 06/19/2024 at 11:30 AM at Philadelphia Telephone Hearing. (B., Pamela) Modified on 6/17/2024 (B., Pamela). (Entered: 06/17/2024) |
| 06/05/2024 | | 667 | Hearing Continued on 633 Objection Filed by Visual Semiconductor, Inc.. Hearing scheduled 06/18/2024 at 11:30 AM at Philadelphia Telephone Hearing. (B., Pamela) (Entered: 06/17/2024) |
| 06/05/2024 | | 668 | Hearing Continued on 635 Objection Filed by Rembrandt 3D Holding Ltd.. Hearing scheduled 06/18/2024 at 11:30 AM at Philadelphia Telephone Hearing. (B., Pamela) (Entered: 06/17/2024) |
| 06/06/2024 | | 652 | Hearing Continued on 646 Motion for Turnover of Property Filed by WILLIAM A. HOMONY. Hearing scheduled 07/15/2024 at 10:00 AM at Philadelphia Video Hearing. (B., Pamela) (Entered: 06/06/2024) |
| 06/06/2024 | | 653 | Order Granting Motion to Approve Compromise under Rule 9019 (Related Doc # 630) (R., Donna) (Entered: 06/07/2024) |
| 06/09/2024 | | 654 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 653)). No. of Notices: 1. Notice Date 06/09/2024. (Admin.) (Entered: 06/10/2024) |
| 06/11/2024 | | 656 | Withdrawal of Appearance of Leslie B. Baskin and entry of appearance of Unknown Filed by LESLIE BETH BASKIN on behalf of Visual Semiconductor, Inc.. (BASKIN, LESLIE) (Entered: 06/11/2024) |
| 06/12/2024 | | 657 | Motion to Withdraw as Attorney Filed by Visual Semiconductor, Inc. Represented by LESLIE BETH BASKIN (Counsel). (Attachments: # 1 Exhibit Ex A # 2 Service List Cert of Service # 3 Proposed Order Proposed Order) (BASKIN, LESLIE) (Entered: 06/12/2024) |
| 06/12/2024 | | 658 | Motion to Expedite Hearing (related documents Motion to Withdraw as Attorney) , Filed by Visual Semiconductor, Inc. Represented by Self(Counsel) (related document(s)657) . (R., Donna) (Entered: 06/12/2024) |
| 06/13/2024 | | 659 | Order Granting Expedited Hearing re:657 Motion to Withdraw as Attorney Filed by Visual Semiconductor, Inc. Represented by LESLIE BETH BASKIN (Counsel). . Hearing scheduled 6/18/2024 at 11:30 AM at Philadelphia Telephone Hearing. (R., Donna) (Entered: 06/13/2024) |
| 06/13/2024 | | 660 | Amended Motion (related document(s): Motion to Withdraw as Attorney filed by Debtor In Possession Visual Semiconductor, Inc., Motion to Expedite Hearing (related documents Motion to Withdraw as Attorney) filed by Debtor In Possession Visual Semiconductor, Inc., Motion to Withdraw as Attorney) *Attaching Affidavits of Maneen and Rajan* Filed by Visual Semiconductor, Inc. Represented by LESLIE BETH BASKIN (Counsel) (related document(s)658, 657). (Attachments: # 1 Exhibit N. Maneen and M. Rajan Affidavits # 2 Service List) (BASKIN, LESLIE) (Entered: 06/13/2024) |
| 06/13/2024 | | 661 | |

| | | | |
|---|---|---|---|
| | | | Objection to Application to Employ filed by Trustee WILLIAM A. HOMONY Filed by United States Trustee (related document(s)624). (Attachments: # 1 Service List) (CALLAHAN, KEVIN) (Entered: 06/13/2024) |
| 06/13/2024 | | 662 | Document in re: *Service Requirements Concerning the Motion of SGRV Allowing it to Withdrawal s Counsel for Visual Semiconductor, Inc. Pursuant to Court's Order dated June 13, 2024* Filed by LESLIE BETH BASKIN on behalf of Visual Semiconductor, Inc. (related document(s)658, 657). (Attachments: # 1 Service List Certificate of Service) (BASKIN, LESLIE) (Entered: 06/13/2024) |
| 06/14/2024 | | 663 | Limited Objection to Motion to Withdraw as Attorney filed by Debtor In Possession Visual Semiconductor, Inc., Motion to Expedite Hearing filed by Debtor In Possession Visual Semiconductor, Inc., Motion to Withdraw as Attorney Filed by Hawk Investment Holdings Ltd. (related document(s)658, 657). (Caponi, Steven) (Entered: 06/14/2024) |
| 06/15/2024 | | 664 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 659)). No. of Notices: 1. Notice Date 06/15/2024. (Admin.) (Entered: 06/16/2024) |
| 06/17/2024 | | 665 | Hearing Continued on 646 Motion for Turnover of Property Filed by WILLIAM A. HOMONY. Hearing scheduled 08/12/2024 at 10:00 AM at Philadelphia Video Hearing. (B., Pamela) (Entered: 06/17/2024) |
| 06/17/2024 | | 669 | Hearing Set 661 Objection to Application to Employ filed by Trustee WILLIAM A. HOMONY Filed by United States Trustee (related document(s)624). (Attachments: # 1 Service List) filed by U.S. Trustee United States Trustee. Hearing scheduled 6/18/2024 at 11:30 AM at Philadelphia Telephone Hearing. (B., Pamela) (Entered: 06/17/2024) |
| 06/17/2024 | | 670 | Transcript regarding hearing held on 6/05/2024. Transcribed by TheRecordXchange. 96 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 6/24/2024. Redaction Request Due By 7/8/2024. Redacted Transcript Submission Due By 7/18/2024. Transcript access will be restricted through 9/16/2024. (Barbetta, John) (Entered: 06/17/2024) |
| 06/17/2024 | | 671 | Proposed Order Re: *Denying Objection of Rembrandt 3D Holding Ltd. to Proofs of Claim Nos. 6, 9, and 14* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)628). (VAGNONI, MICHAEL) (Entered: 06/17/2024) |
| 06/18/2024 | | 672 | Notice of Appearance and Request for Notice *Notice of Appearance and Demand for Service of Papers* by Donald N. David Filed by Donald N. David on behalf of Visual Semiconductor, Inc.. (David, Donald) (Entered: 06/18/2024) |
| 06/18/2024 | | 673 | Hearing Held on 657 Motion to Withdraw as Attorney Filed by Visual Semiconductor, Inc.. Order entered. (B., Pamela) (Entered: 06/18/2024) |
| 06/18/2024 | | 674 | Hearing Held on 661 Objection Filed by United States Trustee. Order to be submitted. (B., Pamela) (Entered: 06/18/2024) |

| 06/18/2024 | | 675 | Hearing Held on 633 Objection Filed by Visual Semiconductor, Inc.. Objection withdrawn. (B., Pamela) (Entered: 06/18/2024) |
|---|---|---|---|
| 06/18/2024 | | 676 | Hearing Held on 635 Objection Filed by Rembrandt 3D Holding Ltd.. Objection overruled. (B., Pamela) (Entered: 06/18/2024) |
| 06/18/2024 | | 677 | Motion to Appear pro hac vice on behalf of Randall Adam Swick Filed by Visual Semiconductor, Inc. Represented by Donald N. David (Counsel). (Attachments: # 1 Proposed Order Proposed Order) (David, Donald) (Entered: 06/18/2024) |
| 06/18/2024 | | 678 | Objection to Motion for Turnover of Property filed by Trustee WILLIAM A. HOMONY Filed by Visual Semiconductor, Inc. (related document(s)646). (Attachments: # 1 Declaration of Mathu Rajan # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F # 8 Exhibit G # 9 Exhibit H # 10 Exhibit I # 11 Exhibit J # 12 Exhibit K # 13 Exhibit L) (David, Donald) (Entered: 06/18/2024) |
| 06/20/2024 | | 679 | Order Denying Rembrandt 3D Holding LTD.'s Objection to Proofs of Claims #:6 filed by Hawk Investment Holdings LTD as Collateral Agent, ,9 Filed by SLS Holdings VI, LLC, and No. 14 filed by SeeCubic, Inc.(related document(s)628). The Objection is Denied as moot. (K., Marie) (Entered: 06/20/2024) |
| 06/20/2024 | | 680 | *Docket in error**Please see Order#679** Reclassify Claim(s) No. 6,9,14. Proof of Claim Status changed to: Disallow. (related document(s)679). (K., Marie) Modified on 6/20/2024 (K., Marie). (Entered: 06/20/2024) |
| 06/20/2024 | | 681 | *Docket in error**Please see Order#679** at doc.#Reclassify Claim(s) No. 6. Proof of Claim Status changed to: Disallow. Filed by Hawk Investment Holdings Ltd. (related document(s)679). (K., Marie) *This entry was Modified on 6/20/2024–See Corrective Entry Entered 6–20–2024* (K., Marie). (Entered: 06/20/2024) |
| 06/20/2024 | | 682 | Order Granting Motion of Spector Gadon Rosen Vinci P.C. to withdrawal as counsel of record to Visual Semiconductor Inc.. Effective as of June 11, 2024. (Related Doc # 660) (K., Marie) (Entered: 06/20/2024) |
| 06/20/2024 | | | Receipt Number APAEDC–17548305, Fee Amount $75.00 re: Pro Hac Vice Motion filed for Attorney Randall Adam Swick sponsored by Donald David. (related document(s)677). (K., Marie) (Entered: 06/20/2024) |
| 06/20/2024 | | | Corrective Entry re: Doc.#681 Reclassify Claim(s) No. 6. Proof of Claim Status changed to: Disallow. Filed by Hawk Investment Holdings Ltd. **This was Docketed in Error and should be Disregarded. Please See Order that is correct at doc.#679. (related document(s) 681 ). (K., Marie) (Entered: 06/20/2024) |
| 06/20/2024 | | 683 | Proposed Order re Dkt. 677 Filed by Donald N. David on behalf of Visual Semiconductor, Inc.. (David, Donald*) Modified on 6/20/2024 to remove the wording "Brief" to reflect PDF* (K., Marie). (Entered: 06/20/2024) |
| 06/20/2024 | | 684 | Motion to Appear pro hac vice on behalf of John H. Thompson Filed by Visual Semiconductor, Inc. Represented by Donald N. David (Counsel). (Attachments: # 1 Proposed Order # 2 Proposed Order) (David, Donald) (Entered: 06/20/2024) |

| | | | |
|---|---|---|---|
| 06/20/2024 | | 685 | Notice of Appeal to District Court. . Fee Amount $298.00 Filed by Rembrandt 3D Holding Ltd. (related document(s)653). Appellant Designation due by 07/5/2024. Transmission of record on appeal to District Court Due Date:07/18/2024. (Attachments: # 1 Exhibit Order Granting a Motion to Approve Compromise under Rule 9019)(DEMARCO, ANDREW) (Entered: 06/20/2024) |
| 06/20/2024 | | | Receipt of Notice of Appeal( 23−10763−amc) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25803060. Fee Amount $ 298.00. (re: Doc# 685) (U.S. Treasury) (Entered: 06/20/2024) |
| 06/20/2024 | | 686 | Motion to Reconsider (related documents Order on Motion to Approve Compromise under Rule 9019) Filed by Visual Semiconductor, Inc. Represented by Donald N. David (Counsel) (related document(s)653). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (David, Donald) (Entered: 06/20/2024) |
| 06/21/2024 | | | Receipt Number APAEDC−17551763, Fee Amount $75.00 (related document(s)684). (R., Donna) (Entered: 06/21/2024) |
| 06/21/2024 | | 687 | Courts Certificate of Service Re: Notice of Appeal filed by Creditor Rembrandt 3D Holding Ltd.. The following Party(s) have been notified: Case Judge – via email Case Trustee – via CM/ECF Debtor – via Regular mail through the BNC Debtors Counsel – via CM/ECF Office of the U.S. Trustee – via CM/ECF U.S. District Court – via email Attorney Sean M. Brennecke Counsel for Debtors Stream TV Networks Inc. and Technovative Media Inc; Attorney Scott D. Cousins Counsel for Debtors; Attorney Bennett G. Fisher Counsel for Debtors; Attorney Michael D. Vagnoni Counsel for Debtors; Attorney Rafael X. Zahralddin Counsel for Debtors; Attorney Donald N. David Counsel for Creditor Visual Semiconductor Inc.; Attorney R. Adam Swick Counsel for Creditor Visual Semiconductor Inc.; Attorney John H. Thompson Counsel for Creditor Visual Semiconductor Inc.; – via Regular mail through the BNC (related document(s)653). (R., Donna) (Entered: 06/21/2024) |
| 06/21/2024 | | 688 | Amended Courts Certificate of Service Re: Notice of Appeal filed by Creditor Rembrandt 3D Holding Ltd.. The following Party(s) have been notified: Case Judge – via email Case Trustee – via CM/ECF Debtor – via Regular mail through the BNC Debtors Counsel – via CM/ECF Office of the U.S. Trustee – via CM/ECF U.S. District Court – via email Attorney Sean M. Brenneck Counsel for Debtors Stream TV Networks, Inc and Technovative Media Inc.; Attorney Scott D. Cousins Counsel for Debtors; Attorney Michael D. Vagnoni Counsel for Debtor; Attorney Donald N. David Counsel for Creditor Visual Semiconductor Inc.; R. Adams Swick Counsel for Creditor Visual Semiconductor Inc. John H. Thompson Counsel for Creditor Semiconductor Inc. – via Regular mail through the BNC (related document(s)685). (R., Donna) Modified on 6/21/2024 (R., Donna). Additional attachment(s) added on 6/21/2024 (R., Donna). (Entered: 06/21/2024) |
| 06/21/2024 | | 689 | Transmission of Record on Appeal to District Court (related document(s)685). (R., Donna) (Entered: 06/21/2024) |
| 06/21/2024 | | 690 | Notice of Docketing Record on Appeal to District Court. Civil Action No.24cv−2727 Assigned to Judge John M. Gallagher ( 0313224027270) (related document(s)685). (R., Donna) (Entered: 06/21/2024) |
| 06/22/2024 | | 691 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 679)). No. of Notices: 2. Notice Date 06/22/2024. |

| | | | |
|---|---|---|---|
| | | | (Admin.) (Entered: 06/23/2024) |
| 06/22/2024 | | 692 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 682)). No. of Notices: 1. Notice Date 06/22/2024. (Admin.) (Entered: 06/23/2024) |
| 06/23/2024 | | 693 | BNC Certificate of Mailing –Court's Certificate of Mailing or Service. Number of Notices Mailed: (related document(s) (Related Doc # 688)). No. of Notices: 1. Notice Date 06/23/2024. (Admin.) (Entered: 06/24/2024) |
| 06/24/2024 | | 694 | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 06/24/2024) |
| 06/24/2024 | | 695 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 05/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 06/24/2024) |
| 06/24/2024 | | 696 | Order granting 677 Motion for RANDALL ADAM SWICK to appear Pro Hac Vice on behalf of Visual Semiconductor, Inc. (Barbetta, John) (Entered: 06/24/2024) |
| 06/24/2024 | | 697 | Order granting 684 Motion for JOHN H. THOMPSON to appear Pro Hac Vice on behalf of Visual Semiconductor, Inc. (Barbetta, John) (Entered: 06/24/2024) |
| 06/26/2024 | | 698 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 696)). No. of Notices: 24. Notice Date 06/26/2024. (Admin.) (Entered: 06/27/2024) |
| 06/26/2024 | | 699 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 697)). No. of Notices: 24. Notice Date 06/26/2024. (Admin.) (Entered: 06/27/2024) |
| 07/05/2024 | | 700 | Objection to Motion to Reconsider filed by Creditor Visual Semiconductor, Inc. Filed by WILLIAM A. HOMONY (related document(s)686). (Attachments: # 1 Proposed Order # 2 Service List) (VAGNONI, MICHAEL) (Entered: 07/05/2024) |
| 07/10/2024 | | 701 | Bond *Rider bond $1,207,500.00* Filed by United States Trustee. (WARD, HUGH) (Entered: 07/10/2024) |
| 07/10/2024 | | 702 | Notice of (related document(s): 686 Motion to Reconsider (related documents Order on Motion to Approve Compromise under Rule 9019) ) Filed by Visual Semiconductor, Inc.. Hearing scheduled 8/14/2024 at 11:00 AM at Courtroom #4. (SWICK, RANDALL) (Entered: 07/10/2024) |
| 07/10/2024 | | 703 | Certificate of Service Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc. (related document(s)702). (SWICK, RANDALL) (Entered: 07/10/2024) |
| 07/19/2024 | | 704 | Transmission of Record on Appeal to District Court (related document(s)685). (R., Donna) (Entered: 07/19/2024) |

| | | | |
|---|---|---|---|
| 07/19/2024 | | 705 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by WILLIAM A. HOMONY (related document(s)685). (VAGNONI, MICHAEL) (Entered: 07/19/2024) |
| 07/19/2024 | | 706 | District Court Receipt of Record on Appeal Civil Action No. 24−cv−2727(related document(s)685). (R., Donna) (Entered: 07/22/2024) |
| 07/22/2024 | | 707 | Electronic Transmission of Supplemental Designation of Record on Appeal to District Court (related document(s)705). (R., Donna) (Entered: 07/22/2024) |
| 07/22/2024 | | 708 | Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 07/22/2024) |
| 07/22/2024 | | 709 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 06/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 07/22/2024) |
| 07/24/2024 | | 710 | District Court Receipt of Appellee's Designation of Contents for Inclusion in Record of Appeal . Civil # 24−2727.(related document(s)705, 707). (K., Marie) (Entered: 07/24/2024) |
| 07/26/2024 | | 711 | Praecipe to Withdraw *Application of the Chapter 11 Trustee to Employ Capstone Capital Markets LLC as Investment Banker* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)624). (Attachments: # 1 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 07/26/2024) |
| 07/26/2024 | | 712 | Notice to Take Deposition of: William A. Homony as the Chapter 11 Trustee *Subpoena Duces Tecum* Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 07/26/2024) |
| 08/07/2024 | | 713 | Hearing Continued on 646 Motion for Turnover of Property Filed by WILLIAM A. HOMONY. Hearing scheduled 10/04/2024 at 10:00 AM at Philadelphia Video Hearing. (B., Pamela) (Entered: 08/07/2024) |
| 08/07/2024 | | 714 | Hearing Continued on 686 Motion to Reconsider Filed by Visual Semiconductor, Inc.. Hearing scheduled 10/04/2024 at 10:00 AM at Philadelphia Video Hearing. (B., Pamela) (Entered: 08/07/2024) |
| 08/14/2024 | | 715 | Application to Employ SSG Advisors, LLC as Investment Banker *to the Chapter 11 Trustee* Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A, Engagement Agreement # 2 Declaration of J. Scott Victor # 3 Proposed Order # 4 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 08/14/2024) |
| 08/14/2024 | | 716 | Notice of (related document(s): 715 Application to Employ SSG Advisors, LLC as Investment Banker *to the Chapter 11 Trustee*) Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 08/14/2024) |
| 08/21/2024 | | 717 | Limited Objection to Application to Employ filed by Trustee WILLIAM A. HOMONY Filed by Visual Semiconductor, Inc. (related document(s)715). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit |

| | | | |
|---|---|---|---|
| | | | C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (SWICK, RANDALL) (Entered: 08/21/2024) |
| 08/24/2024 | | 718 | Amended Notice to Take Deposition of: WILLIAM A. HOMONY AS THE CHAPTER 11 TRUSTEE Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 08/24/2024) |
| 08/27/2024 | | 719 | Notice of Appearance and Request for Notice by JEFFREY KURTZMAN Filed by JEFFREY KURTZMAN on behalf of SSG Advisors, LLC. (KURTZMAN, JEFFREY) (Entered: 08/27/2024) |
| 08/27/2024 | | 720 | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 08/27/2024) |
| 08/27/2024 | | 721 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 07/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 08/27/2024) |
| 08/28/2024 | | 722 | Application for Compensation / Local Rule 2016–5 Sixth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith LLP, Counsel for the Debtors, for the Periods December 1, 2023 through December 31, 2023 and January 1, 2024 through January 15, 2024 for Lewis Brisbois Bisgaard & Smith LLP, Debtor's Attorney, Period: 12/1/2023 to 1/15/2024, Fee: $457,400.00, Expenses: $9,376.77. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B) (ZAHRALDDIN, RAFAEL) Modified on 11/15/2024 to reopen (W., Belinda). (Entered: 08/28/2024) |
| 08/28/2024 | | 723 | Final Application for Compensation for Lewis Brisbois Bisgaard & Smith LLP, Debtor's Attorney, Period: 3/15/2023 to 1/15/2024, Fee: $2,928,159.00, Expenses: $49,799.10. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A) (ZAHRALDDIN, RAFAEL) Modified on 11/15/2024 to reopen (W., Belinda). (Entered: 08/28/2024) |
| 08/29/2024 | | 724 | Expedited Motion to Quash and for Protective Order Filed by WILLIAM A. HOMONY Represented by ANDREW J. BELLI, STEVEN M. COREN, MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Proposed Order for Expedited Consideration # 2 Proposed Order) (VAGNONI, MICHAEL) Additional attachment(s) added on 10/25/2024 (S., Antoinette). (Entered: 08/29/2024) |
| 08/29/2024 | | 725 | Expedited Motion to Withdraw Motion for Entry of an Automatic Stay (D.I. #646) Order Enforcing the Filed by WILLIAM A. HOMONY Represented by ANDREW J. BELLI, STEVEN M. COREN, MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A # 2 Proposed Order for Expedited Consideration # 3 Proposed Order) (VAGNONI, MICHAEL) (Entered: 08/29/2024) |
| 08/30/2024 | | 726 | Order Granting re:724 Expedited Motion to Quash and for Protective Order, 725 Granting Expedited Motion to Withdraw Motion for Entry of an Automatic Stay (D.I. #646) Order Enforcing the Hearing scheduled 9/18/2024 at 11:00 AM at Courtroom #4. (R., Donna) (Entered: 08/30/2024) |

| | | | |
|---|---|---|---|
| 09/01/2024 | | <u>727</u> | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # <u>726</u>)). No. of Notices: 1. Notice Date 09/01/2024. (Admin.) (Entered: 09/02/2024) |
| 09/04/2024 | | <u>728</u> | Objection to Motion to Quash filed by Trustee WILLIAM A. HOMONY, Generic Motion filed by Trustee WILLIAM A. HOMONY *and Motion to Compel* Filed by Visual Semiconductor, Inc. (related document(s)<u>724</u>, <u>725</u>). (Attachments: # <u>1</u> Exhibit A – Declaration of Mark Walpole # <u>2</u> Exhibit B – Declaration of John H Thompson) (SWICK, RANDALL) (Entered: 09/04/2024) |
| 09/04/2024 | | <u>729</u> | Motion to Appear pro hac vice on behalf of Leif M. Clark Filed by Visual Semiconductor, Inc. Represented by Donald N. David (Counsel). (Attachments: # <u>1</u> Proposed Order) (David, Donald) (Entered: 09/04/2024) |
| 09/05/2024 | | | Receipt Number APAEDC–17719393, Fee Amount $75.00 (related document(s)<u>729</u>). (R., Donna) (Entered: 09/05/2024) |
| 09/05/2024 | | <u>730</u> | Motion to Appear pro hac vice on behalf of Mark S Lichtenstein Filed by Visual Semiconductor, Inc. Represented by Donald N. David (Counsel). (Attachments: # <u>1</u> Proposed Order) (David, Donald) (Entered: 09/05/2024) |
| 09/05/2024 | | | Receipt Number APAEDC–17722016, Fee Amount $75.00 (related document(s)<u>730</u>). (R., Donna) (Entered: 09/05/2024) |
| 09/06/2024 | | <u>731</u> | Order Granting Motion To Appear pro hac vice of Leif M. Clark (Related Doc # <u>729</u>) (R., Donna) (Entered: 09/06/2024) |
| 09/06/2024 | | <u>732</u> | Amended Application to Employ SSG Advisors, LLC as Investment Banker Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # <u>1</u> Exhibit A # <u>2</u> Declaration of J. Victor # <u>3</u> Proposed Order # <u>4</u> Certificate of Service) (VAGNONI, MICHAEL) (Entered: 09/06/2024) |
| 09/06/2024 | | <u>733</u> | Notice of (related document(s): <u>732</u> Amended Application to Employ SSG Advisors, LLC as Investment Banker ) Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 09/06/2024) |
| 09/10/2024 | | <u>734</u> | Order Granting Motion To Appear pro hac vice for Mark S. Lichtenstein (Related Doc # <u>730</u>) (R., Donna) (Entered: 09/10/2024) |
| 09/12/2024 | | <u>735</u> | Motion to Expedite Hearing (related documents Objection) *Motion to Compel* Filed by Visual Semiconductor, Inc. Represented by RANDALL ADAM SWICK (Counsel) (related document(s)<u>728</u>). (Attachments: # <u>1</u> Exhibit A – Proposed Order) (SWICK, RANDALL) (Entered: 09/12/2024) |
| 09/12/2024 | | <u>736</u> | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # <u>734</u>)). No. of Notices: 1. Notice Date 09/12/2024. (Admin.) (Entered: 09/13/2024) |
| 09/17/2024 | | 737 | Hearing Continued on <u>725</u> Generic Motion Filed by WILLIAM A. HOMONY. Hearing scheduled 10/02/2024 at 11:00 AM at Courtroom #4. (B., Pamela) (Entered: 09/17/2024) |
| 09/17/2024 | | 738 | |

| | | | |
|---|---|---|---|
| | | | Hearing Continued on 724 Motion to Quash Filed by WILLIAM A. HOMONY. Hearing scheduled 10/02/2024 at 11:00 AM at Courtroom #4. (B., Pamela) (Entered: 09/17/2024) |
| 09/18/2024 | | 739 | Motion to Dismiss/Withdraw Document (related document(s): Objection *Notice of Withdrawal* Filed by Visual Semiconductor, Inc. Represented by RANDALL ADAM SWICK (Counsel) (related document(s)717). (SWICK, RANDALL) (Entered: 09/18/2024) |
| 09/18/2024 | | 740 | Certificate of No Response to *Amended Application to Employ SSG Advisors, LLC* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)732). (Attachments: # 1 Exhibit A – Proposed Order) (VAGNONI, MICHAEL) (Entered: 09/18/2024) |
| 09/20/2024 | | 741 | Order Granting Application to Employ SSG Advisors,LLC (Related Doc # 732) (R., Donna) (Entered: 09/20/2024) |
| 09/20/2024 | | 742 | Proposed Consent Order RE: *and Stipulation to Extend Time to Respond to Applications for Compensation* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)723, 722). (Attachments: # 1 Proposed Consent Order) (VAGNONI, MICHAEL) (Entered: 09/20/2024) |
| 09/22/2024 | | 743 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 741)). No. of Notices: 2. Notice Date 09/22/2024. (Admin.) (Entered: 09/23/2024) |
| 09/25/2024 | | 744 | Chapter 11 Monthly Operating Report for the Month Ending: 08/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 09/25/2024) |
| 09/25/2024 | | 745 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 08/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 09/25/2024) |
| 09/25/2024 | | 746 | Hearing Continued on 725 Generic Motion Filed by WILLIAM A. HOMONY. Hearing scheduled 11/07/2024 at 10:00 AM at Zoom. (B., Pamela) (Entered: 09/25/2024) |
| 09/25/2024 | | 747 | Hearing Continued on 724 Motion to Quash Filed by WILLIAM A. HOMONY. Hearing scheduled 11/07/2024 at 10:00 AM at Zoom. (B., Pamela) (Entered: 09/25/2024) |
| 09/25/2024 | | 748 | Hearing Continued on 646 Motion for Turnover of Property Filed by WILLIAM A. HOMONY. Hearing scheduled 11/07/2024 at 10:00 AM at Zoom. (B., Pamela) (Entered: 09/25/2024) |
| 09/25/2024 | | 749 | Hearing Continued on 686 Motion to Reconsider Filed by Visual Semiconductor, Inc.. Hearing scheduled 11/07/2024 at 10:00 AM at Zoom. (B., Pamela) (Entered: 09/25/2024) |
| 09/30/2024 | | 750 | Expedited Motion to Approve (i) the proposed bidding procedures for soliciting bids for the Debtors Assets, (ii) the form of Asset Purchase Agreement, (iii) establishing notice procedures, (iv) approving procedures for the assumption and assignment of certain executory contracts and |

| | | | |
|---|---|---|---|
| | | | unexpired leases, (v) scheduling a hearing to approve the Sale, (vi) granting Expedited Consideration, and (vii) granting related relief; and (i) authorizing and approving the sale of the Assets, (ii) and the assumption and assignment of certain executory contracts and unexpired leases, and (iii) granting related relief Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A, Bidding Procedures Order # 2 Exhibit B, Asset Purchase Agreement # 3 Exhibit C, Sale Order # 4 Exhibit D, Sale Notice # 5 Exhibit E, Contract Assumption Notice # 6 Proposed Order Expediting Consideration) (VAGNONI, MICHAEL) (Entered: 09/30/2024) |
| 10/01/2024 | | 751 | Certificate of Service Filed by BMC Group Inc. (related document(s)750). (Ordaz, Steven) (Entered: 10/01/2024) |
| 10/01/2024 | | 752 | Objection to Motion to Approve filed by Trustee WILLIAM A. HOMONY *(I) an Order (A) Approving Bidding Procedures and Form Asset Purchase Agreement for the Sale of Substantially all of the Debtors Assets Including Approval of the Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and scheduling and Auction, (C) Approving Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (D) Scheduling a Sale Hearing, and (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070−1(g); and (F) Granting Related Relief and (II) an Order Approving (A) the Sale of the Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Related Relief* Filed by Visual Semiconductor, Inc. (related document(s)750). (SWICK, RANDALL) (Entered: 10/01/2024) |
| 10/02/2024 | | 753 | Consent Order Re: Sixth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith LLP, for the periods December 1, 2023 through December 31, 2023 and January 1m, 2024 through January 15 2024 and or the Final Application of Lewis Brisbois Bisgaard & Smith LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for period from March 15, 2023 through January 15, 2024 The time within which the Trustee may file a response is extended to on or before October 28, 2024.(related document(s)723, 722). (K., Marie) (Entered: 10/02/2024) |
| 10/02/2024 | | 754 | Ordered that the motion for expedited consideration of the Bid Procedures Motion pursuant to Rule 5070−1(g) of the Local Bankruptcy Rule and on October 1, 2024 Visual Semiconductor, Inc. filed an objection to the expedited consideration request, AND upon consideration of the Expedited Consideration Request and the VSI Objection thereto. It is Hereby ORDERED that the Expedited Consideration is DENIED. The Court shall hold a hearing (the Bid Procedures Hearing) on the Bid Procedures Motion on November 13, 2024 at 11:00 a.m. (ET). 3. Objections, if any, to the Bid Procedures Motion shall be filed on or before November 6, 2024(Related Doc 750) (K., Marie) ** This entry was Modified on 10/2/2024– See Corrective Entry Entered 10−2−2024** (K., Marie). (Entered: 10/02/2024) |
| 10/02/2024 | | | Corrective Entry re: Order Denying Expedited Consideration Request of the Bid Procedures & scheduling hearing . This entry was modified to include "the Court shall hold a hearing on the Bid Procedures Motion on November 13, 2024 at 11:00am.m and Objections,in any, to the Bid Procedures Motion shall be filed on or before November 6, 2024" |

| | | | |
|---|---|---|---|
| | | | reflecting the Order/PDF. (related document(s)754). (K., Marie) (Entered: 10/02/2024) |
| 10/04/2024 | | 755 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 753)). No. of Notices: 1. Notice Date 10/04/2024. (Admin.) (Entered: 10/05/2024) |
| 10/04/2024 | | 756 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 754)). No. of Notices: 1. Notice Date 10/04/2024. (Admin.) (Entered: 10/05/2024) |
| 10/10/2024 | | 757 | Amended Schedule E/F: Creditors Who Have Unsecured Claims Fee Amount $34 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 10/10/2024) |
| 10/10/2024 | | 758 | Declaration Under Penalty of Perjury for Non–individual Debtors *re Amended Schedule E/F of Technovative Media, Inc.* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 10/10/2024) |
| 10/10/2024 | | 759 | Document in re: *Notice of Amendment to Scheduled General Unsecured Claim of Rembrandt 3D Holding Ltd.* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)757). (Attachments: # 1 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 10/10/2024) |
| 10/10/2024 | | | Receipt of Schedule E/F – (for first filing and amendments)( 23–10763–amc) [misc,schef] ( 34.00) Filing Fee. Receipt number A26053358. Fee Amount $ 34.00. (re: Doc# 757) (U.S. Treasury) (Entered: 10/10/2024) |
| 10/10/2024 | | 760 | Certificate of Service Filed by BMC Group Inc. (related document(s)754). (Ordaz, Steven) (Entered: 10/10/2024) |
| 10/11/2024 | | 761 | Second Notice to Take Deposition of: William A. Homony, as Chapter 11 Trustee Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 10/11/2024) |
| 10/11/2024 | | 762 | Notice to Take Deposition of: designated representative of Hawk Investment Holdings Ltd. Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 10/11/2024) |
| 10/11/2024 | | 763 | Notice to Take Deposition of: Arthur Leonard Robert Morton Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 10/11/2024) |
| 10/11/2024 | | 764 | Notice to Take Deposition of: Alastair Crawford Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 10/11/2024) |
| 10/11/2024 | | 765 | Notice to Take Deposition of: Kevin Gollop Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 10/11/2024) |
| 10/11/2024 | | 766 | Document in re: *Certificate of Conference as to Subpoena and Scheduling of Deposition for Hawk Investment Holdings Ltd.* Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc. (related document(s)762). (SWICK, RANDALL) (Entered: 10/11/2024) |

| | | | |
|---|---|---|---|
| 10/17/2024 | | 767 | Hearing rescheduled on 725 Generic Motion Filed by WILLIAM A. HOMONY. Hearing scheduled 10/30/2024 at 11:00 AM at Courtroom #4. (B., Pamela) (Entered: 10/17/2024) |
| 10/17/2024 | | 768 | Hearing rescheduled re: 724 Motion to Quash Filed by WILLIAM A. HOMONY. Hearing scheduled 10/30/2024 at 11:00 AM at Courtroom #4. (B., Pamela) (Entered: 10/17/2024) |
| 10/21/2024 | | 769 | Chapter 11 Monthly Operating Report for the Month Ending: 09/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 10/21/2024) |
| 10/21/2024 | | 770 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 09/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 10/21/2024) |
| 10/25/2024 | | 771 | Praecipe *to Attach Second Notice of Oral Deposition Subpoena Duces Tecum of William A. Homony as the Chapter 11 Trustee to Motion to Quash and Motion to Compel* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY. (Attachments: # 1 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 10/25/2024) |
| 10/28/2024 | | 772 | Proposed Consent Order RE: *and Stipulation to Extend Time to Respond to Applications for Compensation* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)753, 723, 722). (Attachments: # 1 Proposed Consent Order) (VAGNONI, MICHAEL) (Entered: 10/28/2024) |
| 10/28/2024 | | 773 | Stipulation By Stream TV Networks, Inc. and Between United States Trustee *Regarding the Final Fee Application of Lewis Brisbois Bisgaard & Smith LLP*. Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)723). (Attachments: # 1 Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 10/28/2024) |
| 10/30/2024 | | 774 | Hearing Held on 725 Generic Motion Filed by WILLIAM A. HOMONY. Order entered. (B., Pamela) (Entered: 10/30/2024) |
| 10/30/2024 | | 775 | Hearing Held on 724 Motion to Quash Filed by WILLIAM A. HOMONY. Order entered. (B., Pamela) (Entered: 10/30/2024) |
| 10/30/2024 | | 776 | Order Granting Motion to Withdrawal Within three business days of the entry of this Order , the Trustee shall file a praecipe withdrawing the Stay Enforcement Motion on the docket in the above captioned case. (Related Doc # 725) (R., Donna) (Entered: 10/30/2024) |
| 10/30/2024 | | 777 | Order Granting Motion To Quash as provided herein and (Related Doc # 724), Order Denying Motion to Compel (Related Doc # 735) (R., Donna) (Entered: 10/30/2024) |
| 10/31/2024 | | 778 | Order Granting Consent Order (Related document(s) 772 filed by Trustee WILLIAM A. HOMONY. Modified on 10/31/2024 (R., Donna). (Entered: 10/31/2024) |
| 10/31/2024 | | 779 | Order GrantingStipulation By Stream TV Networks, Inc. and Between United States Trustee Regarding the Final Fee Application of Lewis Brisbois Bisgaard & Smith LLP. (related document(s)773). (R., Donna) |

| | | | |
|---|---|---|---|
| | | | (Entered: 10/31/2024) |
| 10/31/2024 | | 780 | Consent Order upon consideration of the stipulation of the parties through counsel, the time within which the Trustee may file a response to the Local Rule 2016–5 Sixth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith LLP, for the periods December 1, 2023 through December 31, 2023 and January 1, 2024 through January 15, 2024 and/or the Final Application of Lewis Brisbois Bisgaard & Smith, LLP for Allowance and Payment of Compensation for the Period from March 15, 2023 through January 15, 2024 is extended on or before November 4, 2024. (related document(s)723, 722,772). (K., Marie) (Entered: 10/31/2024) |
| 10/31/2024 | | 781 | Praecipe to Withdraw *Motion for Entry of an Order Enforcing the Automatic Stay and Compelling Turnover of Estate Property* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)646). (Attachments: # 1 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 10/31/2024) |
| 11/01/2024 | | 782 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 776)). No. of Notices: 1. Notice Date 11/01/2024. (Admin.) (Entered: 11/02/2024) |
| 11/01/2024 | | 783 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 777)). No. of Notices: 1. Notice Date 11/01/2024. (Admin.) (Entered: 11/02/2024) |
| 11/02/2024 | | 784 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 780)). No. of Notices: 1. Notice Date 11/02/2024. (Admin.) (Entered: 11/03/2024) |
| 11/04/2024 | | 785 | Motion to Further Extend time to Respond to the Final Fee Application of Lewis Brisbois Bisgaard & Smith LLP Filed by WILLIAM A. HOMONY Represented by STEVEN M. COREN (Counsel). (Attachments: # 1 Proposed Order # 2 Certificate of Service) (COREN, STEVEN) (Entered: 11/04/2024) |
| 11/05/2024 | | 786 | Transcript regarding hearing held on 10/30/2024. Transcribed by TheRecordXchange. 11 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 11/12/2024. Redaction Request Due By 11/26/2024. Redacted Transcript Submission Due By 12/6/2024. Transcript access will be restricted through 2/3/2025. (Barbetta, John) (Entered: 11/05/2024) |
| 11/05/2024 | | 787 | Proposed Consent Order RE: *and Stipulation to Extend Time to Respond to Applications for Compensation* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)753, 723, 722, 780). (Attachments: # 1 Proposed Consent Order) (VAGNONI, MICHAEL) (Entered: 11/05/2024) |
| 11/06/2024 | | 788 | Objection to Order on Motion to Approve *Objection to Motion of William A Homony in His Capacity as Ch 11 Trustee for (I) Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially All of the Debtor's Assets Including Approval of Provisions for Designation of A Stalking Horse, (B) Establishing the* |

| | | | |
|---|---|---|---|
| | | | *Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling and Auction, (C) Approving Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070–1(g); and (F) Granting Related Relief, and (II) an Order Approving (A) the Sale of Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Related Relief [ECF #750]* Filed by Visual Semiconductor, Inc. (related document(s)754). (Attachments: # 1 Exhibit A – Declaration of John H Thompson # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P) (SWICK, RANDALL) (Entered: 11/06/2024) |
| 11/06/2024 | | 789 | Objection to Order on Motion to Approve *REMBRANDT 3D HOLDING LTD.S OBJECTION TO MOTION OF WILLIAM A. HOMONY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR (I) AN ORDER (A) APPROVING THE BIDDING PROCEDURES AND FORM OF ASSET PURCHASE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS ASSETS INCLUDING APPROVAL OF PROVISIONS FOR DESIGNATION OF A STALKING HORSE, (B) ESTABLISHING THE NOTICE PROCEDURES AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND SCHEDULING AN AUCTION, (C) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) SCHEDULING A SALE HEARING, (E) GRANTING EXPEDITED CONSIDERATION PURSUANT TO LOCAL RULE OF BANKRUPTCY PROCEDURE 5070–1(g); AND (F) GRANTING RELATED RELIEF, AND (II) AN ORDER (A) APPROVING THE SALE OF THE DEBTORS ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO, AND (C) GRANTING RELATED RELIEF* Filed by Rembrandt 3D Holding Ltd. (related document(s)754). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (DEMARCO, ANDREW) (Entered: 11/06/2024) |
| 11/07/2024 | | 790 | Hearing Set (docketed for calendar purposes only) 750 Expedited Motion to Approve (i) the proposed bidding procedures for soliciting bids for the Debtors Assets, (ii) the form of Asset Purchase Agreement, (iii) establishing notice procedures, (iv) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases, (v) scheduling a hearing to approve the Sale, (vi) granting Expedited Consideration, and (vii) granting related relief; and (i) authorizing and approving the sale of the Assets, (ii) and the assumption and assignment of certain executory contracts and unexpired leases, and (iii) granting related relief Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A, Bidding Procedures Order # 2 Exhibit B, Asset Purchase Agreement # 3 Exhibit C, Sale Order # 4 Exhibit D, Sale Notice # 5 Exhibit E, Contract Assumption Notice # 6 Proposed Order Expediting Consideration) filed by Trustee WILLIAM A. HOMONY. Hearing scheduled 11/13/2024 at 11:00 AM at Courtroom #4. (B., Pamela) (Entered: 11/07/2024) |
| 11/07/2024 | | 791 | Hearing Held on 686 Motion to Reconsider Filed by Visual Semiconductor, Inc.. Matter taken under advisement. (B., Pamela) (Entered: 11/07/2024) |

| | | | |
|---|---|---|---|
| 11/07/2024 | | 792 | Consent Order Grnating Extension of Time to Respond to Applications for Compensation Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)787). (D., Stacey) (Entered: 11/07/2024) |
| 11/07/2024 | | 793 | Praecipe to Withdraw *Motion for Order Further Extending Time for the Trustee to File a Response to Fee Applications of Lewis Brisbois Bisgaard & Smith LLP* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)785). (Attachments: # 1 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 11/07/2024) |
| 11/09/2024 | | 794 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 792)). No. of Notices: 2. Notice Date 11/09/2024. (Admin.) (Entered: 11/10/2024) |
| 11/11/2024 | | 795 | Praecipe to Amend *and Substitute, Exhibit B – Asset Purchase Agreement* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)750). (Attachments: # 1 Exhibit Asset Purchase Agreement) (VAGNONI, MICHAEL) (Entered: 11/11/2024) |
| 11/12/2024 | | 796 | Transcript regarding Hearing Held on 11/7/24 Re: Motion to Reconsider Filed by Visual Semiconductor, Inc. Transcribed by The Record Xchange (www.trxchange.com (800) 406–1290) 23 pages. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office] (related document(s) 791 ). Notice of Intent to Request Redaction Deadline Due By 11/19/2024. Redaction Request Due By 12/3/2024. Redacted Transcript Submission Due By 12/13/2024. Transcript access will be restricted through 2/10/2025. (D., Tasha) (Entered: 11/12/2024) |
| 11/12/2024 | | 797 | Motion to Continue Hearing On Motion to Reconsider *(Pursuant to the Court's 11/7/2024 request to report back)* Filed by Rembrandt 3D Holding Ltd. Represented by ANDREW PETER DEMARCO (Counsel) (related document(s)686). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (DEMARCO, ANDREW) (Entered: 11/12/2024) |
| 11/12/2024 | | 798 | Praecipe *to Supplement VSI's Objection [ECF #788] to Chapter 11 Trustee's Motion [ECF #750]* Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 11/12/2024) |
| 11/12/2024 | | 799 | Motion to Extend time to Deadlines, Timing, and Amount of Certain Obligations in the Sharing and Carve–Out Agreement Between the Trustee and Hawk Investment Holdings, Ltd. as Collateral Agent of the Secured Noteholders of SeeCubic, Inc., and for Related Relief Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Proposed Order # 2 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 11/12/2024) |
| 11/12/2024 | | 800 | Notice of (related document(s): 799 Motion to Extend time to Deadlines, Timing, and Amount of Certain Obligations in the Sharing and Carve–Out Agreement Between the Trustee and Hawk Investment Holdings, Ltd. as Collateral Agent of the Secured Noteholders of SeeCubic, Inc., and for Related) Filed by WILLIAM A. HOMONY. Hearing scheduled 12/18/2024 at 11:00 AM at Courtroom #4. (VAGNONI, MICHAEL) (Entered: 11/12/2024) |
| 11/12/2024 | | 801 | Reply to Motion to Approve filed by Trustee WILLIAM A. HOMONY, Objection filed by Creditor Visual Semiconductor, Inc., Objection filed by |

| | | | |
|---|---|---|---|
| | | | Creditor Rembrandt 3D Holding Ltd., Motion to Continue/Reschedule Hearing filed by Creditor Rembrandt 3D Holding Ltd. *Hawk Investment Holdings Ltd.'s (1) Reply in Support of Motion of William A. Homony in His Capacity as Chapter 11 Trustee for (I) an Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially All of the Debtors Assets Including Approval of Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling an Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070−1(g), and (F) Granting Related Relief; and (II) an Order (A) Approving the Sale of the Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief and (2) Responding to Related Pleadings* Filed by Hawk Investment Holdings Ltd. (related document(s)<u>797</u>, <u>750</u>, <u>789</u>, <u>788</u>). (Caponi, Steven) (Entered: 11/12/2024) |
| 11/12/2024 | | <u>802</u> | Document in re: *Witness and Exhibit List for November 13 Hearing* Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc. (related document(s)<u>750</u>, 790 ). (SWICK, RANDALL) (Entered: 11/12/2024) |
| 11/13/2024 | | <u>803</u> | Praecipe to Amend *and Substitute* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)<u>750</u>). (Attachments: # <u>1</u> Proposed Order Bid Procedures Order # <u>2</u> Exhibit Redline of Bid Procedures Order) (VAGNONI, MICHAEL) (Entered: 11/13/2024) |
| 11/13/2024 | | 804 | Hearing Held on <u>750</u> Motion to Approve Filed by WILLIAM A. HOMONY. Revised bid procedures order to be submitted. (B., Pamela) (Entered: 11/14/2024) |
| 11/14/2024 | | <u>805</u> | Order Re: The Reconsideration Motion is DENIED.The Motion to Quash is GRANTED with respect to the Remaining VSI Discovery Requests. The Motion to Compel is DENIED with respect to the Remaining Discovery Requests <u>797</u>, <u>686</u>, <u>735728</u> <u>777</u>). (R., Donna) (Entered: 11/14/2024) |
| 11/16/2024 | | <u>806</u> | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # <u>805</u>)). No. of Notices: 1. Notice Date 11/16/2024. (Admin.) (Entered: 11/17/2024) |
| 11/18/2024 | | <u>807</u> | Transcript regarding Hearing Held on 11/13/24 Re: Motion to Approve Filed by WILLIAM A. HOMONY. Revised bid procedures. Transcribed by T R Xchange 84 pages. The transcript may be viewed at the Bankrupty Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office] (related document(s) 804 ). Notice of Intent to Request Redaction Deadline Due By 11/25/2024. Redaction Request Due By 12/9/2024. Redacted Transcript Submission Due By 12/19/2024. Transcript access will be restricted through 2/18/2025. (D., Tasha) (Entered: 11/18/2024) |
| 11/18/2024 | | <u>808</u> | Objection to Application for Compensation *of Lewis Brisbois Bisgaard & Smith LLP* Filed by WILLIAM A. HOMONY (related document(s)<u>723</u>). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Exhibit Exhibit A # <u>3</u> Exhibit Exhibit B # <u>4</u> Exhibit Exhibit C # <u>5</u> Exhibit Exhibit D # <u>6</u> Exhibit Exhibit |

| | | | |
|---|---|---|---|
| | | | E # 7 Exhibit Exhibit F # 8 Exhibit Exhibit G # 9 Exhibit Exhibit H # 10 Exhibit Exhibit I # 11 Exhibit Exhibit J) (COREN, STEVEN) (Entered: 11/18/2024) |
| 11/19/2024 | | 809 | Proposed Order Re: *Bidding Procedures Order* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)750, 803). (Attachments: # 1 Bid Procedures Order Redline) (VAGNONI, MICHAEL) (Entered: 11/19/2024) |
| 11/19/2024 | | 810 | Support Document *Asset List of Stream and Technovative re 363 Sale* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)750). (Attachments: # 1 Schedules to Asset Purchase Agreement # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit # 16 Exhibit) (VAGNONI, MICHAEL) (Entered: 11/19/2024) |
| 11/20/2024 | | 811 | Ordered (A) Approving Bidding Procedures And Form of Asset Purchase Agreement In Connection With The Sale Of Substantially All of The Debtors Assets, (B) Approving Procedures For The Assumption and Assignment of Executory Contracts And Unexpired Leases, (C) Approving Procedures For Selection Of A Stalking Horse Bidder And Bid Protections, And (D) Granting Related Relief Scheduling Hearing re:750 . The Motion is Granted as set forth herein. A Sale Hearing will commence on 12/4/2024 at 01:00 PM at Courtroom #4 before the Honorable Ashely M. Chan. Response deadline. Responses or replies, if any, to timely filed objections to the entry of the Sale Order approving a Sale to the Successful Bidder must be filed on or before November 29, 2024 at 4 P.M. (prevailing Eastern Standard Time) (K., Marie) (Entered: 11/20/2024) |
| 11/21/2024 | | 812 | Application to Employ Panitch Schwarze Belisario & Nadel LLP as Special Counsel Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A, Declaration of M. Belisario # 2 Exhibit B, Fee Agreement # 3 Proposed Order # 4 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 11/21/2024) |
| 11/21/2024 | | 813 | Notice of *Application to Employ Panitch Schwarze Belisario & Nadel LLP as Special Counsel to the Chapter 11 Trustee* Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 11/21/2024) |
| 11/21/2024 | | 814 | Document in re: *Notice of No Assumption or Assignment of Executory Contracts and Unexpired Leases* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 11/21/2024) |
| 11/22/2024 | | 815 | Objection to Motion to Approve filed by Trustee WILLIAM A. HOMONY Filed by Visual Semiconductor, Inc. (related document(s)750). (Attachments: # 1 Declaration of Charles M Robertson # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F # 8 Exhibit G # 9 Exhibit H # 10 Exhibit I # 11 Exhibit J # 12 Exhibit K # 13 Exhibit L # 14 Exhibit M # 15 Exhibit N # 16 Exhibit O) (SWICK, RANDALL) (Entered: 11/22/2024) |
| 11/22/2024 | | 816 | Objection to Scheduling Hearing Filed by Rembrandt 3D Holding Ltd. (related document(s)811). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (DEMARCO, ANDREW) (Entered: 11/22/2024) |

| | | | |
|---|---|---|---|
| 11/22/2024 | | 817 | Certificate of Service *re: Order (A) Approving Bidding Procedures And Form of Asset Purchase Agreement In Connection With The Sale Of Substantially All of The Debtors Assets, (B) Approving Procedures For The Assumption And Assignment of Executory Contracts And Unexpired Leases, (C) Approving Procedures For Selection Of A Stalking Horse Bidder And Bid Protections, And (D) Granting Related Relief, And Exhibits 1 And 2 Thereto* Filed by BMC Group Inc. (related document(s)811). (Ordaz, Steven) (Entered: 11/22/2024) |
| 11/22/2024 | | 818 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 811)). No. of Notices: 1. Notice Date 11/22/2024. (Admin.) (Entered: 11/23/2024) |
| 11/27/2024 | | 819 | Monthly Operating Report for Filing Period Ending 10/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 11/27/2024) |
| 11/27/2024 | | 820 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 10/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 11/27/2024) |
| 11/27/2024 | | 821 | Notice of Appeal to District Court Court. . Fee Amount $298.00 Filed by Visual Semiconductor, Inc. (related document(s)805). Appellant Designation due by 12/11/2024. Transmission of record on appeal to District Court Due Date:12/26/2024. (Attachments: # 1 Exhibit Order Approving Settlement between Trustee, Hawk Investment Holdings, Ltd., and SeeCubic Inc.)(SWICK, RANDALL) (Entered: 11/27/2024) |
| 11/27/2024 | | | Receipt of Notice of Appeal( 23−10763−amc) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A26158674. Fee Amount $ 298.00. (re: Doc# 821) (U.S. Treasury) (Entered: 11/27/2024) |
| 11/27/2024 | | 822 | Chapter 11 Monthly Operating Report for the Month Ending: 10/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachements) (VAGNONI, MICHAEL) (Entered: 11/27/2024) |
| 11/27/2024 | | 823 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 10/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 11/27/2024) |
| 11/27/2024 | | 824 | Motion For Sanctions *Against Parties who Violated the Temporary Restraining Order, Enforcement of the Temporary Restraining Order, and Injunctive Relief* Filed by Rembrandt 3D Holding Ltd. Represented by ANDREW PETER DEMARCO (Counsel). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (DEMARCO, ANDREW) (Entered: 11/27/2024) |
| 11/27/2024 | | 825 | Motion to Expedite Hearing (related documents Motion for Sanctions) Filed by Rembrandt 3D Holding Ltd. Represented by ANDREW PETER DEMARCO (Counsel) (related document(s)824). (DEMARCO, ANDREW) (Entered: 11/27/2024) |
| 11/27/2024 | | 826 | Motion to Reconsider (related documents Order (Generic)) *Motion to Reconsider November 14, 2024 Order Quashing the Remaining VSI Discovery (ECF No. 805) and Grant Appropriate Relief* Filed by Visual |

| | | | |
|---|---|---|---|
| | | | Semiconductor, Inc. Represented by RANDALL ADAM SWICK (Counsel) (related document(s)805). (Attachments: # 1 Exhibit 10–30–24 Hearing Transcripts # 2 Exhibit 11–7–24 Hearing Transcripts # 3 Exhibit 11–13–24 Hearing Transcripts) (SWICK, RANDALL) (Entered: 11/27/2024) |
| 11/27/2024 | | 827 | Motion to Expedite Hearing (related documents Motion to Reconsider) Filed by Visual Semiconductor, Inc. Represented by RANDALL ADAM SWICK (Counsel) (related document(s)826). (Attachments: # 1 Exhibit A – Proposed Order) (SWICK, RANDALL) (Entered: 11/27/2024) |
| 11/27/2024 | | 828 | Joinder to Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc. (related document(s)824). (Attachments: # 1 Exhibit 1 Declaration of Charles Robertson # 2 Exhibit 4–14–23 Hearing Transcript # 3 Exhibit 10–16–23 Hearing Transcript # 4 Exhibit 10–30–23 Hearing Transcript # 5 Exhibit 11–15–23 Hearing Transcript # 6 Exhibit 12–14–23 Hearing Transcript) (SWICK, RANDALL) (Entered: 11/27/2024) |
| 11/29/2024 | | 829 | Courts Certificate of Service Re: Notice of Appeal filed by Creditor Visual Semiconductor, Inc.. The following Party(s) have been notified: Case Judge – via email Case Trustee – via CM/ECF Debtor – via Regular mail through the BNC Joint Debtor – via Regular mail through the BNC Debtors Counsel – via CM/ECF Joint Debtors Counsel – via CM/ECF Office of the U.S. Trustee – via CM/ECF U.S. District Court – via email Steven L. Caponi Esq; Margaret R. Westbrook Esq; Aaron S. Rothman Esq; Jonathan N. Edel Esq; Thomas A. Warns Esq Attorney's for Hawk Investment Holdings Ltd; Andrew J. Belli Esq; Steven M. Coren Esq Attorney 's for William A. Homony , Trustee; Donald N. David Esq; Mark Lichtenstein Esq; R. Adam Swick Esq; John H. Thompson Esq;Leif M. Clark Esq Attorneys for Visual Semiconductor Inc. – via Regular mail through the BNC (related document(s)821). (R., Donna) (Entered: 11/29/2024) |
| 11/29/2024 | | 830 | Amended Courts Certificate of Service Re: Notice of Appeal filed by Creditor Visual Semiconductor, Inc.. The following Party(s) have been notified: Case Judge – via email Case Trustee – via CM/ECF Debtor – via Regular mail through the BNC Joint Debtor – via Regular mail through the BNC Debtors Counsel – via CM/ECF Joint Debtors Counsel – via CM/ECF Office of the U.S. Trustee – via CM/ECF U.S. District Court – via email Steven L.Caponi Esq Attorney for Hawk Investment Holdings Ltd; Andrew Belli Esq for Attorney William A. Homony, Trustee; R. Adam Swick Esq Attorney for Visual Semiconductor Inc; – via Regular mail through the BNC (related document(s)821). (R., Donna) Modified on 11/29/2024 (R., Donna). (Entered: 11/29/2024) |
| 11/29/2024 | | 831 | Transmission of Record of Appeal to District Court (related document(s)821). (R., Donna) (Entered: 11/29/2024) |
| 11/29/2024 | | 832 | Objection to Motion to Expedite Hearing filed by Creditor Rembrandt 3D Holding Ltd. Filed by WILLIAM A. HOMONY (related document(s)825). (VAGNONI, MICHAEL) (Entered: 11/29/2024) |
| 11/29/2024 | | 833 | Notice of Docketing Record on Appeal to District Court. Case Number: 23–10763 CV#24–cv–6397. Judge: John M. Gallagher (related document(s)821). (R., Donna) (Entered: 11/29/2024) |
| 11/29/2024 | | 834 | Objection to Motion to Expedite Hearing filed by Creditor Visual Semiconductor, Inc. Filed by WILLIAM A. HOMONY (related |

| | | | |
|---|---|---|---|
| | | | document(s)827). (VAGNONI, MICHAEL) (Entered: 11/29/2024) |
| 11/29/2024 | | 835 | Response filed by Trustee WILLIAM A. HOMONY *Omnibus Response of Chapter 11 Trustee to Objections:* Objection filed by Creditor Visual Semiconductor, Inc.; Objection filed by Creditor Rembrandt 3D Holding Ltd. (related document(s)815, 816, 750). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit) (VAGNONI, MICHAEL) (Entered: 11/29/2024) |
| 11/29/2024 | | 836 | Joinder *Hawk Investment Holdings Ltd.'s (i) Joinder to the Omnibus Response of William A. Homony, In His Capacity As Chapter 11 Trustee, to the Objections to the Trustees Motion for, Inter Alia, An Order (A) Approving the Sale of the Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief; (ii) Brief in Support of Sale; and (iii) Request for Related Relief* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)835). (Caponi, Steven) (Entered: 11/29/2024) |
| 11/30/2024 | | 837 | Joinder *of SeeCubic, Inc. to Responses in Support of the Trustee's Motion for, Inter Alia, an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts Related Thereto, and (C) Granting Related Relief* Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc. (related document(s)815, 750, 836, 835, 816). (Attachments: # 1 Certificate of Service) (Larkin, Joseph) (Entered: 11/30/2024) |
| 12/01/2024 | | 838 | BNC Certificate of Mailing –Court's Certificate of Mailing or Service. Number of Notices Mailed: (related document(s) (Related Doc # 830)). No. of Notices: 1. Notice Date 12/01/2024. (Admin.) (Entered: 12/02/2024) |
| 12/02/2024 | | 839 | **See Adversary at #24−142**Third−Party Complaint by Rembrandt 3D Holding Ltd. against Stream TV Networks, Inc., Technovative Media, Inc. . (DEMARCO, ANDREW) Modified on 12/4/2024 (K., Marie). (Entered: 12/02/2024) |
| 12/02/2024 | | 840 | Exhibit *1* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)839). (Attachments: # 1 Exhibit 2 # 2 Exhibit 3 # 3 Exhibit 4 # 4 Exhibit 5 # 5 Exhibit 6 # 6 Exhibit 7 # 7 Exhibit 8 # 8 Exhibit 9 # 9 Exhibit 10 # 10 Exhibit 11 # 11 Exhibit 12 # 12 Exhibit 13 # 13 Exhibit 14 # 14 Exhibit 15 # 15 Exhibit 16 # 16 Exhibit 17 # 17 Exhibit 18 # 18 Exhibit 19 # 19 Exhibit 20 # 20 Exhibit 21 # 21 Exhibit 22 # 22 Exhibit 23 # 23 Exhibit 24 # 24 Exhibit 25 # 25 Exhibit 26 # 26 Exhibit 27) (DEMARCO, ANDREW) (Entered: 12/02/2024) |
| 12/02/2024 | | 841 | Document in re: *Interested Party Leia Inc.'s Reservation of Rights regarding Trustee's Sale Motion* Filed by KERI P EBECK on behalf of Leia, Inc (related document(s)750, 810). (EBECK, KERI). (Entered: 12/02/2024) |
| 12/02/2024 | | 842 | Certificate of Service *for Interested Party Leia, Inc.'s Reservation of Rights Regarding Trustee's Sale Motion* Filed by Leia, Inc (related document(s)810, 841). (Attachments: # 1 Exhibit)(EBECK, KERI) (Entered: 12/02/2024) |

| | | | |
|---|---|---|---|
| 12/02/2024 | | 843 | Order Denying (827) Motion for an Expedited Hearing on (826) Motion to Reconsider Order Dated November 14, 2024 Filed by Visual Semiconductor, Inc. represented by RANDALL ADAM SWICK (Counsel). VSI is directed, to the extent it wishes to prosecute the Reconsideration Motion, to follow the Court's hearing scheduling procedures set forth in Local Rule 9014–3(c) to obtain a hearing date on the motion no sooner than January 2025. (Barbetta, John) (Entered: 12/02/2024) |
| 12/02/2024 | | 844 | Order Denying (825) Motion for an Expedited Hearing on (824) Motion For Sanctions *Against Parties who Violated the Temporary Restraining Order, Enforcement of the Temporary Restraining Order, and For Injunctive Relief* filed by Rembrandt 3D Holding Ltd. represented by ANDREW PETER DEMARCO (Counsel). Rembrandt is directed to re–file the TRO Motion in Adversary Proceeding 23–00057 where the TRO was entered, and shall follow the Court's hearing scheduling procedures set forth in Local Rule 9014–3(c), made applicable to the Adversary Proceeding by Local Rule 7005–1, to obtain a hearing date on the motion no sooner than January 2025. (Barbetta, John) (Entered: 12/02/2024) |
| 12/02/2024 | | 845 | Document in re: *Notice of No Auction to be Held and Selection of Successful Bidder* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 12/02/2024) |
| 12/02/2024 | | 846 | Certificate of Service Filed by BMC Group Inc. (related document(s)835). (Ordaz, Steven) (Entered: 12/02/2024) |
| 12/03/2024 | | 847 | Disclosure Statement *for Visual Semiconductor, Inc.'s Chapter 11 Plan of Reorganization of Stream Networks, Inc. and Technovative Media, Inc. (Exhibit A – Plan)* Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 12/03/2024) |
| 12/03/2024 | | 848 | Chapter 11 Plan of Reorganization *by Visual Semiconductor, Inc. of Stream TV Networks, Inc. and Technomedia, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 12/03/2024) |
| 12/03/2024 | | 849 | Certificate of Service Filed by BMC Group Inc. (related document(s)845). (Ordaz, Steven) (Entered: 12/03/2024) |
| 12/03/2024 | | 850 | Declaration re: *Declaration of William A. Homony in His Capacity as Chapter 11 Trustee, in Support of the Motion for Entry of an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 12/03/2024) |
| 12/03/2024 | | 851 | Motion to Appear pro hac vice on behalf of Alyssa Russell Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement) (Larkin, Joseph) (Entered: 12/03/2024) |
| 12/03/2024 | | | Receipt Number APAEDC–17918800, Fee Amount $75.00 in re: Motion for Pro Hac Vice for attorney Alyssa Russell sponsored by Joseph O. Larkin. (related document(s)851). (K., Marie) (Entered: 12/03/2024) |

| | | | |
|---|---|---|---|
| 12/03/2024 | | 852 | Declaration re: *Declaration Of J. Scott Victor In Support Of Chapter 11 Trustees Motion For Entry Of An Order (i) Authorizing And Approving, But Not Directing, The Sale Of The Assets, In Each Case With Such Sale Being Free And Clear Of Any And All Liens, Claims, Encumbrances And Interests, (ii) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With The Sale, And (iii) Granting Related Relief* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)750, 835). (VAGNONI, MICHAEL) (Entered: 12/03/2024) |
| 12/04/2024 | | 853 | Praecipe to Amend *and Substitute Exhibit "C" to Sale Motion* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)750). (Attachments: # 1 Sale Order # 2 Exhibit 1 to Sale Order # 3 Exhibit 2 to Sale Order # 4 Redline of Sale Order) (VAGNONI, MICHAEL) (Entered: 12/04/2024) |
| 12/04/2024 | | 854 | Certificate of No Response to *Motion to Extend Deadlines, Timing, and Amount of Certain Obligations in the Sharing and Carve−Out Agreement Between the Trustee and Hawk Investment Holdings, Ltd. as Collateral Agent of the Secured Noteholders of SeeCubic, Inc. and for Related Relief* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)799). (Attachments: # 1 Proposed Order) (VAGNONI, MICHAEL) (Entered: 12/04/2024) |
| 12/04/2024 | | 855 | Adversary case 24–00142. Complaint by ANDREW PETER DEMARCO, Christopher A. Michaels on behalf of Rembrandt 3D Holding Ltd. against William A. Homony, Stream Networks, Inc., Technovative Media, Inc., Shadron L. Stastney, Hawk Investment Holdings, Ltd., SeeCubic, Inc., SeeCubic, B.V.. Fee Amount $350 . (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19 # 20 Exhibit 20 # 21 Exhibit 21 # 22 Exhibit 22 # 23 Exhibit 23 # 24 Exhibit 24 # 25 Exhibit 25 # 26 Exhibit 26 # 27 Exhibit 27) (72 (Injunctive relief – other)),(91 (Declaratory judgment)) (DEMARCO, ANDREW) (Entered: 12/04/2024) |
| 12/04/2024 | | 856 | Certificate of No Response to *Application to Employ Panitch Schwarze Belisario & Nadel LLP as Special Counsel* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)812). (Attachments: # 1 Proposed Order) (VAGNONI, MICHAEL) (Entered: 12/04/2024) |
| 12/04/2024 | | 857 | Motion to Approve Disclosure Statement *and (ii) Procedures for the Solicitation and Tabulation of Votes to Accept or Reject Visual Semiconductor, Inc.'s Chapter 11 Plan of Reorganization; and (iii) Related Notice and Objection Procedures (Exh. A Proposed Disclosure Statement Order; Exh A−1− Form of Ballot; Exh. A−2 Disclosure Statement Hearing Notice; Exh. A−3 Confirmation Hearing Notice)*. Filed by Visual Semiconductor, Inc. Represented by RANDALL ADAM SWICK (Counsel). (SWICK, RANDALL) (Entered: 12/04/2024) |
| 12/04/2024 | | 858 | Certificate of Service Filed by BMC Group Inc. (related document(s)850, 852). (Ordaz, Steven) (Entered: 12/04/2024) |
| 12/04/2024 | | 859 | Declaration re: *of Mark Hsu in further support of Visual Semiconductor, Inc.'s Objection to Trustee's Sale Motion* Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc. (related document(s)815, 750). (SWICK, RANDALL) (Entered: 12/04/2024) |

| 12/04/2024 | | 860 | Hearing Held and concluded on 750 Motion to Approve Filed by WILLIAM A. HOMONY. Parties have until Monday, 12/9/24 at 9:00 a.m. to file their concerns as to the red–lined sale order. (B., Pamela) (Entered: 12/04/2024) |
|---|---|---|---|
| 12/04/2024 | | 861 | Notice of Appeal to District Court Court. . Fee Amount $298.00 Filed by Visual Semiconductor, Inc. (related document(s)811). Appellant Designation due by 12/18/2024. Transmission of record on appeal to District Court Due Date:01/2/2025. (Attachments: # 1 Order Approving Bid Procedures)(SWICK, RANDALL) (Entered: 12/04/2024) |
| 12/04/2024 | | | Receipt of Notice of Appeal( 23–10763–amc) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A26169976. Fee Amount $ 298.00. (re: Doc# 861) (U.S. Treasury) (Entered: 12/04/2024) |
| 12/04/2024 | | 862 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 843)). No. of Notices: 28. Notice Date 12/04/2024. (Admin.) (Entered: 12/05/2024) |
| 12/04/2024 | | 863 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 844)). No. of Notices: 29. Notice Date 12/04/2024. (Admin.) (Entered: 12/05/2024) |
| 12/05/2024 | | 864 | Courts Certificate of Service Re: Notice of Appeal filed by Creditor Visual Semiconductor, Inc.. The following Party(s) have been notified: Case Judge – via email Case Trustee – via CM/ECF Debtor – via Regular mail through the BNC Joint Debtor – via Regular mail through the BNC Debtors Counsel – via CM/ECF Joint Debtors Counsel – via CM/ECF Office of the U.S. Trustee – via CM/ECF U.S. District Court – via email R.Adam Swick Esq Attorney for Visual Semiconductor Inc; Andrew Belli Esq for Attorney for William A. Homony , Trustee; Steven Caponi Esq; Attorney for Hawk Investment Holdings; – via Regular mail through the BNC (related document(s)861). (R., Donna) (Entered: 12/05/2024) |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **Stream TV Networks, Inc.,** *et al*. | : | **Bankruptcy No. 23-10763 (AMC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)[1]** |
| | : | |

**ORDER (A) APPROVING BIDDING PROCEDURES AND FORM OF ASSET PURCHASE AGREEMENT IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING PROCEDURES FOR SELECTION OF A STALKING HORSE BIDDER AND BID PROTECTIONS, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "**Sale Motion**") of William A. Homony (the "**Trustee**") in his capacity of Chapter 11 Trustee of Stream TV Networks, Inc. ("**Stream**") and Technovative Media Inc. ("**Technovative**", and collectively with Stream, the "**Debtors**"), seeking entry of an order (this **"Order"**), (a) authorizing and approving the bidding procedures attached hereto as Exhibit 1 (the "**Bidding Procedures**")[2] in connection with the sale of the Assets of the Debtors, the Stalking Horse APA, and form of Asset Purchase Agreement in connection with the Sale, (b) approving the form and manner of notice of the Auction and the Sale Hearing, (c) scheduling the Sale Hearing and setting other related dates, (d) approving procedures for the assumption and assignment of executory contracts and unexpired leases and noticing of related Cure Payments, (e) granting the Sale Motion and (f) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having the power to enter a final order

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Declaration of the Trustee in Support of the Motion, as applicable.

4858-4678-3740 v3

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and this Court having determined that the relief requested by the Motion is in the best interests of the Debtors, its estate, creditors, and other parties in interest; and upon all of the proceedings in this Chapter 11 case conducted before this Court; and after due deliberation and sufficient cause appearing therefore and any remaining objections having been withdrawn or overruled, it is hereby **FOUND, CONCLUDED AND DETERMINED THAT**:

A.     <u>Jurisdiction; Venue</u>. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006. Venue for these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     <u>Bidding Procedures</u>. The Trustee has articulated good and sufficient reasons for authorizing and approving the Bidding Procedures attached hereto as **<u>Exhibit 1</u>**, which are fair, reasonable, and appropriate under the circumstances and designed to maximize the value of the Assets. The Bidding Procedures were negotiated in good faith and at arm's length and are reasonably designed to promote a competitive and robust bidding process to generate the greatest level of interest in the Assets.

2

4858-4678-3740 v3

C.     <u>Asset Purchase Agreement</u>. That certain Asset Purchase Agreement, originally filed on the docket on September 30, 2024 (D.I. #750), and amended on November 11, 2024 (D.I. #795), among the Debtors and SeeCubic, Inc. (the "**Stalking Horse Bidder**") (as amended, the "**Stalking Horse APA**") was negotiated in good faith and at arm's length between the parties and may serve as a reasonable and appropriate baseline for soliciting other bids for the Assets.

D.     <u>Stalking Horse Bidder</u>. The Stalking Horse Bid as reflected in the Stalking Horse APA represents the highest and best offer the Trustee has received to date. The Stalking Horse APA provides the Debtors with the opportunity to sell the Assets in order to preserve and realize their going concern value and provide a floor for a further marketing and auction process. The Stalking Horse Bid will secure a fair and adequate baseline price for the Assets and, accordingly, will provide a clear benefit to the Debtors' estates, their creditors, and all other parties in interest. The Stalking Horse Bidder is not an "insider" or "affiliate" of either of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stakeholders exist between the Stalking Horse Bidder and the Debtors.

E.     <u>Sale Notice</u>. The notice, substantially in the form attached hereto as **Exhibit 2**, as amended, provided by the Trustee regarding the Sale of the Assets by the Auction and Sale Hearing (the "**Sale Notice**") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including: (i) the date, time, and place of the Auction; (ii) the Bidding Procedures and certain dates and deadlines related thereto; (iii) the objection deadline for the Motion and the date, time, and place of the Sale Hearing; (iv) specific identification of the Assets for sale; (v) instructions for promptly obtaining a copy of the Stalking Horse APA; (vi) representations describing the Sale as being free and clear of liens, claims, interests, and other encumbrances, with all such liens, claims, interests, and other encumbrances attaching to the sale

3

proceeds with the same validity and priority; and (vii) notice of the proposed assumption and assignment of the Assigned Contracts to the Successful Bidder and the right, procedures, and deadlines for objecting thereto, and no further notice of the Sale shall be required.

F.    <u>Assumption and Assignment Procedures</u>. The Motion and the Contract Assumption Notice (as defined herein) are reasonably calculated to provide counterparties to the Assigned Contracts with proper notice of the intended assumption and assignment of their executory contracts and any Cure Payments (as defined herein). The Assumption Procedures (as defined herein) are appropriate.

G.    <u>Other Findings</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT**:

1.    The Motion is GRANTED as set forth herein.

2.    The Debtors and the Trustee are authorized to enter into and perform under the Stalking Horse APA, which shall be subject to higher or otherwise better offers in accordance with the terms of this Order and the Bidding Procedures.

**I.    Important Dates and Deadlines**

3.    **<u>Sale Hearing</u>**. The Sale Hearing will commence on **December 4, 2024, at 1:00 P.M. (prevailing Eastern Standard Time)** before the Honorable Ashely M. Chan, United States Bankruptcy Judge, in the United States Bankruptcy Court, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA, 19107, in Courtroom No. 4.

4858-4678-3740 v3

4. **Sale Objection Deadline**. Objections, if any, to the Motion and the Sale of the Assets to a Successful Bidder, except objections solely related to the identity of the Successful Bidder and adequate assurance of future performance by a Successful Bidder, must be filed by **November 22, 2024, at 4:00 P.M. (prevailing Eastern Standard Time)** (the "**Sale Objection Deadline**"). Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must be made at the Sale Hearing (the "**Supplemental Limited Sale Objection Deadline**"). In each case, all objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Sale Objection Deadline or the Supplemental Limited Sale Objection Deadline, as applicable, and served on (i) counsel to the Trustee so as to be received by the applicable objection deadline as set forth in the Procedures Order and (ii) any other entity on the Master Service List. Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must additionally be served on counsel to the Successful Bidder.

5. **Response Deadline**. Responses or replies, if any, to timely filed objections to the entry of the Sale Order approving a Sale to the Successful Bidder must be filed on or before **November 29, 2024, at 4:00 P.M. (prevailing Eastern Standard Time)**, provided that such deadline may be extended by agreement of the Trustee and the affected objecting party. Responses or replies, if any, to timely filed objections to the identity of the Successful Bidder and/or adequate assurance of future performance may be presented at the Sale Hearing.

6. **Competitive Bidding**. The following dates regarding the competitive bidding process are hereby established and approved:

4858-4678-3740 v3

      a.      **Bid Deadline: December 2, 2024, at 12:00 P.M. (prevailing Eastern Standard Time)**, the deadline by which all Qualified Bids (as defined in the Bidding Procedures) must be actually received in writing in electronic format by the parties specified in the Bidding Procedures (the "Bid Deadline"); and

      b.      **Auction: December 3, 2024, at 10:00 A.M. (prevailing Eastern Standard Time)**, is the date and time the Auction, if required, which will be held at the offices of counsel to the Trustee, Obermayer Rebmann Maxwell & Hippel LLP, 1500 Market Street, Suite 3400 Philadelphia, PA, 19102 or such other place and time as the Trustee shall notify all Qualified Bidders that have submitted Qualified Bids, and the Secured Creditors and their counsel.

**II.**      **Bidding Procedures and Related Relief**

      **A.**      **Bidding Procedures.**

      7.      The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved in their entirety. The Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed Sale, and any party desiring to submit an offer for the Assets must comply with the terms of the Bidding Procedures and this Order. The Bidding Procedures shall also govern the terms on which the Trustee will proceed with the Auction and/or the Sale. The Trustee is authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

      8.      No person or entity shall be entitled to any expense reimbursement, break-up fee, "topping," or other similar bid protections or fee or payment.

      9.      The deposits provided by all Qualified Bidders shall be deemed held in escrow in a designated non-interest bearing account by the Trustee and shall not become property of the

4858-4678-3740 v3

Debtors' bankruptcy estates unless and until released from escrow to the Trustee pursuant to an Order of this Court.

10.    The Stalking Horse Bidder is a Qualified Bidder and the Stalking Horse Bid is a Qualified Bid for all purposes.

**III.    Auction**

11.    The Trustee is authorized, subject to the terms of this Order and the Bidding Procedures, to take actions reasonably necessary, in the discretion of the Trustee, to conduct and implement the Auction.

12.    Only the Trustee (and his professionals and advisors), and any Qualified Bidder, in each case, along with their representatives and counsel, or such other parties as the Trustee shall determine, shall attend the Auction and only such Qualified Bidders will be entitled to make Bids at the Auction.  Pursuant to the Hawk Settlement, the Secured Creditors shall be deemed to be a Qualified Bidder for all purposes under the Bid Procedures.

13.    The Trustee and his professionals shall direct and preside over the Auction and the Auction shall be transcribed. Other than as expressly set forth in this Order or the Bidding Procedures, the Trustee may conduct the Auction in the manner he reasonably determines will result in the highest or otherwise best Qualified Bid.

14.    Each Qualified Bidder participating in the Auction must confirm on the record that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the Assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures; and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, the Sale, or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

7

15.     The Trustee may (a) select, in its business judgment, pursuant to the Bidding Procedures, the overall highest or otherwise best Qualified Bid and the Successful Bidder, and (b) reject any bid that, in the Trustee's business judgment, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the Bidding Procedures, or (iii) contrary to the best interests of the Debtors, their respective estates, their creditors, and parties-in-interest.

### IV.     Sale Hearing Notice and Related Relief

16.     The Sale Notice is hereby approved.   On or before November 20, 2024 (the "**Mailing Date**"), the Trustee will cause the Sale Notice to be served on: (a) any party that has filed a notice of appearance in these Chapter 11 cases; (b) any entity on the Master Service List; (c) any parties known or reasonably believed to have expressed an interest in the Assets or any portion thereof; (d) all entities known or reasonably believed to have asserted a lien, encumbrance, claim, or other interest in the Assets; (e) all parties to executory contracts and unexpired leases to be assumed and assigned, or rejected as part of the Sale; (f) all applicable state and local taxing authorities; and (g) any governmental agency that has a reasonably known interest with respect to the Sale and transactions proposed thereunder.

### V.     Assumption and Assignment Procedures

17.     The procedures set forth below regarding the assumption and assignment of the executory contracts and unexpired leases proposed to be assumed by the Successful Bidder pursuant to section 365(b) of the Bankruptcy Code and assigned to the Successful Bidder pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale (the "**Assumption Procedures**") are hereby approved to the extent set forth herein.

18.     The Assumption Procedures shall govern the assumption and assignment of all of

8

the Debtors' executory contracts and unexpired leases to be assumed and assigned in connection with the Sale under the Asset Purchase Agreement (each, an "**Assigned Contract**," and, collectively, the "**Assigned Contracts**"), subject to the payment of any payments necessary to cure any defaults arising under any Assigned Contract (the "**Cure Payments**"), the provision of adequate assurance by the Debtors or the Successful Bidder, as applicable, that Buyer will promptly cure any non-monetary defaults existing prior to the Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Successful Bidder under the Assigned Contracts:

a.    **Contract Assumption Notice**: On November 21, 2024 (the "**Assumption and Assignment Service Deadline**"), the Trustee shall serve a notice of contract assumption in substantially the form attached hereto as **Exhibit 3** (the "**Contract Assumption Notice**") via overnight delivery on all counterparties to all potential Assigned Contracts and provide a copy of the same to the Secured Creditors and their counsel. The Contract Assumption Notice shall inform each recipient of the timing and procedures relating to such assumption and assignment, and, to the extent applicable, (i) the title of the executory contract or unexpired lease, as applicable, (ii) the name of the counterparty to the executory contract or unexpired lease, as applicable, (iii) the Trustee's good faith estimates of the Cure Payments required in connection with the executory contract or unexpired lease, as applicable, and (iv) the Sale Objection Deadline; provided, however, that service of a Contract Assumption Notice does not constitute an admission that any contract is an executory contract or unexpired lease, as applicable, or that the stated Cure Payment related to any executory contract or unexpired lease constitutes a claim against the Debtors' estates. Further, the inclusion of an executory contract or unexpired lease, as applicable, on the Contract Assumption Notice is not a guarantee that such executory contract or unexpired lease, as

applicable, will ultimately be assumed and assigned.

      b.    **Cure Payments and Adequate Assurance of Future Performance**: The payment of the applicable Cure Payments by Successful Bidder, as applicable, the provision of adequate assurance by the Successful Bidder, as applicable, that they will promptly cure any non-monetary defaults existing prior to the Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Successful Bidder under the Assigned Contracts shall (i) effect a cure of all defaults existing thereunder, and (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default.

      c.    **Supplemental Contract Assumption Notice**: Pursuant to the terms of the Stalking Horse APA or the Modified APA, as applicable, or as otherwise agreed by the Trustee and the Successful Bidder, at any time after the Assumption and Assignment Service Deadline and prior to one (1) business day before Closing, the Successful Bidder has the right to (i) supplement the list of Assigned Contracts with previously omitted executory contracts and/or unexpired leases ("**Additional Assigned Contracts**"), (ii) remove Assigned Contracts from the list of executory contracts and unexpired leases ultimately selected as Assigned Contracts that a Successful Bidder proposes to be assumed and assigned to it in connection with a Sale ("**Removed Assigned Contracts**"), and/or (iii) modify the previously stated Cure Payment associated with any Assigned Contracts.

      d.    **Objections**: Objections, if any, to the proposed assumption and assignment or the Cure Payment proposed with respect thereto, must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed amount of the Cure Payment, the correct cure amount alleged by the objecting counterparty, together with any

10

applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon, so as to be actually received by counsel to the Trustee and the Successful Bidder or the Stalking Horse Bidder (as applicable) on or before seven (7) days after service of the Contract Assumption Notice (the "**Cure Objection Deadline**"), or such deadline set forth in the Supplemental Assumption Notice. Objections to assumption and assignment solely with respect to the adequate assurance of future performance from the Successful Bidder, however, must be received before the start of the Sale Hearing, or such deadline set forth in the Supplemental Assumption Notice. Any party failing to timely file an objection to the cure amount, the proposed assumption and assignment of an Assigned Contract or Additional Assigned Contract listed on the Contract Assumption Notice or Supplemental Assumption Notice, as applicable, or the Sale is deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such Assigned Contract or Additional Assigned Contract (including the adequate assurance of future performance), (c) the related relief requested in the Motion, and (d) the Sale. Such party shall be forever barred and estopped from objecting to the Cure Payment, the assumption and assignment of the Assigned Contract, or Additional Assigned Contract, adequate assurance of future performance, the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder, as applicable, for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and the Successful Bidder, as applicable, with respect to such party's Assigned Contract or Additional Assigned Contract.

19.    The Trustee shall have no liability or obligation with respect to defaults relating to the Assigned Contracts arising, accruing, or relating to a period on or after the effective date of assignment, or for the payment of any cure costs.

4858-4678-3740 v3

## VI.    Other Related Relief

20.    Any objections to the entry of this Order and the relief granted herein that have not been withdrawn, waived, resolved or settled, and all reservations of rights included therein, are hereby expressly overruled.

21.    The Trustee shall have no personal liability for any obligations of the Debtors' estates.

22.    Any obligations of the Debtors set forth in this Order and any Asset Purchase Agreement that are intended to be performed by the Trustee prior to the Sale Hearing and/or entry of the Sale Order are authorized as set forth herein.

23.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

24.    To the extent the provisions of this Order are inconsistent with the provisions of any exhibits referenced herein or with the Motion, the provisions of this Order shall control.

25.    The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

26.    The Stalking Horse Bidder or its designee has standing to seek to enforce the terms of this Order.

27.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


BY THE COURT:

Date: Nov. 20, 2024

_____
Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

4858-4678-3740 v3

**Exhibit 1**
**Bidding Procedures**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (AMC)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)**[1] |
|  | : |  |

## BIDDING PROCEDURES

On March 15, 2023, (the "**Petition Date**"), Stream TV Networks, Inc. ("**Stream**") and Technovative Media, Inc ("**Technovative**" and collectively with Stream, the "**Debtors**") filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), in the Bankruptcy Court for the Eastern District of Pennsylvania (the "**Court**").

On January 9, 2024, William A. Homony was appointed as Chapter 11 Trustee of the Debtors' estates (the "**Trustee**") in order to determine, *inter alia*, if it would be beneficial to pursue a sale of substantially all of the Debtors' Assets.

On XXXXX, 2024, the Court entered an order [Docket No. [WW]] (the "**Bidding Procedures Order**")[2] approving, among other things, these bidding procedures (the "**Bidding Procedures**") and the Stalking Horse APA , pursuant to which SeeCubic, Inc. (the "**Stalking Horse Bidder**") has committed to provide a credit bid, pursuant to section 363(k) of the Bankruptcy Code in the amount of $150,000,000.00 in partial satisfaction of the Allowed Secured Claim (as defined in the Stalking Horse APA) (the "**Stalking Horse Bid**") pursuant to the terms of the Hawk Settlement. Pursuant to the Bidding Procedures, the Stalking Horse Bid is subject to higher or better offers, the outcome of the Auction (as defined herein) if one is needed, and approval of the Court.

These Bidding Procedures set forth, among other things, (i) the procedures for bidders to submit bids for an investment in, or other acquisition of, the Debtors' Assets pursuant to an order of the Bankruptcy Court approving such transaction (the "**Sale**"); (ii) the manner in which bidders and bids become Qualified Bidders and Qualified Bids; (iii) the process for negotiating the bids received; (iv) the process by which the Trustee is authorized to conduct the auction ("**Auction**") for the Sale; (v) the procedure for the ultimate selection of any Successful Bidder; and (vi) the process for approval of a potential Sale at a Sale Hearing (each as defined herein).

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] All terms used but not otherwise defined herein shall have the meanings ascribed to them in the motion for approval of the Bidding Procedures (the "**Motion**").

4858-4678-3740 v3

Pursuant to these Bidding Procedures, the Trustee and his advisors shall (i) determine whether any person is a Qualified Bidder (as defined below), (ii) coordinate the efforts of Potential Bidders (as defined below) in conducting their due diligence activities, (iii) receive offers from Potential Bidders, and (iv) negotiate any offers made to acquire the Assets.

The key dates for the sale process are as follows:

| Date/Time | Event |
|---|---|
| November 22, 2024 at 4:00 P.M. prevailing Eastern Standard Time | Sale Objection Deadline[3] |
| November 29, 2024 at 4:00 P.M. prevailing Eastern Standard Time | Sale Objection Response Deadline |
| December 2, 2024 at 12:00 P.M. prevailing Eastern Standard Time | Bid Deadline - Due Date for Bids and Deposits |
| December 3, 2024 at 10:00 A.M. prevailing Eastern Standard Time | Auction |
| At the Sale Hearing | Supplemental Limited Sale Objection Response Deadline |
| December 4, 2024 at 1:00 P.M.. prevailing Eastern Standard Time | Sale Hearing |
| December 10, 2024 | Closing |

## Due Diligence

### Access to Diligence Materials

To participate in the bidding process and to receive access to due diligence (the "**Diligence Materials**"), a party interested in acquiring the Debtors' Assets must submit to the Trustee (i) an executed nondisclosure agreement in such form reasonably satisfactory to the Trustee, (ii) reasonable evidence demonstrating the party's financial capability to consummate a Sale as reasonably determined by the Trustee, and (iii) a statement that such party has a bona fide interest in submitting a bid. A party who qualifies for access to Diligence Materials pursuant to these Bidding Procedures shall be a "**Potential Bidder**." The Secured Creditors will be deemed a Potential Bidder at all times.

The Trustee will afford any Potential Bidder the time and opportunity to conduct reasonable due diligence, as determined by the Trustee, access to the electronic data room and other information that a Potential Bidder may reasonably request; provided, however, that the Trustee shall not be obligated to furnish any due diligence information after the Bid Deadline to any party that has not submitted a Qualified Bid (as defined below). The availability of additional due diligence to a Qualified Bidder will cease on the date of the Auction; provided, however, that the Successful Bidder shall be permitted to continue to conduct due diligence until the Closing of

---

[3] This deadline applies to all objections to the Sale Motion as well as the Sale of the Assets with the exception of objections solely related to the identity of the Successful Bidder and adequate assurance of future performance by the Successful Bidder.

4858-4678-3740 v3

the Sale (subject to the terms of the Successful Bidder Asset Purchase Agreement (as defined below)). The Trustee reserves the right to withhold any Diligence Materials that the Trustee determines are not appropriate for disclosure to a Potential Bidder who is a competitor of the Debtors or is affiliated with any competitor of the Debtors. Neither the Trustee nor its representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Potential Bidder.

Each Potential Bidder will be deemed to acknowledge and represent it (a) has had an opportunity to conduct any and all due diligence regarding the Debtors' Assets and liabilities that are the subject of the Auction prior to making any such bid, (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the assets in making its bid, and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise regarding the Debtors' assets or liabilities, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures.

All due diligence requests must be directed to the Trustee's investment banker, J. Scott Victor, Managing Director, SSG Capital Advisors, LLC; 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428: Direct: 610-940-5802; Mobile: 215-816-8118; jsvictor@ssgca.com.

**Due Diligence from Potential Bidders**

Each Potential Bidder shall comply with all reasonable requests for additional information and due diligence access by the Trustee or his advisors regarding the ability of such Potential Bidder to consummate its transaction. Failure to comply with such reasonable requests for additional information and due diligence access may be a basis for the Trustee to determine that such bidder (including any Qualified Bidder) is no longer a Potential Bidder or that the Bid made by such bidder will not be considered a Qualified Bid.

## Designation of Stalking Horse Bidder

The Trustee is authorized to name SeeCubic, Inc. ("**SCI**") as the Stalking Horse Bidder, (as defined in the Sale Motion) in connection with the Auction and enter into the stalking horse APA (a "**Stalking Horse APA**"; the Bid memorialized by the Stalking Horse APA, the "**Stalking Horse Bid**") with no bid protections.

## Communications with Potential Bidders

There must be no communications between and among Potential Bidders unless the Trustee has previously authorized such communication in writing or with the participation of the Trustee or the Trustee's advisors, and each Potential Bidder shall be deemed to have so represented to the Trustee and the Court. The Trustee reserves the right, in his reasonable business judgment, to disqualify any Potential Bidder(s) that have communications between and among themselves without the participation of the Trustee or the Trustee's prior written consent.

3

## Bid Deadline

The Trustee shall assist Potential Bidders in conducting their respective due diligence investigations and shall accept Bids (as defined below) until **December 2, 2024, at 12:00 p.m. (prevailing Eastern Standard Time)** (the "**Bid Deadline**") to acquire the Assets.

Parties interested in becoming a Qualified Bidder for Debtors' Assets are encouraged to submit a Qualified Bid to the Trustee's Investment Banker: J. Scott Victor and Teresa C. Kohl, Managing Directors, SSG Advisors, LLC; 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428: Direct: 610-940-5802; J. Scott Victor Mobile: 215-816-8118 and Teresa C. Kohl Mobile: 215-280-6766; jsvictor@ssgca.com and tkohl@ssgca.com.

**The submission of a Bid by the Bid Deadline shall constitute a binding and irrevocable offer to acquire the assets specified in such Bid.** Any party that does not submit a Bid by the Bid Deadline will not be allowed to (i) submit any offer after the Bid Deadline or (ii) participate in any Auction.

No later than the Bid Deadline, a Potential Bidder that desires to make a bid to consummate the Sale shall deliver written copies of its Bid (as defined below) in electronic format to: (i) the Trustee (bhomony@mctllp.com); (ii) counsel to the Trustee, Obermayer Rebmann Maxwell & Hippel LLP (edmond.george@obermayer.com); (iii) investment banker to the Trustee, J. Scott Victor and Teresa C. Kohl, Managing Directors, SSG Capital Advisors, LLC; 300 Barr Harbor Drive, Suite 420 West Conshohocken, PA 19428: Direct: 610-940-5802; J. Scott Victor, Mobile: 215-816-8118 and Teresa C. Kohl Mobile: 215-280-6766; jsvictor@ssgca.com and tkohl@ssgca.com; and (iv) Office of the United States Trustee.

The Trustee may extend the Bid Deadline without further order of the Bankruptcy Court, subject to providing notice to all Potential Bidders and the Stalking Horse Bidder.

## Determination of Qualified Bid Status

To be eligible for consideration as a Qualified Bid and to participate in the Auction, each Potential Bidder must deliver to the Trustee, his counsel and his advisors, a written, irrevocable, signed offer (each, a "**Bid**") prior to the Bid Deadline that must be determined by the Trustee, in its business judgment, to satisfy each of the following conditions; *provided*, that for the avoidance of doubt, the Stalking Horse Bid is a Qualified Bid, and the Stalking Horse Bidder is a Qualified Bidder:[4]

a.   **Good Faith Offer**: Each Bid must constitute a good faith, bona fide offer to purchase all or certain of the Assets (it being understood that partial bids may be permitted only if the combined consideration thereof satisfies the requirements of a Minimum Bid, as defined below).

---

[4] The Trustee may, in his sole and exclusive discretion, waive any of the following requirements for a Bid to constitute a Qualified Bid to the extent reasonably necessary to promote bids and a robust Auction so long as any such waiver is not materially inconsistent with these Bidding Procedures.

4858-4678-3740 v3

b.    **Good Faith Deposit**: Each Bid must be accompanied by a deposit in the amount of ten percent (10%) of the total Purchase Price (as defined in the Modified APA (as defined below)), before any reductions for assumed liabilities (the "**Good Faith Deposit**"). The Good Faith Deposit shall come in the form of a wire transfer, certified check or other form acceptable to the Trustee, in his sole and exclusive discretion. Each Good Faith Deposit will be deposited and held in one or more non-interest-bearing accounts by the Trustee but shall not become property of the Debtors' estates absent further Order of the Bankruptcy Court. Wire instructions will be provided by the Trustee upon request.

c.    **Executed Agreement**: Each Bid must include an executed Asset Purchase Agreement (a "**Modified APA**") substantially in the form of the Stalking Horse APA, and any necessary transaction documents, signed by an authorized representative of such Potential Bidder, pursuant to which the Potential Bidder proposes to effectuate the acquisition of substantially all of the Assets of the Debtors. Each Bid must also include a copy of the Modified APA marked against the Stalking Horse APA to show all changes requested by the Potential Bidder (including those related to the assumption and assignment of executory contracts and unexpired leases, and other material terms such that the Trustee may determine how such Bid compares to the terms of the Stalking Horse APA and competing Bids). Each Modified APA must provide a commitment to close within two (2) business days after all closing conditions are met, but in no event later than December 10, 2024.

d.    **Purchase Price**: Each Bid must clearly identify the purchase price to be paid (the "**Purchase Price**") and identify how much of the Bid is being paid in cash. The non-cash component of the Bid, if any, shall be backed by a letter of credit or other security, over which the Secured Creditors shall have consultation rights as to the sufficiency and form of such security.

e.    **Minimum Bid**: Qualified Bids must bid a minimum consideration equal to the Stalking Horse Bid, plus a minimum overbid amount equal to or greater than $250,000.00.

f.    **Cash Requirements**: Each Bid must provide evidence of the ability to pay the cash portion of the Bid in cash in full. To the extent the Bid contains cash and non-cash portions, the allocations shall be identified in the Bid.  If a non-cash portion is part of the Bid, the cash portion must be a minimum of $120,000,000.00.  For the avoidance of doubt, the Secured Creditors shall have consultation rights with respect to the sufficiency of any non-cash component of the Purchase Price included in any Bid, as agreed upon and approved as part of the Hawk Settlement.

g.    **Designation of Assigned Contracts and Leases**: A Bid must identify any and all executory contracts and unexpired leases of the Debtors that the Potential Bidder wishes to be assumed and assigned pursuant to a Sale. A Bid must specify whether the Debtors or the Potential Bidder will be responsible for any cure costs associated

with such assumption and assignment, and include a good faith estimate of such cure costs.

h.  **Designation of Assumed Liabilities**: A Bid must identify all liabilities which the Potential Bidder proposes to assume.

i.  **Corporate Authority**: A Bid must include written evidence reasonably acceptable to the Trustee demonstrating appropriate entity authorization to consummate the proposed Sale; provided that, if the Potential Bidder is an entity specially formed for the purpose of effectuating the Sale, then the Potential Bidder must furnish written evidence reasonably acceptable to the Trustee of the approval of the Sale by the equity or interest holder(s) of such Potential Bidder.

j.  **Disclosure of Identity of Potential Bidder**: A Bid must fully disclose the identity of each entity that will be bidding for or purchasing the Assets or otherwise participating in connection with such Bid (including the identity of any parent equity holders or other financial backers of such entity), and the complete terms of any such participation, including any connections, agreements, arrangements or understandings with the Debtors, or any other known, potential, prospective bidder, or Potential Bidder, or any officer, director, shareholder or member of the Debtors.

k.  **Disclosure of Connections**: A Bid must fully disclose any connections or agreements the Potential Bidder and any of its officers and/or directors have with the Debtors, their affiliates, any other known Potential Bidder, and/or any officer, director or equity holder of the Debtors.

l.  **Proof of Financial Ability to Perform**: A Bid must include written evidence that the Trustee may reasonably conclude, in consultation with his advisors, demonstrates that the Potential Bidder has the necessary financial wherewithal to timely consummate a Sale including the amount of any Overbid and must further contain information that can be publicly filed and/or disseminated providing adequate assurance of future performance of all executory contracts and unexpired leases to be assumed and assigned in such Sale. Such information must include the following:

(1)  a statement that the Potential Bidder is financially capable of consummating the transaction contemplated by the Alternative APA;

(2)  contact names and numbers for verification of financing sources;

(3)  written evidence of the Potential Bidder's internal resources and proof of any debt funding commitments from a recognized banking institution and, if applicable, equity commitments in an aggregate amount equal to the cash portion of such Bid or the posting of an irrevocable letter of credit from a recognized banking institution issued in favor of the Debtors' estates in the amount of the cash portion of such Bid, in each case, as are needed to close the Sale;

6

(4)    the Potential Bidder's most current audited (if any) and latest unaudited financial statements or, if the bidder is an entity formed for the purpose of making a bid, the current audited (if any) and latest unaudited financial statements of the equity holder(s) of the bidder or such other form of financial disclosure, and a guaranty from such equity holder(s);

(5)    a description of the Potential Bidder's pro forma capital structure;

(6)    evidence of letters of credit or other forms of security to support any non-cash component of the Purchase Price, with respect to which the Secured Creditors shall  have consultation rights over the sufficiency thereof; and

(7)    any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Trustee demonstrating that such Potential Bidder has the ability to promptly close the Sale.

m.    **Conditions/Contingencies**: Except as provided in the Stalking Horse APA, a Bid must not be subject to material conditions or contingencies to closing, including without limitation obtaining financing, internal approvals or further due diligence.

n.    **Bid Irrevocable**: A Bid must provide that it is irrevocable until two (2) business days after the closing of the Sale. Each Potential Bidder further agrees that its Bid, if not chosen as the Successful Bidder, shall serve, without modification, as a Backup Bidder (as defined below) as may be designated by the Trustee at the Sale Hearing, in the event the Successful Bidder fails to close as provided in the Successful Bidder Asset Purchase Agreement, if at all, and the Sale Order.

o.    **As-Is, Where-Is**: A Bid must include the following disclaimer: EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT OR ANY ANCILLARY DOCUMENT DELIVERED BY TRUSTEE PURSUANT TO THIS AGREEMENT (I) THE TRUSTEE MAKES NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AT LAW OR IN EQUITY, RELATING TO THE  ASSETS OR THE ASSUMED LIABILITIES, INCLUDING ANY REPRESENTATION OR WARRANTY AS TO VALUE, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR FOR ORDINARY PURPOSES, OR ANY OTHER MATTER, (II) THE TRUSTEE MAKES NO, AND HEREBY DISCLAIM ANY, OTHER REPRESENTATION OR WARRANTY REGARDING THE ASSETS OR THE ASSUMED LIABILITIES, AND (III) THE ASSETS AND THE ASSUMED LIABILITIES ARE CONVEYED ON AN "AS IS, WHERE IS" BASIS AS OF THE CLOSING, AND THE BUYER SHALL RELY UPON ITS OWN EXAMINATION THEREOF. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, THE TRUSTEE MAKES NO REPRESENTATION OR WARRANTY REGARDING ANY ASSET.

p.    **Time Frame for Closing**: A Bid by a Potential Bidder must be reasonably likely to be consummated, if selected as the Successful Bid, within a time frame

7

acceptable to the Trustee, which in no event shall be later than [December 10], 2024.

q.    **Consent to Jurisdiction**: Each Potential Bidder must (i) submit to the jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Debtors, the Bidding Procedures, the Auction, any Modified APA, or the construction and enforcement of documents relating to any Sale, (ii) waive any right to a jury trial in connection with any disputes relating to the Debtors the Bidding Procedures, the Auction, any Modified APA, or the construction and enforcement of documents relating to any Sale, and (iii) commit to the entry of a final order or judgment in any way related to the Debtors, the Bidding Procedures, the Auction, any Modified APA, or the construction and enforcement of documents relating to any Sale if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

r.    **No Bid Protections**: A Bid must not entitle the Potential Bidder to any break-up fee, termination fee, transaction fee, expense reimbursement, or any similar type of payment or reimbursement and, by submitting a Bid, the Potential Bidder waives the right to pursue a substantial contribution claim under 11 U.S.C. § 503 related in any way to the submission of its Bid or participation in any Auction. Each Potential Bidder presenting a Bid will bear its own costs and expenses (including legal fees) in connection with any proposed Sale.

s.    **Representations and Warranties**: A Bid must include the following representations and warranties:

i.      a statement that the Potential Bidder has had an opportunity to conduct any and all due diligence regarding the applicable assets prior to submitting its Bid;

ii.     a statement that the Potential Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the assets in making its Bid and did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Potential Bidder's Modified APA ultimately accepted and executed by the Trustee;

iii.    a statement that the Potential Bidder agrees to serve as Back-Up Bidder, if its Bid is selected as the next highest or next best bid after the Successful Bid with respect to the applicable assets;

iv.     a statement that the Potential Bidder has not engaged in any collusion with respect to the submission of its Bid;

v.      a statement that all proof of financial ability to consummate a Sale Transaction in a timely manner and all information provided to support adequate assurance of future performance is true and correct; and

8

vi.     a statement that the Potential Bidder agrees to be bound by the terms of the Bidding Procedures.

### Review of Bids; Designation of Qualified Bids

A Bid received from a Potential Bidder that meets the above requirements, as determined by the Trustee (in consultation with the Secured Creditors, as set forth above), shall constitute a "**Qualified Bid**" for such Assets (and such Potential Bidder, a "**Qualified Bidder**"); *provided* that if the Trustee receives a Bid prior to the Bid Deadline that is not a Qualified Bid, the Trustee (in consultation with the Secured Creditors) may provide the Potential Bidder with the opportunity to cure or remedy any deficiencies prior to the Bid Deadline; *provided further*, that the Stalking Horse Bid is a Qualified Bid and the Stalking Horse Bidder is a Qualified Bidder.

On or before December 2, 2024, at 6:00 P.M. (prevailing Eastern Standard Time), the Trustee and his advisors (in consultation with the Secured Creditors), will determine which Potential Bidders are Qualified Bidders and will notify the Potential Bidders whether Bids submitted constitute Qualified Bids so as to enable such Qualified Bidders to bid at the Auction. Any Bid that is not deemed a Qualified Bid will not be considered by the Trustee. To the extent there is any dispute regarding whether a bidder is a Qualified Bidder, such dispute may be raised with the Bankruptcy Court on an expedited basis prior to the commencement of the Auction.

Prior to the Auction, the Trustee and its advisors will evaluate Qualified Bids and identify the Qualified Bid that is, in the Trustee's reasonable business judgment the highest or otherwise best bid (the "**Starting Bid**"). The Starting Bid may be the bid of the Stalking Horse Bidder or any other higher or better Qualified Bid. In making such determination, the Trustee will take into account, among other things, the execution risk attendant to any Qualified Bids. On or before December 2, 2024, at 11:59 P.M. (prevailing Eastern Standard Time), the Trustee will (i) notify the Qualified Bidders as to which Qualified Bid is the Starting Bid, and (ii) distribute copies of the Starting Bid to each Qualified Bidder who has submitted a Qualified Bid.

If any Bid is determined by the Trustee not to be a Qualified Bid, the Trustee will refund such Potential Bidder's Good Faith Deposit on or within ten (10) business days after the Bid Deadline.

By submitting its Bid, each Potential Bidder is agreeing with each other Potential Bidder to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the Auction after the Auction.

Without the written consent of the Trustee, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase the Purchase Price or otherwise improve the terms of the Qualified Bid during the period that such Qualified Bid remains binding as specified herein; *provided*, that any Qualified Bid may be improved at the Auction as set forth in these Bidding Procedures.

9

### Auction

If two or more Qualified Bids are received by the Bid Deadline, the Trustee will conduct an auction (the "**Auction**") to determine the highest and otherwise best Qualified Bid. This determination shall take into account any factors the Trustee reasonably deems relevant to the value of the Qualified Bid to the estate and may include, but are not limited to, the following: (a) the amount and nature of the consideration, including any assumed liabilities; (b) the number, type and nature of any changes to the Stalking Horse APA requested by each Qualified Bidder; (c) the extent to which such modifications or provisions are likely to delay closing of the sale of the Debtors' Assets and the cost to the Debtors' estates of such modifications or delay; (d) the total consideration to be received by the Debtors; (e) the likelihood the Qualified Bidder can close the transaction timely; and (f) any other qualitative or quantitative factor the Trustee deems reasonably appropriate under the circumstances (collectively, the "**Bid Assessment Criteria**"). Notwithstanding anything herein to the contrary, the Trustee may select a combination of Qualified Bids for the Assets, in any combination that yields the highest and best value for the Debtors' respective estates.

If no Qualified Bid (other than the Stalking Horse Bid) is received by the Bid Deadline, the Trustee will not conduct the Auction, and shall file a notice with the Bankruptcy Court indicating that no Auction will be held and that the Stalking Horse Bid shall be deemed the "Successful Bid" (and the Stalking Horse Bidder, the "Successful Bidder"), as otherwise defined below and as used in the Bidding Procedures Motion.

### Procedures for Auction

If the Trustee receives two (2) or more Qualified Bids, the Auction shall take place on December 3, 2024, at 10:00 A.M. (EST) at the offices of Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, or such other place and time as determined by the Trustee. The Auction may be postponed, adjourned or cancelled as the Trustee deems appropriate, in consultation with the Secured Creditors, provided the Trustee provides notice of such postponement or adjournment and the time and place for the commencement of the Auction. The Auction shall be conducted according to the following procedures:

**Participation**

Only the Trustee, his advisors, and any Qualified Bidder that has submitted a Qualified Bid, in each case, along with their representatives and counsel, or such other parties as the Trustee shall determine shall attend the Auction and only such Qualified Bidders will be entitled to make any Bids at the Auction.

4858-4678-3740 v3

**The Trustee Shall Conduct the Auction**

The Trustee and his professionals shall direct and preside over the Auction and the Auction shall be transcribed. Other than as expressly set forth herein, the Trustee may conduct the Auction in the manner he reasonably determines will result in the highest or otherwise best Qualified Bid. The Trustee shall provide each participant in the Auction with a copy of the Modified APA or Stalking Horse APA, as applicable, associated with the Starting Bid. In addition, at the start of the Auction, the Trustee shall describe the terms of the Starting Bid. Each Qualified Bidder participating in the Auction must confirm, both before and after the Auction, that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the Assets described herein, and (b) has reviewed, understands and accepts the Bidding Procedures.

All Qualified Bidders may submit further Bids, along with a markup or a further markup of the applicable APA. The Auction will be conducted in rounds. At any time, a Qualified Bidder may request that the Trustee announce the current highest and best bid. If requested, the Trustee shall use reasonable efforts to clarify any and all questions any Qualified Bidder may have regarding the Trustee's announcement of the Starting Bid or the then current and highest bid.

The Trustee may announce at the Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction so long as such rules are not inconsistent with the Bidding Procedures.

**Overbids**

An "Overbid" is any bid made at the Auction subsequent to the Trustee's announcement of the respective Starting Bid. Any Overbid for purposes of this Auction must comply with the following conditions:

    a.    **Minimum Overbid Increments**: Any Overbid after and above the respective Starting Bid or any subsequent Overbid shall be made in increments valued at not less than $250,000.00. The Trustee reserves the right to increase or decrease any subsequent increments, after the first Overbid.

    b.    **Remaining Terms Are the Same as for Qualified Bids**: Except as modified herein, an Overbid at the Auction must comply with the conditions for a Qualified Bid set forth above, provided, however, that (i) the Bid Deadline shall not apply and (ii) no additional Good Faith Deposit shall be required beyond the Good Faith Deposit previously submitted by a Qualified Bidder, provided that the Successful Bidder (only if the Successful Bidder is not the Stalking Horse Bidder) shall be required to make a representation at the end of the Auction that it will provide any additional deposit necessary so that its Good Faith Deposit is equal to the amount of ten percent (10%) of the Purchase Price contained in the Successful Bid. Any Overbid must include, in addition to the amount and the form of consideration of the Overbid, a description of all changes requested by the Qualified Bidder to the Stalking Horse APA or its Modified APA, as applicable, in connection therewith (including any changes to the designated assigned executory contracts and

11

unexpired leases and assumed liabilities). Any Overbid must remain open and binding on the Qualified Bidder until and unless the Trustee accepts a higher or otherwise better Overbid from another Qualified Bidder (except, to the extent required hereby, to serve as the Backup Bid). At the Trustee's discretion, to the extent not previously provided, a Qualified Bidder submitting an Overbid at the Auction must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information reasonably acceptable to the Trustee) reasonably demonstrating such Qualified Bidder's ability to close the Sale proposed by such Overbid, and the Trustee shall consult with the Secured Creditors **_only_** with respect to the sufficiency of security related to any non-cash component of an Overbid submitted by any Qualified Bidder as part of the Auction.

**Announcement and Consideration of Overbids**

a.   **Announcement of Overbids**: The Trustee shall announce at the Auction the material terms of each Overbid, the total amount of consideration offered in each such Overbid, the basis for calculating such total consideration and such other terms as the Trustee reasonably determines will facilitate the Auction.

b.   **Consideration of Overbids**: Subject to the deadlines set forth herein, the Trustee reserves the right in its reasonable business judgment to make one or more continuances of the Auction to, among other things facilitate discussions between the Trustee and Qualified Bidders or allow a Qualified Bidder to consider how it wishes to proceed.

**Closing the Auction**

The Auction shall continue until there is one or more Qualified Bid(s) that the Trustee determines in his reasonable business judgment, is the highest and otherwise best Qualified Bid at the Auction. Thereafter, the Trustee shall select such Qualified Bid as the overall highest and otherwise best Qualified Bid (such Qualified Bid, the "**Successful Bid**," the Qualified Bidder submitting such Successful Bid, the "**Successful Bidder**" and the Qualified Bidder's purchase agreement, the "**Successful Bidder Asset Purchase Agreement**"). In making this decision, the Trustee shall consider the Bid Assessment Criteria.

The Auction shall close when the Successful Bidder submits fully executed sale and transaction documents memorializing the terms of the Successful Bid. Promptly following the Trustee's selection of the Successful Bid and the conclusion of the Auction, the Trustee shall announce the Successful Bid and Successful Bidder and shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder.

The Trustee shall not consider any Bids submitted after the conclusion of the Auction. For the avoidance of doubt, nothing in these Bidding Procedures shall prevent the Trustee from exercising its fiduciary duties under applicable law to maximize the value obtained for the Assets.

**Designation of Backup Bidder**

Notwithstanding anything in the Bidding Procedures to the contrary, if an Auction is conducted, the Qualified Bidder with the next highest and otherwise best Qualified Bid at the Auction after the Successful Bid, as determined by the Trustee, in the exercise of its business judgment will be designated as the backup bidder (the "**Backup Bidder**"). The Backup Bidder shall be required to keep its initial Qualified Bid (or if the Backup Bidder submitted one or more Overbids at the Auction, the Backup Bidder's final Overbid) (the "**Backup Bid**") open and irrevocable until the date that is two (2) days after the closing of the transaction with the Successful Bidder (the "**Outside Backup Date**").

Following the Sale Hearing, if the Successful Bidder fails to consummate an approved transaction, the Backup Bidder will be deemed to maintain the new prevailing Successful Bid (and its purchase agreement, the Successful Bidder Asset Purchase Agreement) and the Backup Bidder will be deemed to be the Successful Bidder, and the Trustee will be authorized, but not required, without further order of the Bankruptcy Court, to consummate the Sale with the Backup Bidder.

**Sale Is As Is/Where Is**

Except as otherwise provided in the Successful Bidder Asset Purchase Agreement or the Sale Order, the Assets or any other assets of the Debtors sold pursuant to the Bidding Procedures, shall be conveyed at the closing of a transaction with a Successful Bidder in their then-present condition, "**AS IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED.**" Except as may be set forth in the Successful Bidder Asset Purchase Agreement or the Sale Order, the Assets are sold free and clear of any and all liens, claims, interests, restrictions, charges and encumbrances of any kind or nature to the fullest extent permissible under the Bankruptcy Code, with such liens, claims, interests, restrictions, charges, and encumbrances to attach to the net proceeds of sale with the same validity and with the same priority.

**Sale Objections and Hearing**

A hearing to consider approval of the Successful Bid (the "**Sale Hearing**") is scheduled to take place on December 4, 2024, at 1:00 P.M. (prevailing Eastern Standard Time) before the Honorable Ashely M. Chan, Bankruptcy Judge, either telephonically or at the Courtroom 4 at the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107, or at such time thereafter as counsel may be heard. At the Sale Hearing, the Trustee will present the Successful Bid to the Bankruptcy Court for approval; provided, however, to the extent that the Successful Bid is to be implemented pursuant to a Plan, the Sale Hearing shall be used as a status conference.

Objections to the Sale (each, a "**Sale Objection**"), shall (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Trustee, would obviate such objection; (iv) conform to the Bankruptcy Rules and the Local Rules; (v) be filed with the Court (a) by registered users of

13

the Court's case filing system, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Court; and (vi) be served upon (i) counsel for the Trustee, (ii) counsel to the Secured Creditors, and (iii) any other entity on the Master Service List (the "**Objection Notice Parties**"),  by **November 22, 2024 at 4:00 P.M. (prevailing Eastern Standard Time)** (the "**Sale Objection Deadline**"); provided, that the Trustee may extend the Sale Objection Deadline, as the Trustee deems appropriate in the exercise of their reasonable business judgment. If a timely Sale Objection cannot otherwise be resolved by the parties, such objection shall be heard by the Court at the Sale Hearing.

Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must be made before the start of the Sale Hearing (the "**Supplemental Limited Sale Objection Deadline**"), and must be served on the Objection Notice Parties, counsel to the Successful Bidder, the Successful Bidder, and the Backup Bidder.

Each Successful Bidder shall appear at the Sale Hearing and be prepared to have a representative(s) testify in support of its Successful Bid and such Successful Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all executory contracts and unexpired leases to be assumed and/or assigned as part of the proposed transaction.

Any party who fails to file with the Court and serve on the Objection Notice Parties a Sale Objection, other than an objection based solely based on the identity of the Successful Bidder and adequate assurance of future performance, by the Sale Objection Deadline may be forever barred from asserting, at the Sale Hearing or thereafter, any Sale Objection to the relief requested in the Motion with regard to a Successful Bidder, or to the consummation and performance of a Sale contemplated by a purchase or investment agreement between the Trustee and each Successful Bidder, including the transfer of the Assets to such Successful Bidder, free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363 of the Bankruptcy Code, and the assumption and assignment of executory contracts and unexpired leases.

### Return of Good Faith Deposits of Qualified Bidders

The Good Faith Deposits of all Qualified Bidders shall be held in one or more non-interest-bearing escrow accounts by the Trustee but shall not become property of the Debtors' estates absent further order of the Bankruptcy Court. The Good Faith Deposit of any Qualified Bidder that is neither the Successful Bidder nor the Backup Bidder shall be returned to such Qualified Bidder not later than five (5) business days after the Sale Hearing. If the Backup Bidder is not designated the Successful Bidder, the Good Faith Deposit of the Backup Bidder, if any, shall be returned to the Backup Bidder on the date that is the Outside Backup Date. In the case of a breach or failure to perform on the part of the Successful Bidder (including any Backup Bidder designated as a Successful Bidder), the remaining portion of the defaulting Successful Bidder's Good Faith Deposit shall be forfeited to the Trustee as liquidated damages, in addition to any and all rights, remedies and/or causes of action that may be available to the Trustee at law or in equity, and, the Trustee shall be free to consummate the Backup Bid with the Backup Bidder or the proposed transaction at the otherwise next highest price bid at the Auction by a Qualified Bidder, without

14

the need for an additional hearings or orders of the Courts. The Trustee reserves the right to seek all available damages, including specific performance, from any defaulting Successful Bidder (including any Backup Bidder designated as a Successful Bidder) in accordance with the terms of the Bidding Procedures. If the Successful Bidder timely closes the Sale transaction, its Good Faith Deposit shall be credited towards the purchase price.

### Reservation of Rights of the Trustee

Except as otherwise provided in the Bidding Procedures or the Bidding Procedures Order, and subject to the terms of the Hawk Settlement, the Trustee reserves the right as it may reasonably determine to be in the best interest of its estate and in the exercise of its fiduciary duty to: (a) determine which bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reduce the Overbid amount; (e) reject any Bid that is (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (3) contrary to the best interests of the Debtors and their respective estates; (f) impose additional terms and conditions with respect to all potential bidders; (g) extend the deadlines set forth herein; and (h) continue or cancel the Auction and/or Sale Hearing in open court without further notice.

Notwithstanding anything to the contrary contained herein, nothing in the Bidding Procedures will prevent the Trustee from considering any and all transactions, including, but not limited to, proposals to sponsor a plan of reorganization.

Notwithstanding anything to the contrary contained herein, nothing in the Bidding Procedures will prevent the Trustee from exercising its fiduciary duties under applicable law.

15

**<u>Exhibit 2</u>**
**Sale Notice**

0

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (AMC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)**[1] |
| | : | |

## NOTICE OF AUCTION AND SALE HEARING PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On, March 15, 2023, the above-captioned Debtors and former debtors in possession (the "**Debtors**"), filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**").

2.      On January 9, 2024, William A. Homony was appointed as Chapter 11 Trustee of the Debtors' estates (the "**Trustee**") in order to determine, *inter alia*, if it would be beneficial to pursue a sale of substantially all of the Debtors' Assets.

3.      On September 30, 2024, in connection with the proposed sale (the "**Sale**") of the Debtors' Assets (the "**Assets**") at an auction for the Assets (the "**Auction**"), the Trustee filed a motion (the "Motion"), seeking, among other things, (i) entry of an order (the "**Bidding Procedures Order**")[2] approving the bidding procedures (the "**Bidding Procedures**") governing the Sale and approving the terms of a Stalking Horse Asset Purchase Agreement in connection therewith; (ii) establishing procedures for the assignment and assumption of executory contracts and unexpired leases (the "**Assumption and Assignment Procedures**"); and (iii) granting related relief [Docket No.750].

4.      On _____, 2024, the Bankruptcy Court entered the Bidding Procedures Order [Docket No._____]. Pursuant to the Bidding Procedures Order, if two or more Qualified Bids are received before the Bid Deadline, the Trustee will conduct the Auction to determine the highest or otherwise best Qualified Bid, beginning on **December 3, 2024** at 10:00 A.M. (prevailing Eastern Standard Time) at the offices of Obermayer Rebmann Maxwell & Hippel LLP, 1500 Market Street, Suite 3400, Philadelphia, PA 19102 or such other place and time as the Trustee shall notify all Qualified Bidders that have submitted Qualified Bid. Only the Trustee (and his professionals and advisors) and parties that have submitted a Qualified Bid, as set forth in the Bidding Procedures Order, **by no later than December 2, 2024 at 12:00 P.M. (prevailing**

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Bidding Procedures Order.

1

**Eastern Standard Time)** (the "**Bid Deadline**") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Debtors' Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

5.      A hearing to approve the Sale (the "**Sale Hearing**") will be held on **December 4, 2024, at 1:00 P.M.** (prevailing Eastern Standard Time) before the Honorable Ashely M. Chan, U.S.B.J. at the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA, 19107 in Courtroom No. 4., or at such time thereafter as counsel may be heard, unless otherwise continued by the Trustee pursuant to terms of the Bidding Procedures.

6.      Objections, if any, to the Motion and the Sale of the Assets, except objections related solely to the identity of the Successful Bidder and adequate assurance of future performance by a Successful Bidder, must be made by **November 22, 2024, at 4:00 P.M. (prevailing Eastern Standard Time)** (the "**Sale Objection Deadline**"). Objections solely to the identity of the Successful Bidder and adequate assurance of future performance must be made at the Sale Hearing. In each case, all objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Sale Objection Deadline or the Supplemental Limited Sale Objection Deadline, as applicable, and served on (i) counsel for the Trustee and (ii) any other entity on the Master Service List. Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must additionally be served on counsel to the Successful Bidder. *Any party who fails to timely file an objection to entry of the Sale Order (i) shall be forever barred from objecting thereto, (ii) shall be deemed to consent to the sale of the Assets as approved by the Sale Order, and (iii) shall be deemed to "consent" for purposes of Section 363 (f)(2) of the Bankruptcy Code.*

7.      This Notice and the Sale Hearing is subject to the fuller terms and conditions of the Motion and the Bidding Procedures Order, which shall control in the event of any conflict, and the Trustee encourages parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of all the Assets and/or copies of any related document, including the Motion, or the Bidding Procedures Order, may make a written request to counsel for the Trustee, Obermayer Rebmann Maxwell Hippel LLP, c/o Edmond M George, Esquire    (edmond.george@obermayer.com)    or    Michael    D.    Vagnoni,    Esquire (michael.vagnoni@obermayer.com)  In addition, copies of the Motion, the Bidding Procedures Order and this Notice can be found through PACER on the Court's website, https://ecfnjb.uscourts.gov/ (registration required).

Respectfully Submitted,

Dated: November XX, 2024          By: */s/ Michael D. Vagnoni*
                                     Edmond M. George, Esquire
                                     Michael D. Vagnoni, Esquire
                                     OBERMAYER REBMANN MAXWELL & HIPPEL LLP

2

Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
E-mail:  edmond.george@obermayer.com
            michael.vagnoni@obermayer.com

4858-4678-3740 v3

**<u>Exhibit 3</u>**
**Contract Assumption Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (AMC)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)[9]** |
|  | : |  |

## ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

PLEASE TAKE NOTICE THAT:

1.      On March 15, 2023, the above-captioned debtors and former debtors in possession (the "**Debtors**"), filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**").

2.      On January 9, 2024, William A. Homony was appointed as Chapter 11 Trustee of the Debtors' estates (the **"Trustee"**) in order to determine, *inter alia*, if it would be beneficial to pursue a sale of substantially all of the Debtors' Assets.

3.      On **September 30, 2024**, in connection with the proposed sale (the "**Sale**") of the Debtors' assets (the "**Assets**") at an auction (the "**Auction**"), the Trustee filed a motion (the "**Motion**"), seeking, among other things, (i) entry of an order (the "**Bidding Procedures Order**")[10] approving the bidding procedures (the "**Bidding Procedures**") governing the Sale and approving the terms of a Stalking Horse Asset Purchase Agreement in connection therewith; (ii) establishing procedures for the assignment and assumption of executory contracts and unexpired leases (the "**Assumption and Assignment Procedures**"); and (iii) granting related relief [Docket No.750].

4.      Pursuant to the Bidding Procedures Order, the Trustee hereby provides notice that they are seeking to assume and assign to the Successful Bidder the executory contracts and/or unexpired leases (each, an "**Assigned Contract**") listed on **Exhibit A** attached hereto.

5.      When the applicable Debtor assumes and assigns an Assigned Contract to which you are a party, on the closing date of the Sale, or as soon thereafter as practicable, the Successful Bidder will pay you the amount the Debtors' records reflect is owing for prepetition arrearages as

---

[9] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[10] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Bidding Procedures Order.

4858-4678-3740 v3

set forth on **Exhibit A** (the "**Cure Payment**"). The Debtors' records reflect that all post-petition amounts owing under your Assigned Contract have been paid and will continue to be paid in the ordinary course of business until the assumption and assignment of the Assigned Contract, and that other than the Cure Payment, there are no other defaults under the Assigned Contract.

6.      Inclusion of an executory contract or unexpired lease as an Assigned Contract on **Exhibit A** is not a guarantee that such executory contract or unexpired lease will ultimately be assumed and assigned to the Successful Bidder. Should it be determined that the Assigned Contract to which you are a party will not be assumed and assigned, you will be notified in writing.

7.      Under the terms of the Bidding Procedures, the Successful Bidder may modify the list of Assigned Contracts on **Exhibit A** on or before December 6, 2024 (the "**Designation Deadline**"), and the Trustee reserves the right at any time before the closing of a Sale, to (i) supplement the list of Assigned Contracts with previously omitted executory contracts, (ii) remove Assigned Contracts from the list of executory contracts ultimately selected as Assigned Contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale, and/or (iii) modify the previously stated Cure Payment associated with any Assigned Contracts. In the event the Trustee exercises any of these reserved rights, the Trustee will promptly serve a supplemental notice of contract assumption (a "**Supplemental Assumption Notice**"); provided, however, the Trustee may not add an executory contract or unexpired lease to the list of Assigned Contracts that has been previously rejected by the Trustee by Order of the Court.

8.      Objections, if any, to the proposed Cure Payment or assumption and assignment must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed amount of the Cure Payment, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon, so as to be actually received by proposed counsel to the Trustee and the Stalking Horse Bidder on or before **seven (7) days after service of this Contract Assumption Notice** (the "**Cure Objection Deadline**"), or such deadline set forth in the applicable Supplemental Assumption Notice. Objections solely to assumption and assignment solely with respect to the adequate assurance of future performance; however, must be received before the start of the Sale Hearing; provided, however, and for the avoidance of doubt, the deadline to object to the Cure Payment shall not be extended. Objections to assumption and assignment solely with respect to the adequate assurance of future performance that are made after the Auction on December 3, 2024, and the selection of the Successful Bidder must also be served upon counsel to the Successful Bidder.

9.      If an objection to the Cure Payment or assumption and assignment is timely filed and not resolved by the parties, a hearing with respect to the objection will take place in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107 Courtroom 4, at the Sale Hearing to be held at 1:00 P.M. (prevailing Eastern Standard Time) on December 4, 2024, or at a later hearing, as determined by the Trustee. A hearing regarding the Cure Payment, if any, may be continued at the discretion of the Trustee until after the Closing.

4858-4678-3740 v3

10.     **Any party failing to timely file an objection to the Cure Payment, the proposed assumption and assignment of an Assigned Contract or Additional Assigned Contract listed on the Contract Assumption Notice or Supplemental Assumption Notice, or the Sale will be deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such Assigned Contract or Additional Assigned Contract (including the adequate assurance of future performance), (c) the related relief requested in the Motion, and (d) the Sale. Such party will be forever barred and estopped from objecting to the Cure Payments, the assumption and assignment of the Assigned Contract, or Additional Assigned Contract, the adequate assurance of future performance or the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and the Successful Bidder with respect to such party's Assigned Contract or Additional Assigned Contract.**

11.     On the date the Auction is completed, or on December 3, 2024, if the Auction does not take place because there are no other Qualified Bids, the Trustee will file, but not serve, a notice that identifies the Successful Bidder. The Trustee and/or the Successful Bidder reserve all of their rights, claims and causes of action with respect to the Assigned Contracts listed on **Exhibit A** hereto. Notwithstanding anything to the contrary herein, the proposed assumption and assignment of each of the Assigned Contracts listed on **Exhibit A** hereto (a) shall not be an admission as to whether any such Assigned Contract was executory or unexpired as of the Petition Date or remains executory or unexpired post-petition within the meaning of Bankruptcy Code section 365; and (b) shall be subject to the Trustee's and/or any Successful Bidder's right to conduct further diligence with respect to the Cure Payment of each Assigned Contract and to modify such Cure Payment accordingly. In the event that the Trustee and/or any Successful Bidder determine that your Cure Payment should be modified, you will receive a notice, which will provide for additional time to object to such proposed modification.

Respectfully Submitted,

Dated: November XX, 2024    By:    */s/ Michael D. Vagnoni*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
E-mail:  edmond.george@obermayer.com
        michael.vagnoni@obermayer.com

*Counsel to William A. Homony Chapter 11 Trustee*

4

4858-4678-3740 v3

129

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc., *et al*.[1]<br><br>      The Debtors. | Chapter 11<br><br>Bankr. Case No. 23-10763 (AMC)<br>(Jointly Administered) |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): **Visual Semiconductor, Inc.**

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
       Plaintiff
       Defendant
       Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
       Debtor
       Creditor
       Trustee
       Other (describe) _____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

   *Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially all of the Debtors' Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief*

2. State the date on which the judgment—or the appealable order or decree—was entered:

   ECF 811 – November 20, 2024

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Visual Semiconductor, Inc.

   Attorney:
   AKERMAN LLP
   Donald N. David, SBN: 304846
   Mark Lichtenstein *(Admitted pro hac vice)*
   1251 Avenue of the Americas
   37th Floor
   New York, NY 10020
   Telephone: (212) 880-3800
   Email: donald.david@akerman.com
   mark.lichtenstein@akerman.com

   R. Adam Swick (Admitted *pro hac vice*)
   AKERMAN LLP
   500 West 5th Street, Suite 1210
   Austin, TX 78701
   Telephone: (737) 999-7103
   Facsimile:   (512) 623-6701
   Email: adam.swick@akerman.com

   John H. Thompson (Admitted *pro hac vice*)
   AKERMAN LLP
   750 Ninth Street, N.W. 750
   Washington, D.C. 20001
   Telephone: (202) 824-1760
   Facsimile:   (202) 393-5959
   Email: john.thompson@akerman.com

   Leif M. Clark
   Leif M Clark Consulting PLLC
   1105 Bonner
   Houston, TX 77007
   Telephone: (210) 663-5183
   Email: lmclark@leifmclark.com

2. Party: William A. Homony, Trustee

   Attorney:
   ANDREW J. BELLI
   Coren & Ress, PC
   2001 Market Street, Suite 3900
   Philadelphia, PA 19103
   Tel. No.: (215) 735-8700
   Email: abelli@kcr-law.com

2

STEVEN M. COREN
Kaufman, Coren & Ress, P.C.
Two Commerce Square, Ste. 3900
2001 Market Street
Philadelphia, PA 19103-2713
Telephone: (215) 735-8700
Email: scoren@kcr-law.com

MICHAEL D. VAGNONI
Obermayer Rebmann Maxwell & Hippel
LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 665-3066
Fax : (215) 665-3165
Email: michael.vagnoni@obermayer.com

2. Party:  Hawk Investment Holdings, Ltd.

Attorney:
K&L GATES LLP
Steven L. Caponi
600 King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
Email: steven.caponi@klgates.com

Margaret R. Westbrook, Esq.
Aaron S. Rothman, Esq.
Jonathan N. Edel, Esq.
K&L GATES LLP
300 South Tryon Street, Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7400
Email: margaret.westbrook@klgates.com
aaron.rothman@klgates.com
jon.edel@klgates.com

Thomas A. Warns, Esq.
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 536-3900
Email: tom.warns@klgates.com

3

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

    Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

Dated: New York, New York
    December 4, 2024

**AKERMAN LLP**

By:  _/s/ R. Adam Swick_

     R. Adam Swick
     (Admitted *pro hac vice*)
     AKERMAN LLP
     500 West 5th Street, Suite 1210
     Austin, TX 78701
     Telephone: (737) 999-7103
     Facsimile:  (512) 623-6701
     Email: adam.swick@akerman.com

     AKERMAN LLP
     Donald N. David, SBN: 304846
     Mark Lichtenstein *(Admitted pro hac vice)*
     1251 Avenue of the Americas
     37th Floor
     New York, NY 10020
     Telephone: (212) 880-3800
     Email: donald.david@akerman.com
       mark.lichtenstein@akerman.com

     John H. Thompson (Admitted *pro hac vice*)
     AKERMAN LLP
     750 Ninth Street, N.W. 750
     Washington, D.C. 20001
     Telephone: (202) 824-1760
     Facsimile:  (202) 393-5959
     Email: john.thompson@akerman.com

4

Leif M. Clark
Leif M Clark Consulting PLLC
1105 Bonner
Houston, TX 77007
Telephone: (210) 663-5183
Email: lmclark@leifmclark.com

*Counsel for Visual Semiconductor, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **Stream TV Networks, Inc.**, *et al.* | : | **Bankruptcy No. 23-10763 (AMC)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)**[1] |
|  | : |  |

**ORDER (A) APPROVING BIDDING PROCEDURES AND FORM OF ASSET
PURCHASE AGREEMENT IN CONNECTION WITH THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) APPROVING
PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING PROCEDURES FOR
SELECTION OF A STALKING HORSE BIDDER AND BID PROTECTIONS, AND (D)
GRANTING RELATED RELIEF**

Upon the motion (the "**Sale Motion**") of William A. Homony (the "**Trustee**") in his

capacity of Chapter 11 Trustee of Stream TV Networks, Inc. ("**Stream**") and Technovative Media

Inc. ("**Technovative**", and collectively with Stream, the "**Debtors**"), seeking entry of an order

(this **"Order"**), (a) authorizing and approving the bidding procedures attached hereto as Exhibit 1

(the "**Bidding Procedures**")[2] in connection with the sale of the Assets of the Debtors, the Stalking

Horse APA, and form of Asset Purchase Agreement in connection with the Sale, (b) approving the

form and manner of notice of the Auction and the Sale Hearing, (c) scheduling the Sale Hearing

and setting other related dates, (d) approving procedures for the assumption and assignment of

executory contracts and unexpired leases and noticing of related Cure Payments, (e) granting the

Sale Motion and (f) granting related relief; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having the power to enter a final order

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re
Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the
Declaration of the Trustee in Support of the Motion, as applicable.

4858-4678-3740 v3

135

consistent with Article III of the United States Constitution; and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing

on the Motion were appropriate under the circumstances and no further notice need be provided;

and this Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before this Court; and this Court having determined that the legal

and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted

herein; and this Court having determined that the relief requested by the Motion is in the best

interests of the Debtors, its estate, creditors, and other parties in interest; and upon all of the

proceedings in this Chapter 11 case conducted before this Court; and after due deliberation and

sufficient cause appearing therefore and any remaining objections having been withdrawn or

overruled, it is hereby **FOUND, CONCLUDED AND DETERMINED THAT**:

A.      Jurisdiction; Venue. This Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory

predicates for the relief sought herein are sections 105, 363, and 365 of the Bankruptcy Code and

Bankruptcy Rules 2002, 6004, and 6006. Venue for these cases and the Motion in this district is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Bidding Procedures. The Trustee has articulated good and sufficient reasons for

authorizing and approving the Bidding Procedures attached hereto as **Exhibit 1**, which are fair,

reasonable, and appropriate under the circumstances and designed to maximize the value of the

Assets. The Bidding Procedures were negotiated in good faith and at arm's length and are

reasonably designed to promote a competitive and robust bidding process to generate the greatest

level of interest in the Assets.

2

C.    <u>Asset Purchase Agreement</u>. That certain Asset Purchase Agreement, originally filed on the docket on September 30, 2024 (D.I. #750), and amended on November 11, 2024 (D.I. #795), among the Debtors and SeeCubic, Inc. (the "**Stalking Horse Bidder**") (as amended, the "**Stalking Horse APA**") was negotiated in good faith and at arm's length between the parties and may serve as a reasonable and appropriate baseline for soliciting other bids for the Assets.

D.    <u>Stalking Horse Bidder</u>. The Stalking Horse Bid as reflected in the Stalking Horse APA represents the highest and best offer the Trustee has received to date. The Stalking Horse APA provides the Debtors with the opportunity to sell the Assets in order to preserve and realize their going concern value and provide a floor for a further marketing and auction process. The Stalking Horse Bid will secure a fair and adequate baseline price for the Assets and, accordingly, will provide a clear benefit to the Debtors' estates, their creditors, and all other parties in interest. The Stalking Horse Bidder is not an "insider" or "affiliate" of either of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stakeholders exist between the Stalking Horse Bidder and the Debtors.

E.    <u>Sale Notice</u>. The notice, substantially in the form attached hereto as **Exhibit 2**, as amended, provided by the Trustee regarding the Sale of the Assets by the Auction and Sale Hearing (the "**Sale Notice**") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including: (i) the date, time, and place of the Auction; (ii) the Bidding Procedures and certain dates and deadlines related thereto; (iii) the objection deadline for the Motion and the date, time, and place of the Sale Hearing; (iv) specific identification of the Assets for sale; (v) instructions for promptly obtaining a copy of the Stalking Horse APA; (vi) representations describing the Sale as being free and clear of liens, claims, interests, and other encumbrances, with all such liens, claims, interests, and other encumbrances attaching to the sale

proceeds with the same validity and priority; and (vii) notice of the proposed assumption and assignment of the Assigned Contracts to the Successful Bidder and the right, procedures, and deadlines for objecting thereto, and no further notice of the Sale shall be required.

F.  _Assumption and Assignment Procedures_. The Motion and the Contract Assumption Notice (as defined herein) are reasonably calculated to provide counterparties to the Assigned Contracts with proper notice of the intended assumption and assignment of their executory contracts and any Cure Payments (as defined herein). The Assumption Procedures (as defined herein) are appropriate.

G.  _Other Findings_. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT**:

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors and the Trustee are authorized to enter into and perform under the Stalking Horse APA, which shall be subject to higher or otherwise better offers in accordance with the terms of this Order and the Bidding Procedures.

**I.  Important Dates and Deadlines**

3.  **Sale Hearing**. The Sale Hearing will commence on **December 4, 2024, at 1:00 P.M. (prevailing Eastern Standard Time)** before the Honorable Ashely M. Chan, United States Bankruptcy Judge, in the United States Bankruptcy Court, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA, 19107, in Courtroom No. 4.

4858-4678-3740 v3

4.     **Sale Objection Deadline**. Objections, if any, to the Motion and the Sale of the Assets to a Successful Bidder, except objections solely related to the identity of the Successful Bidder and adequate assurance of future performance by a Successful Bidder, must be filed by **November 22, 2024, at 4:00 P.M. (prevailing Eastern Standard Time)** (the "**Sale Objection Deadline**"). Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must be made at the Sale Hearing (the "**Supplemental Limited Sale Objection Deadline**"). In each case, all objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Sale Objection Deadline or the Supplemental Limited Sale Objection Deadline, as applicable, and served on (i) counsel to the Trustee so as to be received by the applicable objection deadline as set forth in the Procedures Order and (ii) any other entity on the Master Service List.  Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must additionally be served on counsel to the Successful Bidder.

5.     **Response Deadline**. Responses or replies, if any, to timely filed objections to the entry of the Sale Order approving a Sale to the Successful Bidder must be filed on or before **November 29, 2024, at 4:00 P.M. (prevailing Eastern Standard Time)**, provided that such deadline may be extended by agreement of the Trustee and the affected objecting party. Responses or replies, if any, to timely filed objections to the identity of the Successful Bidder and/or adequate assurance of future performance may be presented at the Sale Hearing.

6.     **Competitive Bidding**. The following dates regarding the competitive bidding process are hereby established and approved:

4858-4678-3740 v3

a. **Bid Deadline: December 2, 2024, at 12:00 P.M. (prevailing Eastern Standard Time)**, the deadline by which all Qualified Bids (as defined in the Bidding Procedures) must be actually received in writing in electronic format by the parties specified in the Bidding Procedures (the "Bid Deadline"); and

b. **Auction: December 3, 2024, at 10:00 A.M. (prevailing Eastern Standard Time)**, is the date and time the Auction, if required, which will be held at the offices of counsel to the Trustee, Obermayer Rebmann Maxwell & Hippel LLP, 1500 Market Street, Suite 3400 Philadelphia, PA, 19102 or such other place and time as the Trustee shall notify all Qualified Bidders that have submitted Qualified Bids, and the Secured Creditors and their counsel.

## II. Bidding Procedures and Related Relief

### A. Bidding Procedures.

7. The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved in their entirety. The Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed Sale, and any party desiring to submit an offer for the Assets must comply with the terms of the Bidding Procedures and this Order. The Bidding Procedures shall also govern the terms on which the Trustee will proceed with the Auction and/or the Sale. The Trustee is authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

8. No person or entity shall be entitled to any expense reimbursement, break-up fee, "topping," or other similar bid protections or fee or payment.

9. The deposits provided by all Qualified Bidders shall be deemed held in escrow in a designated non-interest bearing account by the Trustee and shall not become property of the

6

4858-4678-3740 v3

Debtors' bankruptcy estates unless and until released from escrow to the Trustee pursuant to an Order of this Court.

10. The Stalking Horse Bidder is a Qualified Bidder and the Stalking Horse Bid is a Qualified Bid for all purposes.

## III. Auction

11. The Trustee is authorized, subject to the terms of this Order and the Bidding Procedures, to take actions reasonably necessary, in the discretion of the Trustee, to conduct and implement the Auction.

12. Only the Trustee (and his professionals and advisors), and any Qualified Bidder, in each case, along with their representatives and counsel, or such other parties as the Trustee shall determine, shall attend the Auction and only such Qualified Bidders will be entitled to make Bids at the Auction. Pursuant to the Hawk Settlement, the Secured Creditors shall be deemed to be a Qualified Bidder for all purposes under the Bid Procedures.

13. The Trustee and his professionals shall direct and preside over the Auction and the Auction shall be transcribed. Other than as expressly set forth in this Order or the Bidding Procedures, the Trustee may conduct the Auction in the manner he reasonably determines will result in the highest or otherwise best Qualified Bid.

14. Each Qualified Bidder participating in the Auction must confirm on the record that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the Assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures; and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, the Sale, or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

4858-4678-3740 v3

15. The Trustee may (a) select, in its business judgment, pursuant to the Bidding Procedures, the overall highest or otherwise best Qualified Bid and the Successful Bidder, and (b) reject any bid that, in the Trustee's business judgment, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the Bidding Procedures, or (iii) contrary to the best interests of the Debtors, their respective estates, their creditors, and parties-in-interest.

## IV. Sale Hearing Notice and Related Relief

16. The Sale Notice is hereby approved. On or before November 20, 2024 (the "**Mailing Date**"), the Trustee will cause the Sale Notice to be served on: (a) any party that has filed a notice of appearance in these Chapter 11 cases; (b) any entity on the Master Service List; (c) any parties known or reasonably believed to have expressed an interest in the Assets or any portion thereof; (d) all entities known or reasonably believed to have asserted a lien, encumbrance, claim, or other interest in the Assets; (e) all parties to executory contracts and unexpired leases to be assumed and assigned, or rejected as part of the Sale; (f) all applicable state and local taxing authorities; and (g) any governmental agency that has a reasonably known interest with respect to the Sale and transactions proposed thereunder.

## V. Assumption and Assignment Procedures

17. The procedures set forth below regarding the assumption and assignment of the executory contracts and unexpired leases proposed to be assumed by the Successful Bidder pursuant to section 365(b) of the Bankruptcy Code and assigned to the Successful Bidder pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale (the "**Assumption Procedures**") are hereby approved to the extent set forth herein.

18. The Assumption Procedures shall govern the assumption and assignment of all of

4858-4678-3740 v3

the Debtors' executory contracts and unexpired leases to be assumed and assigned in connection with the Sale under the Asset Purchase Agreement (each, an "**Assigned Contract**," and, collectively, the "**Assigned Contracts**"), subject to the payment of any payments necessary to cure any defaults arising under any Assigned Contract (the "**Cure Payments**"), the provision of adequate assurance by the Debtors or the Successful Bidder, as applicable, that Buyer will promptly cure any non-monetary defaults existing prior to the Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Successful Bidder under the Assigned Contracts:

a.　　**Contract Assumption Notice**: On November 21, 2024 (the "**Assumption and Assignment Service Deadline**"), the Trustee shall serve a notice of contract assumption in substantially the form attached hereto as **Exhibit 3** (the "**Contract Assumption Notice**") via overnight delivery on all counterparties to all potential Assigned Contracts and provide a copy of the same to the Secured Creditors and their counsel. The Contract Assumption Notice shall inform each recipient of the timing and procedures relating to such assumption and assignment, and, to the extent applicable, (i) the title of the executory contract or unexpired lease, as applicable, (ii) the name of the counterparty to the executory contract or unexpired lease, as applicable, (iii) the Trustee's good faith estimates of the Cure Payments required in connection with the executory contract or unexpired lease, as applicable, and (iv) the Sale Objection Deadline; provided, however, that service of a Contract Assumption Notice does not constitute an admission that any contract is an executory contract or unexpired lease, as applicable, or that the stated Cure Payment related to any executory contract or unexpired lease constitutes a claim against the Debtors' estates. Further, the inclusion of an executory contract or unexpired lease, as applicable, on the Contract Assumption Notice is not a guarantee that such executory contract or unexpired lease, as

9

applicable, will ultimately be assumed and assigned.

        b.     **Cure Payments and Adequate Assurance of Future Performance**: The payment of the applicable Cure Payments by Successful Bidder, as applicable, the provision of adequate assurance by the Successful Bidder, as applicable, that they will promptly cure any non-monetary defaults existing prior to the Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Successful Bidder under the Assigned Contracts shall (i) effect a cure of all defaults existing thereunder, and (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default.

        c.     **Supplemental Contract Assumption Notice**: Pursuant to the terms of the Stalking Horse APA or the Modified APA, as applicable, or as otherwise agreed by the Trustee and the Successful Bidder, at any time after the Assumption and Assignment Service Deadline and prior to one (1) business day before Closing, the Successful Bidder has the right to (i) supplement the list of Assigned Contracts with previously omitted executory contracts and/or unexpired leases ("**Additional Assigned Contracts**"), (ii) remove Assigned Contracts from the list of executory contracts and unexpired leases ultimately selected as Assigned Contracts that a Successful Bidder proposes to be assumed and assigned to it in connection with a Sale ("**Removed Assigned Contracts**"), and/or (iii) modify the previously stated Cure Payment associated with any Assigned Contracts.

        d.     **Objections**: Objections, if any, to the proposed assumption and assignment or the Cure Payment proposed with respect thereto, must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed amount of the Cure Payment, the correct cure amount alleged by the objecting counterparty, together with any

4858-4678-3740 v3

applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and

served upon, so as to be actually received by counsel to the Trustee and the Successful Bidder or

the Stalking Horse Bidder (as applicable) on or before seven (7) days after service of the Contract

Assumption Notice (the "**Cure Objection Deadline**"), or such deadline set forth in the

Supplemental Assumption Notice. Objections to assumption and assignment solely with respect

to the adequate assurance of future performance from the Successful Bidder, however, must be

received before the start of the Sale Hearing, or such deadline set forth in the Supplemental

Assumption Notice. Any party failing to timely file an objection to the cure amount, the proposed

assumption and assignment of an Assigned Contract or Additional Assigned Contract listed on the

Contract Assumption Notice or Supplemental Assumption Notice, as applicable, or the Sale is

deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such

Assigned Contract or Additional Assigned Contract (including the adequate assurance of future

performance), (c) the related relief requested in the Motion, and (d) the Sale. Such party shall be

forever barred and estopped from objecting to the Cure Payment, the assumption and assignment

of the Assigned Contract, or Additional Assigned Contract, adequate assurance of future

performance, the relief requested in the Motion, whether applicable law excuses such counterparty

from accepting performance by, or rendering performance to, the Successful Bidder, as applicable,

for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure

or other amounts against the Debtors and the Successful Bidder, as applicable, with respect to such

party's Assigned Contract or Additional Assigned Contract.

19.     The Trustee shall have no liability or obligation with respect to defaults relating to

the Assigned Contracts arising, accruing, or relating to a period on or after the effective date of

assignment, or for the payment of any cure costs.

4858-4678-3740 v3

## VI.    Other Related Relief

20.    Any objections to the entry of this Order and the relief granted herein that have not been withdrawn, waived, resolved or settled, and all reservations of rights included therein, are hereby expressly overruled.

21.    The Trustee shall have no personal liability for any obligations of the Debtors' estates.

22.    Any obligations of the Debtors set forth in this Order and any Asset Purchase Agreement that are intended to be performed by the Trustee prior to the Sale Hearing and/or entry of the Sale Order are authorized as set forth herein.

23.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

24.    To the extent the provisions of this Order are inconsistent with the provisions of any exhibits referenced herein or with the Motion, the provisions of this Order shall control.

25.    The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

26.    The Stalking Horse Bidder or its designee has standing to seek to enforce the terms of this Order.

27.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


BY THE COURT:

Date: Nov. 20, 2024

_____
Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

12

**Exhibit 1**
**Bidding Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | **:** | |
| **In re:** | **:** | **Chapter 11** |
| | **:** | |
| **Stream TV Networks, Inc.,** *et al.* | **:** | **Bankruptcy No. 23-10763 (AMC)** |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)[1]** |
| | **:** | |

### BIDDING PROCEDURES

On March 15, 2023, (the "**Petition Date**"), Stream TV Networks, Inc. ("**Stream**") and Technovative Media, Inc ("**Technovative**" and collectively with Stream, the "**Debtors**") filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), in the Bankruptcy Court for the Eastern District of Pennsylvania (the "**Court**").

On January 9, 2024, William A. Homony was appointed as Chapter 11 Trustee of the Debtors' estates (the "**Trustee**") in order to determine, *inter alia*, if it would be beneficial to pursue a sale of substantially all of the Debtors' Assets.

On XXXXX, 2024, the Court entered an order [Docket No. [WW]] (the "**Bidding Procedures Order**")[2] approving, among other things, these bidding procedures (the "**Bidding Procedures**") and the Stalking Horse APA , pursuant to which SeeCubic, Inc. (the "**Stalking Horse Bidder**") has committed to provide a credit bid, pursuant to section 363(k) of the Bankruptcy Code in the amount of $150,000,000.00 in partial satisfaction of the Allowed Secured Claim (as defined in the Stalking Horse APA) (the "**Stalking Horse Bid**") pursuant to the terms of the Hawk Settlement. Pursuant to the Bidding Procedures, the Stalking Horse Bid is subject to higher or better offers, the outcome of the Auction (as defined herein) if one is needed, and approval of the Court.

These Bidding Procedures set forth, among other things, (i) the procedures for bidders to submit bids for an investment in, or other acquisition of, the Debtors' Assets pursuant to an order of the Bankruptcy Court approving such transaction (the "**Sale**"); (ii) the manner in which bidders and bids become Qualified Bidders and Qualified Bids; (iii) the process for negotiating the bids received; (iv) the process by which the Trustee is authorized to conduct the auction ("**Auction**") for the Sale; (v) the procedure for the ultimate selection of any Successful Bidder; and (vi) the process for approval of a potential Sale at a Sale Hearing (each as defined herein).

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] All terms used but not otherwise defined herein shall have the meanings ascribed to them in the motion for approval of the Bidding Procedures (the "**Motion**").

Pursuant to these Bidding Procedures, the Trustee and his advisors shall (i) determine whether any person is a Qualified Bidder (as defined below), (ii) coordinate the efforts of Potential Bidders (as defined below) in conducting their due diligence activities, (iii) receive offers from Potential Bidders, and (iv) negotiate any offers made to acquire the Assets.

The key dates for the sale process are as follows:

| Date/Time | Event |
|---|---|
| November 22, 2024 at 4:00 P.M. prevailing Eastern Standard Time | Sale Objection Deadline[3] |
| November 29, 2024 at 4:00 P.M. prevailing Eastern Standard Time | Sale Objection Response Deadline |
| December 2, 2024 at 12:00 P.M. prevailing Eastern Standard Time | Bid Deadline - Due Date for Bids and Deposits |
| December 3, 2024 at 10:00 A.M. prevailing Eastern Standard Time | Auction |
| At the Sale Hearing | Supplemental Limited Sale Objection Response Deadline |
| December 4, 2024 at 1:00 P.M.. prevailing Eastern Standard Time | Sale Hearing |
| December 10, 2024 | Closing |

### Due Diligence

**Access to Diligence Materials**

To participate in the bidding process and to receive access to due diligence (the "**Diligence Materials**"), a party interested in acquiring the Debtors' Assets must submit to the Trustee (i) an executed nondisclosure agreement in such form reasonably satisfactory to the Trustee, (ii) reasonable evidence demonstrating the party's financial capability to consummate a Sale as reasonably determined by the Trustee, and (iii) a statement that such party has a bona fide interest in submitting a bid. A party who qualifies for access to Diligence Materials pursuant to these Bidding Procedures shall be a "**Potential Bidder**." The Secured Creditors will be deemed a Potential Bidder at all times.

The Trustee will afford any Potential Bidder the time and opportunity to conduct reasonable due diligence, as determined by the Trustee, access to the electronic data room and other information that a Potential Bidder may reasonably request; provided, however, that the Trustee shall not be obligated to furnish any due diligence information after the Bid Deadline to any party that has not submitted a Qualified Bid (as defined below). The availability of additional due diligence to a Qualified Bidder will cease on the date of the Auction; provided, however, that the Successful Bidder shall be permitted to continue to conduct due diligence until the Closing of

---

[3] This deadline applies to all objections to the Sale Motion as well as the Sale of the Assets with the exception of objections solely related to the identity of the Successful Bidder and adequate assurance of future performance by the Successful Bidder.

the Sale (subject to the terms of the Successful Bidder Asset Purchase Agreement (as defined below)). The Trustee reserves the right to withhold any Diligence Materials that the Trustee determines are not appropriate for disclosure to a Potential Bidder who is a competitor of the Debtors or is affiliated with any competitor of the Debtors. Neither the Trustee nor its representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Potential Bidder.

Each Potential Bidder will be deemed to acknowledge and represent it (a) has had an opportunity to conduct any and all due diligence regarding the Debtors' Assets and liabilities that are the subject of the Auction prior to making any such bid, (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the assets in making its bid, and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise regarding the Debtors' assets or liabilities, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures.

All due diligence requests must be directed to the Trustee's investment banker, J. Scott Victor, Managing Director, SSG Capital Advisors, LLC; 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428: Direct: 610-940-5802; Mobile: 215-816-8118; jsvictor@ssgca.com.

**Due Diligence from Potential Bidders**

Each Potential Bidder shall comply with all reasonable requests for additional information and due diligence access by the Trustee or his advisors regarding the ability of such Potential Bidder to consummate its transaction. Failure to comply with such reasonable requests for additional information and due diligence access may be a basis for the Trustee to determine that such bidder (including any Qualified Bidder) is no longer a Potential Bidder or that the Bid made by such bidder will not be considered a Qualified Bid.

## Designation of Stalking Horse Bidder

The Trustee is authorized to name SeeCubic, Inc. ("**SCI**") as the Stalking Horse Bidder, (as defined in the Sale Motion) in connection with the Auction and enter into the stalking horse APA (a "**Stalking Horse APA**"; the Bid memorialized by the Stalking Horse APA, the "**Stalking Horse Bid**") with no bid protections.

## Communications with Potential Bidders

There must be no communications between and among Potential Bidders unless the Trustee has previously authorized such communication in writing or with the participation of the Trustee or the Trustee's advisors, and each Potential Bidder shall be deemed to have so represented to the Trustee and the Court. The Trustee reserves the right, in his reasonable business judgment, to disqualify any Potential Bidder(s) that have communications between and among themselves without the participation of the Trustee or the Trustee's prior written consent.

3

4858-4678-3740 v3

## Bid Deadline

The Trustee shall assist Potential Bidders in conducting their respective due diligence investigations and shall accept Bids (as defined below) until **December 2, 2024, at 12:00 p.m. (prevailing Eastern Standard Time)** (the "**Bid Deadline**") to acquire the Assets.

Parties interested in becoming a Qualified Bidder for Debtors' Assets are encouraged to submit a Qualified Bid to the Trustee's Investment Banker: J. Scott Victor and Teresa C. Kohl, Managing Directors, SSG Advisors, LLC; 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428: Direct: 610-940-5802; J. Scott Victor Mobile: 215-816-8118 and Teresa C. Kohl Mobile: 215-280-6766; jsvictor@ssgca.com and tkohl@ssgca.com.

**The submission of a Bid by the Bid Deadline shall constitute a binding and irrevocable offer to acquire the assets specified in such Bid.** Any party that does not submit a Bid by the Bid Deadline will not be allowed to (i) submit any offer after the Bid Deadline or (ii) participate in any Auction.

No later than the Bid Deadline, a Potential Bidder that desires to make a bid to consummate the Sale shall deliver written copies of its Bid (as defined below) in electronic format to: (i) the Trustee (bhomony@mctllp.com); (ii) counsel to the Trustee, Obermayer Rebmann Maxwell & Hippel LLP (edmond.george@obermayer.com); (iii) investment banker to the Trustee, J. Scott Victor and Teresa C. Kohl, Managing Directors, SSG Capital Advisors, LLC; 300 Barr Harbor Drive, Suite 420 West Conshohocken, PA 19428: Direct: 610-940-5802; J. Scott Victor, Mobile: 215-816-8118 and Teresa C. Kohl Mobile: 215-280-6766; jsvictor@ssgca.com and tkohl@ssgca.com; and (iv) Office of the United States Trustee.

The Trustee may extend the Bid Deadline without further order of the Bankruptcy Court, subject to providing notice to all Potential Bidders and the Stalking Horse Bidder.

## Determination of Qualified Bid Status

To be eligible for consideration as a Qualified Bid and to participate in the Auction, each Potential Bidder must deliver to the Trustee, his counsel and his advisors, a written, irrevocable, signed offer (each, a "**Bid**") prior to the Bid Deadline that must be determined by the Trustee, in its business judgment, to satisfy each of the following conditions; *provided*, that for the avoidance of doubt, the Stalking Horse Bid is a Qualified Bid, and the Stalking Horse Bidder is a Qualified Bidder:[4]

    a.    **Good Faith Offer**: Each Bid must constitute a good faith, bona fide offer to purchase all or certain of the Assets (it being understood that partial bids may be permitted only if the combined consideration thereof satisfies the requirements of a Minimum Bid, as defined below).

---

[4] The Trustee may, in his sole and exclusive discretion, waive any of the following requirements for a Bid to constitute a Qualified Bid to the extent reasonably necessary to promote bids and a robust Auction so long as any such waiver is not materially inconsistent with these Bidding Procedures.

4

4858-4678-3740 v3

b. **Good Faith Deposit**: Each Bid must be accompanied by a deposit in the amount of ten percent (10%) of the total Purchase Price (as defined in the Modified APA (as defined below)), before any reductions for assumed liabilities (the "**Good Faith Deposit**"). The Good Faith Deposit shall come in the form of a wire transfer, certified check or other form acceptable to the Trustee, in his sole and exclusive discretion. Each Good Faith Deposit will be deposited and held in one or more non-interest-bearing accounts by the Trustee but shall not become property of the Debtors' estates absent further Order of the Bankruptcy Court. Wire instructions will be provided by the Trustee upon request.

c. **Executed Agreement**: Each Bid must include an executed Asset Purchase Agreement (a "**Modified APA**") substantially in the form of the Stalking Horse APA, and any necessary transaction documents, signed by an authorized representative of such Potential Bidder, pursuant to which the Potential Bidder proposes to effectuate the acquisition of substantially all of the Assets of the Debtors. Each Bid must also include a copy of the Modified APA marked against the Stalking Horse APA to show all changes requested by the Potential Bidder (including those related to the assumption and assignment of executory contracts and unexpired leases, and other material terms such that the Trustee may determine how such Bid compares to the terms of the Stalking Horse APA and competing Bids). Each Modified APA must provide a commitment to close within two (2) business days after all closing conditions are met, but in no event later than December 10, 2024.

d. **Purchase Price**: Each Bid must clearly identify the purchase price to be paid (the "**Purchase Price**") and identify how much of the Bid is being paid in cash. The non-cash component of the Bid, if any, shall be backed by a letter of credit or other security, over which the Secured Creditors shall have consultation rights as to the sufficiency and form of such security.

e. **Minimum Bid**: Qualified Bids must bid a minimum consideration equal to the Stalking Horse Bid, plus a minimum overbid amount equal to or greater than $250,000.00.

f. **Cash Requirements**: Each Bid must provide evidence of the ability to pay the cash portion of the Bid in cash in full. To the extent the Bid contains cash and non-cash portions, the allocations shall be identified in the Bid. If a non-cash portion is part of the Bid, the cash portion must be a minimum of $120,000,000.00. For the avoidance of doubt, the Secured Creditors shall have consultation rights with respect to the sufficiency of any non-cash component of the Purchase Price included in any Bid, as agreed upon and approved as part of the Hawk Settlement.

g. **Designation of Assigned Contracts and Leases**: A Bid must identify any and all executory contracts and unexpired leases of the Debtors that the Potential Bidder wishes to be assumed and assigned pursuant to a Sale. A Bid must specify whether the Debtors or the Potential Bidder will be responsible for any cure costs associated

4858-4678-3740 v3

with such assumption and assignment, and include a good faith estimate of such cure costs.

h.  **Designation of Assumed Liabilities**: A Bid must identify all liabilities which the Potential Bidder proposes to assume.

i.  **Corporate Authority**: A Bid must include written evidence reasonably acceptable to the Trustee demonstrating appropriate entity authorization to consummate the proposed Sale; provided that, if the Potential Bidder is an entity specially formed for the purpose of effectuating the Sale, then the Potential Bidder must furnish written evidence reasonably acceptable to the Trustee of the approval of the Sale by the equity or interest holder(s) of such Potential Bidder.

j.  **Disclosure of Identity of Potential Bidder**: A Bid must fully disclose the identity of each entity that will be bidding for or purchasing the Assets or otherwise participating in connection with such Bid (including the identity of any parent equity holders or other financial backers of such entity), and the complete terms of any such participation, including any connections, agreements, arrangements or understandings with the Debtors, or any other known, potential, prospective bidder, or Potential Bidder, or any officer, director, shareholder or member of the Debtors.

k.  **Disclosure of Connections**: A Bid must fully disclose any connections or agreements the Potential Bidder and any of its officers and/or directors have with the Debtors, their affiliates, any other known Potential Bidder, and/or any officer, director or equity holder of the Debtors.

l.  **Proof of Financial Ability to Perform**: A Bid must include written evidence that the Trustee may reasonably conclude, in consultation with his advisors, demonstrates that the Potential Bidder has the necessary financial wherewithal to timely consummate a Sale including the amount of any Overbid and must further contain information that can be publicly filed and/or disseminated providing adequate assurance of future performance of all executory contracts and unexpired leases to be assumed and assigned in such Sale. Such information must include the following:

   (1)  a statement that the Potential Bidder is financially capable of consummating the transaction contemplated by the Alternative APA;
   (2)  contact names and numbers for verification of financing sources;
   (3)  written evidence of the Potential Bidder's internal resources and proof of any debt funding commitments from a recognized banking institution and, if applicable, equity commitments in an aggregate amount equal to the cash portion of such Bid or the posting of an irrevocable letter of credit from a recognized banking institution issued in favor of the Debtors' estates in the amount of the cash portion of such Bid, in each case, as are needed to close the Sale;

6

(4)    the Potential Bidder's most current audited (if any) and latest unaudited financial statements or, if the bidder is an entity formed for the purpose of making a bid, the current audited (if any) and latest unaudited financial statements of the equity holder(s) of the bidder or such other form of financial disclosure, and a guaranty from such equity holder(s);

(5)    a description of the Potential Bidder's pro forma capital structure;

(6)    evidence of letters of credit or other forms of security to support any non-cash component of the Purchase Price, with respect to which the Secured Creditors shall have consultation rights over the sufficiency thereof; and

(7)    any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Trustee demonstrating that such Potential Bidder has the ability to promptly close the Sale.

m.    **Conditions/Contingencies**: Except as provided in the Stalking Horse APA, a Bid must not be subject to material conditions or contingencies to closing, including without limitation obtaining financing, internal approvals or further due diligence.

n.    **Bid Irrevocable**: A Bid must provide that it is irrevocable until two (2) business days after the closing of the Sale. Each Potential Bidder further agrees that its Bid, if not chosen as the Successful Bidder, shall serve, without modification, as a Backup Bidder (as defined below) as may be designated by the Trustee at the Sale Hearing, in the event the Successful Bidder fails to close as provided in the Successful Bidder Asset Purchase Agreement, if at all, and the Sale Order.

o.    **As-Is, Where-Is**: A Bid must include the following disclaimer: EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT OR ANY ANCILLARY DOCUMENT DELIVERED BY TRUSTEE PURSUANT TO THIS AGREEMENT (I) THE TRUSTEE MAKES NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AT LAW OR IN EQUITY, RELATING TO THE ASSETS OR THE ASSUMED LIABILITIES, INCLUDING ANY REPRESENTATION OR WARRANTY AS TO VALUE, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR FOR ORDINARY PURPOSES, OR ANY OTHER MATTER, (II) THE TRUSTEE MAKES NO, AND HEREBY DISCLAIM ANY, OTHER REPRESENTATION OR WARRANTY REGARDING THE ASSETS OR THE ASSUMED LIABILITIES, AND (III) THE ASSETS AND THE ASSUMED LIABILITIES ARE CONVEYED ON AN "AS IS, WHERE IS" BASIS AS OF THE CLOSING, AND THE BUYER SHALL RELY UPON ITS OWN EXAMINATION THEREOF. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, THE TRUSTEE MAKES NO REPRESENTATION OR WARRANTY REGARDING ANY ASSET.

p.    **Time Frame for Closing**: A Bid by a Potential Bidder must be reasonably likely to be consummated, if selected as the Successful Bid, within a time frame

4858-4678-3740 v3

154

acceptable to the Trustee, which in no event shall be later than [December 10], 2024.

q. **Consent to Jurisdiction**: Each Potential Bidder must (i) submit to the jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Debtors, the Bidding Procedures, the Auction, any Modified APA, or the construction and enforcement of documents relating to any Sale, (ii) waive any right to a jury trial in connection with any disputes relating to the Debtors the Bidding Procedures, the Auction, any Modified APA, or the construction and enforcement of documents relating to any Sale, and (iii) commit to the entry of a final order or judgment in any way related to the Debtors, the Bidding Procedures, the Auction, any Modified APA, or the construction and enforcement of documents relating to any Sale if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

r. **No Bid Protections**: A Bid must not entitle the Potential Bidder to any break-up fee, termination fee, transaction fee, expense reimbursement, or any similar type of payment or reimbursement and, by submitting a Bid, the Potential Bidder waives the right to pursue a substantial contribution claim under 11 U.S.C. § 503 related in any way to the submission of its Bid or participation in any Auction. Each Potential Bidder presenting a Bid will bear its own costs and expenses (including legal fees) in connection with any proposed Sale.

s. **Representations and Warranties**: A Bid must include the following representations and warranties:

   i.   a statement that the Potential Bidder has had an opportunity to conduct any and all due diligence regarding the applicable assets prior to submitting its Bid;

   ii.  a statement that the Potential Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the assets in making its Bid and did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Potential Bidder's Modified APA ultimately accepted and executed by the Trustee;

   iii. a statement that the Potential Bidder agrees to serve as Back-Up Bidder, if its Bid is selected as the next highest or next best bid after the Successful Bid with respect to the applicable assets;

   iv.  a statement that the Potential Bidder has not engaged in any collusion with respect to the submission of its Bid;

   v.   a statement that all proof of financial ability to consummate a Sale Transaction in a timely manner and all information provided to support adequate assurance of future performance is true and correct; and

8

vi.    a statement that the Potential Bidder agrees to be bound by the terms of the Bidding Procedures.

### Review of Bids; Designation of Qualified Bids

A Bid received from a Potential Bidder that meets the above requirements, as determined by the Trustee (in consultation with the Secured Creditors, as set forth above), shall constitute a "**Qualified Bid**" for such Assets (and such Potential Bidder, a "**Qualified Bidder**"); *provided* that if the Trustee receives a Bid prior to the Bid Deadline that is not a Qualified Bid, the Trustee (in consultation with the Secured Creditors) may provide the Potential Bidder with the opportunity to cure or remedy any deficiencies prior to the Bid Deadline; *provided further*, that the Stalking Horse Bid is a Qualified Bid and the Stalking Horse Bidder is a Qualified Bidder.

On or before December 2, 2024, at 6:00 P.M. (prevailing Eastern Standard Time), the Trustee and his advisors (in consultation with the Secured Creditors), will determine which Potential Bidders are Qualified Bidders and will notify the Potential Bidders whether Bids submitted constitute Qualified Bids so as to enable such Qualified Bidders to bid at the Auction. Any Bid that is not deemed a Qualified Bid will not be considered by the Trustee. To the extent there is any dispute regarding whether a bidder is a Qualified Bidder, such dispute may be raised with the Bankruptcy Court on an expedited basis prior to the commencement of the Auction.

Prior to the Auction, the Trustee and its advisors will evaluate Qualified Bids and identify the Qualified Bid that is, in the Trustee's reasonable business judgment the highest or otherwise best bid (the "**Starting Bid**"). The Starting Bid may be the bid of the Stalking Horse Bidder or any other higher or better Qualified Bid. In making such determination, the Trustee will take into account, among other things, the execution risk attendant to any Qualified Bids. On or before December 2, 2024, at 11:59 P.M. (prevailing Eastern Standard Time), the Trustee will (i) notify the Qualified Bidders as to which Qualified Bid is the Starting Bid, and (ii) distribute copies of the Starting Bid to each Qualified Bidder who has submitted a Qualified Bid.

If any Bid is determined by the Trustee not to be a Qualified Bid, the Trustee will refund such Potential Bidder's Good Faith Deposit on or within ten (10) business days after the Bid Deadline.

By submitting its Bid, each Potential Bidder is agreeing with each other Potential Bidder to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the Auction after the Auction.

Without the written consent of the Trustee, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase the Purchase Price or otherwise improve the terms of the Qualified Bid during the period that such Qualified Bid remains binding as specified herein; *provided*, that any Qualified Bid may be improved at the Auction as set forth in these Bidding Procedures.

4858-4678-3740 v3

156

## Auction

If two or more Qualified Bids are received by the Bid Deadline, the Trustee will conduct an auction (the "**Auction**") to determine the highest and otherwise best Qualified Bid. This determination shall take into account any factors the Trustee reasonably deems relevant to the value of the Qualified Bid to the estate and may include, but are not limited to, the following: (a) the amount and nature of the consideration, including any assumed liabilities; (b) the number, type and nature of any changes to the Stalking Horse APA requested by each Qualified Bidder; (c) the extent to which such modifications or provisions are likely to delay closing of the sale of the Debtors' Assets and the cost to the Debtors' estates of such modifications or delay; (d) the total consideration to be received by the Debtors; (e) the likelihood the Qualified Bidder can close the transaction timely; and (f) any other qualitative or quantitative factor the Trustee deems reasonably appropriate under the circumstances (collectively, the "**Bid Assessment Criteria**"). Notwithstanding anything herein to the contrary, the Trustee may select a combination of Qualified Bids for the Assets, in any combination that yields the highest and best value for the Debtors' respective estates.

If no Qualified Bid (other than the Stalking Horse Bid) is received by the Bid Deadline, the Trustee will not conduct the Auction, and shall file a notice with the Bankruptcy Court indicating that no Auction will be held and that the Stalking Horse Bid shall be deemed the "Successful Bid" (and the Stalking Horse Bidder, the "Successful Bidder"), as otherwise defined below and as used in the Bidding Procedures Motion.

## Procedures for Auction

If the Trustee receives two (2) or more Qualified Bids, the Auction shall take place on December 3, 2024, at 10:00 A.M. (EST) at the offices of Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, or such other place and time as determined by the Trustee. The Auction may be postponed, adjourned or cancelled as the Trustee deems appropriate, in consultation with the Secured Creditors, provided the Trustee provides notice of such postponement or adjournment and the time and place for the commencement of the Auction. The Auction shall be conducted according to the following procedures:

## Participation

Only the Trustee, his advisors, and any Qualified Bidder that has submitted a Qualified Bid, in each case, along with their representatives and counsel, or such other parties as the Trustee shall determine shall attend the Auction and only such Qualified Bidders will be entitled to make any Bids at the Auction.

4858-4678-3740 v3

**The Trustee Shall Conduct the Auction**

The Trustee and his professionals shall direct and preside over the Auction and the Auction shall be transcribed. Other than as expressly set forth herein, the Trustee may conduct the Auction in the manner he reasonably determines will result in the highest or otherwise best Qualified Bid. The Trustee shall provide each participant in the Auction with a copy of the Modified APA or Stalking Horse APA, as applicable, associated with the Starting Bid. In addition, at the start of the Auction, the Trustee shall describe the terms of the Starting Bid. Each Qualified Bidder participating in the Auction must confirm, both before and after the Auction, that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the Assets described herein, and (b) has reviewed, understands and accepts the Bidding Procedures.

All Qualified Bidders may submit further Bids, along with a markup or a further markup of the applicable APA. The Auction will be conducted in rounds. At any time, a Qualified Bidder may request that the Trustee announce the current highest and best bid. If requested, the Trustee shall use reasonable efforts to clarify any and all questions any Qualified Bidder may have regarding the Trustee's announcement of the Starting Bid or the then current and highest bid.

The Trustee may announce at the Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction so long as such rules are not inconsistent with the Bidding Procedures.

**Overbids**

An "Overbid" is any bid made at the Auction subsequent to the Trustee's announcement of the respective Starting Bid. Any Overbid for purposes of this Auction must comply with the following conditions:

a.    **Minimum Overbid Increments**: Any Overbid after and above the respective Starting Bid or any subsequent Overbid shall be made in increments valued at not less than $250,000.00. The Trustee reserves the right to increase or decrease any subsequent increments, after the first Overbid.

b.    **Remaining Terms Are the Same as for Qualified Bids**: Except as modified herein, an Overbid at the Auction must comply with the conditions for a Qualified Bid set forth above, provided, however, that (i) the Bid Deadline shall not apply and (ii) no additional Good Faith Deposit shall be required beyond the Good Faith Deposit previously submitted by a Qualified Bidder, provided that the Successful Bidder (only if the Successful Bidder is not the Stalking Horse Bidder) shall be required to make a representation at the end of the Auction that it will provide any additional deposit necessary so that its Good Faith Deposit is equal to the amount of ten percent (10%) of the Purchase Price contained in the Successful Bid. Any Overbid must include, in addition to the amount and the form of consideration of the Overbid, a description of all changes requested by the Qualified Bidder to the Stalking Horse APA or its Modified APA, as applicable, in connection therewith (including any changes to the designated assigned executory contracts and

11

unexpired leases and assumed liabilities). Any Overbid must remain open and binding on the Qualified Bidder until and unless the Trustee accepts a higher or otherwise better Overbid from another Qualified Bidder (except, to the extent required hereby, to serve as the Backup Bid). At the Trustee's discretion, to the extent not previously provided, a Qualified Bidder submitting an Overbid at the Auction must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information reasonably acceptable to the Trustee) reasonably demonstrating such Qualified Bidder's ability to close the Sale proposed by such Overbid, and the Trustee shall consult with the Secured Creditors *only* with respect to the sufficiency of security related to any non-cash component of an Overbid submitted by any Qualified Bidder as part of the Auction.

**Announcement and Consideration of Overbids**

a. **Announcement of Overbids**: The Trustee shall announce at the Auction the material terms of each Overbid, the total amount of consideration offered in each such Overbid, the basis for calculating such total consideration and such other terms as the Trustee reasonably determines will facilitate the Auction.

b. **Consideration of Overbids**: Subject to the deadlines set forth herein, the Trustee reserves the right in its reasonable business judgment to make one or more continuances of the Auction to, among other things facilitate discussions between the Trustee and Qualified Bidders or allow a Qualified Bidder to consider how it wishes to proceed.

**Closing the Auction**

The Auction shall continue until there is one or more Qualified Bid(s) that the Trustee determines in his reasonable business judgment, is the highest and otherwise best Qualified Bid at the Auction. Thereafter, the Trustee shall select such Qualified Bid as the overall highest and otherwise best Qualified Bid (such Qualified Bid, the "**Successful Bid**," the Qualified Bidder submitting such Successful Bid, the "**Successful Bidder**" and the Qualified Bidder's purchase agreement, the "**Successful Bidder Asset Purchase Agreement**"). In making this decision, the Trustee shall consider the Bid Assessment Criteria.

The Auction shall close when the Successful Bidder submits fully executed sale and transaction documents memorializing the terms of the Successful Bid. Promptly following the Trustee's selection of the Successful Bid and the conclusion of the Auction, the Trustee shall announce the Successful Bid and Successful Bidder and shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder.

The Trustee shall not consider any Bids submitted after the conclusion of the Auction. For the avoidance of doubt, nothing in these Bidding Procedures shall prevent the Trustee from exercising its fiduciary duties under applicable law to maximize the value obtained for the Assets.

4858-4678-3740 v3

**Designation of Backup Bidder**

Notwithstanding anything in the Bidding Procedures to the contrary, if an Auction is conducted, the Qualified Bidder with the next highest and otherwise best Qualified Bid at the Auction after the Successful Bid, as determined by the Trustee, in the exercise of its business judgment will be designated as the backup bidder (the "**Backup Bidder**"). The Backup Bidder shall be required to keep its initial Qualified Bid (or if the Backup Bidder submitted one or more Overbids at the Auction, the Backup Bidder's final Overbid) (the "**Backup Bid**") open and irrevocable until the date that is two (2) days after the closing of the transaction with the Successful Bidder (the "**Outside Backup Date**").

Following the Sale Hearing, if the Successful Bidder fails to consummate an approved transaction, the Backup Bidder will be deemed to maintain the new prevailing Successful Bid (and its purchase agreement, the Successful Bidder Asset Purchase Agreement) and the Backup Bidder will be deemed to be the Successful Bidder, and the Trustee will be authorized, but not required, without further order of the Bankruptcy Court, to consummate the Sale with the Backup Bidder.

**Sale Is As Is/Where Is**

Except as otherwise provided in the Successful Bidder Asset Purchase Agreement or the Sale Order, the Assets or any other assets of the Debtors sold pursuant to the Bidding Procedures, shall be conveyed at the closing of a transaction with a Successful Bidder in their then-present condition, "**AS IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED.**" Except as may be set forth in the Successful Bidder Asset Purchase Agreement or the Sale Order, the Assets are sold free and clear of any and all liens, claims, interests, restrictions, charges and encumbrances of any kind or nature to the fullest extent permissible under the Bankruptcy Code, with such liens, claims, interests, restrictions, charges, and encumbrances to attach to the net proceeds of sale with the same validity and with the same priority.

**Sale Objections and Hearing**

A hearing to consider approval of the Successful Bid (the "**Sale Hearing**") is scheduled to take place on December 4, 2024, at 1:00 P.M. (prevailing Eastern Standard Time) before the Honorable Ashely M. Chan, Bankruptcy Judge, either telephonically or at the Courtroom 4 at the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107, or at such time thereafter as counsel may be heard. At the Sale Hearing, the Trustee will present the Successful Bid to the Bankruptcy Court for approval; provided, however, to the extent that the Successful Bid is to be implemented pursuant to a Plan, the Sale Hearing shall be used as a status conference.

Objections to the Sale (each, a "**Sale Objection**"), shall (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Trustee, would obviate such objection; (iv) conform to the Bankruptcy Rules and the Local Rules; (v) be filed with the Court (a) by registered users of

4858-4678-3740 v3

the Court's case filing system, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Court; and (vi) be served upon (i) counsel for the Trustee, (ii) counsel to the Secured Creditors, and (iii) any other entity on the Master Service List (the "**Objection Notice Parties**"), by **November 22, 2024 at 4:00 P.M. (prevailing Eastern Standard Time)** (the "**Sale Objection Deadline**"); provided, that the Trustee may extend the Sale Objection Deadline, as the Trustee deems appropriate in the exercise of their reasonable business judgment. If a timely Sale Objection cannot otherwise be resolved by the parties, such objection shall be heard by the Court at the Sale Hearing.

Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must be made before the start of the Sale Hearing (the "**Supplemental Limited Sale Objection Deadline**"), and must be served on the Objection Notice Parties, counsel to the Successful Bidder, the Successful Bidder, and the Backup Bidder.

Each Successful Bidder shall appear at the Sale Hearing and be prepared to have a representative(s) testify in support of its Successful Bid and such Successful Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all executory contracts and unexpired leases to be assumed and/or assigned as part of the proposed transaction.

Any party who fails to file with the Court and serve on the Objection Notice Parties a Sale Objection, other than an objection based solely based on the identity of the Successful Bidder and adequate assurance of future performance, by the Sale Objection Deadline may be forever barred from asserting, at the Sale Hearing or thereafter, any Sale Objection to the relief requested in the Motion with regard to a Successful Bidder, or to the consummation and performance of a Sale contemplated by a purchase or investment agreement between the Trustee and each Successful Bidder, including the transfer of the Assets to such Successful Bidder, free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363 of the Bankruptcy Code, and the assumption and assignment of executory contracts and unexpired leases.

<u>**Return of Good Faith Deposits of Qualified Bidders**</u>

The Good Faith Deposits of all Qualified Bidders shall be held in one or more non-interest-bearing escrow accounts by the Trustee but shall not become property of the Debtors' estates absent further order of the Bankruptcy Court. The Good Faith Deposit of any Qualified Bidder that is neither the Successful Bidder nor the Backup Bidder shall be returned to such Qualified Bidder not later than five (5) business days after the Sale Hearing. If the Backup Bidder is not designated the Successful Bidder, the Good Faith Deposit of the Backup Bidder, if any, shall be returned to the Backup Bidder on the date that is the Outside Backup Date. In the case of a breach or failure to perform on the part of the Successful Bidder (including any Backup Bidder designated as a Successful Bidder), the remaining portion of the defaulting Successful Bidder's Good Faith Deposit shall be forfeited to the Trustee as liquidated damages, in addition to any and all rights, remedies and/or causes of action that may be available to the Trustee at law or in equity, and, the Trustee shall be free to consummate the Backup Bid with the Backup Bidder or the proposed transaction at the otherwise next highest price bid at the Auction by a Qualified Bidder, without

14

the need for an additional hearings or orders of the Courts. The Trustee reserves the right to seek all available damages, including specific performance, from any defaulting Successful Bidder (including any Backup Bidder designated as a Successful Bidder) in accordance with the terms of the Bidding Procedures. If the Successful Bidder timely closes the Sale transaction, its Good Faith Deposit shall be credited towards the purchase price.

### Reservation of Rights of the Trustee

Except as otherwise provided in the Bidding Procedures or the Bidding Procedures Order, and subject to the terms of the Hawk Settlement, the Trustee reserves the right as it may reasonably determine to be in the best interest of its estate and in the exercise of its fiduciary duty to: (a) determine which bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reduce the Overbid amount; (e) reject any Bid that is (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (3) contrary to the best interests of the Debtors and their respective estates; (f) impose additional terms and conditions with respect to all potential bidders; (g) extend the deadlines set forth herein; and (h) continue or cancel the Auction and/or Sale Hearing in open court without further notice.

Notwithstanding anything to the contrary contained herein, nothing in the Bidding Procedures will prevent the Trustee from considering any and all transactions, including, but not limited to, proposals to sponsor a plan of reorganization.

Notwithstanding anything to the contrary contained herein, nothing in the Bidding Procedures will prevent the Trustee from exercising its fiduciary duties under applicable law.

15

4858-4678-3740 v3

**Exhibit 2**
**Sale Notice**

0

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (AMC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)**[1] |
| | : | |

## NOTICE OF AUCTION AND SALE HEARING PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On, March 15, 2023, the above-captioned Debtors and former debtors in possession (the "**Debtors**"), filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**").

2.      On January 9, 2024, William A. Homony was appointed as Chapter 11 Trustee of the Debtors' estates (the **"Trustee"**) in order to determine, *inter alia*, if it would be beneficial to pursue a sale of substantially all of the Debtors' Assets.

3.      On September 30, 2024, in connection with the proposed sale (the "**Sale**") of the Debtors' Assets (the "**Assets**") at an auction for the Assets (the "**Auction**"), the Trustee filed a motion (the "Motion"), seeking, among other things, (i) entry of an order (the "**Bidding Procedures Order**")[2] approving the bidding procedures (the "**Bidding Procedures**") governing the Sale and approving the terms of a Stalking Horse Asset Purchase Agreement in connection therewith; (ii) establishing procedures for the assignment and assumption of executory contracts and unexpired leases (the "**Assumption and Assignment Procedures**"); and (iii) granting related relief [Docket No.750].

4.      On _____, **2024**, the Bankruptcy Court entered the Bidding Procedures Order [Docket No._____]. Pursuant to the Bidding Procedures Order, if two or more Qualified Bids are received before the Bid Deadline, the Trustee will conduct the Auction to determine the highest or otherwise best Qualified Bid, beginning on **December 3, 2024** at 10:00 A.M. (prevailing Eastern Standard Time) at the offices of Obermayer Rebmann Maxwell & Hippel LLP, 1500 Market Street, Suite 3400, Philadelphia, PA 19102 or such other place and time as the Trustee shall notify all Qualified Bidders that have submitted Qualified Bid. Only the Trustee (and his professionals and advisors) and parties that have submitted a Qualified Bid, as set forth in the Bidding Procedures Order, **by no later than December 2, 2024 at 12:00 P.M. (prevailing**

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Bidding Procedures Order.

4858-4678-3740 v3

**Eastern Standard Time)** (the "**Bid Deadline**") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Debtors' Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

5.    A hearing to approve the Sale (the "**Sale Hearing**") will be held on **December 4, 2024, at 1:00 P.M.** (prevailing Eastern Standard Time) before the Honorable Ashely M. Chan, U.S.B.J. at the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA, 19107 in Courtroom No. 4., or at such time thereafter as counsel may be heard, unless otherwise continued by the Trustee pursuant to terms of the Bidding Procedures.

6.    Objections, if any, to the Motion and the Sale of the Assets, except objections related solely to the identity of the Successful Bidder and adequate assurance of future performance by a Successful Bidder, must be made by **November 22, 2024, at 4:00 P.M. (prevailing Eastern Standard Time)** (the "**Sale Objection Deadline**"). Objections solely to the identity of the Successful Bidder and adequate assurance of future performance must be made at the Sale Hearing. In each case, all objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Sale Objection Deadline or the Supplemental Limited Sale Objection Deadline, as applicable, and served on (i) counsel for the Trustee and (ii) any other entity on the Master Service List. Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must additionally be served on counsel to the Successful Bidder. *Any party who fails to timely file an objection to entry of the Sale Order (i) shall be forever barred from objecting thereto, (ii) shall be deemed to consent to the sale of the Assets as approved by the Sale Order, and (iii) shall be deemed to "consent" for purposes of Section 363 (f)(2) of the Bankruptcy Code.*

7.    This Notice and the Sale Hearing is subject to the fuller terms and conditions of the Motion and the Bidding Procedures Order, which shall control in the event of any conflict, and the Trustee encourages parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of all the Assets and/or copies of any related document, including the Motion, or the Bidding Procedures Order, may make a written request to counsel for the Trustee, Obermayer Rebmann Maxwell Hippel LLP, c/o Edmond M George, Esquire (edmond.george@obermayer.com) or Michael D. Vagnoni, Esquire (michael.vagnoni@obermayer.com)  In addition, copies of the Motion, the Bidding Procedures Order and this Notice can be found through PACER on the Court's website, https://ecfnjb.uscourts.gov/ (registration required).

Respectfully Submitted,

Dated: November XX, 2024       By: */s/ Michael D. Vagnoni*
                               Edmond M. George, Esquire
                               Michael D. Vagnoni, Esquire
                               OBERMAYER REBMANN MAXWELL & HIPPEL LLP

2

Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
E-mail:  edmond.george@obermayer.com
        michael.vagnoni@obermayer.com

3

4858-4678-3740 v3

**Exhibit 3**
**Contract Assumption Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (AMC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)**[9] |
| | : | |

## ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

PLEASE TAKE NOTICE THAT:

1. On March 15, 2023, the above-captioned debtors and former debtors in possession (the "**Debtors**"), filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**").

2. On January 9, 2024, William A. Homony was appointed as Chapter 11 Trustee of the Debtors' estates (the **"Trustee"**) in order to determine, *inter alia*, if it would be beneficial to pursue a sale of substantially all of the Debtors' Assets.

3. On **September 30, 2024**, in connection with the proposed sale (the "**Sale**") of the Debtors' assets (the "**Assets**") at an auction (the "**Auction**"), the Trustee filed a motion (the "**Motion**"), seeking, among other things, (i) entry of an order (the "**Bidding Procedures Order**")[10] approving the bidding procedures (the "**Bidding Procedures**") governing the Sale and approving the terms of a Stalking Horse Asset Purchase Agreement in connection therewith; (ii) establishing procedures for the assignment and assumption of executory contracts and unexpired leases (the "**Assumption and Assignment Procedures**"); and (iii) granting related relief [Docket No.750].

4. Pursuant to the Bidding Procedures Order, the Trustee hereby provides notice that they are seeking to assume and assign to the Successful Bidder the executory contracts and/or unexpired leases (each, an "**Assigned Contract**") listed on **Exhibit A** attached hereto.

5. When the applicable Debtor assumes and assigns an Assigned Contract to which you are a party, on the closing date of the Sale, or as soon thereafter as practicable, the Successful Bidder will pay you the amount the Debtors' records reflect is owing for prepetition arrearages as

---

[9] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[10] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Bidding Procedures Order.

4858-4678-3740 v3

set forth on **Exhibit A** (the "**Cure Payment**"). The Debtors' records reflect that all post-petition amounts owing under your Assigned Contract have been paid and will continue to be paid in the ordinary course of business until the assumption and assignment of the Assigned Contract, and that other than the Cure Payment, there are no other defaults under the Assigned Contract.

6.      Inclusion of an executory contract or unexpired lease as an Assigned Contract on **Exhibit A** is not a guarantee that such executory contract or unexpired lease will ultimately be assumed and assigned to the Successful Bidder. Should it be determined that the Assigned Contract to which you are a party will not be assumed and assigned, you will be notified in writing.

7.      Under the terms of the Bidding Procedures, the Successful Bidder may modify the list of Assigned Contracts on **Exhibit A** on or before December 6, 2024 (the "**Designation Deadline**"), and the Trustee reserves the right at any time before the closing of a Sale, to (i) supplement the list of Assigned Contracts with previously omitted executory contracts, (ii) remove Assigned Contracts from the list of executory contracts ultimately selected as Assigned Contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale, and/or (iii) modify the previously stated Cure Payment associated with any Assigned Contracts. In the event the Trustee exercises any of these reserved rights, the Trustee will promptly serve a supplemental notice of contract assumption (a "**Supplemental Assumption Notice**"); provided, however, the Trustee may not add an executory contract or unexpired lease to the list of Assigned Contracts that has been previously rejected by the Trustee by Order of the Court.

8.      Objections, if any, to the proposed Cure Payment or assumption and assignment must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed amount of the Cure Payment, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon, so as to be actually received by proposed counsel to the Trustee and the Stalking Horse Bidder on or before **seven (7) days after service of this Contract Assumption Notice** (the "**Cure Objection Deadline**"), or such deadline set forth in the applicable Supplemental Assumption Notice. Objections solely to assumption and assignment solely with respect to the adequate assurance of future performance; however, must be received before the start of the Sale Hearing; provided, however, and for the avoidance of doubt, the deadline to object to the Cure Payment shall not be extended. Objections to assumption and assignment solely with respect to the adequate assurance of future performance that are made after the Auction on December 3, 2024, and the selection of the Successful Bidder must also be served upon counsel to the Successful Bidder.

9.      If an objection to the Cure Payment or assumption and assignment is timely filed and not resolved by the parties, a hearing with respect to the objection will take place in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107 Courtroom 4, at the Sale Hearing to be held at 1:00 P.M. (prevailing Eastern Standard Time) on December 4, 2024, or at a later hearing, as determined by the Trustee. A hearing regarding the Cure Payment, if any, may be continued at the discretion of the Trustee until after the Closing.

3

4858-4678-3740 v3

10. **Any party failing to timely file an objection to the Cure Payment, the proposed assumption and assignment of an Assigned Contract or Additional Assigned Contract listed on the Contract Assumption Notice or Supplemental Assumption Notice, or the Sale will be deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such Assigned Contract or Additional Assigned Contract (including the adequate assurance of future performance), (c) the related relief requested in the Motion, and (d) the Sale. Such party will be forever barred and estopped from objecting to the Cure Payments, the assumption and assignment of the Assigned Contract, or Additional Assigned Contract, the adequate assurance of future performance or the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and the Successful Bidder with respect to such party's Assigned Contract or Additional Assigned Contract.**

11. On the date the Auction is completed, or on December 3, 2024, if the Auction does not take place because there are no other Qualified Bids, the Trustee will file, but not serve, a notice that identifies the Successful Bidder. The Trustee and/or the Successful Bidder reserve all of their rights, claims and causes of action with respect to the Assigned Contracts listed on **Exhibit A** hereto. Notwithstanding anything to the contrary herein, the proposed assumption and assignment of each of the Assigned Contracts listed on **Exhibit A** hereto (a) shall not be an admission as to whether any such Assigned Contract was executory or unexpired as of the Petition Date or remains executory or unexpired post-petition within the meaning of Bankruptcy Code section 365; and (b) shall be subject to the Trustee's and/or any Successful Bidder's right to conduct further diligence with respect to the Cure Payment of each Assigned Contract and to modify such Cure Payment accordingly. In the event that the Trustee and/or any Successful Bidder determine that your Cure Payment should be modified, you will receive a notice, which will provide for additional time to object to such proposed modification.

Respectfully Submitted,

Dated: November XX, 2024    By: _/s/ Michael D. Vagnoni_
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
E-mail:  edmond.george@obermayer.com
         michael.vagnoni@obermayer.com

*Counsel to William A. Homony Chapter 11 Trustee*

4

4858-4678-3740 v3

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 11 |
| Stream TV Networks, Inc., *et al.*[1] | Bankr. Case No. 23-10763 (AMC) |
| The Debtors. | (Jointly Administered) |

**NOTICE OF APPEAL AND STATEMENT OF ELECTION**

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): **Visual Semiconductor, Inc.**

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   Plaintiff
   Defendant
   Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   Debtor
   Creditor
   Trustee
   Other (describe) _____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

   *Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially all of the Debtors' Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief*

2. State the date on which the judgment—or the appealable order or decree—was entered:

   ECF 811 – November 20, 2024

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party:  Visual Semiconductor, Inc.

Attorney:
AKERMAN LLP
Donald N. David, SBN: 304846
Mark Lichtenstein *(Admitted pro hac vice)*
1251 Avenue of the Americas
37th Floor
New York, NY 10020
Telephone: (212) 880-3800
Email: donald.david@akerman.com
    mark.lichtenstein@akerman.com

R. Adam Swick (Admitted *pro hac vice*)
AKERMAN LLP
500 West 5th Street, Suite 1210
Austin, TX 78701
Telephone: (737) 999-7103
Facsimile:   (512) 623-6701
Email: adam.swick@akerman.com

John H. Thompson (Admitted *pro hac vice*)
AKERMAN LLP
750 Ninth Street, N.W. 750
Washington, D.C. 20001
Telephone: (202) 824-1760
Facsimile:   (202) 393-5959
Email: john.thompson@akerman.com

Leif M. Clark
Leif M Clark Consulting PLLC
1105 Bonner
Houston, TX 77007
Telephone: (210) 663-5183
Email: lmclark@leifmclark.com

2. Party:  William A. Homony, Trustee

Attorney:
ANDREW J. BELLI
Coren & Ress, PC
2001 Market Street, Suite 3900
Philadelphia, PA 19103
Tel. No.: (215) 735-8700
Email: abelli@kcr-law.com

2

STEVEN M. COREN
Kaufman, Coren & Ress, P.C.
Two Commerce Square, Ste. 3900
2001 Market Street
Philadelphia, PA 19103-2713
Telephone: (215) 735-8700
Email: scoren@kcr-law.com

MICHAEL D. VAGNONI
Obermayer Rebmann Maxwell & Hippel
LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 665-3066
Fax : (215) 665-3165
Email: michael.vagnoni@obermayer.com

2.  Party:  Hawk Investment Holdings, Ltd.

Attorney:
K&L GATES LLP
Steven L. Caponi
600 King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
Email: steven.caponi@klgates.com

Margaret R. Westbrook, Esq.
Aaron S. Rothman, Esq.
Jonathan N. Edel, Esq.
K&L GATES LLP
300 South Tryon Street, Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7400
Email: margaret.westbrook@klgates.com
aaron.rothman@klgates.com
jon.edel@klgates.com

Thomas A. Warns, Esq.
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 536-3900
Email: tom.warns@klgates.com

3

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

       Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

Dated: New York, New York
December 4, 2024

**AKERMAN LLP**

By: _/s/ R. Adam Swick_____

R. Adam Swick
(Admitted *pro hac vice*)
AKERMAN LLP
500 West 5th Street, Suite 1210
Austin, TX 78701
Telephone: (737) 999-7103
Facsimile: (512) 623-6701
Email: adam.swick@akerman.com

AKERMAN LLP
Donald N. David, SBN: 304846
Mark Lichtenstein *(Admitted pro hac vice)*
1251 Avenue of the Americas
37th Floor
New York, NY 10020
Telephone: (212) 880-3800
Email: donald.david@akerman.com
    mark.lichtenstein@akerman.com

John H. Thompson (Admitted *pro hac vice*)
AKERMAN LLP
750 Ninth Street, N.W. 750
Washington, D.C. 20001
Telephone: (202) 824-1760
Facsimile: (202) 393-5959
Email: john.thompson@akerman.com

78989870;1

Leif M. Clark
Leif M Clark Consulting PLLC
1105 Bonner
Houston, TX 77007
Telephone: (210) 663-5183
Email: lmclark@leifmclark.com

*Counsel for Visual Semiconductor, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Stream TV Networks, Inc., *et al.* | : | Bankruptcy No. 23-10763 (AMC) |
| | : | |
| Debtors. | : | (Jointly Administered)[1] |
| | : | |

**ORDER (A) APPROVING BIDDING PROCEDURES AND FORM OF ASSET
PURCHASE AGREEMENT IN CONNECTION WITH THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) APPROVING
PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING PROCEDURES FOR
SELECTION OF A STALKING HORSE BIDDER AND BID PROTECTIONS, AND (D)
GRANTING RELATED RELIEF**

Upon the motion (the "**Sale Motion**") of William A. Homony (the "**Trustee**") in his

capacity of Chapter 11 Trustee of Stream TV Networks, Inc. ("**Stream**") and Technovative Media

Inc. ("**Technovative**", and collectively with Stream, the "**Debtors**"), seeking entry of an order

(this **"Order"**), (a) authorizing and approving the bidding procedures attached hereto as Exhibit 1

(the "**Bidding Procedures**")[2] in connection with the sale of the Assets of the Debtors, the Stalking

Horse APA, and form of Asset Purchase Agreement in connection with the Sale, (b) approving the

form and manner of notice of the Auction and the Sale Hearing, (c) scheduling the Sale Hearing

and setting other related dates, (d) approving procedures for the assumption and assignment of

executory contracts and unexpired leases and noticing of related Cure Payments, (e) granting the

Sale Motion and (f) granting related relief; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having the power to enter a final order

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Declaration of the Trustee in Support of the Motion, as applicable.

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and this Court having determined that the relief requested by the Motion is in the best interests of the Debtors, its estate, creditors, and other parties in interest; and upon all of the proceedings in this Chapter 11 case conducted before this Court; and after due deliberation and sufficient cause appearing therefore and any remaining objections having been withdrawn or overruled, it is hereby **FOUND, CONCLUDED AND DETERMINED THAT**:

A.    Jurisdiction; Venue. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006. Venue for these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    Bidding Procedures. The Trustee has articulated good and sufficient reasons for authorizing and approving the Bidding Procedures attached hereto as **Exhibit 1**, which are fair, reasonable, and appropriate under the circumstances and designed to maximize the value of the Assets. The Bidding Procedures were negotiated in good faith and at arm's length and are reasonably designed to promote a competitive and robust bidding process to generate the greatest level of interest in the Assets.

4858-4678-3740 v3

C.    <u>Asset Purchase Agreement</u>. That certain Asset Purchase Agreement, originally filed on the docket on September 30, 2024 (D.I. #750), and amended on November 11, 2024 (D.I. #795), among the Debtors and SeeCubic, Inc. (the "**Stalking Horse Bidder**") (as amended, the "**Stalking Horse APA**") was negotiated in good faith and at arm's length between the parties and may serve as a reasonable and appropriate baseline for soliciting other bids for the Assets.

D.    <u>Stalking Horse Bidder</u>. The Stalking Horse Bid as reflected in the Stalking Horse APA represents the highest and best offer the Trustee has received to date. The Stalking Horse APA provides the Debtors with the opportunity to sell the Assets in order to preserve and realize their going concern value and provide a floor for a further marketing and auction process. The Stalking Horse Bid will secure a fair and adequate baseline price for the Assets and, accordingly, will provide a clear benefit to the Debtors' estates, their creditors, and all other parties in interest. The Stalking Horse Bidder is not an "insider" or "affiliate" of either of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stakeholders exist between the Stalking Horse Bidder and the Debtors.

E.    <u>Sale Notice</u>. The notice, substantially in the form attached hereto as **Exhibit 2**, as amended, provided by the Trustee regarding the Sale of the Assets by the Auction and Sale Hearing (the "**Sale Notice**") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including: (i) the date, time, and place of the Auction; (ii) the Bidding Procedures and certain dates and deadlines related thereto; (iii) the objection deadline for the Motion and the date, time, and place of the Sale Hearing; (iv) specific identification of the Assets for sale; (v) instructions for promptly obtaining a copy of the Stalking Horse APA; (vi) representations describing the Sale as being free and clear of liens, claims, interests, and other encumbrances, with all such liens, claims, interests, and other encumbrances attaching to the sale

3

4858-4678-3740 v3

proceeds with the same validity and priority; and (vii) notice of the proposed assumption and assignment of the Assigned Contracts to the Successful Bidder and the right, procedures, and deadlines for objecting thereto, and no further notice of the Sale shall be required.

      F.    <u>Assumption and Assignment Procedures</u>. The Motion and the Contract Assumption Notice (as defined herein) are reasonably calculated to provide counterparties to the Assigned Contracts with proper notice of the intended assumption and assignment of their executory contracts and any Cure Payments (as defined herein). The Assumption Procedures (as defined herein) are appropriate.

      G.    <u>Other Findings</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT**:

1.    The Motion is GRANTED as set forth herein.

2.    The Debtors and the Trustee are authorized to enter into and perform under the Stalking Horse APA, which shall be subject to higher or otherwise better offers in accordance with the terms of this Order and the Bidding Procedures.

**I.**    **Important Dates and Deadlines**

3.    **<u>Sale Hearing</u>**. The Sale Hearing will commence on **December 4, 2024, at 1:00 P.M. (prevailing Eastern Standard Time)** before the Honorable Ashely M. Chan, United States Bankruptcy Judge, in the United States Bankruptcy Court, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA, 19107, in Courtroom No. 4.

4858-4678-3740 v3

4.     **Sale Objection Deadline**. Objections, if any, to the Motion and the Sale of the Assets to a Successful Bidder, except objections solely related to the identity of the Successful Bidder and adequate assurance of future performance by a Successful Bidder, must be filed by **November 22, 2024, at 4:00 P.M. (prevailing Eastern Standard Time)** (the "**Sale Objection Deadline**"). Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must be made at the Sale Hearing (the "**Supplemental Limited Sale Objection Deadline**"). In each case, all objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Sale Objection Deadline or the Supplemental Limited Sale Objection Deadline, as applicable, and served on (i) counsel to the Trustee so as to be received by the applicable objection deadline as set forth in the Procedures Order and (ii) any other entity on the Master Service List.  Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must additionally be served on counsel to the Successful Bidder.

5.     **Response Deadline**. Responses or replies, if any, to timely filed objections to the entry of the Sale Order approving a Sale to the Successful Bidder must be filed on or before **November 29, 2024, at 4:00 P.M. (prevailing Eastern Standard Time)**, provided that such deadline may be extended by agreement of the Trustee and the affected objecting party. Responses or replies, if any, to timely filed objections to the identity of the Successful Bidder and/or adequate assurance of future performance may be presented at the Sale Hearing.

6.     **Competitive Bidding**. The following dates regarding the competitive bidding process are hereby established and approved:

4858-4678-3740 v3

a. **Bid Deadline: December 2, 2024, at 12:00 P.M. (prevailing Eastern Standard Time)**, the deadline by which all Qualified Bids (as defined in the Bidding Procedures) must be actually received in writing in electronic format by the parties specified in the Bidding Procedures (the "Bid Deadline"); and

b. **Auction: December 3, 2024, at 10:00 A.M. (prevailing Eastern Standard Time)**, is the date and time the Auction, if required, which will be held at the offices of counsel to the Trustee, Obermayer Rebmann Maxwell & Hippel LLP, 1500 Market Street, Suite 3400 Philadelphia, PA, 19102 or such other place and time as the Trustee shall notify all Qualified Bidders that have submitted Qualified Bids, and the Secured Creditors and their counsel.

## II. Bidding Procedures and Related Relief

### A. Bidding Procedures.

7. The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved in their entirety. The Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed Sale, and any party desiring to submit an offer for the Assets must comply with the terms of the Bidding Procedures and this Order. The Bidding Procedures shall also govern the terms on which the Trustee will proceed with the Auction and/or the Sale. The Trustee is authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

8. No person or entity shall be entitled to any expense reimbursement, break-up fee, "topping," or other similar bid protections or fee or payment.

9. The deposits provided by all Qualified Bidders shall be deemed held in escrow in a designated non-interest bearing account by the Trustee and shall not become property of the

4858-4678-3740 v3

Debtors' bankruptcy estates unless and until released from escrow to the Trustee pursuant to an Order of this Court.

10. The Stalking Horse Bidder is a Qualified Bidder and the Stalking Horse Bid is a Qualified Bid for all purposes.

**III. Auction**

11. The Trustee is authorized, subject to the terms of this Order and the Bidding Procedures, to take actions reasonably necessary, in the discretion of the Trustee, to conduct and implement the Auction.

12. Only the Trustee (and his professionals and advisors), and any Qualified Bidder, in each case, along with their representatives and counsel, or such other parties as the Trustee shall determine, shall attend the Auction and only such Qualified Bidders will be entitled to make Bids at the Auction. Pursuant to the Hawk Settlement, the Secured Creditors shall be deemed to be a Qualified Bidder for all purposes under the Bid Procedures.

13. The Trustee and his professionals shall direct and preside over the Auction and the Auction shall be transcribed. Other than as expressly set forth in this Order or the Bidding Procedures, the Trustee may conduct the Auction in the manner he reasonably determines will result in the highest or otherwise best Qualified Bid.

14. Each Qualified Bidder participating in the Auction must confirm on the record that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the Assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures; and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, the Sale, or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

7

4858-4678-3740 v3

15.     The Trustee may (a) select, in its business judgment, pursuant to the Bidding Procedures, the overall highest or otherwise best Qualified Bid and the Successful Bidder, and (b) reject any bid that, in the Trustee's business judgment, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the Bidding Procedures, or (iii) contrary to the best interests of the Debtors, their respective estates, their creditors, and parties-in-interest.

## IV.     Sale Hearing Notice and Related Relief

16.     The Sale Notice is hereby approved.  On or before November 20, 2024 (the "**Mailing Date**"), the Trustee will cause the Sale Notice to be served on: (a) any party that has filed a notice of appearance in these Chapter 11 cases; (b) any entity on the Master Service List; (c) any parties known or reasonably believed to have expressed an interest in the Assets or any portion thereof; (d) all entities known or reasonably believed to have asserted a lien, encumbrance, claim, or other interest in the Assets; (e) all parties to executory contracts and unexpired leases to be assumed and assigned, or rejected as part of the Sale; (f) all applicable state and local taxing authorities; and (g) any governmental agency that has a reasonably known interest with respect to the Sale and transactions proposed thereunder.

## V.     Assumption and Assignment Procedures

17.     The procedures set forth below regarding the assumption and assignment of the executory contracts and unexpired leases proposed to be assumed by the Successful Bidder pursuant to section 365(b) of the Bankruptcy Code and assigned to the Successful Bidder pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale (the "**Assumption Procedures**") are hereby approved to the extent set forth herein.

18.     The Assumption Procedures shall govern the assumption and assignment of all of

4858-4678-3740 v3

the Debtors' executory contracts and unexpired leases to be assumed and assigned in connection with the Sale under the Asset Purchase Agreement (each, an "**Assigned Contract**," and, collectively, the "**Assigned Contracts**"), subject to the payment of any payments necessary to cure any defaults arising under any Assigned Contract (the "**Cure Payments**"), the provision of adequate assurance by the Debtors or the Successful Bidder, as applicable, that Buyer will promptly cure any non-monetary defaults existing prior to the Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Successful Bidder under the Assigned Contracts:

     a.     **Contract Assumption Notice**: On November 21, 2024 (the "**Assumption and Assignment Service Deadline**"), the Trustee shall serve a notice of contract assumption in substantially the form attached hereto as **Exhibit 3** (the "**Contract Assumption Notice**") via overnight delivery on all counterparties to all potential Assigned Contracts and provide a copy of the same to the Secured Creditors and their counsel. The Contract Assumption Notice shall inform each recipient of the timing and procedures relating to such assumption and assignment, and, to the extent applicable, (i) the title of the executory contract or unexpired lease, as applicable, (ii) the name of the counterparty to the executory contract or unexpired lease, as applicable, (iii) the Trustee's good faith estimates of the Cure Payments required in connection with the executory contract or unexpired lease, as applicable, and (iv) the Sale Objection Deadline; provided, however, that service of a Contract Assumption Notice does not constitute an admission that any contract is an executory contract or unexpired lease, as applicable, or that the stated Cure Payment related to any executory contract or unexpired lease constitutes a claim against the Debtors' estates. Further, the inclusion of an executory contract or unexpired lease, as applicable, on the Contract Assumption Notice is not a guarantee that such executory contract or unexpired lease, as

4858-4678-3740 v3

applicable, will ultimately be assumed and assigned.

   b. **Cure Payments and Adequate Assurance of Future Performance**: The payment of the applicable Cure Payments by Successful Bidder, as applicable, the provision of adequate assurance by the Successful Bidder, as applicable, that they will promptly cure any non-monetary defaults existing prior to the Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Successful Bidder under the Assigned Contracts shall (i) effect a cure of all defaults existing thereunder, and (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default.

   c. **Supplemental Contract Assumption Notice**: Pursuant to the terms of the Stalking Horse APA or the Modified APA, as applicable, or as otherwise agreed by the Trustee and the Successful Bidder, at any time after the Assumption and Assignment Service Deadline and prior to one (1) business day before Closing, the Successful Bidder has the right to (i) supplement the list of Assigned Contracts with previously omitted executory contracts and/or unexpired leases ("**Additional Assigned Contracts**"), (ii) remove Assigned Contracts from the list of executory contracts and unexpired leases ultimately selected as Assigned Contracts that a Successful Bidder proposes to be assumed and assigned to it in connection with a Sale ("**Removed Assigned Contracts**"), and/or (iii) modify the previously stated Cure Payment associated with any Assigned Contracts.

   d. **Objections**: Objections, if any, to the proposed assumption and assignment or the Cure Payment proposed with respect thereto, must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed amount of the Cure Payment, the correct cure amount alleged by the objecting counterparty, together with any

4858-4678-3740 v3

applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon, so as to be actually received by counsel to the Trustee and the Successful Bidder or the Stalking Horse Bidder (as applicable) on or before seven (7) days after service of the Contract Assumption Notice (the "**Cure Objection Deadline**"), or such deadline set forth in the Supplemental Assumption Notice. Objections to assumption and assignment solely with respect to the adequate assurance of future performance from the Successful Bidder, however, must be received before the start of the Sale Hearing, or such deadline set forth in the Supplemental Assumption Notice. Any party failing to timely file an objection to the cure amount, the proposed assumption and assignment of an Assigned Contract or Additional Assigned Contract listed on the Contract Assumption Notice or Supplemental Assumption Notice, as applicable, or the Sale is deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such Assigned Contract or Additional Assigned Contract (including the adequate assurance of future performance), (c) the related relief requested in the Motion, and (d) the Sale. Such party shall be forever barred and estopped from objecting to the Cure Payment, the assumption and assignment of the Assigned Contract, or Additional Assigned Contract, adequate assurance of future performance, the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder, as applicable, for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and the Successful Bidder, as applicable, with respect to such party's Assigned Contract or Additional Assigned Contract.

19.    The Trustee shall have no liability or obligation with respect to defaults relating to the Assigned Contracts arising, accruing, or relating to a period on or after the effective date of assignment, or for the payment of any cure costs.

4858-4678-3740 v3

## VI. Other Related Relief

20. Any objections to the entry of this Order and the relief granted herein that have not been withdrawn, waived, resolved or settled, and all reservations of rights included therein, are hereby expressly overruled.

21. The Trustee shall have no personal liability for any obligations of the Debtors' estates.

22. Any obligations of the Debtors set forth in this Order and any Asset Purchase Agreement that are intended to be performed by the Trustee prior to the Sale Hearing and/or entry of the Sale Order are authorized as set forth herein.

23. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

24. To the extent the provisions of this Order are inconsistent with the provisions of any exhibits referenced herein or with the Motion, the provisions of this Order shall control.

25. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

26. The Stalking Horse Bidder or its designee has standing to seek to enforce the terms of this Order.

27. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

BY THE COURT:

Date: Nov. 20, 2024

Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

4858-4678-3740 v3

**Exhibit 1**
**Bidding Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Stream TV Networks, Inc.,** *et al.* | **Bankruptcy No. 23-10763 (AMC)** |
| **Debtors.** | **(Jointly Administered)[1]** |

### BIDDING PROCEDURES

On March 15, 2023, (the "**Petition Date**"), Stream TV Networks, Inc. ("**Stream**") and Technovative Media, Inc ("**Technovative**" and collectively with Stream, the "**Debtors**") filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), in the Bankruptcy Court for the Eastern District of Pennsylvania (the "**Court**").

On January 9, 2024, William A. Homony was appointed as Chapter 11 Trustee of the Debtors' estates (the "**Trustee**") in order to determine, *inter alia*, if it would be beneficial to pursue a sale of substantially all of the Debtors' Assets.

On XXXXX, 2024, the Court entered an order [Docket No. [WW]] (the "**Bidding Procedures Order**")[2] approving, among other things, these bidding procedures (the "**Bidding Procedures**") and the Stalking Horse APA , pursuant to which SeeCubic, Inc. (the "**Stalking Horse Bidder**") has committed to provide a credit bid, pursuant to section 363(k) of the Bankruptcy Code in the amount of $150,000,000.00 in partial satisfaction of the Allowed Secured Claim (as defined in the Stalking Horse APA) (the "**Stalking Horse Bid**") pursuant to the terms of the Hawk Settlement. Pursuant to the Bidding Procedures, the Stalking Horse Bid is subject to higher or better offers, the outcome of the Auction (as defined herein) if one is needed, and approval of the Court.

These Bidding Procedures set forth, among other things, (i) the procedures for bidders to submit bids for an investment in, or other acquisition of, the Debtors' Assets pursuant to an order of the Bankruptcy Court approving such transaction (the "**Sale**"); (ii) the manner in which bidders and bids become Qualified Bidders and Qualified Bids; (iii) the process for negotiating the bids received; (iv) the process by which the Trustee is authorized to conduct the auction ("**Auction**") for the Sale; (v) the procedure for the ultimate selection of any Successful Bidder; and (vi) the process for approval of a potential Sale at a Sale Hearing (each as defined herein).

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] All terms used but not otherwise defined herein shall have the meanings ascribed to them in the motion for approval of the Bidding Procedures (the "**Motion**").

Pursuant to these Bidding Procedures, the Trustee and his advisors shall (i) determine whether any person is a Qualified Bidder (as defined below), (ii) coordinate the efforts of Potential Bidders (as defined below) in conducting their due diligence activities, (iii) receive offers from Potential Bidders, and (iv) negotiate any offers made to acquire the Assets.

The key dates for the sale process are as follows:

| Date/Time | Event |
|---|---|
| November 22, 2024 at 4:00 P.M. prevailing Eastern Standard Time | Sale Objection Deadline[3] |
| November 29, 2024 at 4:00 P.M. prevailing Eastern Standard Time | Sale Objection Response Deadline |
| December 2, 2024 at 12:00 P.M. prevailing Eastern Standard Time | Bid Deadline - Due Date for Bids and Deposits |
| December 3, 2024 at 10:00 A.M. prevailing Eastern Standard Time | Auction |
| At the Sale Hearing | Supplemental Limited Sale Objection Response Deadline |
| December 4, 2024 at 1:00 P.M.. prevailing Eastern Standard Time | Sale Hearing |
| December 10, 2024 | Closing |

## Due Diligence

**Access to Diligence Materials**

To participate in the bidding process and to receive access to due diligence (the "**Diligence Materials**"), a party interested in acquiring the Debtors' Assets must submit to the Trustee (i) an executed nondisclosure agreement in such form reasonably satisfactory to the Trustee, (ii) reasonable evidence demonstrating the party's financial capability to consummate a Sale as reasonably determined by the Trustee, and (iii) a statement that such party has a bona fide interest in submitting a bid. A party who qualifies for access to Diligence Materials pursuant to these Bidding Procedures shall be a "**Potential Bidder**." The Secured Creditors will be deemed a Potential Bidder at all times.

The Trustee will afford any Potential Bidder the time and opportunity to conduct reasonable due diligence, as determined by the Trustee, access to the electronic data room and other information that a Potential Bidder may reasonably request; provided, however, that the Trustee shall not be obligated to furnish any due diligence information after the Bid Deadline to any party that has not submitted a Qualified Bid (as defined below). The availability of additional due diligence to a Qualified Bidder will cease on the date of the Auction; provided, however, that the Successful Bidder shall be permitted to continue to conduct due diligence until the Closing of

---

[3] This deadline applies to all objections to the Sale Motion as well as the Sale of the Assets with the exception of objections solely related to the identity of the Successful Bidder and adequate assurance of future performance by the Successful Bidder.

4858-4678-3740 v3

the Sale (subject to the terms of the Successful Bidder Asset Purchase Agreement (as defined below)). The Trustee reserves the right to withhold any Diligence Materials that the Trustee determines are not appropriate for disclosure to a Potential Bidder who is a competitor of the Debtors or is affiliated with any competitor of the Debtors. Neither the Trustee nor its representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Potential Bidder.

Each Potential Bidder will be deemed to acknowledge and represent it (a) has had an opportunity to conduct any and all due diligence regarding the Debtors' Assets and liabilities that are the subject of the Auction prior to making any such bid, (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the assets in making its bid, and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise regarding the Debtors' assets or liabilities, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures.

All due diligence requests must be directed to the Trustee's investment banker, J. Scott Victor, Managing Director, SSG Capital Advisors, LLC; 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428: Direct: 610-940-5802; Mobile: 215-816-8118; jsvictor@ssgca.com.

**Due Diligence from Potential Bidders**

Each Potential Bidder shall comply with all reasonable requests for additional information and due diligence access by the Trustee or his advisors regarding the ability of such Potential Bidder to consummate its transaction. Failure to comply with such reasonable requests for additional information and due diligence access may be a basis for the Trustee to determine that such bidder (including any Qualified Bidder) is no longer a Potential Bidder or that the Bid made by such bidder will not be considered a Qualified Bid.

**Designation of Stalking Horse Bidder**

The Trustee is authorized to name SeeCubic, Inc. ("**SCI**") as the Stalking Horse Bidder, (as defined in the Sale Motion) in connection with the Auction and enter into the stalking horse APA (a "**Stalking Horse APA**"; the Bid memorialized by the Stalking Horse APA, the "**Stalking Horse Bid**") with no bid protections.

**Communications with Potential Bidders**

There must be no communications between and among Potential Bidders unless the Trustee has previously authorized such communication in writing or with the participation of the Trustee or the Trustee's advisors, and each Potential Bidder shall be deemed to have so represented to the Trustee and the Court. The Trustee reserves the right, in his reasonable business judgment, to disqualify any Potential Bidder(s) that have communications between and among themselves without the participation of the Trustee or the Trustee's prior written consent.

4858-4678-3740 v3

Case 23-10763-amc Doc 861-1 Filed 12/05/24 Entered 12/05/24 23:43:32 Desc Main
Document Page 17 of 36

### Bid Deadline

The Trustee shall assist Potential Bidders in conducting their respective due diligence investigations and shall accept Bids (as defined below) until **December 2, 2024, at 12:00 p.m. (prevailing Eastern Standard Time)** (the "**Bid Deadline**") to acquire the Assets.

Parties interested in becoming a Qualified Bidder for Debtors' Assets are encouraged to submit a Qualified Bid to the Trustee's Investment Banker: J. Scott Victor and Teresa C. Kohl, Managing Directors, SSG Advisors, LLC; 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428: Direct: 610-940-5802; J. Scott Victor Mobile: 215-816-8118 and Teresa C. Kohl Mobile: 215-280-6766; jsvictor@ssgca.com and tkohl@ssgca.com.

**The submission of a Bid by the Bid Deadline shall constitute a binding and irrevocable offer to acquire the assets specified in such Bid.** Any party that does not submit a Bid by the Bid Deadline will not be allowed to (i) submit any offer after the Bid Deadline or (ii) participate in any Auction.

No later than the Bid Deadline, a Potential Bidder that desires to make a bid to consummate the Sale shall deliver written copies of its Bid (as defined below) in electronic format to: (i) the Trustee (bhomony@mctllp.com); (ii) counsel to the Trustee, Obermayer Rebmann Maxwell & Hippel LLP (edmond.george@obermayer.com); (iii) investment banker to the Trustee, J. Scott Victor and Teresa C. Kohl, Managing Directors, SSG Capital Advisors, LLC; 300 Barr Harbor Drive, Suite 420 West Conshohocken, PA 19428: Direct: 610-940-5802; J. Scott Victor, Mobile: 215-816-8118 and Teresa C. Kohl Mobile: 215-280-6766; jsvictor@ssgca.com and tkohl@ssgca.com; and (iv) Office of the United States Trustee.

The Trustee may extend the Bid Deadline without further order of the Bankruptcy Court, subject to providing notice to all Potential Bidders and the Stalking Horse Bidder.

### Determination of Qualified Bid Status

To be eligible for consideration as a Qualified Bid and to participate in the Auction, each Potential Bidder must deliver to the Trustee, his counsel and his advisors, a written, irrevocable, signed offer (each, a "**Bid**") prior to the Bid Deadline that must be determined by the Trustee, in its business judgment, to satisfy each of the following conditions; *provided*, that for the avoidance of doubt, the Stalking Horse Bid is a Qualified Bid, and the Stalking Horse Bidder is a Qualified Bidder:[4]

    a.     **Good Faith Offer**: Each Bid must constitute a good faith, bona fide offer to purchase all or certain of the Assets (it being understood that partial bids may be permitted only if the combined consideration thereof satisfies the requirements of a Minimum Bid, as defined below).

---

[4] The Trustee may, in his sole and exclusive discretion, waive any of the following requirements for a Bid to constitute a Qualified Bid to the extent reasonably necessary to promote bids and a robust Auction so long as any such waiver is not materially inconsistent with these Bidding Procedures.

4858-4678-3740 v3

b.    **Good Faith Deposit**: Each Bid must be accompanied by a deposit in the amount of ten percent (10%) of the total Purchase Price (as defined in the Modified APA (as defined below)), before any reductions for assumed liabilities (the "**Good Faith Deposit**"). The Good Faith Deposit shall come in the form of a wire transfer, certified check or other form acceptable to the Trustee, in his sole and exclusive discretion. Each Good Faith Deposit will be deposited and held in one or more non-interest-bearing accounts by the Trustee but shall not become property of the Debtors' estates absent further Order of the Bankruptcy Court. Wire instructions will be provided by the Trustee upon request.

c.    **Executed Agreement**: Each Bid must include an executed Asset Purchase Agreement (a "**Modified APA**") substantially in the form of the Stalking Horse APA, and any necessary transaction documents, signed by an authorized representative of such Potential Bidder, pursuant to which the Potential Bidder proposes to effectuate the acquisition of substantially all of the Assets of the Debtors. Each Bid must also include a copy of the Modified APA marked against the Stalking Horse APA to show all changes requested by the Potential Bidder (including those related to the assumption and assignment of executory contracts and unexpired leases, and other material terms such that the Trustee may determine how such Bid compares to the terms of the Stalking Horse APA and competing Bids). Each Modified APA must provide a commitment to close within two (2) business days after all closing conditions are met, but in no event later than December 10, 2024.

d.    **Purchase Price**: Each Bid must clearly identify the purchase price to be paid (the "**Purchase Price**") and identify how much of the Bid is being paid in cash. The non-cash component of the Bid, if any, shall be backed by a letter of credit or other security, over which the Secured Creditors shall have consultation rights as to the sufficiency and form of such security.

e.    **Minimum Bid**: Qualified Bids must bid a minimum consideration equal to the Stalking Horse Bid, plus a minimum overbid amount equal to or greater than $250,000.00.

f.    **Cash Requirements**: Each Bid must provide evidence of the ability to pay the cash portion of the Bid in cash in full. To the extent the Bid contains cash and non-cash portions, the allocations shall be identified in the Bid. If a non-cash portion is part of the Bid, the cash portion must be a minimum of $120,000,000.00. For the avoidance of doubt, the Secured Creditors shall have consultation rights with respect to the sufficiency of any non-cash component of the Purchase Price included in any Bid, as agreed upon and approved as part of the Hawk Settlement.

g.    **Designation of Assigned Contracts and Leases**: A Bid must identify any and all executory contracts and unexpired leases of the Debtors that the Potential Bidder wishes to be assumed and assigned pursuant to a Sale. A Bid must specify whether the Debtors or the Potential Bidder will be responsible for any cure costs associated

with such assumption and assignment, and include a good faith estimate of such cure costs.

h.   **Designation of Assumed Liabilities**: A Bid must identify all liabilities which the Potential Bidder proposes to assume.

i.   **Corporate Authority**: A Bid must include written evidence reasonably acceptable to the Trustee demonstrating appropriate entity authorization to consummate the proposed Sale; provided that, if the Potential Bidder is an entity specially formed for the purpose of effectuating the Sale, then the Potential Bidder must furnish written evidence reasonably acceptable to the Trustee of the approval of the Sale by the equity or interest holder(s) of such Potential Bidder.

j.   **Disclosure of Identity of Potential Bidder**: A Bid must fully disclose the identity of each entity that will be bidding for or purchasing the Assets or otherwise participating in connection with such Bid (including the identity of any parent equity holders or other financial backers of such entity), and the complete terms of any such participation, including any connections, agreements, arrangements or understandings with the Debtors, or any other known, potential, prospective bidder, or Potential Bidder, or any officer, director, shareholder or member of the Debtors.

k.   **Disclosure of Connections**: A Bid must fully disclose any connections or agreements the Potential Bidder and any of its officers and/or directors have with the Debtors, their affiliates, any other known Potential Bidder, and/or any officer, director or equity holder of the Debtors.

l.   **Proof of Financial Ability to Perform**: A Bid must include written evidence that the Trustee may reasonably conclude, in consultation with his advisors, demonstrates that the Potential Bidder has the necessary financial wherewithal to timely consummate a Sale including the amount of any Overbid and must further contain information that can be publicly filed and/or disseminated providing adequate assurance of future performance of all executory contracts and unexpired leases to be assumed and assigned in such Sale. Such information must include the following:

(1)   a statement that the Potential Bidder is financially capable of consummating the transaction contemplated by the Alternative APA;

(2)   contact names and numbers for verification of financing sources;

(3)   written evidence of the Potential Bidder's internal resources and proof of any debt funding commitments from a recognized banking institution and, if applicable, equity commitments in an aggregate amount equal to the cash portion of such Bid or the posting of an irrevocable letter of credit from a recognized banking institution issued in favor of the Debtors' estates in the amount of the cash portion of such Bid, in each case, as are needed to close the Sale;

6

(4) the Potential Bidder's most current audited (if any) and latest unaudited financial statements or, if the bidder is an entity formed for the purpose of making a bid, the current audited (if any) and latest unaudited financial statements of the equity holder(s) of the bidder or such other form of financial disclosure, and a guaranty from such equity holder(s);

(5) a description of the Potential Bidder's pro forma capital structure;

(6) evidence of letters of credit or other forms of security to support any non-cash component of the Purchase Price, with respect to which the Secured Creditors shall have consultation rights over the sufficiency thereof; and

(7) any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Trustee demonstrating that such Potential Bidder has the ability to promptly close the Sale.

m. **Conditions/Contingencies**: Except as provided in the Stalking Horse APA, a Bid must not be subject to material conditions or contingencies to closing, including without limitation obtaining financing, internal approvals or further due diligence.

n. **Bid Irrevocable**: A Bid must provide that it is irrevocable until two (2) business days after the closing of the Sale. Each Potential Bidder further agrees that its Bid, if not chosen as the Successful Bidder, shall serve, without modification, as a Backup Bidder (as defined below) as may be designated by the Trustee at the Sale Hearing, in the event the Successful Bidder fails to close as provided in the Successful Bidder Asset Purchase Agreement, if at all, and the Sale Order.

o. **As-Is, Where-Is**: A Bid must include the following disclaimer: EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT OR ANY ANCILLARY DOCUMENT DELIVERED BY TRUSTEE PURSUANT TO THIS AGREEMENT (I) THE TRUSTEE MAKES NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AT LAW OR IN EQUITY, RELATING TO THE ASSETS OR THE ASSUMED LIABILITIES, INCLUDING ANY REPRESENTATION OR WARRANTY AS TO VALUE, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR FOR ORDINARY PURPOSES, OR ANY OTHER MATTER, (II) THE TRUSTEE MAKES NO, AND HEREBY DISCLAIM ANY, OTHER REPRESENTATION OR WARRANTY REGARDING THE ASSETS OR THE ASSUMED LIABILITIES, AND (III) THE ASSETS AND THE ASSUMED LIABILITIES ARE CONVEYED ON AN "AS IS, WHERE IS" BASIS AS OF THE CLOSING, AND THE BUYER SHALL RELY UPON ITS OWN EXAMINATION THEREOF. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, THE TRUSTEE MAKES NO REPRESENTATION OR WARRANTY REGARDING ANY ASSET.

p. **Time Frame for Closing**: A Bid by a Potential Bidder must be reasonably likely to be consummated, if selected as the Successful Bid, within a time frame

4858-4678-3740 v3

acceptable to the Trustee, which in no event shall be later than [December 10], 2024.

q.  **Consent to Jurisdiction**: Each Potential Bidder must (i) submit to the jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Debtors, the Bidding Procedures, the Auction, any Modified APA, or the construction and enforcement of documents relating to any Sale, (ii) waive any right to a jury trial in connection with any disputes relating to the Debtors the Bidding Procedures, the Auction, any Modified APA, or the construction and enforcement of documents relating to any Sale, and (iii) commit to the entry of a final order or judgment in any way related to the Debtors, the Bidding Procedures, the Auction, any Modified APA, or the construction and enforcement of documents relating to any Sale if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

r.  **No Bid Protections**: A Bid must not entitle the Potential Bidder to any break-up fee, termination fee, transaction fee, expense reimbursement, or any similar type of payment or reimbursement and, by submitting a Bid, the Potential Bidder waives the right to pursue a substantial contribution claim under 11 U.S.C. § 503 related in any way to the submission of its Bid or participation in any Auction. Each Potential Bidder presenting a Bid will bear its own costs and expenses (including legal fees) in connection with any proposed Sale.

s.  **Representations and Warranties**: A Bid must include the following representations and warranties:
    i.   a statement that the Potential Bidder has had an opportunity to conduct any and all due diligence regarding the applicable assets prior to submitting its Bid;
    ii.  a statement that the Potential Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the assets in making its Bid and did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Potential Bidder's Modified APA ultimately accepted and executed by the Trustee;
    iii. a statement that the Potential Bidder agrees to serve as Back-Up Bidder, if its Bid is selected as the next highest or next best bid after the Successful Bid with respect to the applicable assets;
    iv.  a statement that the Potential Bidder has not engaged in any collusion with respect to the submission of its Bid;
    v.   a statement that all proof of financial ability to consummate a Sale Transaction in a timely manner and all information provided to support adequate assurance of future performance is true and correct; and

4858-4678-3740 v3

      vi.    a statement that the Potential Bidder agrees to be bound by the terms of the Bidding Procedures.

### Review of Bids; Designation of Qualified Bids

A Bid received from a Potential Bidder that meets the above requirements, as determined by the Trustee (in consultation with the Secured Creditors, as set forth above), shall constitute a "**Qualified Bid**" for such Assets (and such Potential Bidder, a "**Qualified Bidder**"); *provided* that if the Trustee receives a Bid prior to the Bid Deadline that is not a Qualified Bid, the Trustee (in consultation with the Secured Creditors) may provide the Potential Bidder with the opportunity to cure or remedy any deficiencies prior to the Bid Deadline; *provided further*, that the Stalking Horse Bid is a Qualified Bid and the Stalking Horse Bidder is a Qualified Bidder.

On or before December 2, 2024, at 6:00 P.M. (prevailing Eastern Standard Time), the Trustee and his advisors (in consultation with the Secured Creditors), will determine which Potential Bidders are Qualified Bidders and will notify the Potential Bidders whether Bids submitted constitute Qualified Bids so as to enable such Qualified Bidders to bid at the Auction. Any Bid that is not deemed a Qualified Bid will not be considered by the Trustee. To the extent there is any dispute regarding whether a bidder is a Qualified Bidder, such dispute may be raised with the Bankruptcy Court on an expedited basis prior to the commencement of the Auction.

Prior to the Auction, the Trustee and its advisors will evaluate Qualified Bids and identify the Qualified Bid that is, in the Trustee's reasonable business judgment the highest or otherwise best bid (the "**Starting Bid**"). The Starting Bid may be the bid of the Stalking Horse Bidder or any other higher or better Qualified Bid. In making such determination, the Trustee will take into account, among other things, the execution risk attendant to any Qualified Bids. On or before December 2, 2024, at 11:59 P.M. (prevailing Eastern Standard Time), the Trustee will (i) notify the Qualified Bidders as to which Qualified Bid is the Starting Bid, and (ii) distribute copies of the Starting Bid to each Qualified Bidder who has submitted a Qualified Bid.

If any Bid is determined by the Trustee not to be a Qualified Bid, the Trustee will refund such Potential Bidder's Good Faith Deposit on or within ten (10) business days after the Bid Deadline.

By submitting its Bid, each Potential Bidder is agreeing with each other Potential Bidder to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the Auction after the Auction.

Without the written consent of the Trustee, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase the Purchase Price or otherwise improve the terms of the Qualified Bid during the period that such Qualified Bid remains binding as specified herein; *provided*, that any Qualified Bid may be improved at the Auction as set forth in these Bidding Procedures.

4858-4678-3740 v3

## Auction

If two or more Qualified Bids are received by the Bid Deadline, the Trustee will conduct an auction (the "**Auction**") to determine the highest and otherwise best Qualified Bid. This determination shall take into account any factors the Trustee reasonably deems relevant to the value of the Qualified Bid to the estate and may include, but are not limited to, the following: (a) the amount and nature of the consideration, including any assumed liabilities; (b) the number, type and nature of any changes to the Stalking Horse APA requested by each Qualified Bidder; (c) the extent to which such modifications or provisions are likely to delay closing of the sale of the Debtors' Assets and the cost to the Debtors' estates of such modifications or delay; (d) the total consideration to be received by the Debtors; (e) the likelihood the Qualified Bidder can close the transaction timely; and (f) any other qualitative or quantitative factor the Trustee deems reasonably appropriate under the circumstances (collectively, the "**Bid Assessment Criteria**"). Notwithstanding anything herein to the contrary, the Trustee may select a combination of Qualified Bids for the Assets, in any combination that yields the highest and best value for the Debtors' respective estates.

If no Qualified Bid (other than the Stalking Horse Bid) is received by the Bid Deadline, the Trustee will not conduct the Auction, and shall file a notice with the Bankruptcy Court indicating that no Auction will be held and that the Stalking Horse Bid shall be deemed the "Successful Bid" (and the Stalking Horse Bidder, the "Successful Bidder"), as otherwise defined below and as used in the Bidding Procedures Motion.

## Procedures for Auction

If the Trustee receives two (2) or more Qualified Bids, the Auction shall take place on December 3, 2024, at 10:00 A.M. (EST) at the offices of Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102, or such other place and time as determined by the Trustee. The Auction may be postponed, adjourned or cancelled as the Trustee deems appropriate, in consultation with the Secured Creditors, provided the Trustee provides notice of such postponement or adjournment and the time and place for the commencement of the Auction. The Auction shall be conducted according to the following procedures:

**Participation**

Only the Trustee, his advisors, and any Qualified Bidder that has submitted a Qualified Bid, in each case, along with their representatives and counsel, or such other parties as the Trustee shall determine shall attend the Auction and only such Qualified Bidders will be entitled to make any Bids at the Auction.

4858-4678-3740 v3

**The Trustee Shall Conduct the Auction**

The Trustee and his professionals shall direct and preside over the Auction and the Auction shall be transcribed. Other than as expressly set forth herein, the Trustee may conduct the Auction in the manner he reasonably determines will result in the highest or otherwise best Qualified Bid. The Trustee shall provide each participant in the Auction with a copy of the Modified APA or Stalking Horse APA, as applicable, associated with the Starting Bid. In addition, at the start of the Auction, the Trustee shall describe the terms of the Starting Bid. Each Qualified Bidder participating in the Auction must confirm, both before and after the Auction, that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the Assets described herein, and (b) has reviewed, understands and accepts the Bidding Procedures.

All Qualified Bidders may submit further Bids, along with a markup or a further markup of the applicable APA. The Auction will be conducted in rounds. At any time, a Qualified Bidder may request that the Trustee announce the current highest and best bid. If requested, the Trustee shall use reasonable efforts to clarify any and all questions any Qualified Bidder may have regarding the Trustee's announcement of the Starting Bid or the then current and highest bid.

The Trustee may announce at the Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction so long as such rules are not inconsistent with the Bidding Procedures.

**Overbids**

An "Overbid" is any bid made at the Auction subsequent to the Trustee's announcement of the respective Starting Bid. Any Overbid for purposes of this Auction must comply with the following conditions:

a.  **Minimum Overbid Increments**: Any Overbid after and above the respective Starting Bid or any subsequent Overbid shall be made in increments valued at not less than $250,000.00. The Trustee reserves the right to increase or decrease any subsequent increments, after the first Overbid.

b.  **Remaining Terms Are the Same as for Qualified Bids**: Except as modified herein, an Overbid at the Auction must comply with the conditions for a Qualified Bid set forth above, provided, however, that (i) the Bid Deadline shall not apply and (ii) no additional Good Faith Deposit shall be required beyond the Good Faith Deposit previously submitted by a Qualified Bidder, provided that the Successful Bidder (only if the Successful Bidder is not the Stalking Horse Bidder) shall be required to make a representation at the end of the Auction that it will provide any additional deposit necessary so that its Good Faith Deposit is equal to the amount of ten percent (10%) of the Purchase Price contained in the Successful Bid. Any Overbid must include, in addition to the amount and the form of consideration of the Overbid, a description of all changes requested by the Qualified Bidder to the Stalking Horse APA or its Modified APA, as applicable, in connection therewith (including any changes to the designated assigned executory contracts and

11

4858-4678-3740 v3

unexpired leases and assumed liabilities). Any Overbid must remain open and binding on the Qualified Bidder until and unless the Trustee accepts a higher or otherwise better Overbid from another Qualified Bidder (except, to the extent required hereby, to serve as the Backup Bid). At the Trustee's discretion, to the extent not previously provided, a Qualified Bidder submitting an Overbid at the Auction must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information reasonably acceptable to the Trustee) reasonably demonstrating such Qualified Bidder's ability to close the Sale proposed by such Overbid, and the Trustee shall consult with the Secured Creditors _only_ with respect to the sufficiency of security related to any non-cash component of an Overbid submitted by any Qualified Bidder as part of the Auction.

## Announcement and Consideration of Overbids

a.  **Announcement of Overbids**: The Trustee shall announce at the Auction the material terms of each Overbid, the total amount of consideration offered in each such Overbid, the basis for calculating such total consideration and such other terms as the Trustee reasonably determines will facilitate the Auction.

b.  **Consideration of Overbids**: Subject to the deadlines set forth herein, the Trustee reserves the right in its reasonable business judgment to make one or more continuances of the Auction to, among other things facilitate discussions between the Trustee and Qualified Bidders or allow a Qualified Bidder to consider how it wishes to proceed.

## Closing the Auction

The Auction shall continue until there is one or more Qualified Bid(s) that the Trustee determines in his reasonable business judgment, is the highest and otherwise best Qualified Bid at the Auction. Thereafter, the Trustee shall select such Qualified Bid as the overall highest and otherwise best Qualified Bid (such Qualified Bid, the "**Successful Bid**," the Qualified Bidder submitting such Successful Bid, the "**Successful Bidder**" and the Qualified Bidder's purchase agreement, the "**Successful Bidder Asset Purchase Agreement**"). In making this decision, the Trustee shall consider the Bid Assessment Criteria.

The Auction shall close when the Successful Bidder submits fully executed sale and transaction documents memorializing the terms of the Successful Bid. Promptly following the Trustee's selection of the Successful Bid and the conclusion of the Auction, the Trustee shall announce the Successful Bid and Successful Bidder and shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder.

The Trustee shall not consider any Bids submitted after the conclusion of the Auction. For the avoidance of doubt, nothing in these Bidding Procedures shall prevent the Trustee from exercising its fiduciary duties under applicable law to maximize the value obtained for the Assets.

4858-4678-3740 v3

**Designation of Backup Bidder**

Notwithstanding anything in the Bidding Procedures to the contrary, if an Auction is conducted, the Qualified Bidder with the next highest and otherwise best Qualified Bid at the Auction after the Successful Bid, as determined by the Trustee, in the exercise of its business judgment will be designated as the backup bidder (the "**Backup Bidder**"). The Backup Bidder shall be required to keep its initial Qualified Bid (or if the Backup Bidder submitted one or more Overbids at the Auction, the Backup Bidder's final Overbid) (the "**Backup Bid**") open and irrevocable until the date that is two (2) days after the closing of the transaction with the Successful Bidder (the "**Outside Backup Date**").

Following the Sale Hearing, if the Successful Bidder fails to consummate an approved transaction, the Backup Bidder will be deemed to maintain the new prevailing Successful Bid (and its purchase agreement, the Successful Bidder Asset Purchase Agreement) and the Backup Bidder will be deemed to be the Successful Bidder, and the Trustee will be authorized, but not required, without further order of the Bankruptcy Court, to consummate the Sale with the Backup Bidder.

**Sale Is As Is/Where Is**

Except as otherwise provided in the Successful Bidder Asset Purchase Agreement or the Sale Order, the Assets or any other assets of the Debtors sold pursuant to the Bidding Procedures, shall be conveyed at the closing of a transaction with a Successful Bidder in their then-present condition, "**AS IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED.**" Except as may be set forth in the Successful Bidder Asset Purchase Agreement or the Sale Order, the Assets are sold free and clear of any and all liens, claims, interests, restrictions, charges and encumbrances of any kind or nature to the fullest extent permissible under the Bankruptcy Code, with such liens, claims, interests, restrictions, charges, and encumbrances to attach to the net proceeds of sale with the same validity and with the same priority.

**Sale Objections and Hearing**

A hearing to consider approval of the Successful Bid (the "**Sale Hearing**") is scheduled to take place on December 4, 2024, at 1:00 P.M. (prevailing Eastern Standard Time) before the Honorable Ashely M. Chan, Bankruptcy Judge, either telephonically or at the Courtroom 4 at the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107, or at such time thereafter as counsel may be heard. At the Sale Hearing, the Trustee will present the Successful Bid to the Bankruptcy Court for approval; provided, however, to the extent that the Successful Bid is to be implemented pursuant to a Plan, the Sale Hearing shall be used as a status conference.

Objections to the Sale (each, a "**Sale Objection**"), shall (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Trustee, would obviate such objection; (iv) conform to the Bankruptcy Rules and the Local Rules; (v) be filed with the Court (a) by registered users of

4858-4678-3740 v3

the Court's case filing system, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Court; and (vi) be served upon (i) counsel for the Trustee, (ii) counsel to the Secured Creditors, and (iii) any other entity on the Master Service List (the "**Objection Notice Parties**"), by **November 22, 2024 at 4:00 P.M. (prevailing Eastern Standard Time)** (the "**Sale Objection Deadline**"); provided, that the Trustee may extend the Sale Objection Deadline, as the Trustee deems appropriate in the exercise of their reasonable business judgment. If a timely Sale Objection cannot otherwise be resolved by the parties, such objection shall be heard by the Court at the Sale Hearing.

Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must be made before the start of the Sale Hearing (the "**Supplemental Limited Sale Objection Deadline**"), and must be served on the Objection Notice Parties, counsel to the Successful Bidder, the Successful Bidder, and the Backup Bidder.

Each Successful Bidder shall appear at the Sale Hearing and be prepared to have a representative(s) testify in support of its Successful Bid and such Successful Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all executory contracts and unexpired leases to be assumed and/or assigned as part of the proposed transaction.

Any party who fails to file with the Court and serve on the Objection Notice Parties a Sale Objection, other than an objection based solely based on the identity of the Successful Bidder and adequate assurance of future performance, by the Sale Objection Deadline may be forever barred from asserting, at the Sale Hearing or thereafter, any Sale Objection to the relief requested in the Motion with regard to a Successful Bidder, or to the consummation and performance of a Sale contemplated by a purchase or investment agreement between the Trustee and each Successful Bidder, including the transfer of the Assets to such Successful Bidder, free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363 of the Bankruptcy Code, and the assumption and assignment of executory contracts and unexpired leases.

### Return of Good Faith Deposits of Qualified Bidders

The Good Faith Deposits of all Qualified Bidders shall be held in one or more non-interest-bearing escrow accounts by the Trustee but shall not become property of the Debtors' estates absent further order of the Bankruptcy Court. The Good Faith Deposit of any Qualified Bidder that is neither the Successful Bidder nor the Backup Bidder shall be returned to such Qualified Bidder not later than five (5) business days after the Sale Hearing. If the Backup Bidder is not designated the Successful Bidder, the Good Faith Deposit of the Backup Bidder, if any, shall be returned to the Backup Bidder on the date that is the Outside Backup Date. In the case of a breach or failure to perform on the part of the Successful Bidder (including any Backup Bidder designated as a Successful Bidder), the remaining portion of the defaulting Successful Bidder's Good Faith Deposit shall be forfeited to the Trustee as liquidated damages, in addition to any and all rights, remedies and/or causes of action that may be available to the Trustee at law or in equity, and, the Trustee shall be free to consummate the Backup Bid with the Backup Bidder or the proposed transaction at the otherwise next highest price bid at the Auction by a Qualified Bidder, without

the need for an additional hearings or orders of the Courts. The Trustee reserves the right to seek all available damages, including specific performance, from any defaulting Successful Bidder (including any Backup Bidder designated as a Successful Bidder) in accordance with the terms of the Bidding Procedures. If the Successful Bidder timely closes the Sale transaction, its Good Faith Deposit shall be credited towards the purchase price.

### Reservation of Rights of the Trustee

Except as otherwise provided in the Bidding Procedures or the Bidding Procedures Order, and subject to the terms of the Hawk Settlement, the Trustee reserves the right as it may reasonably determine to be in the best interest of its estate and in the exercise of its fiduciary duty to: (a) determine which bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reduce the Overbid amount; (e) reject any Bid that is (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (3) contrary to the best interests of the Debtors and their respective estates; (f) impose additional terms and conditions with respect to all potential bidders; (g) extend the deadlines set forth herein; and (h) continue or cancel the Auction and/or Sale Hearing in open court without further notice.

Notwithstanding anything to the contrary contained herein, nothing in the Bidding Procedures will prevent the Trustee from considering any and all transactions, including, but not limited to, proposals to sponsor a plan of reorganization.

Notwithstanding anything to the contrary contained herein, nothing in the Bidding Procedures will prevent the Trustee from exercising its fiduciary duties under applicable law.

15

4858-4678-3740 v3

**Exhibit 2**
**Sale Notice**

0

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | : **Chapter 11** |
| | : |
| **Stream TV Networks, Inc.,** *et al.* | : **Bankruptcy No. 23-10763 (AMC)** |
| | : |
| **Debtors.** | : **(Jointly Administered)**[1] |
| | : |

## NOTICE OF AUCTION AND SALE HEARING PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On, March 15, 2023, the above-captioned Debtors and former debtors in possession (the "**Debtors**"), filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**").

2. On January 9, 2024, William A. Homony was appointed as Chapter 11 Trustee of the Debtors' estates (the **"Trustee"**) in order to determine, *inter alia*, if it would be beneficial to pursue a sale of substantially all of the Debtors' Assets.

3. On September 30, 2024, in connection with the proposed sale (the "**Sale**") of the Debtors' Assets (the "**Assets**") at an auction for the Assets (the "**Auction**"), the Trustee filed a motion (the "Motion"), seeking, among other things, (i) entry of an order (the "**Bidding Procedures Order**")[2] approving the bidding procedures (the "**Bidding Procedures**") governing the Sale and approving the terms of a Stalking Horse Asset Purchase Agreement in connection therewith; (ii) establishing procedures for the assignment and assumption of executory contracts and unexpired leases (the "**Assumption and Assignment Procedures**"); and (iii) granting related relief [Docket No.750].

4. On **_____, 2024**, the Bankruptcy Court entered the Bidding Procedures Order [Docket No._____]. Pursuant to the Bidding Procedures Order, if two or more Qualified Bids are received before the Bid Deadline, the Trustee will conduct the Auction to determine the highest or otherwise best Qualified Bid, beginning on **December 3, 2024** at 10:00 A.M. (prevailing Eastern Standard Time) at the offices of Obermayer Rebmann Maxwell & Hippel LLP, 1500 Market Street, Suite 3400, Philadelphia, PA 19102 or such other place and time as the Trustee shall notify all Qualified Bidders that have submitted Qualified Bid. Only the Trustee (and his professionals and advisors) and parties that have submitted a Qualified Bid, as set forth in the Bidding Procedures Order, **by no later than December 2, 2024 at 12:00 P.M. (prevailing**

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Bidding Procedures Order.

1

4858-4678-3740 v3

**Eastern Standard Time)** (the "**Bid Deadline**") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Debtors' Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

5.    A hearing to approve the Sale (the "**Sale Hearing**") will be held on **December 4, 2024, at 1:00 P.M.** (prevailing Eastern Standard Time) before the Honorable Ashely M. Chan, U.S.B.J. at the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA, 19107 in Courtroom No. 4., or at such time thereafter as counsel may be heard, unless otherwise continued by the Trustee pursuant to terms of the Bidding Procedures.

6.    Objections, if any, to the Motion and the Sale of the Assets, except objections related solely to the identity of the Successful Bidder and adequate assurance of future performance by a Successful Bidder, must be made by **November 22, 2024, at 4:00 P.M. (prevailing Eastern Standard Time)** (the "**Sale Objection Deadline**"). Objections solely to the identity of the Successful Bidder and adequate assurance of future performance must be made at the Sale Hearing. In each case, all objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Sale Objection Deadline or the Supplemental Limited Sale Objection Deadline, as applicable, and served on (i) counsel for the Trustee and (ii) any other entity on the Master Service List. Objections solely based on the identity of the Successful Bidder and adequate assurance of future performance must additionally be served on counsel to the Successful Bidder. *Any party who fails to timely file an objection to entry of the Sale Order (i) shall be forever barred from objecting thereto, (ii) shall be deemed to consent to the sale of the Assets as approved by the Sale Order, and (iii) shall be deemed to "consent" for purposes of Section 363 (f)(2) of the Bankruptcy Code.*

7.    This Notice and the Sale Hearing is subject to the fuller terms and conditions of the Motion and the Bidding Procedures Order, which shall control in the event of any conflict, and the Trustee encourages parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of all the Assets and/or copies of any related document, including the Motion, or the Bidding Procedures Order, may make a written request to counsel for the Trustee, Obermayer Rebmann Maxwell Hippel LLP, c/o Edmond M George, Esquire (edmond.george@obermayer.com) or Michael D. Vagnoni, Esquire (michael.vagnoni@obermayer.com) In addition, copies of the Motion, the Bidding Procedures Order and this Notice can be found through PACER on the Court's website, https://ecfnjb.uscourts.gov/ (registration required).

Respectfully Submitted,

Dated: November XX, 2024        By: */s/ Michael D. Vagnoni*
                                 Edmond M. George, Esquire
                                 Michael D. Vagnoni, Esquire
                                 OBERMAYER REBMANN MAXWELL & HIPPEL LLP

2

4858-4678-3740 v3

Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
E-mail: edmond.george@obermayer.com
michael.vagnoni@obermayer.com

3

**Exhibit 3**
**Contract Assumption Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (AMC)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)[9]** |
|  | : |  |

**ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES**

PLEASE TAKE NOTICE THAT:

1. On March 15, 2023, the above-captioned debtors and former debtors in possession (the "**Debtors**"), filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**").

2. On January 9, 2024, William A. Homony was appointed as Chapter 11 Trustee of the Debtors' estates (the **"Trustee"**) in order to determine, *inter alia*, if it would be beneficial to pursue a sale of substantially all of the Debtors' Assets.

3. On **September 30, 2024**, in connection with the proposed sale (the "**Sale**") of the Debtors' assets (the "**Assets**") at an auction (the "**Auction**"), the Trustee filed a motion (the "**Motion**"), seeking, among other things, (i) entry of an order (the "**Bidding Procedures Order**")[10] approving the bidding procedures (the "**Bidding Procedures**") governing the Sale and approving the terms of a Stalking Horse Asset Purchase Agreement in connection therewith; (ii) establishing procedures for the assignment and assumption of executory contracts and unexpired leases (the "**Assumption and Assignment Procedures**"); and (iii) granting related relief [Docket No.750].

4. Pursuant to the Bidding Procedures Order, the Trustee hereby provides notice that they are seeking to assume and assign to the Successful Bidder the executory contracts and/or unexpired leases (each, an "**Assigned Contract**") listed on **Exhibit A** attached hereto.

5. When the applicable Debtor assumes and assigns an Assigned Contract to which you are a party, on the closing date of the Sale, or as soon thereafter as practicable, the Successful Bidder will pay you the amount the Debtors' records reflect is owing for prepetition arrearages as

---

[9] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).
[10] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Bidding Procedures Order.

2

4858-4678-3740 v3

set forth on **Exhibit A** (the "**Cure Payment**"). The Debtors' records reflect that all post-petition amounts owing under your Assigned Contract have been paid and will continue to be paid in the ordinary course of business until the assumption and assignment of the Assigned Contract, and that other than the Cure Payment, there are no other defaults under the Assigned Contract.

6.     Inclusion of an executory contract or unexpired lease as an Assigned Contract on **Exhibit A** is not a guarantee that such executory contract or unexpired lease will ultimately be assumed and assigned to the Successful Bidder. Should it be determined that the Assigned Contract to which you are a party will not be assumed and assigned, you will be notified in writing.

7.     Under the terms of the Bidding Procedures, the Successful Bidder may modify the list of Assigned Contracts on **Exhibit A** on or before December 6, 2024 (the "**Designation Deadline**"), and the Trustee reserves the right at any time before the closing of a Sale, to (i) supplement the list of Assigned Contracts with previously omitted executory contracts, (ii) remove Assigned Contracts from the list of executory contracts ultimately selected as Assigned Contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale, and/or (iii) modify the previously stated Cure Payment associated with any Assigned Contracts. In the event the Trustee exercises any of these reserved rights, the Trustee will promptly serve a supplemental notice of contract assumption (a "**Supplemental Assumption Notice**"); provided, however, the Trustee may not add an executory contract or unexpired lease to the list of Assigned Contracts that has been previously rejected by the Trustee by Order of the Court.

8.     Objections, if any, to the proposed Cure Payment or assumption and assignment must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed amount of the Cure Payment, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon, so as to be actually received by proposed counsel to the Trustee and the Stalking Horse Bidder on or before **seven (7) days after service of this Contract Assumption Notice** (the "**Cure Objection Deadline**"), or such deadline set forth in the applicable Supplemental Assumption Notice. Objections solely to assumption and assignment solely with respect to the adequate assurance of future performance; however, must be received before the start of the Sale Hearing; provided, however, and for the avoidance of doubt, the deadline to object to the Cure Payment shall not be extended. Objections to assumption and assignment solely with respect to the adequate assurance of future performance that are made after the Auction on December 3, 2024, and the selection of the Successful Bidder must also be served upon counsel to the Successful Bidder.

9.     If an objection to the Cure Payment or assumption and assignment is timely filed and not resolved by the parties, a hearing with respect to the objection will take place in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107 Courtroom 4, at the Sale Hearing to be held at 1:00 P.M. (prevailing Eastern Standard Time) on December 4, 2024, or at a later hearing, as determined by the Trustee. A hearing regarding the Cure Payment, if any, may be continued at the discretion of the Trustee until after the Closing.

4858-4678-3740 v3

10.     **Any party failing to timely file an objection to the Cure Payment, the proposed assumption and assignment of an Assigned Contract or Additional Assigned Contract listed on the Contract Assumption Notice or Supplemental Assumption Notice, or the Sale will be deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such Assigned Contract or Additional Assigned Contract (including the adequate assurance of future performance), (c) the related relief requested in the Motion, and (d) the Sale. Such party will be forever barred and estopped from objecting to the Cure Payments, the assumption and assignment of the Assigned Contract, or Additional Assigned Contract, the adequate assurance of future performance or the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and the Successful Bidder with respect to such party's Assigned Contract or Additional Assigned Contract.**

11.     On the date the Auction is completed, or on December 3, 2024, if the Auction does not take place because there are no other Qualified Bids, the Trustee will file, but not serve, a notice that identifies the Successful Bidder. The Trustee and/or the Successful Bidder reserve all of their rights, claims and causes of action with respect to the Assigned Contracts listed on **Exhibit A** hereto. Notwithstanding anything to the contrary herein, the proposed assumption and assignment of each of the Assigned Contracts listed on **Exhibit A** hereto (a) shall not be an admission as to whether any such Assigned Contract was executory or unexpired as of the Petition Date or remains executory or unexpired post-petition within the meaning of Bankruptcy Code section 365; and (b) shall be subject to the Trustee's and/or any Successful Bidder's right to conduct further diligence with respect to the Cure Payment of each Assigned Contract and to modify such Cure Payment accordingly. In the event that the Trustee and/or any Successful Bidder determine that your Cure Payment should be modified, you will receive a notice, which will provide for additional time to object to such proposed modification.

Respectfully Submitted,

Dated: November XX, 2024     By:  _/s/ Michael D. Vagnoni_
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
E-mail:  edmond.george@obermayer.com
              michael.vagnoni@obermayer.com

*Counsel to William A. Homony Chapter 11 Trustee*

*Form 256* (3/23)–doc 864 – 861

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          )
    Stream TV Networks, Inc.            )          Case No. 23–10763–amc
                                         )
                                         )
    Technovative Media, Inc.            )          Chapter: 11
                                         )
    Debtor(s).                          )

## Certificate of Service

    The Clerk hereby certifies that a true and correct copy of the attached document Doc.# [861] Notice of Appeal as served on December 5, 2024 to the below parties by the method indicated:

| Party | Method of Service |
|---|---|
| Chief Judge Ashely M. Chan | Email |
| Office of the United States Trustee | CM/ECF |
| Case Trustee: WILLIAM A. HOMONY | CM/ECF |
| U.S. District Court | Email |
| Debtor: Stream TV Networks, Inc.<br>Joint Debtor: Technovative Media, Inc. | Regular mail through the BNC |
| Debtor's Attorney:<br>RAFAEL X. ZAHRALDDIN | CM/ECF |
| Joint Debtor's Attorney:<br>RAFAEL X. ZAHRALDDIN | CM/ECF |
| R.Adam Swick Esq Attorney for Visual Semiconductor Inc<br>Andrew Belli Esq for Attorney for William A. Homony ,<br>Trustee<br>Steven Caponi Esq<br>Attorney for Hawk Investment Holdings | Regular mail or Bankruptcy Servicing Center (BNC) |

Date: December 5, 2024

For The Court

Timothy B. McGrath
Clerk of Court